# Exhibit F

PUBLIC

**UNITED STATES OF AMERICA**
**FEDERAL TRADE COMMISSION**
OFFICE OF ADMINISTRATIVE LAW JUDGES

|  |  |
|---|---|
| In the Matter of<br><br>Microsoft Corp.,<br>        a corporation, and<br><br>Activision Blizzard, Inc.,<br>        a corporation,<br><br>        Respondents. | Docket No. 9412 |

# SCHEDULING ORDER

January 17, 2023    -    Complaint Counsel provides preliminary witness list (not including experts), which will include no more than 35 persons (including no more than 10 non-party witnesses), with a brief summary of the proposed testimony.

January 24, 2023    -    Respondents' Counsel provides preliminary witness list (not including experts), which will include no more than 35 persons (including no more than 10 non-party witnesses), with a brief summary of the proposed testimony.

February 24, 2023    -    Complaint Counsel provides expert witness list.

March 3, 2023    -    Deadline for issuing document requests, interrogatories and subpoenas, except for discovery directed to witnesses who did not appear on either side's preliminary lists and discovery for purposes of authenticity and admissibility of exhibits.

March 10, 2023    -    Respondents' Counsel provides expert witness list.

March 17, 2023    -    Complaint Counsel and Respondents to provide updated fact witness lists, which will include no more than 30 persons total with no more than 5 witnesses (including no more than 3 non-party witnesses) who did not appear on that side's preliminary list, with a brief summary of the proposed testimony.

PUBLIC

March 28, 2023    -    Deadline for issuing requests for admissions, except for requests for admissions for purposes of authenticity of documents.

April 7, 2023    -    Close of discovery, other than discovery permitted under Rule 3.24(a)(4), depositions of experts, and discovery for purposes of authenticity and admissibility of exhibits.

May 5, 2023    -    Deadline for Complaint Counsel to provide expert witness reports (to be provided by 4 p.m. ET).

May 12, 2023    -    Complaint Counsel provides to Respondents' Counsel final proposed witness and exhibit lists. The final proposed witness list will include no more than 20 fact witnesses total, with no more than 3 witnesses who did not appear on Complaint Counsel's updated witness list, and a brief summary of the testimony of each witness. No witness may be added to the final witness list who did not appear on that party's updated witness list unless such witnesses have been deposed in this litigation. The final proposed exhibit list shall include depositions, copies of all exhibits (except for demonstrative, illustrative or summary exhibits and expert related exhibits), and Complaint Counsel's basis of admissibility for each proposed exhibit.

Complaint Counsel serves courtesy copies on the Administrative Law Judge ("ALJ") of final proposed witness and exhibit lists, the basis of admissibility for each proposed exhibit, and a brief summary of the testimony of each witness, including expert witnesses.

May 26, 2023    -    Deadline for Respondents' Counsel to provide expert witness reports (to be provided by 4 p.m. ET). Respondents' expert report shall include (without limitation) rebuttal, if any, to Complaint Counsel's expert witness report(s).

May 30, 2023    -    Respondents' Counsel provides to Complaint Counsel final proposed witness and exhibit lists. The final proposed witness list will include no more than 20 fact witnesses total, with no more than 3 witnesses who did not appear on Respondents' updated witness list, and a brief summary of the testimony of each witness. No witness may be added to the final witness list who did not appear on that party's updated witness list unless such witnesses have been deposed in this litigation. The final proposed exhibit list shall include depositions, copies of all exhibits (except for demonstrative, illustrative or summary exhibits and expert related exhibits), Respondents' basis of admissibility for each proposed exhibit, and a brief summary of the testimony of each witness.

Respondents' Counsel serves courtesy copies on the ALJ of final proposed witness and exhibit lists, the basis of admissibility for each proposed exhibit, and a brief summary of the testimony of each witness, including expert witnesses.

June 2, 2023        -        Complaint Counsel identifies any rebuttal experts not previously identified.

