Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Grace Hill (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com

Bambo Obaro (Bar No. 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
bambo.obaro@weil.com

*Counsel for Defendant Microsoft Corp.*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION | Case No. 3:23-CV-2880-JSC |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR EXPEDITED CASE MANAGEMENT CONFERENCE** |
| v. | |
| MICROSOFT CORP. | Judge:      Hon. Jacqueline S. Corley |
| and | No Hearing Date Set Pursuant to L.R. 7-11 |
| ACTIVISION BLIZZARD, INC. | |
| Defendants. | |

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EXPEDITED INITIAL CMC

1

## NOTICE OF MOTION AND MOTION

2

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

3

      PLEASE TAKE NOTICE that Defendants Microsoft Corp. and Activision Blizzard, Inc.

4

will, and hereby do, move this Court to set an expedited case management conference in this matter.

5

The motion will be made based on this Notice of Motion and Motion, the Memorandum of Points

6

and Authorities herein, the Proposed Order, all other papers and pleadings on file in this action, and

7

any other written or oral argument or evidence that Defendants might present to the Court.

8

## REQUESTED RELIEF

9

      Defendants Microsoft and Activision request that the Court exercise its discretion to set an

10

expedited case management conference in this matter.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EXPEDITED
INITIAL CMC

Case No. 3:23-CV-2880-JSC

**INTRODUCTION**

This case involves the Federal Trade Commission's challenge to Microsoft Corporation's proposed acquisition of Activision Blizzard, Inc.  For the express purpose of being ready to conduct a fulsome hearing in federal court in the event the FTC sought a preliminary injunction (not two simultaneous proceedings in a federal and an administrative court), the parties agreed to expedite pretrial matters in an FTC administrative proceeding that has been pending since December.  The parties have completed fact discovery and exchanged witness lists, exhibit lists, and expert reports.  Only one step remains before the case is ready for trial:   expert depositions, which are currently set to take place between June 21 and 30.

The case has been moving at this fast pace because time is of the essence.  The merger agreement by which Microsoft seeks to acquire Activision has a termination date of July 18, 2023.  The agreement also contains a $3 billion termination fee.  The FTC filed an administrative complaint in December 2022.  But they chose to file this suit—seeking a court order of indeterminate length to prevent the transaction from closing—6 months after filing its administrative complaint and only 6 weeks before the termination date.  The FTC knows that a preliminary injunction decision will determine whether the transaction succeeds or fails, yet counsel claims that the preliminary injunction is required only to ensure there is time to complete the administrative process.  Let there be no doubt, a preliminary injunction ruling is the only decision that matters under these challenging deadlines.

As history shows, the Court's ruling on the FTC's request for a preliminary injunction will decide the fate of this transaction, particularly in light of the termination date of July 18, 2023.  If Defendants prevail, the FTC's longstanding and unbroken practice has been to walk away from its challenge.  On the other hand, if the Court grants a preliminary injunction, it will effectively block the transaction because the FTC's process is "glacial" and one "[n]o substantial business transaction could ever survive." *FTC v. Occidental Petroleum Corp.*, 1986 WL 952, at *13 (D.D.C. Apr. 29, 1986) (denying motion for preliminary injunction).  This case illustrates the point.  The FTC hearing is set to start after the termination date.  There will be no decision until late December 2023

-3-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EXPEDITED INITIAL CMC

1   or early January 2024 at the earliest.  That decision will not be final because the FTC recently

2   concluded that such decisions are recommendations subject to the review of the Commissioners

3   who authorized the complaint—a lengthy process that always results in a decision in the FTC's

4   favor.  Defendants' only recourse at that point is an appeal to a circuit court.  Overall, this process

5   takes several years—a timeframe no merger could survive.  That is why FTC preliminary injunction

6   hearings typically last at least five days—those hearings are the only hearings that will take place.

