James H. Weingarten, DC Bar No. 985070
Peggy Bayer Femenella, DC Bar No. 472770
James Abell, DC Bar No. 990773
Cem Akleman, FL Bar No. 107666
Meredith R. Levert, DC Bar No. 498245
Jennifer Fleury, NY Bar No. 5053178
James Gossmann, DC Bar No. 1048904
Edmund Saw, NY Bar No. 5680293
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-3570
*jweingarten@ftc.gov; pbayer@ftc.gov:*
*jabell@ftc.gov; cakleman@ftc.gov;*
*jfleury@ftc.gov; mlevert@ftc.gov;*
*jgossmann@ftc.gov; esaw@ftc.gov*

Erika Wodinsky, Cal. Bar No. 091700
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190
*ewodinsky@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>            Plaintiff,<br><br>      v.<br><br>**MICROSOFT CORP.**<br><br>and<br><br>**ACTIVISION BLIZZARD, INC.**,<br><br>            Defendants. | Case No. 3:23-cv-2880<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Plaintiff, the Federal Trade Commission ("FTC" or "Commission") shall move and hereby does move the Court to enter the attached proposed Protective Order.

## REQUESTED RELIEF

The FTC has filed this action seeking orders temporarily and preliminarily enjoining the consummation of the proposed acquisition of Activision Blizzard, Inc. ("Activision") by Defendant Microsoft Corporation ("Microsoft") ("Proposed Acquisition") as a violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and Section 7 of the Clayton Act, 15 U.S.C. § 18. By this motion, the FTC seeks an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent disclosure of the discovery taken in the Commission's investigation of the Proposed Acquisition and administrative proceedings because the discovery contains confidential commercial information of Defendants and of third parties.

## STATEMENT OF FACTS

On January 18, 2022, Defendants announced the Proposed Acquisition. The FTC began its investigation of the Proposed Acquisition shortly after the announcement. In the course of the investigation, the FTC received hundreds of thousands of commercially sensitive documents from third parties, including direct competitors to Microsoft and Activision. These documents contain a wealth of competitively sensitive information, such as estimates of market concentration, roadmaps for unreleased products, marketing plans, pricing decisions and strategy, analyses of potential mergers and acquisitions, customer surveys, and licensing contracts, among other commercially sensitive documents and data. The FTC also received millions of documents from Defendants, many of which contain commercially sensitive information.

On December 8, 2022, the FTC commenced administrative proceedings before an Administrative Law Judge on the antitrust merits of the Proposed Acquisition. Pursuant to FTC

1   Rule of Practice 3.31(d), the Administrative Law Judge issued a protective order on December
2   9, 2023 ("Administrative Protective Order") to govern discovery in the administrative
3   proceedings.[1]  The Administrative Protective Order was provided to the parties and to every
4   third party that produced documents.  The Administrative Protective Order expressly disallows
5   the disclosure of information designated as "Confidential" to in-house counsel of the
6   Defendants.  Exhibit A, ¶ 7 ("Confidential material shall be disclosed only to…(c) outside
7   counsel of record for any respondent, their associated attorneys and other employees of their
8   law firm(s), provided they are not employees of a respondent.").  The FTC and Defendants
9   cooperated to implement an expedited discovery schedule which involved the collection of tens
10  of thousands of additional documents and terabytes of data from third parties.  The
11  Administrative Protective Order has been in place for seven months, fact discovery closed two
12  months ago, and trial begins in roughly six weeks.  Throughout this litigation, Defendants' in-
13  house counsel have not had access to any confidential material, and Defendants have never
14  argued that their in-house counsel needed access to this material.
15       In preparation of the evidentiary hearing scheduled to begin on June 22, 2023,
16  Defendants sent the FTC a proposed draft protective order.  Exhibit B.  Defendants' draft
17  protective order included a provision permitting Defendants to identify four in-house counsel
18  with responsibilities for the litigation in this proceeding to be allowed access to information
19  designated "Confidential" provided they observe certain restrictions and execute an agreement
20  requiring them to be bound by the terms of the protective order.  Exhibit B.  Defendants' draft
21  protective order is in direct tension with the already implemented and enforceable

---

[1] The Federal Trade Commission Rule of Practice 3.31(d) states:  "In order to protect the parties and third parties against improper use and disclosure of confidential information, the Administrative Law Judge shall issue a protective order as set forth in the appendix to this section." 16 C.F.R. § 3.31(d).  The efforts of merging parties to modify the standard protection order to permit in-house counsel to view confidential material has been rejected even where respondents aver that it would inhibit their defense.  *See In re Benco Dental Supply Co.*, 2018 FTC LEXIS 109, at *8 (June 15, 2018) ("there is no valid basis for concluding that [respondent's] outside counsel will be unable to sufficient develop these arguments absent in-house counsel's access [to confidential material]").

