# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | |
| Plaintiff, | |
| v. | Case No. 3:23-cv-02880-JSC |
| **MICROSOFT CORP.** | **[PROPOSED] PROTECTIVE ORDER** |
| and | |
| **ACTIVISION BLIZZARD, INC.**, | |
| Defendants. | |

**[PROPOSED] PROTECTIVE ORDER**

For the purposes of protecting the interests of the parties and non-parties in the above-captioned matter against the improper use and disclosure of confidential information submitted or produced in connection with this matter:

IT IS HEREBY ORDERED THAT this Protective Order shall govern the handling of all Confidential, as hereafter defined.

1. As used in this Order, "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G), or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available. In addition, a designating party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the designating party believes should receive Confidential treatment. This includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations that might reveal Confidential Information.

2. As used in this Order, "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a party or non-party. "Commission" shall refer to the Federal Trade Commission ("FTC"), or any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for purposes of this proceeding.

3. Any Document or portion thereof submitted by a Defendant or a non-party during a Federal Trade Commission investigation or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any other federal statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information that discloses information that has not been published or

otherwise made publicly available, or the substance of the contents of any Confidential Information derived from a Document subject to this Order, shall be treated as Confidential Information for purposes of this Order. Likewise, any Document or portion thereof produced by a Defendant or a non-party in the Part 3 proceeding—*In the Matter of Microsoft Corp. and Activision Blizzard, Inc.*, Docket 9412—as Confidential shall be treated as Confidential Information for purposes of this Order.

4. The parties and any non-parties, in complying with informal discovery requests, disclosure requirements, or discovery demands in this proceeding may designate any responsive Document or portion thereof as Confidential Information, including Documents obtained by them from non-parties pursuant to discovery or as otherwise obtained.

5. The parties shall provide to each non-party from whom the party obtained discovery a copy of this Order so as to inform each such non-party of his, her, or its rights herein.

6. A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes Confidential Information as defined in Paragraph 1 of this Order.

7. Material may be designated as Confidential by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof) the designation "CONFIDENTIAL – FTC v. Microsoft/Activision Blizzard," "CONFIDENTIAL—FTC v. Microsoft Corp., et al. Case No. 3:23-cv-02880-JSC," or any other appropriate notice that identifies this proceeding, together with an indication of the portion or portions of the Document considered to be Confidential Information. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

[PROPOSED] PROTECTIVE ORDER

CASE NO. 3:23-CV-02880-JSC

8. Confidential Information shall be disclosed only to:

(a) the Court presiding over this proceeding, personnel assisting the Court, Plaintiff and its employees, and personnel retained by Plaintiff as experts or consultants for this proceeding;

(b) judges and other court personnel of any court having jurisdiction over any appellate proceedings involving this matter;

(c) outside counsel of record for any Defendant, their associated attorneys and other employees of their law firm(s), provided they are not employees of any Defendant;

(d) anyone retained to assist outside counsel in the preparation or hearing of this proceeding including consultants and testifying experts, provided they are not currently employed by a Defendant and have signed an agreement to abide by the terms of the protective order;

(e) any witness or deponent who the examining attorney reasonably believes either authored or received the information in question; and

(f) Defendant Microsoft and Defendant Activision Blizzard shall each, by June 19, 2023, inform Plaintiff of the names of no more than four (4) in-house litigation counsel with responsibilities for the litigation of this proceeding.

In preparation for trial, the in-house counsel identified by Defendants may review Documents or other discovery material containing Confidential material that are included in any party's exhibit list. The access designated in-house counsel may have to confidential material is subject to reconsideration for good cause shown. The in-house counsel identified by Defendants shall have access to such confidential material for the purpose of defending this litigation only. The in-house counsel identified by Defendants may access confidential material only

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:23-CV-02880-JSC

1    in person at the offices of their outside counsel, or using a secure electronic data
2    room or document-review platform using individual login identification and
3    passwords. Plaintiff and Defendants shall promptly report any confirmed or
4    suspected unauthorized use or disclosure of confidential material to the Court and
5    opposing counsel. To qualify for access under this subpart, in-house litigation
6    counsel shall first execute an In-House Counsel Agreement Concerning
7    Confidentiality in the form of Appendix A attached hereto (which executed
8    versions shall be maintained by outside counsel for the relevant Defendant and
9    available for inspection upon the request of the Court, any party, or any non-party
10   who provides Confidential Information in this proceeding).

