# EXHIBIT F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>MICROSOFT CORP.,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.<br><br>                Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**DECLARATION OF PAGE ROBINSON**<br><br>Judge: Hon. Jacqueline Scott Corley |

# DECLARATION OF PAGE ROBINSON

1. My Name is Page Robinson. I am over 21 years of age, and I am competent to make this declaration. The statements herein are true and within my personal knowledge unless stated otherwise.

2. I make this declaration to demonstrate why I should be permitted to receive and review all Confidential Material described in the Protective Order. It is essential that I be provided access to this information in order to use my knowledge of the company to assist outside counsel in formulating a defense in this action and to provide fully informed legal advice to the company.

3. I am currently Senior Director of Litigation and Intellectual Property at Activision Blizzard, Inc. ("Activision"). I am an attorney licensed to practice law in the state of Texas, and am Registered In-House Counsel in California. My role at Activision is to supervise all pending and threatened litigation and advise Activision on such litigation and other legal matters as in-house counsel. I am not involved in any competitive decision-making at Activision.

4. I do not participate in any decisions about formulating or implementing strategies to compete with our competitors or any decisions about content development, content distribution, or strategic partnerships. I am not involved in decisions concerning pricing of Activision content, marketing, content design, content production, platform relationships or other competition-related issues that are the subject of Confidential Material in this case.

5. This case arises out of the proposed acquisition of Activision by Microsoft Corp. ("Microsoft") (the "Proposed Transaction"). After the parties signed their merger agreement, they submitted notification of the transaction to the Federal Trade Commission (the "Commission" or "FTC"). Thereafter, the Commission issued a request for additional documents and information. Subsequently, the Commission commenced an administrative action challenging the Proposed Transaction which resulted in the production of more documents and information. Additionally, the Proposed Transaction resulted in regulatory review abroad by the European Commission (the "EC") and the United Kingdom Competition and Markets Authority (the "CMA"), both of which initiated independent administrative actions.

6. I am an in-house attorney who was involved in the collection of information in response to the Commission's requests and advised the company during the Commission's investigation and subsequent administrative action. I was actively involved in the preparation of Activision's employees for investigational and administrative hearings by the FTC and attended certain of the investigational and administrative hearings of Activision employees in my capacity as in-house counsel at Activision. Therefore, I am one of only a few individuals with the company who has comprehensive knowledge of the transaction and the proceedings which have transpired to date with the Commission, as well as the other administrative actions related to the Proposed Transaction.

7. In order to respond to the Commission's allegations in this case, Activision must collect and analyze information from all levels of the company concerning its operations, content development strategies, platform partnerships, its responses to competitors, the entities it considers its competitors and why, and the witnesses, data, and documents it has available. While I do not participate in decisions concerning competition, I am one of the in-house lawyers most familiar with the company, and I know where that information can be found. Further, if I am informed about the factual assertions made by the Commission, I can use my detailed knowledge of the company and my experience in the industry to help our outside counsel develop a response and collect the information needed for that response. Although our outside counsel knows a great deal about Activision, they do not have the in-depth experience that I do of the company and the industry, and my knowledge and assistance will be essential to help outside counsel defend this case. Unless I am able to review all Confidential Material in this matter, Activision will be severely limited in its ability to defend itself fully in this action.

8. In addition, it is essential that I be allowed to have access to all Confidential Material in order to be an active member of the trial team and in order to provide informed legal advice to Activision. The resolution of the Commission's lawsuit is of paramount importance to Activision, and in order to provide informed legal advice to the company, I would require access to all information relevant to this matter, including confidential information. Because I understand

the company, the industry, and the questions and concerns of our management, I am more able than outside counsel to advise the company about the arguments being raised, the strength of the arguments, and the strength of the evidence in terms that the business executives can understand. Of course in providing that advice, I would not disclose the confidential information itself.

9. With the understanding that I would not use its confidential information for any improper use, Microsoft has consented to my having access to such information pursuant to the terms of the Protective Order.

10. I acknowledge and agree that I am subject to the jurisdiction of this Court and to its contempt powers. I agree to remain subject to the Court's jurisdiction at all times, including after this litigation is concluded.

11. I further represent that I will not make use of any Confidential Material, directly or indirectly, for any purpose other than the defense of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 19, 2023, in Santa Monica, California.

                                           */s/ Page Robinson*
                                           Page Robinson

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: June 19, 2023

<u>*/s/ Caroline Van Ness*</u>
Caroline Van Ness

*Counsel for Activision Blizzard, Inc.*