CLEARY GOTTLIEB STEEN & HAMILTON LLP
Elsbeth Bennett (admitted *pro hac vice*)
ebennett@cgsh.com
2112 Pennsylvania Ave, N.W.
Washington, DC 20037
Telephone: 202-974-1959

Zachary G. Tschida (Bar No. 344994)
ztschida@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORP.,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>    Defendants. | Case No. 3:23-cv-2880<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL** |

## I. INTRODUCTION

Non-Party Sony Interactive Entertainment LLC ("SIE") produced certain confidential business material in connection with an administrative proceeding before the FTC and in response to subpoenas served by the Federal Trade Commission ("FTC") and Defendant Microsoft Corporation. *In re Microsoft/Activision Blizzard*, No. 9412 (F.T.C.). The FTC described this material in its Complaint for a Temporary Restraining Order and Preliminary Injunction (ECF No. 1) and its Emergency Motion for Temporary Restraining Order ("Emergency Motion for TRO") (ECF No. 7). The FTC also attached certain confidential documents to its declaration in support of its Emergency Motion for TRO (ECF No. 10). The FTC then filed corresponding Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 34, 35). Pursuant to Civil Local Rule 79-5(f)(3), Non-Party SIE requests that this Court seal its confidential information identified below.

SIE seeks to maintain under seal material in the FTC's filings that references SIE's internal and highly confidential business information. SIE has undertaken a good-faith effort to limit the scope of its sealing requests to only its most sensitive information, and proposes here a more limited set of redactions than those initially applied by the Federal Trade Commission in its Complaint, Emergency Motion for TRO, and associated declaration and exhibits. The material that SIE seeks to maintain under seal was produced in connection with the FTC's administrative proceeding and pursuant to a third-party subpoena served in the FTC administrative proceeding. The information at issue was produced under expectations of confidentiality, including a protective order requiring that it be shared only with outside counsel. Protective Order ¶ 7, *In re Microsoft/Activision Blizzard*, No. 9412 (F.T.C. Mar. 10, 2023); 15 U.S.C. § 46(f). It is important that the information remain under seal in this matter to prevent SIE's strategies, analyses, and data from being made available to a direct competitor, as further described below and in the Svensson Declaration, attached hereto as Exhibit 1.

| Portion of Document Sought to be Sealed (Pages: Lines or Exhibit)[1] | Description of Document | Reasons for Sealing |
|---|---|---|
| Complaint (ECF No. 1) 12:18 | SIE business analysis of competitor's product quality | This section of the FTC's complaint contains SIE's non-public analysis about how its products compare to Microsoft's competing products. Legitimate confidentiality and competitive interests warrant the sealing of this confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| Complaint (ECF No. 1) 20:17 | SIE business analysis of competitor behavior | This section of the FTC's complaint describes SIE's internal metrics by which it evaluates its performance against a competitor. SIE uses this analysis when developing and executing its competitive, marketing, and business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| Complaint (ECF No. 1) 21:2 | SIE business analysis of competitor behavior | This section of the FTC's complaint describes SIE's internal metrics by which it evaluates its performance against a competitor. SIE uses this analysis when developing and executing its competitive, marketing, and business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| Complaint (ECF No. 1) 29:14-16 | SIE competitive strategy and details of its technical collaboration with Activision | This section of the FTC's complaint contains non-public information regarding the nature and scope of SIE's technical collaboration with Activision. Such collaboration with independent developers and publishers is an important component of SIE's strategy to differentiate its products. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to |

---

[1] The FTC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed with respect to its Complaint (ECF No. 34) misstates the line numbers at which certain proposed redactions can be found. The locations here accurately identify the locations of redactions implicating SIE's confidential information, as confirmed with the FTC.

