# EXHIBIT 1

1   CLEARY GOTTLIEB STEEN & HAMILTON LLP
    Elsbeth Bennett (admitted *pro hac vice*)
2   ebennett@cgsh.com
    2112 Pennsylvania Ave, N.W.
3   Washington, DC 20037
    Telephone: 202-974-1959
4
    Zachary G. Tschida (Bar No. 344994)
5   ztschida@cgsh.com
    1841 Page Mill Road, Suite 250
6   Palo Alto, CA 94304
    Telephone: 650-815-4100
7

8   *Counsel for Non-Party Sony Interactive
    Entertainment LLC*
9

10

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16

17  FEDERAL TRADE COMMISSION,            Case No. 3:23-cv-2880

18              Plaintiff,

19        v.                            **DECLARATION OF CHRISTIAN
                                        SVENSSON IN SUPPORT OF NON-
20  MICROSOFT CORP.,                    PARTY SONY INTERACTIVE
                                        ENTERTAINMENT LLC'S
21  and                                 STATEMENT IN SUPPORT OF
                                        SEALING CERTAIN
22  ACTIVISION BLIZZARD, INC.,          CONFIDENTIAL BUSINESS
                                        MATERIAL**
23              Defendants.

24

25

26

27

28
    DECLARATION IN SUPPORT OF SONY INTERACTIVE ENTERTAINMENT LLC'S
            STATEMENT IN SUPPORT OF SEALING
                 CASE NO. 3:23-CV-2880

I, Christian Svensson, declare as follows:

1.      I am Head of Global Third Party Relations at Sony Interactive Entertainment LLC ("SIE"). I am more than eighteen years of age. Based on my experience with SIE, I am familiar with SIE's protection of its trade secrets and other confidential and proprietary business information discussed below. I make this declaration based on personal knowledge, and I could testify competently to the matters set forth herein.

2.      I understand that on June 12, 2023, the Federal Trade Commission ("FTC") filed a Complaint for a Temporary Restraining Order and Preliminary Injunction ("Complaint") (ECF No. 1), a Emergency Motion for Temporary Restraining Order ("Emergency Motion for TRO") (ECF No. 7), which, together with associated declarations and exhibits, contain statements that reference or contain certain highly confidential SIE information. I also understand that SIE intends to file a statement in support of sealing portions of these documents to protect SIE's confidential information. I make this declaration in support of that statement.

3.      SIE seeks to seal the following categories of information in the FTC's filings:

| Category of Information | Section of Motion filing to Maintain Under Seal (Pages: Lines or Exhibit) |
|---|---|
| Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, specifically user engagement, gameplay, spend, and likelihood of switching, including potential competitive impacts of Microsoft's proposed acquisition of Activision | Emergency Motion for TRO 20:9-12 (ECF No. 7); Exhibit Q (ECF No. 10) 41:8-13; Exhibit T (ECF No. 10) ¶¶ 2, 4-6, 8, 9, 14, 19, 21, 26-29, 33-39, 41, 42, 44 |
| Non-public SIE approach to contract negotiations with third-party partners and discussions of particular contract terms with specified partners | Exhibit Q (ECF No. 10) 37:3-6; 39:11; 39:13-16; 39:19-25; 40:1; 40:3-6; 40:9-10; 40:13-25; 41:1-3; 41:5-6; 41:14-25; Exhibit T (ECF No. 10) ¶¶ 16, 42 |
| Non-public information on the nature and scope of SIE's technical collaboration with particular publishers | Complaint (ECF No. 1) 29:14-16; 30:26; Exhibit Q (ECF No. 10) 34:21-24; 36:14-17; 37:8-10; Exhibit T (ECF No. 10) ¶ 32, 40 |

| Non-public SIE business analysis of competitor behavior and products | Complaint (ECF No. 1) 12:18; 20:17; 21:2; Exhibit Q (ECF No. 10) 34 :21-24; 37:12-14 Exhibit T (ECF No. 10) ¶¶ 12, 16, 34 |
|---|---|

4.      The information SIE seeks to keep confidential is non-public information internal to SIE.  The information includes confidential, internal SIE data, including platform user and franchise data, and economic and commercial analyses and business strategies that are not publicly accessible outside SIE.  These data and analyses include franchise performance comparisons, user preferences, player spending amounts, and other categories of data.  SIE's access to and use of these data and analyses is a competitive advantage that it relies upon for strategic planning, including competitive, marketing, and business strategies.  SIE's competitive analysis of the potential impacts of Microsoft's proposed acquisition of Activision on SIE's business, in particular, is based on and informed by SIE's internal data and analyses and should not be made publicly available.  SIE's commercial partners could gain unfair leverage in future SIE interactions with knowledge of SIE's specific competitive concerns regarding the proposed transaction.

5.      SIE also seeks to keep confidential information relating to its approach to contract negotiations with particular counterparties and details of particular contract terms between SIE and certain counterparties.  Public release of this information would put SIE at a disadvantage in current and future negotiations by creating an information asymmetry between SIE and its counterparties.

6.      SIE strictly restricts dissemination of this type of data and competitive and business strategy analyses.  SIE takes steps to preserve the confidentiality of this type of information to protect SIE's competitive position, and its release could provide insight into SIE's strategic plans or create information asymmetries during commercial negotiations.  SIE does not

share this information with the public.

7.      Disclosure of SIE's highly confidential information contained in the aforementioned paragraphs could unfairly enable SIE's competitors to gain insight into SIE's strategic thinking and business strategy, providing an unwarranted advantage to competitors and business partners, which could cause competitive harm to SIE.  Such information would be immensely valuable to competitors in developing their own strategy against SIE, and to prospective and current business partners in negotiating with SIE.

8.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on Tuesday, June 20, 2023, in Union City, California.

By 

Christian Svensson

DECLARATION IN SUPPORT OF SONY INTERACTIVE ENTERTAINMENT LLC'S
STATEMENT IN SUPPORT OF SEALING
CASE NO. 3:23-CV-2880