CLEARY GOTTLIEB STEEN & HAMILTON LLP
Zachary Tschida (State Bar No. 344994)
1841 Page Mill Road
Palo Alto, California 94304
Telephone: 650-815-4113
Facsimile: 650-815-4199
ztschida@cgsh.com

Carl Lawrence Malm (*pro hac vice* pending)
Elsbeth Bennett (*pro hac vice*)
2112 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-974-1500
Facsimile: 202-974-1999
lmalm@cgsh.com
ebennett@cgsh.com

*Counsel for Non-Party Sony Interactive Entertainment LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**MICROSOFT CORP., et al.**,<br><br>Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>The Honorable Jacqueline Scott Corley |

## I. Introduction

Non-Party Sony Interactive Entertainment LLC ("SIE") has appeared in this matter for the purpose of protecting its confidential information.

Toward that end, SIE writes in support of Plaintiff Federal Trade Commission ("FTC")'s Motion for Protective Order, ECF 112. The Court should reject Defendants' Joint Opposition at ECF 115 and enter the protective order proposed by the FTC.

The FTC's proposed order would continue to protect confidential information from being accessed by in-house counsel at Microsoft and Activision. ECF 112-1 at ¶ 8. The Defendants' proposed order would, for the first time in the various proceedings spawned by this proposed transaction, permit certain of Defendants' in-house counsel to view commercially sensitive material from the files of third parties like SIE. *See* ECF 112-3 at ¶ 8.

## II. Background

SIE produced hundreds of thousands of its internal documents in response to demands in the underlying FTC administrative proceeding *In the Matter of Microsoft / Activision Blizzard*, FTC Docket No. 9412. Many of these documents contain SIE's highly-sensitive commercial information, including information related to strategic plans, pricing strategy, competitive analyses, and financial modeling, among other things. SIE produced these materials with the understanding that they would be afforded strict confidentiality protections pursuant to the Protective Order entered in the FTC administrative proceeding, which does not permit access by any of Defendants' in-house counsel. *See* ECF 112 Ex. A ¶ 7.

SIE has also produced certain discovery in response to third-party subpoenas in the related proceeding *Demartini v. Microsoft*, 3:22-cv-08991-JSC ("*Demartini*"). SIE agreed to production only after insisting on similar protections prohibiting access by in-house counsel. *See DeMartini* ECF No. 71 (modified

- 2 -

protective order); *see also Demartini* ECF No. 60 (original protective order permitting in-house counsel viewing). The Defendants did not oppose these modifications to the protective order to afford outside-counsel-only protection. *Demartini* ECF No. 70 (stipulation modifying protective order).

SIE has zealously guarded the commercially sensitive information that it has produced in these proceedings. *See* ECF No 134; *see also Demartini* ECF Nos. 113, 179. SIE writes in support of the FTC's Motion for Protective Order to ensure that its longstanding efforts to preserve its confidentiality are not undermined.

**III. Argument**

SIE and Microsoft's video game businesses are direct competitors, and SIE has business partnerships with both Microsoft Xbox and Activision. It would be facially prejudicial to SIE for Microsoft or Activision to gain access to commercially sensitive SIE information through the adjudicative process. *See, e.g.*, *United States v. Aetna*, No. 1:16-cv-01494, 2016 WL 8738420 at *5-6, 9 (D.D.C. Sept. 5, 2016) (rejecting request to modify protective order in a merger proceeding to permit certain in-house counsel viewing). Defendants' promise that "in-house designees would have no responsibility for competitive decisions," ECF 115 at 1, offers no comfort. *See Aetna*, 2016 WL 8738420 at *5 (rejecting similar argument). While in-house counsel are unlikely to have "responsibility" for business decisions, this may not prevent them from sharing—intentionally or unintentionally—information learned from competitively sensitive SIE documents with their colleagues who do have such responsibility. *See* ECF 112 at 6 (collecting cases related to prejudice that can arise from in-house viewing). In fact, Defendants' very purpose in gaining access for in-house counsel is to work with business people to "develop a response and collect the information needed for that response," ECF 115 at 4, which anticipates contact between the in-house designees and people with business responsibilities.

- 3 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S STATEMENT IN SUPPORT OF
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
CASE NO. 3:23-CV-02880-JSC

Third parties to this litigation have produced extensive discovery in reliance on strict protective orders with outside-counsel-only protection. It would be unduly prejudicial to SIE and other third parties to modify the terms of their productions at this late date, on short notice, and without good cause. *See* ECF 112 at 5 (collecting cases on fairness to third parties). The Defendants have not shown good cause to upend the terms of the confidentiality protections governing these proceedings, and the Court should adopt the FTC's proposed Protective Order.

Dated:     June 20, 2023

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Carl Lawrence Malm*
Carl Lawrence Malm (*pro hac vice* pending)
Elsbeth Bennett (*pro hac vice*)
2112 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-974-1500
Facsimile: 202-974-1999
lmalm@cgsh.com
ebennett@cgsh.com

Zachary Tschida (State Bar No. 344994)
1841 Page Mill Road
Palo Alto, California 94304
Telephone: 650-815-4113
Facsimile: 650-815-4199
ztschida@cgsh.com

*Counsel for Non-Party Sony Interactive Entertainment LLC*