QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ognjen Zivojnovic (Bar No. 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700
Michael D. Bonanno (*pro hac vice* forthcoming)
mikebonanno@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:     (202) 538-8000
Facsimile:      (202) 538-8100

*Attorneys for NVIDIA Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORP.<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | CASE NO. 3:23-cv-2880<br><br>**NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFF'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NOS. 34 & 35)**<br><br>The Honorable Jacqueline Scott Corley |

Non-party NVIDIA Corporation ("NVIDIA") respectfully asks the Court to seal certain confidential and competitively sensitive information about NVIDIA's business that was filed by the Federal Trade Commission ("FTC") in its Complaint and the materials submitted in support of its request for a temporary restraining order. *See* ECF Nos. 11-1, 12-1, 12-3, 12-11, 12-12. When the FTC filed NVIDIA's confidential business information, it requested that information be kept provisionally under seal, *see* ECF Nos. 34 & 35. Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1), NVIDIA now respectfully asks the Court to keep NVIDIA's confidential information sealed from public view.

Materials submitted in support of non-dispositive motions may be placed under seal for "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). A request for a temporary restraining order or preliminary injunction is a non-dispositive motion. *See Robinson v. Cal. State Bar*, 2015 WL 3486724, *2 n.1 (N.D. Cal. May 28, 2015) ("[A] motion for a temporary restraining order is normally not dispositive," such as in this case where there is a "pending complaint" and, therefore, the motion for a temporary restraining order is not the "sole issue before the court"); *In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20, 2007) ("[A] preliminary injunction motion is not dispositive."). Accordingly, NVIDIA's confidential business information should be kept under seal if it satisfies the "good cause" standard.

The "good cause" standard is met when the information at issue is competitively sensitive, such that its public disclosure would harm a company's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("[P]ublication of materials that could result in infringement upon trade secrets has long been a factor that would overcome" presumption of public access); *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569–70 (9th Cir. 2008) (reversing a district court's denial of a request to seal "pricing terms, royalty rates, and guaranteed minimum payment terms found in a license agreement which were plainly within the definition of 'trade secrets'"); *McDonnell v. Southwest Airlines Co.*, 292 F. App'x 679, 680 (9th Cir. 2008) (holding that "compelling reasons" supported denying public

access to "documents contain[ing] trade secrets and confidential procedures and communications"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"). "Courts in this Circuit have held that confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard" and thus such information is also "sealable under the 'less exacting' good cause standard." *Jones v. PGA Tour, Inc.*, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023) (collecting cases); *see also Arista Networks, Inc. v. Cisco Sys., Inc.*, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "highly confidential and sensitive information relating to Cisco's financial information and internal development strategies" and "highly confidential and sensitive information relating to Arista's financial and customer information"); *Juicero, Inc. v. iTaste Co.*, 2017 WL 8294276, at *2 (N.D. Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (sealing "confidential financial and marketing information").

District courts are particularly careful to safeguard competitively sensitive information produced by third parties, such as NVIDIA in this case, recognizing "the [sealing] standard is more lenient when the information concerns third parties." *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding that there were "compelling reasons" to seal the "highly confidential information including pricing strategy, business decision-making, and financial records, belonging to NVIDIA, a third-party non-party to this action").

For the reasons set forth in the accompanying Declaration of Aashish Patel ("Decl."), NVIDIA respectfully asks the Court to seal the competitively sensitive information in the following chart. Attachments 2 and 3 to the Patel Declaration contain NVIDIA's proposed redactions to Exhibits M and N of the Fleury Declaration. In Attachments 1, 4, and 5 to the Patel Declaration, NVIDIA uses red underlining to indicate the redacted portions it seeks to remain under seal in the Complaint, Motion for Temporary Restraining Order, and Fleury Declaration.

