QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ognjen Zivojnovic (Bar No. 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700
Michael D. Bonanno (*pro hac vice* forthcoming)
mikebonanno@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:    (202) 538-8000
Facsimile:    (202) 538-8100

*Attorneys for NVIDIA Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORP.<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | CASE NO. 3:23-cv-2880<br><br>**DECLARATION OF AASHISH PATEL IN SUPPORT OF NVIDIA'S STATEMENT REGARDING PLAINTIFF'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NOS. 34 & 35)**<br><br>The Honorable Jacqueline Scott Corley |

**Declaration of Aashish Patel**

I, Aashish Patel, declare as follows:

1. I am Senior Director, GeForce NOW, NVIDIA Corporation ("NVIDIA") and work on the GeForce NOW business, including analytics and capacity. I have knowledge of the facts set forth in this declaration.

2. I submit this declaration in support of NVIDIA's statement in support of sealing ("Sealing Statement") in connection with Plaintiff's Administrative Motions to Consider Whether Another Party's Material Should be Sealed (ECF Nos. 34 & 35).

3. NVIDIA asks the Court to seal the following parts of the Complaint, which are highlighted in Attachment 1 to my declaration: Page 29, Portion of Line 20; Page 29, Lines 21–24; Page 30, Line 18; Page 30, Lines 19–22; and Page 30, Line 27– Page 31, Line 4. These parts of the Complaint contain information regarding the performance and capabilities of NVIDIA's graphics processing unit ("GPU") hardware and software, NVIDIA's communications with a potential business partner, and the results of internal consumer surveys. The consumer survey data results were shared between NVIDIA and a potential business partner in confidential business discussions. The rest of this information is not available outside of my company.

4. NVIDIA asks the Court to seal the following parts of Exhibit M to the Fleury Declaration, which is a declaration submitted to the FTC by an NVIDIA executive during the FTC's investigation of Microsoft's acquisition of Activision: Paragraph 22, Lines 19–20; Paragraphs 23–27, 32–33; Paragraphs 42–49; Paragraphs 59–61; Paragraphs 70–71. The redactions requested by NVIDIA are highlighted in Attachment 2 to my declaration. The highlighted parts of the document describe the performance and capabilities of NVIDIA's cloud gaming service, subscriber data regarding NVIDIA's cloud gaming service, discussions with potential business partners, and financial information regarding NVIDIA's cloud gaming service. Information regarding plans for launching games on GeForce NOW, NVIDIA's cloud-gaming service, are shared with publishers and partners, but only under non-disclosure agreements. The rest of this information is not available outside of NVIDIA.

5. NVIDIA asks the Court to seal the following parts of Exhibit N to the Fleury

1  Declaration, which reflects a few pages from the deposition of an NVIDIA executive that was taken
2  during the FTC's administrative case: Page 65, Lines 5–25. These parts of the Exhibit are
3  highlighted in Attachment 3 to my declaration. NVIDIA asks the Court to seal this information
4  because it reflects financial information regarding NVIDIA's cloud gaming service, including
5  forward-looking forecasts.

6        6.    NVIDIA asks the Court to seal the following parts of the Motion, which are
7  highlighted in Attachment 4 to my declaration: Page 15, Line 21 and Page 16, Line 1 of the Motion.
8  These parts of the motion refer to the contain confidential business information that NVIDIA seeks
9  to have redacted and sealed from Exhibit M and Exhibit N to the Fleury Declaration, which I
10 addressed above.

11       7.    NVIDIA asks the Court to seal the following parts of the Fleury Declaration, which
12 are highlighted in Attachment 5 to my declaration: Page 2, Lines 18–19; Page 2, Line 22. These
13 parts of the Fleury Declaration contain confidential business information that NVIDIA seeks to have
14 redacted and sealed from Exhibit M and Exhibit N to the Fleury Declaration, which I addressed
15 above.

16       8.    Information about NVIDIA's subscribers, pricing strategy, product planning, costs,
17 and product and service functions and capabilities is highly confidential. NVIDIA keeps this
18 information secret. Information about server costs and capacity, pricing plans and strategies, and
19 statistics regarding GeForce NOW users are not shared outside of NVIDIA. Information regarding
20 plans for launching games on GeForce NOW may be shared with publishers and other business
21 partners, but only under non-disclosure agreements.

22       9.    NVIDIA would be harmed public disclosure of this highly confidential information.
23 The market for streaming video games is competitive and rapidly growing, with several existing
24 competitors and many potential participants. Both current and potential competitors could use the
25 highly confidential information, which reveals NVIDIA's business performance, pricing strategy,
26 product planning, business decision-making, and financial data, to gain an unfair advantage in the
27 marketplace.
28

-2-
PATEL DECLARATION IN SUPPORT OF NVIDIA CORPORATION'S STATEMENT REGARDING
PLAINTIFF'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (ECF NOS. 34 & 35)

1  10. I declare under penalty of perjury under the laws of the United States of America that
2 the foregoing is true and correct and that this declaration was executed on June 20, 2023 in San
3 Francisco, California.

4

5 DATED: June 20, 2023

6
7                                         By _____
8                                              AASHISH PATEL

-3-
PATEL DECLARATION IN SUPPORT OF NVIDIA CORPORATION'S STATEMENT REGARDING
PLAINTIFF'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (ECF NOS. 34 & 35)