Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>       v.<br><br>MICROSOFT CORP.,<br>   and<br>ACTIVISION BLIZZARD, INC.<br><br>                    Defendants. | CASE NO. 3:23-cv-02880-JSC<br><br>**DEFENDANT ACTIVISION BLIZZARD, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Civil L.R. 79-5(f)) [ECF NO. 35]**<br><br>Judge: Honorable Jacqueline S. Corley |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Defendant Activision Blizzard, Inc. ("Activision"), in response to the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 35) by Plaintiff Federal Trade Commission (the "FTC"), respectfully seeks to keep under seal: (1) certain excerpts of the FTC's Notice of Motion and Emergency Motion For Temporary Restraining Order ("TRO") (ECF No. 7); and (2) certain exhibits filed in support of the Fleury Declaration ("Fleury Decl.") (ECF No. 10) accompanying the TRO.  For the reasons described below and in the Declaration of Page Robinson (the "Robinson Decl.") attached hereto, Activision respectfully requests that the Court consider this submission, which, pursuant to the appropriate legal standards in this Court, significantly narrows the information that would be maintained under seal within the FTC's TRO (ECF No. 7).

The proposed sealing in the chart below reflects Activision's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Activision that cannot be avoided through any less restrictive alternative means.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| FTC's Emergency Motion for TRO | Page 19, Portions of Lines 11, 13-19[1] | Activision | This text contains non-public and highly sensitive information including, but not limited to, information reflecting confidential internal business data, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |

---

[1] Activision seeks only to redact the specific numerical figures in the portions of these lines.

-1-
**ACTIVISION BLIZZARD INC.'S STATEMENT RE: PLAINTIFF'S ADMIN. MOTION**    CASE NO. 3:23-cv-02880-JSC

| | | | |
|---|---|---|---|
| FTC's Emergency Motion for TRO | Page 20, Portions of Lines 6-8 | Activision | This text contains non-public and highly sensitive information including, but not limited to, information reflecting confidential internal business data, and assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |
| FTC's Emergency Motion for TRO | Page 20, Portions of Lines 26-27 | Activision | This text contains non-public and highly sensitive information including, but not limited to, information reflecting business partnerships and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Fleury Decl. ISO TRO, Ex. C | Entire Document | Activision | This text contains non-public and highly sensitive information including, but not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, |

-2-

| | | | |
|---|---|---|---|
| | | | revenue figures and projections, and internal business strategy, which could be used to injure Activision if made publicly available. [2] |
| Fleury Decl. ISO TRO, Ex. I | Entire Document | Activision | This exhibit list in *In the matter of Microsoft Corp. & Activision Blizzard, Inc*. Docket No. 9412 (FTC) contains non-public and highly sensitive information including, but not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal business strategy, which could be used to injure Activision if made publicly available. |

---

[2] As the FTC notes in its administrative motion, *see* ECF No. 35 at 5 n.1, this document, the Lee Report contains many citations to Activision's confidential information, as well as from Microsoft and numerous third parties such that redaction would not be practical.

| | | | |
|---|---|---|---|
| Fleury Decl. ISO TRO, Ex. O | Entire Document | Activision | This deposition transcript excerpt contains non-public and highly sensitive information including, but not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Fleury Decl. ISO TRO, Ex. P | Entire Document | Activision | This deposition transcript excerpt contains non-public and highly sensitive information including, but not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |

# ARGUMENT

## I. Sealing Activision's Confidential Business Information Contained in the TRO and Supporting Documents Is Warranted Under Ninth Circuit Precedent

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or

commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Activision seeks to seal narrowly tailored excerpts of the TRO, which reference and reflect, among other things, confidential, proprietary information relating to Activision's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal business strategy. The disclosure of this information could be used to injure Activision if made publicly available.

## II. Sealing the TRO and Supporting Materials Is Necessary to Protect Activision's Confidential and Proprietary Business Information

Activision seeks to maintain under seal portions of the TRO and supporting documents, as they contain Activision's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Robinson Decl. ¶¶ 4–7. Examples of such confidential information include, but are not limited to, information reflecting confidential internal business data, revenue figures and projections, business strategy and planning, assessments of the competitive landscape, internal decision-making processes, strategic evaluation of forward-looking opportunities, market share analyses, the terms of confidential agreements that Activision does not disclose to third parties, and negotiations regarding such agreements. *Id.* ¶¶ 4–5. Activision takes robust measures to maintain the confidentiality of all the above-described information and does not disclose it publicly. *Id.* ¶ 7. Disclosure of this information would provide Activision's competitors with private data about Activision's performance and internal business strategy, which could harm Activision's competitive standing. *Id.* ¶ 6; *see Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).

1. Thus, the unsealing of this highly confidential and sensitive information would cause injury to Activision that cannot be avoided through less restrictive alternatives. *See* Robinson Decl. ¶ 6.

Finally, Activision provided the FTC with the confidential business information cited in the TRO and supporting materials pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *Id.* ¶ 7; *see also* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

Here, Activision seeks to maintain under seal only seven of the twenty-nine Activision-related redactions that were the subject of the FTC's Administrative Motion, on the grounds that they contain confidential business information.

## III. Conclusion

As stated above, compelling reasons justify sealing Activision's confidential business information contained within the TRO and supporting documents, and Activision respectfully requests that this Court grant the FTC's Motion to Seal (ECF No. 35), consistent with the specific recitations stated herein. In accordance with Civil Local Rule 7-11, Activision has also filed a Proposed Order herewith.

DATED: June 20, 2023

By: /s/ *Caroline Van Ness*

Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

|  |  |
|---|---|
| 1 | |
| 2 | Steven C. Sunshine (*pro hac vice*) |
| | Julia K. York (*pro hac vice*) |
| 3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 4 | 1440 New York Avenue, N.W. |
| | Washington, DC 20005-2111 |
| 5 | Telephone: (202) 371-7000 |
| | Facsimile: (202) 393-5760 |
| 6 | Email: steven.sunshine@skadden.com |
| | Email: julia.york@skadden.com |

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

Michael J. Sheerin (*pro hac vice*)
Evan R. Kreiner (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1 Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Email: michael.sheerin@skadden.com
Email: evan.kreiner@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*