Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORP., and ACTIVISION BLIZZARD, INC. <br><br> Defendants. | Case No. 3:23-cv-02880-JSC <br><br> **DECLARATION OF PAGE ROBINSON IN SUPPORT OF DEFENDANT ACTIVISION BLIZZARD, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Civil L.R. 79-5(f)) [ECF NO. 35]** <br><br> Judge: Hon. Jacqueline Scott Corley |

I, Page Robinson, declare as follows:

1.  I am a Senior Director of Litigation and Intellectual Property at Activision Blizzard, Inc. ("Activision"). I submit this declaration in support of Activision's Statement in Response to Plaintiff Federal Trade Commission's Administrative Motion to Consider Whether Another Party's Material Should be Sealed. In my role, I have personal knowledge of Activision's use and protection of non-public, highly sensitive, and confidential business information, including the information at issue here.

2.  I have personal knowledge of the facts set forth below, and I can and would competently testify to such facts if called to do so.

3.  I have reviewed and am familiar with the portions of Plaintiff's Notice of Motion and Emergency Motion For Temporary Restraining Order ("TRO"), the Declaration of Jennifer Fleury, along with the exhibits filed in support thereof that Plaintiff filed under seal because they contained information designated by Activision as "Confidential." Such information is identified in Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 35) (the "Administrative Motion").

4.  As set forth in the Statement in Response to the Administrative Motion, some of the portions identified in Plaintiff's Administrative Motion contain non-public and highly sensitive information, including, but not limited to, information reflecting confidential internal business data, revenue figures and projections, business strategy and planning, assessments of the competitive landscape, internal decision-making processes, strategic evaluation of forward-looking opportunities, and market share analyses.

5.  As further set forth in the Statement in Response to the Administrative Motion, some of the portions identified in Plaintiff's Administrative Motion contain non-public and highly sensitive information, including, but not limited to, information reflecting the terms of, and negotiations regarding, confidential agreements that Activision does not disclose to third parties.

6. This information could be used to injure Activision if made publicly available, and it would cause competitive harm to Activision if the above information was publicly disclosed. For example, disclosure of this information would give Activision's competitors insight into its strategies, plans, and assessments regarding potential opportunities, and those competitors may alter their strategic plans or offerings if they knew Activision's strategies and plans. Disclosure of this information would also harm Activision by allowing its competitors to circumvent the time and resources expended by Activision in developing its internal practices and strategies. Disclosure of this information would further harm Activision's negotiating position with its business partners.

7. Activision takes robust measures to maintain the confidentiality of all the above-described information, including limiting internal disclosure of some of this information to persons on a need-to-know basis, and does not disclose it publicly. All of this information was designated as confidential pursuant to Section 21 of the FTC Act, 15 U.S.C. § 57b-2, and/or as Confidential pursuant to the Protective Order Governing Confidential Material entered on December 9, 2022 in *In the matter of Microsoft Corp. & Activision Blizzard, Inc*. Docket No. 9412 (FTC). For these reasons, Activision respectfully requests that the Court order the portions set forth in its Statement in Response to the Administrative Motion to be sealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 20, 2023, in San Francisco, California.

*/s/   Page Robinson*
Page Robinson

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: June 20, 2023                    /s/      *Caroline Van Ness*
                                                  Caroline Van Ness