Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-cv-02880-JSC |
| Plaintiff, | **DECLARATION OF PAGE ROBINSON IN SUPPORT OF DEFENDANT ACTIVISION BLIZZARD, INC.'S ADMINISTRATIVE MOTION SEEKING *IN CAMERA* TREATMENT OF CERTAIN EXHIBITS PURSUANT TO CIVIL L.R. 7-11 AND 79-5** |
| v. | |
| MICROSOFT CORP., | |
| and | |
| ACTIVISION BLIZZARD, INC. | Judge: Hon. Jacqueline Scott Corley |
| Defendants. | |

I, Page Robinson, declare as follows:

1. I am a Senior Director of Litigation and Intellectual Property at Activision Blizzard, Inc. ("Activision"). I submit this declaration in support of Activision's Administrative Motion Seeking *In Camera* Treatment of Certain Exhibits Pursuant to Civil L.R. 7-11 And 79-5. In my role, I have personal knowledge of Activision's use and protection of non-public, highly sensitive, and confidential business information, including the information at issue here.

2. I have personal knowledge of the facts set forth below, and I can and would competently testify to such facts if called to do so.

3. In the few hours since the Parties exchanged exhibit lists, I have reviewed as thoroughly as possible, given the time constraints and the volume of documents, the exhibits that appear on Plaintiff Federal Trade Commission ("FTC") and Defendants' (collectively, the "Parties") exhibit lists that Defendant Activision moves to have filed under seal. Such exhibits are identified in Activision's Administrative Motion Seeking *In Camera* Treatment of Certain Exhibits Pursuant to Civil L.R. 7-11 And 79-5 (the "Administrative Motion").

4. As set forth in the Administrative Motion, some of the exhibits that appear on the Parties' exhibit lists contain non-public and highly sensitive information, including, but not limited to, information reflecting confidential internal business data, strategic evaluation of forward-looking opportunities or investment decisions, revenue figures and projections, terms of existing confidential agreements or business partnerships, assessments of the competitive landscape, and market share analyses.

5. Such information could be used to injure Activision if made publicly available.

6. Specifically, some of the exhibits contain information reflecting the terms of, and negotiations regarding, commercial agreements that Activision does not disclose to third parties. Some of the exhibits also contain information reflecting the terms of,

existence of, and negotiations regarding proposed commercial agreements that Activision does not disclose to third parties.

7.     It would cause competitive harm to Activision if the above information was publicly disclosed.  For example, when Activision negotiates commercial agreements with other video game developers or platform providers, it would harm Activision's negotiating position if those developers and providers could compare the previous terms of, and negotiations regarding, similar commercial agreements to which Activision has previously agreed.  Moreover, disclosure of such terms and negotiations would harm Activision by allowing other video game developers to circumvent the time and resources expended by Activision in developing the practices and strategies which culminated in those terms and negotiations.

8.     Some of the exhibits also contain information discussing Activision's confidential business strategy and planning.  This information includes, for example, Activision's decision to participate, or not to participate, in newly-developed distribution services, as well as Activision's rationale for choosing to do so or not to do so.

9.     It would cause competitive harm to Activision if the above information was publicly disclosed.  For example, disclosure would give competing video game developers insight into Activision's strategies, plans, and assessments regarding potential opportunities, and they may alter their strategic plans or offerings if they knew Activision's strategies and plans.  Disclosure of this information would also harm Activision's negotiating position with platform providers.

10.    Some of the exhibits also contain information regarding Activision's proprietary data and metrics, which Activision maintains to evaluate the performance of its content and user preferences, in part to better value its titles during future negotiations with business partners.

11. It would cause competitive harm to Activision if the above information was publicly disclosed. For example, disclosure of this information would harm Activision during future negotiations with platform providers.

12. Activision takes robust measures to maintain the confidentiality of all the above-described information, including limiting internal disclosure of some of this information to persons on a need-to-know basis, and does not disclose it publicly. All of this information was designated as confidential pursuant to Section 21 of the FTC Act, 15 U.S.C. § 57b-2, and/or as Confidential pursuant the Protective Order Governing Confidential Material entered on December 9, 2022 ("Administrative Protective Order") in *In the matter of Microsoft Corp. & Activision Blizzard, Inc*. Docket No. 9412 (FTC). For these reasons, Activision respectfully requests that the Court order the exhibits identified in Activision's Administrative Motion Seeking *In Camera* Treatment of Certain Exhibits Pursuant to Civil L.R. 7-11 and 79-5 to be sealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 20, 2023, in San Francisco, California.

*/s/ Page Robinson*
Page Robinson

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: June 20, 2023                    */s/ Caroline Van Ness*
                                        Caroline Van Ness