Beth A. Wilkinson (*pro hac vice*)
bwilkinson@wilkinsonstekloff.com
Rakesh N. Kilaru (*pro hac vice*)
rkilaru@wilkinsonstekloff.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonstekloff.com
Grace Hill (*pro hac vice*)
ghill@wilkinsonstekloff.com
Anastasia M. Pastan (*pro hac vice*)
apastan@wilkinsonstekloff.com
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Bambo Obaro
bambo.obaro@weil.com
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083

*Counsel for Microsoft Corporation*

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC.,<br><br>    Defendants. | Case No. 3:22-cv-02880-JSC<br><br>**DEFENDANT MICROSOFT'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (CIVIL L.R. 79-5) (ECF NO. 34)**<br><br>Date:    TBA<br>Time:   TBA<br>Dept.:   Courtroom 8—19th Floor<br>Judge:  Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Defendant Microsoft Corporation ("Microsoft") respectfully requests the Court to maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's (hereinafter "FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 34).  Microsoft respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—significantly narrows the information that would be maintained under seal within the FTC's Complaint (ECF No. 1).

The proposed sealing in the chart below reflects Microsoft's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Microsoft that cannot be avoided through any more restrictive alternative means.

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Complaint | Page 16, Portions of Line 17 | This paragraph contains non-public information including, but not limited to, Microsoft's internal game development strategy that could be used to injure Microsoft if it were made publicly available. |
| Complaint | Page 16, Portions of Line 19 | This paragraph contains non-public information including, but not limited to, Microsoft's internal game development strategy that could be used to injure Microsoft if it were made publicly available. |

---

[1] Legitimate private interests warrant the sealing of the Microsoft and Activision information in this chart, and the unsealing of the information would result in injury to Microsoft and Activision that could not be avoided through any less restrictive alternative to sealing.

| | | |
|---|---|---|
| Complaint | Page 16, Portions of Line 23-27 | This paragraph contains non-public information including, but not limited to, Microsoft's internal business analysis that could be used to injure Microsoft if it were made publicly available. |
| Complaint | Page 17, Portions of Line 21-22 | This paragraph contains non-public information including, but not limited to, Microsoft's internal game development strategy that could be used to injure Microsoft if it were made publicly available. |
| Complaint | Page 23, Portions of Line 8-11 | This paragraph contains non-public information including, but not limited to, Microsoft's competitive analysis of game production that could be used to injure Microsoft if it were made publicly available. |
| Complaint | Page 25, Portions of Line 24-25 | This paragraph contains non-public information including, but not limited to, Microsoft's internal growth strategies that could be used to injure Microsoft if it were made publicly available. |
| Complaint | Page 26, Portions of Line 12-15 | This paragraph contains non-public information including, but not limited to, Microsoft's internal metrics and marketing strategies that could be used to injure Microsoft if it were made publicly available. |

| | | | |
|---|---|---|---|
| | Complaint | Page 26, Portions of Line 17-18 | This paragraph contains non-public information including, but not limited to, Microsoft's internal metrics and marketing strategies that could be used to injure Microsoft if it were made publicly available. |
| | Complaint | Page 28, Portions of Lines 8-10 | This paragraph contains non-public information including, but not limited to, Microsoft's internal growth strategies that could be used to injure Microsoft if it were made publicly available. |
| | Complaint | Page 28, Portions of Lines 17-18 | This paragraph contains non-public information including, but not limited to, Microsoft's internal sales metrics that could be used to injure Microsoft if it were made publicly available. |
| | Complaint | Page 31, Portions of Lines 3-4 | This paragraph contains non-public information including, but not limited to, Microsoft's business strategies that could be used to injure Microsoft if it were made publicly available. |
| | Complaint | Page 31, Portions of Lines 4-5 | This paragraph contains non-public information including, but not limited to, Microsoft's business strategies that could be used to injure Microsoft if it were made publicly available. |

# ARGUMENT

### I. Sealing the Opposition and Supporting Documents Is Warranted Under Ninth Circuit Precedent as They Contain Microsoft's Confidential Business Information

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other

things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Microsoft seeks to seal narrowly tailored excerpts of the Opposition, which reference and reflect, among other things, confidential, proprietary information relating to Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. The disclosure of this information could be used to injure Microsoft if made publicly available.

## II. Sealing the Opposition and Supporting Materials Is Necessary to Protect Microsoft's Confidential and Proprietary Business Information

Microsoft seeks to maintain under seal portions of Plaintiff's Complaint, as it contains Microsoft's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and litigation discovery. Examples of such confidential information include, but are not limited to, Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. Disclosure of this information would provide Microsoft's competitors with private data about its performance and business strategy, which could harm Microsoft's competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft that cannot be avoided through less restrictive alternatives.

Finally, Microsoft provided the FTC with confidential business information cited in the Opposition and supporting materials pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C.

Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

Here, Microsoft has requested only 12 of the 59 preliminarily sealed, Microsoft-related redactions remain under seal, limited to Microsoft's confidential business information.

### III. Conclusion

Compelling reasons justify sealing Microsoft's confidential business information contained within the Complaint, and Microsoft respectfully requests that the Court grant the FTC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 34) consistent with the specific recitations stated herein. In accordance with Civil Local Rule 7-11, Microsoft has also filed a Proposed Order herewith.

Dated: June 20, 2023                    Respectfully submitted,

By:   /s/ Beth Wilkinson
Beth Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Grace Hill (*pro hac vice*)
Anastasia Pastan (*pro hac vice*)
Sarah Neuman (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

Bambo Obaro (Bar No. 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3083
Facsimile: (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Megan A. Granger (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, NW
Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
michael.moiseyev@weil.com
megan.granger@weil.com

*Counsel for Defendant Microsoft Corp.*