Dylan I. Ballard, Cal. Bar No. 253929
dballard@velaw.com
VINSON & ELKINS L.L.P.
555 Mission Street
Suite 2000
San Francisco, California 94105
Tel: 415.979.6900
Fax: 415.651.8786

Attorneys for Non-Party
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**NON-PARTY GOOGLE LLC'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL IN PARTIES' PRELIMINARY INJUNCTION HEARING EXHIBITS** |

## I. INTRODUCTION

Non-Party Google LLC ("Google") produced certain documents containing confidential business material in response to a Civil Investigative Demand served by Plaintiff and subpoenas served by Plaintiff and Defendants. On June 14, 2023, the Court issued an order requiring the parties to file a joint statement by noon on Tuesday, June 20, 2023 identifying *inter alia* each exhibit each party intends to offer at the evidentiary hearing and "which exhibits are subject to a confidentiality designation and where on the docket the Court can locate a declaration in support of sealing as required by Local Rule 79-5."

On June 18, 2023, Plaintiff notified Google that it would include three documents produced by Google on its exhibit list for the preliminary injunction hearing in this case. As set forth below, each of these documents contains Google confidential material. On June 19, 2023, Defendant Microsoft Corp. ("Microsoft") notified Google that it plans to include eight documents produced by Google on its exhibit list for this proceeding. As set forth below, seven of these documents contain Google confidential material. Plaintiff and Microsoft have each filed an administrative motion pursuant to Local Rule 79-5(f) to consider whether these documents, among other exhibits proposed for use at the evidentiary hearing, should be sealed (ECF Nos. 128 and 138, respectively).

Accordingly, pursuant to Civil Local Rule 79-5(c) and (f), Non-Party Google submits this statement and the accompanying declaration of Scott Gerwin requesting that this Court maintain under seal Google confidential information from these ten documents, as identified below. In recognition of the Court's strong desire for public access, this statement is narrowly tailored, supporting the sealing of only one document in its entirety and small portions of the remainder of these documents.[1] Maintaining this information under seal is critical to protecting Google's legitimate confidentiality interests and competitive standing:

---

[1] Google understands that the parties have not yet filed all of their proposed exhibits with the Court. Accordingly, Google seeks the Court's direction regarding its preferred method for the submission of Google's proposed redactions of the exhibits identified below.

- 2 -   Case No. 3:23-cv-02880-JSC
GOOGLE LLC'S CIV. L. R. 79-5(F)(3) STATEMENT

| Exhibit No. | Document Name; Description of Document | Portion of Document Sought to be Sealed (Pages:Lines or Exhibit) | Reasons for Sealing |
|---|---|---|---|
| PX8003 | Declaration of Dov Zimring; Declaration by Google employee regarding creation and operation of Google's Stadia business. | (¶2:10-11; ¶15:10) | This section of the Declaration contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (¶9; ¶20:1-2; ¶21:5) | This section of the Declaration contains non-public and commercially-sensitive actual and forecasted user totals for Google's Stadia service that could give competitors insight into Google's forward-looking business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (¶21:8) | This section of the Declaration contains the identities of Google's customers, which implicates confidentiality interests of third parties and, if disclosed, could harm Google's ability to contract with third |

| | | | |
|---|---|---|---|
| | | | parties on a confidential basis. The disclosure of the identities of Google's customers or partners would also allow Google's competitors to target those customers in an attempt to deprive Google of business. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| PX7063 | Dov Zimring Deposition Transcript; Transcript of deposition of Google employee regarding creation and operation of Google's Stadia business. | (13:23-14:4) | This section of the Transcript contains proprietary details regarding the technical structure of Google's cloud gaming service.  This is highly confidential information that could allow competitors to replicate Google's services and harm Google's ability to compete in offering future services.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (19:21-20:16) | This section of the Transcript contains details regarding how Google assessed whether Stadia was ready for public launch. This is highly confidential information that could give competitors insight into Google's forward-looking business practices.  Legitimate |

VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | | |
|---|---|---|---|
| | | | confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (31:15-35:2) | This section of the Transcript contains details regarding how Google distributed hardware and software bundles for Stadia. This is highly confidential information that could give competitors insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (41:16-42:10; 46:5-48:2) | These sections of the Transcript contains details regarding internal discussions related to Stadia's business model. This is highly confidential information that could give competitors insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |

| | | | |
|---|---|---|---|
| | | (43:11) | This section of the Transcript contains an internal Google email address. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| | | (56:24-57:2; 57:10-12) | This section of the Transcript contains details regarding Google's negotiations with a potential distributor of its Stadia mobile app. This is highly confidential information that could give competitors an advantage in negotiating against Google and insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (84:1-85:16; 87:15-88:21) | This section of the Transcript contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be |

| | | | |
|---|---|---|---|
| | | | avoided through any less restrictive alternative to sealing. |
| | | (141:19-21; 142:6-21) | This section of the Transcript contains a third party's confidential information, the disclosure of which would implicate that party's interest and would harm Google's ability to partner with third parties on a confidential basis in the future.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| PX3058 | Email from Nissim Betito to Stadia personnel; Email from Nissim Betito to Stadia personnel regarding Stadia's competitive position | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| RX2011 | Emails between A. Doronoichev, P. Seybold, D. Zimring, L. Soskin, M. Kallahalla, M. Gucwa re: What to say about 4K on PC?; Email discussion regarding availability of certain Stadia features at launch | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| RX2014 | Email from P. Gupta to D. Zimring, M. Kallahalla, P. Seybold re: Hacker news and Forbes; Email | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate |

| | | | |
|---|---|---|---|
| | discussion regarding Forbes article | | confidentiality interests warrant the sealing of this information. |
| RX2039 | Email from D. Cary to D. Zimring, A. Doronichev, and E. Kraemer re: John Working Sessions on Strategy Narrative Notes; Email discussion regarding Stadia feedback from partners and gamers | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| | | (list bullets 5-7 under "John PartnerX") | This section of the email contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (list bullets 5-6 under "John GamerX") | This section of the email contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |

| | | | |
|---|---|---|---|
| RX2015 | Document re: Stadia Launch Retrospective; Document analyzing internal decisions regarding the launch of Stadia | (redact after "Details" on Page 2 – end) | This document contains commercially-sensitive details regarding Google's financial investment in its Stadia business, internal decision-making processes, and software/hardware distribution channels which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| RX3164 | Email from Gotham Team Food to Digest Recipients re: Digests – 9 Updates in 3 Topics; Email discussion containing feedback from internal Stadia testers | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| RX2123 | Presentation re: Stadia 2020 Partnerships Review; Document regarding review of all Stadia partnerships in 2020 | (redact entirely) | This document contains the identities of Google's partners, which implicates confidentiality interests of third parties and, if disclosed, could harm Google's ability to contract with third parties on a confidential basis. The disclosure of the identities of Google's partners would also allow Google's competitors to target those customers in an attempt to deprive Google of business. This document also contains commercially-sensitive details regarding Google's financial investment in its Stadia business and internal |

| | | | |
|---|---|---|---|
| | | | decision-making processes which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| RX3103 | Email from G.Lin to M. Jognson, J. Figueroa, Stadia Staff re: Marketing Recap - April Connect - 72 HR Report; Email discussing reactions to Stadia marketing data | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |

## II.   THERE ARE COMPELLING REASONS TO SEAL GOOGLE'S CONFIDENTIAL BUSINESS INFORMATION

Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing Fed. R. Civ. P. 26(c)).  The Ninth Circuit recognizes that public "access to judicial records is not absolute" and that litigants can overcome the presumption in favor of public access.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Materials may be sealed if the designating party satisfies the "compelling reasons" standard:  there must be "compelling reasons" to for sealing, which "outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79.

The compelling reasons standard is met when the information at issue contains "confidential business information," "internal business strategies," or "financial information" that could cause competitive harm to the designating party. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at * 1 (N.D. Cal. June 1, 2020); *Prescott v. Reckitt Benckiser LLC*, 20-CV-02101-BLF, 2023 WL 2465778, at *2 (N.D. Cal. Mar. 9, 2023). The court may seal confidential materials if disclosure could result in "business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020). Sealing is also appropriate if disclosure could cause "harm [to] the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business." *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Moreover, courts afford greater deference to non-parties, who "did not voluntarily put [its confidential information] at issue" in the litigation, so as to avoid "chill[ing] investigations in the future where third party documents are essential." *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits).

### III. THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN THE REDACTED MATERIAL

Google's request to seal a portion of the parties' evidence is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. Any public interest in disclosing the redacted information is outweighed by the prejudice that will result to Google, a non-party that "did not voluntarily put [its information] at issue in this litigation," if no protection

is granted. *Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (noting importance of protecting third parties); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant each party's respective sealing request and maintain under seal Google's confidential information listed in the chart above. Google has properly limited its request to narrowly targeted redactions of its confidential strategic business and financial information.

Dated: June 21, 2023                                VINSON & ELKINS LLP


                                                    By: */s/ Dylan I. Ballard*
                                                        Dylan I. Ballard

                                                    *Attorneys for Non-Party*
                                                    GOOGLE LLC