June 9, 2023        -        Complaint Counsel provides rebuttal expert report(s). Any such reports are to be limited to rebuttal of matters set forth in Respondents' expert reports. If material outside the scope of fair rebuttal is presented, Respondents will have the right to seek appropriate relief (such as striking Complaint Counsel's rebuttal expert reports or seeking leave to submit surrebuttal expert reports on behalf of Respondents).

June 23, 2023       -        Deadline for depositions of experts (including rebuttal experts) and exchange of expert related exhibits.

June 29, 2023       -        Parties that intend to offer confidential materials of an opposing party or non-party as evidence at the hearing must provide notice to the opposing party or non-party, pursuant to 16 C.F.R. § 3.45(b).[1] *See* Additional Provision 17.

July 10, 2023       -        Deadline for filing motions for *in camera* treatment of proposed trial exhibits.

July 12, 2023       -        Deadline for filing motions *in limine* to preclude admission of evidence. *See* Additional Provision 18.

July 14, 2023       -        Exchange and serve courtesy copy on ALJ objections to final proposed witness lists and exhibit lists. The Parties are directed to review the Commission's Rules on admissibility of evidence before filing objections to exhibits and raise only objections that are necessary and valid.

---

[1] Appendix A to Commission Rule 3.31, the Standard Protective Order, states that if a party or third party wishes *in camera* treatment for a document or transcript that a party intends to introduce into evidence, that party or third party shall file an appropriate motion with the Administrative Law Judge within 5 days after it receives notice of a party's intent to introduce such material. Commission Rule 3.45(b) states that parties who seek to use material obtained from a third party subject to confidentiality restrictions must demonstrate that the third party has been given at least 10 days' notice of the proposed use of such material. To resolve this apparent conflict, the Scheduling Order requires that the parties provide 10 days' notice to the opposing party or third parties to allow for the filing of motions for *in camera* treatment.

July 14, 2023          -          Complaint Counsel files pretrial brief supported by legal authority.

July 17, 2023          -          Deadline for filing responses to motions for *in camera* treatment of proposed trial exhibits.

July 19, 2023          -          Deadline for filing responses to motions *in limine* to preclude admission of evidence.

July 26, 2023          -          Exchange proposed stipulations of law, facts, and authenticity.

July 28, 2023          -          Respondents' Counsel files pretrial brief supported by legal authority.

August 1, 2023          -          Final prehearing conference to begin at 1:00 p.m. ET.

The parties shall meet and confer prior to the prehearing conference regarding trial logistics and proposed stipulations of law, facts, and authenticity of exhibits. To the extent the parties have agreed to stipulate to any issues of law, facts, and/or authenticity of exhibits, the parties shall prepare a list of such stipulations and submit a copy of the stipulations to the ALJ one business day prior to the final prehearing conference. At the conference, the parties' list of stipulations shall be marked as "JX1" and signed by each party, and the list shall be offered into evidence as a joint exhibit. No signature by the ALJ is required. Any subsequent stipulations may be offered as agreed by the parties.

Counsel may present any objections to the final proposed witness lists and exhibits. All trial exhibits will be admitted or excluded to the extent practicable. To the extent the parties agree to the admission of each other's exhibits, the parties shall prepare a list identifying each exhibit to which admissibility is agreed, marked as "JX2" and signed by each party, which list shall be offered into evidence as a joint exhibit. No signature by the ALJ is required.

August 2, 2023          -          Commencement of Hearing, to begin at 10:00 a.m. ET.

## ADDITIONAL PROVISIONS

1.   For all papers that are required to be filed with the Office of the Secretary, the parties shall serve a courtesy copy on the Administrative Law Judge by electronic mail to the following email address: oalj@ftc.gov. The courtesy copy should be transmitted at or shortly after the time of any electronic filing with the Office of the Secretary. Courtesy copies must be transmitted to Office of the Administrative Law Judge directly, and the FTC E-filing system

PUBLIC

shall not be used for this purpose. The oalj@ftc.gov email account is to be used only for courtesy copies of pleadings filed with the Office of the Secretary and for documents specifically requested of the parties by the Office of Administrative Law Judges. Certificates of service for any pleading shall not include the OALJ email address, or the email address of any OALJ personnel, including the Chief ALJ, but rather shall designate only 600 Pennsylvania Ave., NW, Rm. H-110 as the place of service. **The subject line of all electronic submissions to oalj@ftc.gov shall set forth only the docket number and the title of the submission**. The parties are not required to serve a courtesy copy to the OALJ in hard copy, except upon request. Discovery requests and discovery responses shall not be submitted to the Office of Administrative Law Judges.