7       Defendants recognize the Court has issued an order temporarily restraining the transaction

8   and setting a hearing for June 22-23.  But Defendants respectfully submit that an appropriate initial

9   step would be to hold an expedited case management conference at the Court's earliest

10  convenience—as soon as June 15, if possible given the Court's busy calendar—to establish an

11  appropriate schedule to resolve the FTC's challenge.

12      To be clear, Defendants have no interest in delaying the resolution of this matter.  But

13  Defendants respectfully submit that a hearing of two days is not enough time to present the issues

14  in this case and that further discussion of the schedule is warranted.  The stakes of this case are

15  high, and it involves important legal, factual, and economic issues.  At minimum, Defendants

16  believe the Court should allow the hearing to extend into the week of June 26, to permit expert

17  discovery to conclude before the conclusion of the hearing, particularly given that the FTC's motion

18  for a temporary restraining order relies heavily on the reports submitted by their expert, Dr. Robin

19  Lee.

20      As demonstrated in the schedule below, Defendants believe that the hearing could be

21  scheduled for a minimum of five days beginning on June 22 and running through the week of June

22  26 (or the soonest dates thereafter, based on the Court's busy schedule).  To ensure the case

23  proceeds on a viable schedule, Defendants request that the Court set a case management conference

24  as soon as possible to further discuss the format and length of the hearing.

25  ### BACKGROUND AND PROCEDURAL HISTORY

26      Defendant Microsoft Corporation is a technology company that competes in the gaming

27  industry through its Xbox division.  Defendant Activision Blizzard, Inc. is a video game developer

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EXPEDITED
INITIAL CMC

1   and publisher.  On January 18, 2022, Microsoft signed a Merger Agreement to acquire 100% of

2   Activision for $68.7 billion.  The Agreement requires the parties to close by July 18, 2023.

3        Shortly after the deal was announced, the FTC opened an investigation into the proposed

4   acquisition.  During the FTC's nearly yearlong investigation, Defendants produced millions of

5   documents and sat for several investigational hearings.  On December 8, 2022, the FTC filed an

6   administrative complaint before the FTC's Office of Administrative Law Judges, seeking to bar the

7   transaction under Section 7 of the Clayton Act and Section 5 of the FTC Act.  *See* 16 CFR Part 3.

8   Unlike in most other merger challenges where the FTC simultaneously files a case in federal

9   court—because only a federal court has the power to preliminarily enjoin the transaction, *see* 15

10  U.S.C. § 53(b)—the FTC delayed filing a federal action until Monday.  Instead, the FTC initially

11  scheduled an administrative hearing before the FTC's Chief ALJ on an eight-month calendar rather

12  than a five-month calendar (the "Part 3 proceeding").  *See* 16 CFR § 3.11(b)(4).  That had the effect

13  of setting the hearing for August 2, 2023—when there was no preliminary-injunction proceeding

14  and when it was clear that the transaction's termination date (July 18, 2023) was weeks before the

15  hearing would even begin.

16       The FTC's administrative process is lengthy.  In this case, the proceedings before the ALJ

17  would last until at least December 2023 (at the absolute earliest).  Due to a recent rule change by

18  the FTC, that proceeding would culminate in a "recommended decision" to the Commissioners that

19  has no legal force of its own.  FTC, *Federal Register Notice: Amendments to Part 3 Rules* (June 2,

20  2023),          https://www.ftc.gov/system/files/ftc_gov/pdf/p072104-amendments-to-part-3-rules-

21  frn.pdf.  The ALJ's recommended decision would then be subject to automatic review by the

22  Commissioners.  That review takes a long time:  As of several decades ago, "the average time from

23  the initial decision to the final Commission decision exceeded 13 ½ months," *Occidental*, 1986 WL

24  952, at *13, and things have not improved materially since then.  And as a former FTC

25  Commissioner has recognized, the Commissioners' review always results in a ruling in favor of the

26  FTC.  *See* Joshua D. Wright, *Section 5 Revisited*, at 6 (Feb. 26, 2015),

27  https://tinyurl.com/y2v2m449 (describing FTC's undefeated record adjudicating complaints it

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EXPEDITED
INITIAL CMC

1    voted out, regardless of the ALJ's decision).  After that, Defendants would have a right to appeal

2    to a federal circuit court and the U.S. Supreme Court, which would take still longer.