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER
CASE NO. 3:23-CV-2880

1  Administrative Protective Order.  The FTC and Defendants' counsel met and conferred over
2  videoconference on June 17, 2023.  Standing firm on their insistence that in-house counsel
3  should receive access to confidential information, Defendants' counsel asked the FTC to
4  reconsider its position.  Standing at impasse, the FTC submits this request to the Court to enter
5  its proposed protective order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 26(c) authorizes the district court to protect parties from "undue burden or expense" in discovery by ordering that "a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a specified way."  In weighing the access of counsel in a protective order, the district court must "examine factually all the risks and safeguard surrounding inadvertent disclosure" by counsel and consider the "nature of the claims and of a party's opportunity to develop its case through alternative discovery procedures."  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).  In light of the expedited hearing schedule and the commercially sensitive issues at stake, the FTC has several grounds to seek the entry of a protective order that eliminates the risk of inadvertent disclosure by Defendants' in-house counsel.

*First*, by the nature of this challenge to a vertical merger, confidential information in this case goes to the heart of the competitive strategy of multiple businesses, including Microsoft and Activision's direct competitors and negotiating partners.  Furthermore, the scope of confidential information available to in-house counsel would be unlimited.  Because the FTC, Defendants, and third parties generated the discovery record under the Administrative Protective Order, which had a single tier of confidentiality protection, there is no practical way for Defendants' in-house counsel to have access to only *some* of the confidential information and there is simply no time under the expedited hearing schedule for third parties to re-designate the documents.  *United States v. Aetna Inc.*, Case No. 1:16-cv-01494, 2016 WL 8738420, at *10 (D.D.C. Sept. 5, 2016) (rejecting the request to modify the protective order to allow in-house counsel to view documents because "This case is being tried on a highly

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER
CASE NO. 3:23-CV-2880

3

expedited schedule. It would be highly inefficient to require re-designation of all material already produced."). For this reason, federal courts routinely enter protective orders substantially similar to the Administrative Protective Order when the FTC seeks preliminary injunctions under § 13(b).[2]

***Second***, the FTC and Defendants have been operating in accordance with the Administrative Protective Order for over half a year and in-house counsel has not had access to confidential material during this entire period. Moreover, neither Defendant has sought to modify the Administrative Protective Order during the period of fact discovery. There is no pressing or unique need to substantially change who receives access to confidential information now, especially given how sophisticated and well-equipped Defendants' outside counsel is. *Fed. Trade Comm'n v. Advocate Health Care Network*, 162 F. Supp. 3d 666, 672 (N.D. Ill. 2016) ("And, given the extraordinarily sophisticated, experienced and talented counsel in this case, the critical question is: why is it 'essential,' as the defendants put it, that in-house counsel as opposed to outside counsel, review the calculations and the information from the Intervenors underlying those calculations?"). In fact, Defendants have already assembled their joint list of exhibits in preparation for August's administrative hearing without in-house counsel's access to confidential information. If the relevant terms of the Administrative Protective Order have been sufficient for the litigants to this dispute to prepare for a full hearing on the merits, they should be sufficient here. Indeed, this urgent pre-merits hearing is necessary because Defendants continue to refuse to answer whether they would refrain from consummating the Proposed

---

[2] *Fed. Trade Comm'n v. Rag-Stiftung*, Prot. Order, Dkt. 10, Case No. 1:19-cv-02337 (D.D.C. Aug 5, 2019); *Fed. Trade Comm'n v. Tronox Ltd.*, Prot. Order, Dkt. 77 Case No. 1:18-cv-01622 (D.D.C. July 25, 2018); *Fed. Trade Comm'n v. Wilhelm Wilhelmsen Holding ASA*, Prot. Order, Dkt. 29, Case No. 1:18-cv-00414 (D.D.C. Apr. 2, 2018); *Fed. Trade Comm'n v. DraftKings, Inc.*, Prot. Order, Dkt. 10, Case No. 1:17-cv-01995 (D.D.C. June 20, 2017); *Fed. Trade Comm'n v. Ardagh Grp. S.A.*, Prot. Order, Dkt. 9, Case No. 1:13-cv-01021 (D.D.C. July 9, 2013); *Fed. Trade Comm'n v. Phoebe Putney Health Sys., Inc.*, Stip. Prot. Order, Dkt. 22, Case No. 1:11-cv-00058 (M.D. Ga. Apr. 26, 2011); *Fed. Trade Comm'n v. Graco Inc.*, Prot. Order, Dkt. 29, Case No. 1:11-cv-02239 (D.D.C. Dec. 23, 2011); *Fed. Trade Comm'n v. CCC Holdings*, Prot. Order, Dkt. 30, Case No. 1:08-cv-02043 (D.D.C. Dec. 9, 2008).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER
CASE NO. 3:23-CV-2880