11   9.    Disclosure of Confidential Information to any person described in Paragraph 8 of this Order shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal therefrom, and for no other purpose whatsoever.

14   10.   In the event that any Confidential Information is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the party filing such papers, and such papers shall be filed under seal in accordance with Civil Local Rule 79-5. To the extent that such material was originally submitted by a non-party, the party including the material in its papers shall immediately notify the submitter of such inclusion. Confidential Information contained in the papers shall remain under seal only as provided by order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Confidential Information pursuant to Paragraph 8. Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

24   11.   On or before 12:00pm PT on June 20, 2023, the parties shall file a joint statement identifying each exhibit each party intends to offer at the evidentiary hearing either through a

[PROPOSED] PROTECTIVE ORDER

CASE NO. 3:23-CV-02880-JSC

4

witness declaration or live testimony and identify which exhibits are subject to a confidentiality designation and where on the docket the Court can locate a declaration in support of sealing as required by Local Rule 79-5.  Such filing shall constitute notice to non-parties of the parties' intent to offer as an exhibit any Documents produced by non-parties or transcripts of non-party testimony. Non-parties whose information is reflected in any exhibits the parties intend to offer shall provide a declaration in support of sealing no later than 5:00pm PT on Wednesday, June 21, 2023.

12. If any party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Information submitted by another party or non-party, the recipient of the discovery request shall promptly notify the submitter of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least ten business days before production and shall include a copy of this Protective Order and a cover letter that will apprise the submitter of its rights hereunder. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of Confidential Information. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

13. At the time that any consultant or other person retained to assist counsel in the preparation of this proceeding concludes participation in the proceeding, such person shall return to counsel all copies of Documents or portions thereof designated Confidential that are in the possession of such person, together with all notes, memoranda or other papers containing

[PROPOSED] PROTECTIVE ORDER

CASE NO. 3:23-CV-02880-JSC

Confidential Information. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, or any administrative proceeding, whichever is later, all persons having received information designated as Confidential Information must either make a good faith effort to return such material and all copies thereof to the producing person (or the producing person's counsel if represented by counsel) that produced it; or certify that it has destroyed or deleted all such Confidential Information in writing to the producing person.

14. All Documents produced will be treated as Confidential Information for ten (10) business days from the date this Protective Order is filed, even if not designated in accordance with this Protective Order. Any production of Documents not designated as Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential Information. If at any time prior to the conclusion of this proceeding, a party or non-party determines that it should have designated as Confidential Information any Documents that the party previously produced, it may so designate such Documents by notifying the parties in writing. The parties shall thereafter treat the Documents pursuant to the new designation under the terms of this Protective Order. No prior disclosure of newly designated Confidential Information shall violate this Protective Order, provided that the prior disclosure occurred more than ten (10) business days after the production of that previously non-designated Confidential Information. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent designation. Any Documents, data, or other information produced to the Federal Trade Commission during its investigation and designated at the time of production as Confidential, proprietary, exempt from disclosure under the Freedom of Information Act, or submitted under the HSR Act shall be deemed Confidential Information for purposes of this litigation.

[PROPOSED] PROTECTIVE ORDER

CASE NO. 3:23-CV-02880-JSC

15. The provisions of this Protective Order, insofar as they restrict the communication and use of confidential discovery material, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this proceeding.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _____, 2023        _____
                                    Attorney for Plaintiff Federal Trade Commission

Dated: _____, 2023        _____
                                    Attorney for Defendant Microsoft Corp.

Dated: _____, 2023        _____
                                    Attorney for Defendant Activision Blizzard, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2023        _____
                                    Honorable Jacqueline Scott Corley
                                    United States District Judge
                                    Northern District of California

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:23-cv-02880-JSC

**APPENDIX A**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

**FEDERAL TRADE COMMISSION**,

    Plaintiff,

    v.

**MICROSOFT CORP.**

and

**ACTIVISION BLIZZARD, INC.**,

    Defendants.

Case No. 3:23-cv-02880-JSC

**IN-HOUSE LITIGATION COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed as _____ by _____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action, agree that in my role as in-house litigation counsel for the above Defendant company I meet the requirements of paragraph 8(f) of this Protective Order, and agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal

[PROPOSED] PROTECTIVE ORDER

CASE NO. 3:23-CV-02880-JSC

1

penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Northern District of California solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____ SIGNATURE

_____ DATE