| | | | |
|---|---|---|---|
| | | | sealing. |
| | Complaint (ECF No. 1) 30:26 | SIE competitive strategy and details of its technical collaboration with Activision | This section of the FTC's complaint contains non-public information regarding the nature and scope of SIE's technical collaboration with Activision. Such collaboration with independent developers and publishers is an important component of SIE's strategy to differentiate its products. Legitimate confidentiality and competitive interests warrant the sealing of this confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| | Emergency Motion for TRO (ECF No. 7) 20:9-12.<br><br>SIE does not propose to seal the content between parentheses on line 11. | Revenue data; consumer spend, engagement, and gameplay data | This section of the FTC's Emergency Motion for TRO contains both SIE's sensitive non-public financial information about SIE's revenues and analysis of SIE's internal, non-public user data (specifically, gameplay and spend data), all of which SIE uses when developing and executing its competitive, marketing, and business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| | Exhibit Q (ECF No. 10), specific portions as attached hereto as Exhibit 2.[2] | Excerpts from the deposition of James Ryan, dated April 6 and April 7, 2023 | This exhibit to the FTC's motion for a preliminary injunction contains non-public information regarding the nature and scope of SIE's technical collaboration with Activision, and commentary on how Microsoft could use that information to disadvantage SIE. This exhibit further contains discussions of sensitive contract negotiations and terms with individual third-party publishers. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |

---

[2] For avoidance of doubt, Exhibit 2 contains proposed redactions to the document filed under seal at ECF No. 10-17.

| Exhibit T (ECF No. 10), specific portions as attached hereto as Exhibit 3.[3] | SIE declaration regarding the anticompetitive impact of Microsoft-Activision merger | This document contains non-public SIE business strategies, commercial perspectives towards other entertainment companies, and data regarding SIE user gameplay, engagement, spend, and other metrics; SIE consumer surveys; franchise production costs; comparisons among franchises on SIE's platform; details on development partnerships with third-party publishers; SIE's business perspective on franchise exclusivity; estimates of console switching rates; information on SIE's research and development business model; and SIE's opinions of other publishers. SIE uses all of this information when developing and executing its competitive, marketing, and business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |

## II.   THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices

---

[3] SIE has made a concerted effort to limit its redaction requests in this matter, and has requested more limited redaction of this document than it initially requested when this document was used in a related case before this Court. *DeMartini v. Microsoft Corp.*, No. 3:22-cv-08991-JSC (N.D. Cal. May 11, 2023) (ECF No. 179). This document is also the subject of a forthcoming sealing filing in the Ninth Circuit. *DeMartini v. Microsoft Corp.*, No. 23-15846 (9th Cir.). For avoidance of doubt, Exhibit 3 contains proposed redactions to the document filed under seal at ECF No. 10-20.

and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question. *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)). Non-parties receive special deference when issues of confidentiality are considered. *See United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential"); *see also Ctr. for Auto Safety*, 809 F.3d at 1097.

Here, Non-Party SIE seeks to seal limited non-public information containing SIE's highly confidential competitive analyses and business strategy information for its consoles, subscription services, and cloud gaming businesses, which are based on its internal non-public data. *See* Ex. 1 (Decl. of C. Svensson). In particular, the information that SIE seeks to protect contains: SIE's secret and internal-only financial information; SIE users' engagement, spending, and gameplay data; SIE's analyses of its competitors; SIE's customer survey results; and economic analyses conducted using SIE's internal, non-public data. SIE uses this information to maintain its existing business model and shape its future strategy. The information SIE has produced is current and therefore of substantial competitive value. If these business secrets were made available to the public, it would greatly increase the risk that SIE's market competitors could take advantage of SIE in negotiations or circumvent the time and resources SIE expended in developing its practices and strategies. Public disclosure of this highly confidential information would undermine SIE's business model and give competitors an unfair advantage in the marketplace. *See* Ex. 1 (Decl. of C. Svensson); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citing *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate

Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development"). SIE only disclosed the information it seeks to seal in response to the FTC's investigation, including subpoenas from the parties, and only under a protective order providing that confidential material be limited to outside counsel or other statutorily provided confidentiality expectations.

### III.     THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN THE REDACTED MATERIAL

SIE's request to seal certain material is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. Any public interest in disclosing the redacted information in the FTC's Complaint, Emergency Motion for TRO, or attachments thereto is outweighed by the prejudice that will result to SIE, a non-party that "did not voluntarily put [its information] at issue in this litigation," if no protection is granted. *Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (noting importance of protecting third parties); *see also Ctr. for Auto Safety*, 809 F.3d at 1097.

### IV.     CONCLUSION

For the foregoing reasons, SIE respectfully requests that the Court grant the FTC's Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 34, 35) and maintain under seal SIE's confidential information listed in the chart above.

Dated: June 20, 2023

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Elsbeth Bennett

Elsbeth Bennett (admitted *pro hac vice*)
ebennett@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
T: 202-974-1959

Zachary G. Tschida (Bar No. 344994)
ztschida@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*