| Document | Portions to Be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Complaint for a Temporary Restraining Order and Preliminary Injunction (ECF No. 11-1) | <ul><li>Page 29, Portion of Line 20;</li><li>Page 29, Portions of Lines 21–24;</li><li>Page 30, Portion of Line 18;</li><li>Page 30, Lines 19–22;</li><li>Page 30, Line 27–Page 31, Line 4.</li></ul> | These portions describe sensitive business information concerning NVIDIA's cloud gaming business, including information regarding the performance and capabilities of NVIDIA's graphics processing unit ("GPU") hardware and software, NVIDIA's communications with a potential business partner, and consumer survey data results. Decl. ¶ 3. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about the capabilities and function of NVIDIA's products, strategy, and business decision-making, thereby competitively disadvantaging NVIDIA in the marketplace. *Id.* ¶¶ 8–9. |
| Plaintiff's Notice of Motion and Emergency Motion for Temporary Restraining Order (ECF No. 12-3) | <ul><li>Page 15, Portions of Line 21 (only the citation to Exhibit M of the Fleury Declaration), Page 16, Portion of Line 1 (only the citation to Exhibit N of the Fleury Declaration).</li></ul> | These portions directly cite Exhibits M and N to the Fleury Declaration. As explained below, Exhibits M and N contain sensitive business information that, if disclosed publicly, would reveal internal strategy and decision-making processes and cause competitive harm to NVIDIA. Decl. ¶¶ 6, 8–9. |
| Declaration of Jennifer Fleury in Support of Plaintiff Federal Trade Commission's Emergency Motion for a Temporary Restraining Order ("Fleury Declaration") (ECF No. 12-1) | <ul><li>Page 2, Portions of Lines 18–19;</li><li>Page 2, Portion of Line 22.</li></ul> | These portions directly describe Exhibits M and N to the Fleury Declaration. As explained below, Exhibits M and N contain sensitive business information that, if disclosed publicly, would reveal internal strategy and decision-making processes and cause competitive harm to NVIDIA. . Decl. ¶¶ 7–9. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Exhibit M to Fleury Declaration (ECF No. 12-11) | <ul><li>Paragraph 22, Lines 19–20;</li><li>Paragraphs 23–27, 32–33;</li><li>Paragraphs 42–49;</li><li>Paragraphs 59–61;</li><li>Paragraphs 70, Portions of Lines 8–14;</li><li>Paragraph 71.</li></ul> | This exhibit is the declaration of an NVIDIA executive. The portions of the exhibit to be filed under seal describe internal NVIDIA operations, including the performance and capabilities of NVIDIA's cloud gaming service, subscriber data regarding NVIDIA's cloud gaming service, discussions with potential business partners, and financial information regarding NVIDIA's cloud gaming service. Decl. ¶ 4. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about the capabilities and function of NVIDIA's services, subscriber data, financial data and planning, and business decision-making, thereby competitively disadvantaging NVIDIA in the marketplace. *Id.* ¶¶ 8–9. |
| Exhibit N to Fleury Declaration (ECF No. 12-12) | <ul><li>Page 65, Lines 5–25</li></ul> | This exhibit contains excerpts from the deposition of an NVIDIA executive. The portions of the exhibit to be filed under seal describe sensitive information regarding NVIDIA's internal operations, including financial information regarding NVIDIA's cloud gaming service. Decl. ¶ 5. NVIDIA does not share such financial data and forecasts publicly, and disclosure of this information would competitively harm NVIDIA by making sensitive financial information available to NVIDIA's competitors and other potential participants in the market for streaming video games. *Id.* ¶¶ 8–9. |

NVIDIA produced certain information identified above during the course of the FTC's investigation regarding Microsoft Corporation's proposed acquisition of Activision Blizzard, Inc., in response to a Civil Investigative Demand, and designated it as confidential pursuant to Section 21 of the FTC Act, 15 U.S.C. § 57b-2. NVIDIA produced the remaining information at issue during the course of litigation discovery in *In the matter of Microsoft Corp. and Activision, Blizzard, Inc.*, before the United States of America Federal Trade Commission Office of Administrative Law Judges, Docket No. 9412, and designated the information as Confidential pursuant to the Protective Order Governing Confidential Material, which was entered by the Administrative Law Judge on December 9, 2022.

Disclosure of the commercially sensitive information identified in the table above would harm to NVIDIA's commercial interests.  Decl. ¶ 9.  NVIDIA would not share this information publicly, *id.* ¶ 8, and if it were made public, NVIDIA's competitors would gain access to confidential information concerning NVIDIA's strategy for its cloud gaming business, including its future plans and investments, which could harm NVIDIA's competitive standing, *see, e.g.*, *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal information discussing company's "pricing strategy" and "business decisionmaking").

The portions of the materials that NVIDIA seeks to keep under seal are narrowly tailored to only those portions that contain sensitive business information that would cause harm to NVIDIA's commercial interests if disclosed.

NVIDIA has narrowly tailored its sealing request by proposing limited redactions, in order to maximize the public's access to court proceedings without jeopardizing NVIDIA's business interests.  The FTC provisionally filed under seal the entirety of Exhibits M and N to the Fleury Declaration, but NVIDIA now seeks to keep only certain portions of those exhibits under seal, as reflected in Attachments 2 and 3 to the Declaration of Aashish Patel.  A less restrictive alternative would not be sufficient because NVIDIA has limited its sealing requests to only the parts of the FTC's filings that reflect NVIDIA's proprietary and confidential business information.

For the foregoing reasons, NVIDIA respectfully requests that the Court keep under seal the portions of the identified exhibits to the Fleury Declaration, as well as the portions of the Complaint for a Temporary Restraining Order and Preliminary Injunction, Plaintiff's Notice of Motion and Emergency Motion for Temporary Restraining Order, and the Fleury Declaration that directly reference those exhibits or otherwise describe NVIDIA's sensitive business information.  If the Court deems NVIDIA's bases for sealing insufficient, NVIDIA respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

| | | |
|---|---|---|
| 1 | DATED: June 20, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  */s/ Ognjen Zivojnovic*
Ognjen Zivojnovic (Bar No. 307801)
Michael D. Bonanno (*pro hac vice* forthcoming)

*Attorneys for NVIDIA Corporation*

# CERTIFICATE OF SERVICE

I, Ognjen Zivojnovic, hereby certify that on June 20, 2023, the foregoing **NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NOS. 34 & 35)** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

DATED: June 20, 2023

By  */s/ Ognjen Zivojnovic*
    Ognjen Zivojnovic