     2.   The parties shall serve each other by electronic mail and shall include "Docket 9412" in the re: line and all attached documents in .pdf format. In the event that service through electronic mail is not possible, the parties may serve each other through any method authorized under the Commission's Rules of Practice.

     3.   Each pleading that cites to unpublished opinions or opinions not available on LEXIS or WESTLAW shall include such copies as exhibits.

     4.   Each motion (other than a motion to dismiss, motion for summary decision, or a motion for *in camera* treatment) shall be accompanied by a separate signed statement representing that counsel for the moving party has conferred with opposing counsel in an effort in good faith to resolve by agreement the issues raised by the motion and has been unable to reach such an agreement. In addition, pursuant to Rule 3.22(g), for each motion to quash filed pursuant to § 3.34(c), each motion to compel or determine sufficiency pursuant to § 3.38(a), or each motion for sanctions pursuant to § 3.38(b), the required signed statement must also "recite the date, time, and place of each . . . conference between counsel, and the names of all parties participating in each such conference." Motions that fail to include such separate statement may be denied on that ground.

     5.   Rule 3.22(c) states:

> All written motions shall state the particular order, ruling, or action desired and the grounds therefor. Memoranda in support of, or in opposition to, any dispositive motion shall not exceed 10,000 words. Memoranda in support of, or in opposition to, any other motion shall not exceed 2,500 words. Any reply in support of a dispositive motion shall not exceed 5,000 words and any reply in support of any other motion authorized by the Administrative Law Judge or the Commission shall not exceed 1,250 words.

If a party chooses to submit a motion without a separate memorandum, the word count limits of 3.22(c) apply to the motion. If a party chooses to submit a motion with a separate memorandum, absent prior approval of the ALJ, the motion shall be limited to 750 words, and the word count limits of 3.22(c) apply to the memorandum in support of the motion. This provision applies to all motions filed with the Administrative Law Judge, including those filed under Rule 3.38.

**PUBLIC**

6. If papers filed with the Office of the Secretary contain *in camera* or confidential material, the filing party shall mark any such material in the complete version of their submission with **{bold font and braces}**. 16 C.F.R. § 3.45(e). Parties shall be aware of the rules for filings containing such information, including 16 C.F.R. § 4.2.

7. Each party is limited to 50 requests for production to parties, including all discrete subparts; 25 interrogatories, including all discrete subparts; and 10 requests for admissions, including all discrete subparts, except that there shall be no limit on the number of requests for admission for authentication and admissibility of exhibits. Any single interrogatory inquiring as to a request for admissions response may address only a single such response. There is no limit to the number of sets of discovery requests the parties may issue, so long as the total number of each type of discovery request, including all subparts, does not exceed these limits.

8. If any federal court proceeding related to this administrative proceeding is initiated, any discovery obtained in this proceeding is deemed to have been taken in the related federal court litigation, and vice versa. Document requests, interrogatories, and requests for admission served by the parties in connection with any federal action will count against the discovery request limits noted above and vice versa. No individual or entity deposed in one action may be re-deposed in the other. The parties preserve all rights to object to the admissibility of evidence.

9. The parties agree to serve any objections to document requests within 5 business days of service of the request, to meet and confer to attempt to resolve any disputes, and to discuss timing of production within 3 business days of the objections being served. The party responding to document requests will make a good-faith effort to produce responsive documents as expeditiously as possible, including by making productions on a rolling basis, and must complete production within 21 days of the resolution of any objections relating to those requests. The party responding to interrogatories, other than interrogatories subject to Rule 3.35(b)(2), will serve responses and objections, if any, within 21 days after the service of the interrogatories.