3         Overall, this process would take several years, which no merger could survive.  *See, e.g.*,

4    *FTC v. Foster*, 2007 WL 1793441, at *51 (D.N.M. May 29, 2007) (denying motion for preliminary

5    injunction and dissolving temporary restraining order, and noting that "the grant of a temporary

6    injunction in a Government antitrust suit is likely to spell the doom of an agreed merger." (citation

7    omitted)).   For that reason, federal court proceedings under Section 13(b) are outcome

8    determinative.  When the FTC wins, the transaction collapses.  *See, e.g.*, *FTC v. Sysco Corp.*, 113

9    F. Supp. 3d 1 (D.D.C. 2015) (granting FTC request for preliminary injunction of proposed merger);

10   *In re Sysco Corp.*, FTC Docket No. 9364 (describing the defendants' decision to abandon the deal

11   after losing at the preliminary-injunction hearing).    When the FTC loses, it abandons its

12   administrative challenge.  *See, e.g.*, *FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2023

13   WL 2346238 (N.D. Cal. Feb. 3, 2023) (denying FTC request for preliminary injunction of proposed

14   merger); *In re Meta Platforms, Inc.*; FTC Docket No. 9411 (noting that FTC dismissed its

15   administrative complaint).

16        To be prepared for the possibility that the FTC might eventually file a motion for

17   preliminary injunction in federal court in this matter, the parties have been cooperating to expedite

18   pretrial matters so that a federal judge can decide the matter in a timely fashion.  Fact discovery is

19   complete.  And expert discovery will close on June 23 (with one deposition taking place on June

20   30, by agreement of the parties).  The FTC has disclosed one expert who has submitted over 350

21   pages of reports (currently set to be deposed on June 21), and whom they principally rely upon in

22   seeking emergency relief from this Court.  Defendants have disclosed three experts (currently set

23   to be deposed between June 21 and 30).

24                                    **ARGUMENT**

25        The hearing on the FTC's motion for a preliminary injunction is not a trivial event.  It is

26   "well recognized that the issuance of a preliminary injunction prior to a full trial on the merits is an

27   extraordinary and drastic remedy," and that this is "particularly true in the acquisition and merger

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EXPEDITED
INITIAL CMC

context, because, as a result of the short life-span of most tender offers, the issuance of a preliminary injunction blocking an acquisition or merger may prevent the transaction from ever being consummated." *FTC v. Exxon Corp.*, 636 F.2d 1336, 1343–44 (D.C. Cir. 1980) (citations and internal quotation marks omitted).  Defendants are aware of no situation where (1) a merger has closed after an unfavorable federal court decision on a preliminary injunction or (2) the FTC has pursued its administrative proceeding after losing in federal court.

While Defendants appreciate the Court's willingness to move quickly, Defendants respectfully submit that an expedited case management conference would assist in setting an appropriate schedule for efficiently and effectively resolving a case of this magnitude.  Defendants see two issues with the Court's suggested path forward, both of which would benefit from further discussion.

*First*, the hearing date is currently set during expert discovery.  While Defendants are prepared to accelerate the pace of expert discovery, Defendants submit that the parties and Court would benefit from having the experts deposed prior to the close of trial.  That is particularly so because the FTC's motion for a temporary restraining order relies heavily on the testimony of its expert and the reports he submitted—making it all the more important that the Court have a full and complete expert record when adjudicating the FTC's motion.