Acquisition in spite of the United Kingdom Competition and Markets Authority's prohibition on consummation.  It would be a stark and prejudicial outcome to reward Defendants' in-house counsel with access to their competitors' confidential information—that they would not otherwise have access to—due to Defendants' self-created emergency.

**Third**, third parties produced competitively sensitive information in reliance of the Administrative Protective Order and designated such information as "Confidential" on the understanding that they would not be seen by in-house counsel of the Defendants.  *State of New York v. Microsoft Corp.*, Case No. Civ.A. 98-1233, 2002 WL 31628220, at *2 (D.D.C. Nov. 18, 2002) ("The Court would regard the belated provision of access to information to Microsoft's in-house counsel as fundamentally unfair to those parties who produced information in reliance upon the fact that Microsoft's in-house counsel would not have access."); *United States v. Aetna Inc.*, Case No. 1:16-cv-01494, 2016 WL 8738420, at *9 (D.D.C. Sept. 5, 2016) ("The Special Master finds persuasive Plaintiffs' argument that granting Defendants' in-house counsel access to the information at issue may deter non-parties from producing information to the government in future cases.").  Beyond direct competitors, this hearing also involves third parties that are repeatedly on the other side of the negotiation table with Microsoft and Activision and who would suffer the risk that Defendants gain access to information that provides a bargaining advantage.

**Fourth**, the risk of inadvertent disclosure is especially high during this expedited hearing schedule.  The breakneck pace of activity and exchange of documents in preparation for this expedited hearing increases the risk that competitively sensitive information is mistakenly shared.[3]  This risk is especially heightened where in-house counsel give input on business

---

[3] The breakneck pace of this proceeding has already resulted in an inadvertent disclosure of competitively sensitive information.  Although Defendants corrected their Opposition to Motion for Preliminary Injunction with additional redactions, that information has now been seen and shared on the internet.  *See* Dkt. 108.  The inadvertently disclosed information reinforces the need for strong protection of confidential information provided by third parties so that it is not unnecessarily exposed.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER
CASE NO. 3:23-CV-2880

decisions that rely on information relating to the business's competitors. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) ("A crucial factor…was whether in-house counsel was involved in competitive decision making'; that is, advising on decisions about pricing or design 'made in light of similar or corresponding information about a competitor.'") (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984)). Here, Defendants' in-house counsel are extremely high-ranking. Although Defendants' counsel avers that only litigation counsel distant from the competitive decision making process would receive access, the concern remains that these in-house counsel could still offer advice informed by confidential information or they work with other in-house counsel who are directly involved in competitive decision making. *Federal Trade Comm'n v. Sysco Corp.*, 83 F. Supp. 3d 1, 4 (D.D.C. 2015) (denying the chief legal officer and executive vice president for corporate affairs access to confidential documents because "issues such as pricing, purchasing, and marketing may be discussed at the Executive Team's weekly meetings"); *Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525 (N.D. Cal. Oct. 11, 2000) ("Concerns about this problem are exacerbated by Ms. Fu's interaction with general managers of Intel's business units and her immediate supervisor").

## CONCLUSION

For the foregoing reasons, this Court should grant the FTC's Motion for Protective Order.

June 17, 2023                                          Respectfully submitted,

                                                       */s/ Edmund Saw*
                                                       Edmund Saw
                                                       James H. Weingarten
                                                       Peggy Bayer Femenella
                                                       James Abell
                                                       Cem Akleman
                                                       J. Alexander Ansaldo
                                                       Michael T. Blevins
                                                       Amanda L. Butler
                                                       Nicole Callan
                                                       Maria Cirincione
                                                       Kassandra DiPietro
                                                       Jennifer Fleury

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER
CASE NO. 3:23-CV-2880

Michael A. Franchak
James Gossmann
Ethan Gurwitz
Meredith R. Levert
David E. Morris
Merrick Pastore
Stephen Santulli

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-3570

Erika Wodinsky

Federal Trade Commission
90 7th Street, Suite 14-300
San Francisco, CA 94103

*Counsel for Plaintiff Federal Trade Commission*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER
CASE NO. 3:23-CV-2880

7