10. Compliance with the scheduled end of discovery requires that the parties serve subpoenas and discovery requests sufficiently in advance of the discovery cut-off and that all responses and objections will be due on or before that date, unless otherwise noted. Any motion to compel responses to discovery requests, or to seek certification of a request for court enforcement of a non-party subpoena, shall be filed within 30 days of service of the responses and/or objections to the discovery requests or within 20 days after the close of discovery, whichever first occurs; except that, where the parties have been engaging in negotiations over a discovery dispute, including negotiations with any non-party with regard to a subpoena, the deadline for the motion to compel shall be within 5 days of reaching an impasse.

11. Each side may depose any witness who (i) is listed on either side's preliminary witness list; (ii) is listed on the other side's updated witness list; or (iii) provides a declaration or affidavit offered by the other side. Depositions are limited to a single day of 7 hours on the record, unless otherwise agreed by the parties or ordered by the ALJ. The parties agree to meet and confer regarding a remote deposition protocol.

**PUBLIC**

12. All party depositions, including depositions of fact and expert witnesses, shall last no more than seven hours on the record, exclusive of reasonable time for redirect and recross. If both Complaint Counsel and Respondents notice any subpoena/seek to take a non-party fact deposition, the seven hours of record time will be divided equally between the sides. If only one side subpoenas a non-party fact deposition, then the maximum time shall be allocated 5.5 hours to the side that subpoenaed the deposition, and 1.5 hours for the side that did not. For purposes of allocating deposition time under this Scheduling Order, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses if they are represented by Respondents' counsel or if any Respondent is paying for the witness' counsel, and Respondents may not subpoena depositions of their own witnesses. Unused time in any side's allocation of deposition time shall not transfer to the other side.

13. The deposition of any person may be recorded by videotape, provided that the deposing party notifies the deponent and all parties of its intention to record the deposition by videotape at least five days in advance of the deposition.

14. The parties shall serve upon one another, at the time of issuance, copies of all subpoenas *duces tecum* and subpoenas *ad testificandum*. For subpoenas *ad testificandum*, the party seeking the deposition shall consult with the other parties before the time and place of the deposition is scheduled.

15. Non-parties shall provide copies or make available for inspection and copying of documents requested by subpoena to the party issuing the subpoena. The party that has requested documents from non-parties shall promptly provide copies of the documents received from non-parties to the opposing party within three business days of receiving the documents. No deposition of a non-party shall be scheduled between the time a non-party provides documents in response to a subpoena *duces tecum* to a party, and three business days after the party provides those documents to the other party, unless a shorter time is required by unforeseen logistical issues in scheduling the deposition, or a non-party produces those documents at the time of the deposition, as agreed to by all parties involved.

16. A party that obtains a declaration from a non-party will promptly produce it to the other side, and in any event not later than (1) seven days before the non-party is scheduled to be deposed, or (2) March 3, 2023, whichever is earlier, absent a showing of good cause. Each side is limited to 10 declarations by non-parties, except for declarations regarding authenticity and admissibility of exhibits. The parties reserve all rights and objections with respect to the use and/or admissibility of any declaration, and no declaration will be admitted unless a fair opportunity was available to depose the declarant.

17. If a party intends to offer confidential materials of an opposing party or non-party as evidence at the hearing, in providing notice to such non-party, the parties are required to inform each non-party of the strict standards for motions for *in camera* treatment for evidence to be introduced at trial set forth in 16 C.F.R. § 3.45; in *In re Otto Bock Healthcare North American*, 2018 WL 3491602 at *1 (July 2, 2018); and *In re 1-800 Contacts, Inc.*, 2017 FTC LEXIS 55 (Apr. 4, 2017). Motions also must be supported by a declaration or affidavit by a person qualified to explain the confidential nature of the documents. *In re 1-800 Contacts, Inc.*,

2017 FTC LEXIS 55 (Apr. 4, 2017); *In re North Texas Specialty Physicians*, 2004 FTC LEXIS 66 (Apr. 23, 2004). Each party or non-party that files a motion for *in camera* treatment shall provide one copy of the documents for which *in camera* treatment is sought to the Administrative Law Judge.