*Second*, while Defendants believe the evidence can be presented expeditiously, Defendants are not aware of situations where a matter of this scope and importance was decided on just two days of testimony.  On the contrary, federal court preliminary injunction hearings typically last at least five days, presumably because the hearing is the only one that will ever take place.  *See, e.g.*, *Meta Platforms Inc.*, 2023 U.S. Dist. LEXIS 29832 (7-day hearing); *FTC v. Hackensack Meridian Health, Inc.*, Civil Action No. 20-18140, 2021 U.S. Dist. LEXIS 158158 (D.N.J. Aug. 4, 2021) (7-day hearing); F*TC v. Thomas Jefferson Univ.*, 2020-2 Trade Cas. (CCH) 81,469 (E.D. Pa. Dec. 8, 2020) (6-day hearing); *FTC v. RAG-Stiftung*, Civil Action No. 19-2337, 2020 U.S. Dist. LEXIS 18346 (D.D.C. Jan. 24, 2020) (two-week evidentiary hearing).

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EXPEDITED INITIAL CMC

Given the significance of this Court's decision on the FTC's preliminary injunction motion, Defendants propose the following schedule:

| Event | Deadline/Date |
|---|---|
| Joint Case Management Statement | June 14, 2023 |
| Initial Case Management Conference | June 15, 2023 |
| Opposition to Preliminary Injunction | June 16, 2023 |
| Reply in Support of Preliminary Injunction | June 20, 2023 (noon) |
| Pre-Hearing Conference | June 21, 2023 |
| Close of Expert Discovery | June 23, 2023[1] |
| Hearing | June 22, 2023 (running for a minimum of five days as soon thereafter as convenient for the Court) |
| Proposed Findings of Fact and Conclusions of Law | Submitted two days after the close of evidence |

Defendants would also be available to take trial days when the Court has availability rather than setting the case in one full block.

In conclusion, because the preliminary injunction hearing will decide the fate of the transaction, Defendants submit that a longer hearing is warranted and that the parties and Court would benefit from an opportunity to discuss and set an appropriate schedule for resolving this important matter.

**CIVIL LOCAL RULE 16 STATEMENT**

Counsel for Microsoft have conferred with all other counsel. Defendant Activision supports this request for an expedited Initial Case Management Conference. Plaintiff Federal Trade Commission has declined to join a request for an expedited Initial Case Management Conference. Subject to the Court's order, the parties will meet and confer pursuant to Civil Local Rule 16-3 and submit a Joint Case Management Statement setting out their respective scheduling proposals no later than June 14, 2023, pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges

---

[1] As noted above, the parties have agreed to one expert deposition currently slated for June 30, 2023.

1  of the Northern District of California.

2                                    **CONCLUSION**

3        Based on the circumstances described above, Microsoft and Activision jointly and

4  respectfully request that the Court issue the accompanying proposed Order setting an initial case

5  management conference on June 15 or 16, 2023, and requiring the submission of a joint case

6  management statement on June 14, 2023.

7

8   DATED:  June 14, 2023               Respectfully submitted,

9                          By:   */s/ Beth A. Wilkinson*
                                 Beth A. Wilkinson (*pro hac vice*)
10                               Rakesh N. Kilaru (*pro hac vice*)
                                 Kieran Gostin (*pro hac vice*)
11                               Grace Hill (*pro hac vice*)
                                 Anastasia Pastan (*pro hac vice*)
12                               WILKINSON STEKLOFF LLP
                                 2001 M Street NW, 10th Floor
13                               Washington, DC 20036
                                 Telephone: (202) 847-4000
14                               Facsimile: (202) 847-4005
                                 bwilkinson@wilkinsonstekloff.com
15                               rkilaru@wilkinsonstekloff.com
                                 kgostin@wilkinsonstekloff.com
16                               ghill@wilkinsonstekloff.com
                                 apastan@wilkinsonstekloff.com
17
18                               Bambo Obaro (Bar No. 267683)
19                               WEIL, GOTSHAL & MANGES LLP
                                 201 Redwood Shores Parkway
20                               Redwood Shores, CA 94065
                                 Telephone: (650) 802-3000
21                               Facsimile: (650) 802-3100
                                 bambo.obaro@weil.com
22
23                               *Counsel for Defendant Microsoft Corp.*