18. Motions *in limine* are strongly discouraged. Motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *In re Daniel Chapter One*, 2009 FTC LEXIS 85, *18-20 (Apr. 20, 2009) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Evidence should be excluded in advance of trial on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Id*. (citing *Hawthorne Partners v. AT&T Technologies, Inc*., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *SEC v. U.S. Environmental, Inc*., 2002 U.S. Dist. LEXIS 19701, at *5-6 (S.D.N.Y. Oct. 16, 2002)). Moreover, the risk of prejudice from giving undue weight to marginally relevant evidence is minimal in a bench trial such as this where the judge is capable of assigning appropriate weight to evidence.

19. The final witness lists shall represent counsels' good faith designation of all potential witnesses who counsel reasonably expect may be called in their case-in-chief. A general designation that a party reserves the right to call anyone on the opposing party's witness list is not sufficient. Parties shall notify the opposing party promptly of changes in witness lists to facilitate completion of discovery within the dates of the scheduling order. The final proposed witness list may not include additional witnesses not listed in the updated witness list previously exchanged except as provided above.

20. If any party wishes to offer a rebuttal witness other than a rebuttal expert, the party shall file a request in writing in the form of a motion to request a rebuttal witness. That motion shall be filed as soon as possible after the testimony sought to be rebutted is known and shall include: (a) the name of any witness being proposed (b) a detailed description of the rebuttal evidence being offered; (c) citations to the record, by page and line number, to the evidence that the party intends to rebut; and shall demonstrate that the witness the party seeks to call has previously been designated on its witness list or adequately explain why the requested witness was not designated on its witness list.

21. Witnesses shall not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. F.R.E. 602.

22. Witnesses not properly designated as expert witnesses shall not provide opinions beyond what is allowed in F.R.E. 701.

23. The parties stipulate that each side is limited to identifying no more than four expert witnesses in the litigation of this matter. The parties are required to comply with Rule 3.31A and with the following:

(a)  At the time an expert is first listed as a witness by a party, that party shall provide to the other party:

**PUBLIC**

(i) materials fully describing or identifying the background and qualifications of the expert, all publications authored by the expert within the preceding ten years, and all prior cases in which the expert has testified or has been deposed within the preceding four years; and

(ii) transcripts of such testimony in the possession, custody, or control of the producing party or the expert, except that transcript sections that are under seal in a separate proceeding need not be produced.

(b)  At the time an expert report is produced, the producing party shall provide to the other party all documents and other written materials relied upon by the expert in formulating an opinion in this case, subject to the provisions of 19(g), except that documents and materials already produced in the case need only be listed by Bates number.

(c)  It shall be the responsibility of a party designating an expert witness to ensure that the expert witness is reasonably available for deposition in keeping with this Scheduling Order. Unless otherwise agreed to by the parties or ordered by the Administrative Law Judge, expert witnesses shall be deposed only once and each expert deposition shall be limited to one day for seven hours.

(d)  Each expert report shall include a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the expert in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the expert; and the compensation to be paid for the study and testimony.

(e)  A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of this litigation or preparation for hearing and who is not designated by a party as a testifying witness.

(f)  At the time of service of the expert reports, a party shall provide opposing counsel:

(i) a list of all commercially-available computer programs used by the expert in the preparation of the report;
(ii) a copy of all data sets used by the expert, in native file format and processed data file format; and
(iii) all customized computer programs used by the expert in the preparation of the report or necessary to replicate the findings on which the expert report is based.