24

25

26

27

28
                                         -9-

1  |  Caroline Van Ness (Bar No. 281675)
2  |  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   |  525 University Avenue
3  |  Palo Alto, California 94301
   |  Telephone: (650) 470-4500
4  |  Facsimile: (650) 470-4570
   |  caroline.vanness@skadden.com
5
6  |  Steven C. Sunshine (*pro hac vice*)
   |  Julia K. York (*pro hac vice*)
7  |  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   |  1440 New York Avenue, N.W.
8  |  Washington, DC 20005
   |  Telephone: (202) 371-7860
9  |  Fax: (202) 661-9126
   |  steve.sunshine@skadden.com
10 |  julia.york@skadden.com
11
12 |  Michael J. Sheerin (*pro hac vice*)
   |  Matthew M. Martino (*pro hac vice*)
   |  Evan R. Kreiner (*pro hac vice*)
13 |  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   |  One Manhattan West
14 |  New York, NY 10001
   |  Telephone: (212) 735-2425
15 |  Fax: (917) 777-2425
   |  michael.sheerin@skadden.com
16 |  matthew.martino@skadden.com
   |  evan.kreiner@skadden.com
17
18 |  *Counsel for Activision Blizzard, Inc.*

-10-

1    Beth A. Wilkinson (*pro hac vice*)
2    Rakesh N. Kilaru (*pro hac vice*)
     Kieran Gostin (*pro hac vice*)
3    Grace Hill (*pro hac vice*)
     Anastasia Pastan (*pro hac vice*)
4    WILKINSON STEKLOFF LLP
     2001 M Street NW, 10th Floor
5    Washington, DC 20036
     Telephone: (202) 847-4000
6    Facsimile: (202) 847-4005
7    bwilkinson@wilkinsonstekloff.com
     rkilaru@wilkinsonstekloff.com
8    kgostin@wilkinsonstekloff.com
     ghill@wilkinsonstekloff.com
9    apastan@wilkinsonstekloff.com

10   Bambo Obaro (Bar No. 267683)
     WEIL, GOTSHAL & MANGES LLP
11   201 Redwood Shores Parkway
     Redwood Shores, CA 94065
12   Telephone: (650) 802-3000
     Facsimile: (650) 802-3100
13   bambo.obaro@weil.com

14

15   *Counsel for Defendant Microsoft Corp.*

16              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
17                **SAN FRANCISCO DIVISION**

18   FEDERAL TRADE COMMISSION          | Case No. 3:23-CV-2880-JSC

19                      Plaintiff,     | **[PROPOSED] ORDER GRANTING**
                                       | **MOTION FOR EXPEDITED INITIAL**
20            v.                       | **CASE MANAGEMENT CONFERENCE**

21   MICROSOFT CORP.                   | Judge:     Hon. Jacqueline S. Corley

22   and                              |
23                                     | No Hearing Date Set
     ACTIVISION BLIZZARD, INC.
24

25                      Defendants.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

Having considered the Defendants' Motion for Expedited Initial Case Management Conference, the Court hereby GRANTS the Motion and ORDERS that an Initial Case Management Conference shall be scheduled for Thursday, June 15 or Friday, June 16.

The Court FURTHER ORDERS the parties to submit a Joint Case Management Statement on or before Wednesday, June 14, 2023.

Date: _____                    _____
                                             Hon. Jacqueline S. Corley
                                             UNITED STATES DISTRICT COURT JUDGE

Case No. 3:23-CV-2880-JSC     PROPOSED ORDER GRANTING MOTION FOR EXPEDITED INITIAL CMC