(g)  Experts' disclosures and reports shall comply in all respects with Rule 3.31A, except that neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

(i) any form of communication or work product shared between any of the parties' counsel and their expert(s) or persons assisting the expert(s), or between any of the experts or persons assisting the expert(s) themselves;
(ii) any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

(iii) expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case;

(iv) drafts of expert reports, analyses, or other work product; or

(v) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

24. If the expert reports prepared for either party contain confidential information that has been granted *in camera* treatment, the party shall prepare two versions of its expert report(s) in accordance with Additional Provision 6 of this Scheduling Order and 16 C.F.R. § 3.45(e).

25. Due to ongoing public health concerns related to COVID-19, it is possible that the evidentiary hearing in this matter will be conducted remotely by video conference. The parties are encouraged, in advance of the hearing, to take expert depositions for the purpose of perpetuating trial testimony (i.e., a trial deposition) and to submit such trial testimony as an exhibit in lieu of presenting the expert's testimony via live video at trial. This trial deposition may be conducted in addition to any deposition of an expert witness for purposes of discovery (discovery deposition). Although the parties are encouraged to submit trial depositions in lieu of live video testimony at trial for all expert witnesses in the case, you may choose to do trial depositions for all or fewer than all experts.

26. Due to ongoing public health concerns related to COVID-19, it is possible that the evidentiary hearing in this matter will be conducted remotely by video conference. To accommodate safety or other concerns of witnesses and attorneys and staff, the parties may, in advance of the hearing, take trial depositions of fact witnesses who had been deposed before the close of discovery and to submit such trial deposition testimony (as video and/or transcript of trial deposition testimony) as an exhibit in lieu of presenting the fact witness' testimony via live video at trial. Although the parties may submit trial depositions in lieu of live video testimony at trial for all fact witnesses in the case, you may choose to do trial depositions for fewer than all fact witnesses.

27. An expert witness' testimony is limited to opinions contained in the expert report that has been previously and properly provided to the opposing party. In addition, no opinion will be considered, even if included in an expert report, if the underlying and supporting documents and information have not been properly provided to the opposing party. Unless an expert witness is qualified as a fact witness, an expert witness is only allowed to provide opinion testimony; expert testimony is not considered for the purpose of establishing the underlying facts of the case.

28. The final exhibit lists shall represent counsels' good faith designation of all trial exhibits other than demonstrative, illustrative, or summary exhibits. Additional exhibits may be added after the submission of the final lists only by consent of all parties, or, if the parties do not consent, by an order of the Administrative Law Judge upon a showing of good cause.

29. Properly admitted deposition testimony and properly admitted investigational hearing transcripts are part of the record and need not be read in open court. Videotape

PUBLIC

deposition excerpts that have been admitted in evidence may be presented in open court only upon prior approval by the Administrative Law Judge.

30. The parties shall provide to one another, to the Administrative Law Judge, and the court reporter, no later than 48 hours in advance, not including weekends and holidays, a list of all witnesses to be called on each day of the hearing, subject to possible delays or unforeseen circumstances.

31. The parties shall provide one another with copies of any demonstrative, illustrative or summary exhibits (other than those prepared for cross-examination) 24 hours before they are used with a witness.

32. Complaint Counsel's exhibits shall bear the designation CX and Respondents' exhibits shall bear the designation RX or some other appropriate designation. Complaint Counsel's demonstrative exhibits shall bear the designation CXD and Respondents' demonstrative exhibits shall bear the designation RXD or some other appropriate designation. If demonstrative exhibits are used with a witness, the exhibit will be marked and referred to for identification only. Any demonstrative exhibits referred to by any witness may be included in the trial record, but they are not part of the evidentiary record and may not be cited to support any disputed fact. Both sides shall number the first page of each exhibit with a single series of consecutive numbers. When an exhibit consists of more than one piece of paper, each page of the exhibit must bear a consecutive control number or some other consecutive page number.

33. At the final prehearing conference, counsel will be required to introduce all exhibits they intend to introduce at trial. The parties shall confer and shall eliminate duplicative exhibits in advance of the final prehearing conference and, if necessary, during trial. For example, if CX100 and RX200 are different copies of the same document, only one of those documents shall be offered into evidence. The parties shall agree in advance as to which exhibit number they intend to use. Counsel shall contact the court reporter regarding submission of exhibits.

34. Pretrial briefs shall not exceed 75 pages per side unless otherwise agreed to by the parties or ordered by the Administrative Law Judge. The parties will agree on page limits for the post-trial briefs and proposed findings of fact and conclusions of law prior to the final prehearing conference.

ORDERED:                          *DM Chappell*

D. Michael Chappell
Chief Administrative Law Judge

Date: January 4, 2023

PUBLIC

**UNITED STATES OF AMERICA**
**FEDERAL TRADE COMMISSION**
**OFFICE OF ADMINISTRATIVE LAW JUDGES**

|  |  |  |
|---|---|---|
| _____ | ) | |
| In the Matter of | ) | |
|  | ) | |
| Microsoft Corp., | ) | |
|         a corporation, and | ) | |
|  | ) | Docket No. 9412 |
| Activision Blizzard, Inc., | ) | |
|         a corporation, | ) | |
|  | ) | |
|         Respondents. | ) | |
| _____ | ) | |

**ORDER GRANTING JOINT MOTION FOR FIRST REVISED SCHEDULING ORDER**

On May 10, 2023, Complaint Counsel and Respondents Microsoft Corporation and Activision Blizzard, Inc. ("Respondents") filed a joint motion to amend the Scheduling Order issued in this case on January 4, 2023 ("Joint Motion"). The parties seek to extend the deadlines for the final proposed exhibit lists for both Complaint Counsel and Respondents by one week – to May 19, 2023 for Complaint Counsel and to June 6, 2023 for Respondents. The parties assert that good cause for the extension exists because of the complexity of the matter and the large volume of documents produced.

The parties have not sought any prior extensions, and the proposed extensions will not delay any other deadlines. Good cause exists to amend the schedule set forth in the Scheduling Order. Accordingly, the Joint Motion is GRANTED. The Scheduling Order is hereby revised as follows:

May 12, 2023        -        Complaint Counsel provides to Respondents' Counsel the final proposed witness list. The final proposed witness list will include no more than 20 fact witnesses total, with no more than 3 witnesses who did not appear on Complaint Counsel's updated witness list, and a brief summary of the testimony of each witness. No witness may be added to the final witness list who did not appear on that party's updated witness list unless such witnesses have been deposed in this litigation.

Complaint Counsel serves courtesy copies on the Administrative Law Judge ("ALJ") of the final proposed witness list and a brief summary of the testimony of each witness, including expert witnesses.

PUBLIC

May 19, 2023     -     Complaint Counsel provides to Respondents' Counsel the final proposed exhibit list. The final proposed exhibit list shall include depositions, copies of all exhibits (except for demonstrative, illustrative or summary exhibits and expert related exhibits), and Complaint Counsel's basis of admissibility for each proposed exhibit.

       Complaint Counsel serves courtesy copies on the ALJ of the final proposed exhibit list and the basis of admissibility for each proposed exhibit.

May 26, 2023     -     Deadline for Respondents' Counsel to provide expert witness reports (to be provided by 4 p.m. ET). Respondents' expert report shall include (without limitation) rebuttal, if any, to Complaint Counsel's expert witness report(s).

May 30, 2023     -     Respondents' Counsel provides to Complaint Counsel the final proposed witness list. The final proposed witness list will include no more than 20 fact witnesses total, with no more than 3 witnesses who did not appear on Respondents' updated witness list, and a brief summary of the testimony of each witness. No witness may be added to the final witness list who did not appear on that party's updated witness list unless such witnesses have been deposed in this litigation.

       Respondents' Counsel serves courtesy copies on the ALJ of the final proposed witness list and a brief summary of the testimony of each witness, including expert witnesses.

June 2, 2023     -     Complaint Counsel identifies any rebuttal experts not previously identified.

June 6, 2023     -     Respondents' Counsel provides to Complaint Counsel the final proposed exhibit list. The final proposed exhibit list shall include depositions, copies of all exhibits (except for demonstrative, illustrative or summary exhibits and expert related exhibits), and Respondents' basis of admissibility for each proposed exhibit.

       Respondents' Counsel serves courtesy copies on the ALJ of the final proposed exhibit list and the basis of admissibility for each proposed exhibit.

June 9, 2023     -     Complaint Counsel provides rebuttal expert report(s). Any such reports are to be limited to rebuttal of matters set forth in Respondents' expert reports. If material outside the scope of fair

**PUBLIC**

rebuttal is presented, Respondents will have the right to seek appropriate relief (such as striking Complaint Counsel's rebuttal expert reports or seeking leave to submit surrebuttal expert reports on behalf of Respondents).

June 23, 2023   -   Deadline for depositions of experts (including rebuttal experts) and exchange of expert related exhibits.

June 29, 2023   -   Parties that intend to offer confidential materials of an opposing party or non-party as evidence at the hearing must provide notice to the opposing party or non-party, pursuant to 16 C.F.R. § 3.45(b).[1] *See* Additional Provision 17.

July 10, 2023   -   Deadline for filing motions for *in camera* treatment of proposed trial exhibits.

July 12, 2023   -   Deadline for filing motions *in limine* to preclude admission of evidence. *See* Additional Provision 18.

July 14, 2023   -   Exchange and serve courtesy copy on ALJ objections to final proposed witness lists and exhibit lists. The Parties are directed to review the Commission's Rules on admissibility of evidence before filing objections to exhibits and raise only objections that are necessary and valid.

July 14, 2023   -   Complaint Counsel files pretrial brief supported by legal authority.

July 17, 2023   -   Deadline for filing responses to motions for *in camera* treatment of proposed trial exhibits.

July 19, 2023   -   Deadline for filing responses to motions *in limine* to preclude admission of evidence.

July 26, 2023   -   Exchange proposed stipulations of law, facts, and authenticity.

July 28, 2023   -   Respondents' Counsel files pretrial brief supported by legal authority.

---

[1] Appendix A to Commission Rule 3.31, the Standard Protective Order, states that if a party or third party wishes *in camera* treatment for a document or transcript that a party intends to introduce into evidence, that party or third party shall file an appropriate motion with the Administrative Law Judge within 5 days after it receives notice of a party's intent to introduce such material. Commission Rule 3.45(b) states that parties who seek to use material obtained from a third party subject to confidentiality restrictions must demonstrate that the third party has been given at least 10 days' notice of the proposed use of such material. To resolve this apparent conflict, the Scheduling Order requires that the parties provide 10 days' notice to the opposing party or third parties to allow for the filing of motions for *in camera* treatment.

**PUBLIC**

August 1, 2023        -        Final prehearing conference to begin at 1:00 p.m. ET.

The parties shall meet and confer prior to the prehearing conference regarding trial logistics and proposed stipulations of law, facts, and authenticity of exhibits. To the extent the parties have agreed to stipulate to any issues of law, facts, and/or authenticity of exhibits, the parties shall prepare a list of such stipulations and submit a copy of the stipulations to the ALJ one business day prior to the final prehearing conference. At the conference, the parties' list of stipulations shall be marked as "JX1" and signed by each party, and the list shall be offered into evidence as a joint exhibit. No signature by the ALJ is required. Any subsequent stipulations may be offered as agreed by the parties.

Counsel may present any objections to the final proposed witness lists and exhibits. All trial exhibits will be admitted or excluded to the extent practicable. To the extent the parties agree to the admission of each other's exhibits, the parties shall prepare a list identifying each exhibit to which admissibility is agreed, marked as "JX2" and signed by each party, which list shall be offered into evidence as a joint exhibit. No signature by the ALJ is required.

August 2, 2023        -        Commencement of Hearing, to begin at 10:00 a.m. ET.


All other Additional Provisions in the Scheduling Order remain in place.


ORDERED:

_DM Chappell_

D. Michael Chappell
Chief Administrative Law Judge


Date: May 12, 2023

4