Dylan I. Ballard, Cal. Bar No. 253929
dballard@velaw.com
VINSON & ELKINS L.L.P.
555 Mission Street
Suite 2000
San Francisco, California 94105
Tel:  415.979.6900
Fax: 415.651.8786

Attorneys for Non-Party
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION, | Case No. 3:23-cv-02880-JSC |
|---|---|
| Plaintiff, | **DECLARATION OF SCOTT GERWIN IN SUPPORT OF NON-PARTY GOOGLE LLC'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL IN PARTIES' PRELIMINARY INJUNCTION HEARING EXHIBITS** |
| v. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

I, Scott Gerwin, declare and state as follows:

1. I am Senior Counsel at Google LLC ("Google"). I am more than eighteen years of age. In the course of my responsibilities while employed with Google, I have become familiar with Google's protection of its trade secrets and other confidential and proprietary business information discussed below. I have personal knowledge of the matters set forth in this declaration, and could and would testify competently to them.

2. I understand that, in response to compulsory process, non-party Google has produced to the parties in this litigation certain documents and testimony designated as Confidential pursuant to the protective order entered in *In the Matter of Microsoft Corporation and Activision Blizzard, Inc.*, Docket No. 9412 before the Federal Trade Commission Office of Administrative Law Judges.

3. I understand that on June 18, 2023, Plaintiff Federal Trade Commission ("FTC") informed counsel for Google that the FTC plans to use certain Google documents as exhibits during the evidentiary hearing (the "PI Hearing") set to commence June 22 in connection with its pending motion for a preliminary injunction. Separately, on June 19, 2023, Defendant Microsoft Corp. ("Microsoft") informed counsel for Google that Microsoft plans to use certain Google documents as exhibits during the PI Hearing as well. Google intends to file a statement in support of sealing these exhibits to protect Google's confidential information. I make this declaration in support of that statement.

4. I have reviewed the parties' intended exhibits and identified certain Google highly confidential and proprietary business information contained or referenced in the documents that, if made public, could cause competitive harm to Google.

5. Google seeks to seal the following categories of information that the parties intend to use at the PI Hearing:

- 2 -   Case No. 3:23-cv-02880-JSC
DECLARATION IN SUPPORT OF GOOGLE LLC'S
STATEMENT IN SUPPORT OF SEALING

VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Exhibit No. | Document Name; Description of Document | Portion of Document Sought to be Sealed (Pages:Lines or Exhibit) | Reasons for Sealing |
|---|---|---|---|
| PX8003 | Declaration of Dov Zimring; Declaration by Google employee regarding creation and operation of Google's Stadia business. | (¶2:10-11; ¶15:10) | This section of the Declaration contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (¶9; ¶20:1-2; ¶21:5) | This section of the Declaration contains non-public and commercially-sensitive actual and forecasted user totals for Google's Stadia service that could give competitors insight into Google's forward-looking business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (¶21:8) | This section of the Declaration contains the identities of Google's customers, which implicates confidentiality interests of third parties and, if disclosed, could harm Google's ability to contract with third |

| | | | |
|---|---|---|---|
| | | | parties on a confidential basis. The disclosure of the identities of Google's customers or partners would also allow Google's competitors to target those customers in an attempt to deprive Google of business. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| PX7063 | Dov Zimring Deposition Transcript; Transcript of deposition of Google employee regarding creation and operation of Google's Stadia business. | (13:23-14:4) | This section of the Transcript contains proprietary details regarding the technical structure of Google's cloud gaming service. This is highly confidential information that could allow competitors to replicate Google's services and harm Google's ability to compete in offering future services. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (19:21-20:16) | This section of the Transcript contains details regarding how Google assessed whether Stadia was ready for public launch. This is highly confidential information that could give competitors insight into Google's forward-looking business practices. Legitimate confidentiality and competitive |

- 4 -   Case No. 3:23-cv-02880-JSC
DECLARATION IN SUPPORT OF GOOGLE LLC'S
STATEMENT IN SUPPORT OF SEALING

VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | | |
|---|---|---|---|
| | | | interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (31:15-35:2) | This section of the Transcript contains details regarding how Google distributed hardware and software bundles for Stadia. This is highly confidential information that could give competitors insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (41:16-42:10; 46:5-48:2) | These sections of the Transcript contains details regarding internal discussions related to Stadia's business model. This is highly confidential information that could give competitors insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (43:11) | This section of the Transcript contains an internal Google email address. The public does |

- 5 -                                        Case No. 3:23-cv-02880-JSC
DECLARATION IN SUPPORT OF GOOGLE LLC'S
STATEMENT IN SUPPORT OF SEALING

VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | | |
|---|---|---|---|
| | | | not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| | | (56:24-57:2; 57:10-12) | This section of the Transcript contains details regarding Google's negotiations with a potential distributor of its Stadia mobile app. This is highly confidential information that could give competitors an advantage in negotiating against Google and insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (84:1-85:16; 87:15-88:21) | This section of the Transcript contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (141:19-21; 142:6-21) | This section of the Transcript contains a third party's confidential information, the |

- 6 -   Case No. 3:23-cv-02880-JSC
DECLARATION IN SUPPORT OF GOOGLE LLC'S
STATEMENT IN SUPPORT OF SEALING

VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | | disclosure of which would implicate that party's interest and would harm Google's ability to partner with third parties on a confidential basis in the future. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
|---|---|---|---|
| PX3058 | Email from Nissim Betito to Stadia personnel; Email from Nissim Betito to Stadia personnel regarding Stadia's competitive position | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| RX2011 | Emails between A. Doronoichev, P. Seybold, D. Zimring, L. Soskin, M. Kallahalla, M. Gucwa re: What to say about 4K on PC?; Email discussion regarding availability of certain Stadia features at launch | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| RX2014 | Email from P. Gupta to D. Zimring, M. Kallahalla, P. Seybold re: Hacker news and Forbes; Email discussion regarding Forbes article | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| RX2039 | Email from D. Cary to D. Zimring, A. Doronichev, and E. Kraemer re: John Working Sessions on Strategy Narrative Notes; | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's |

- 7 -   Case No. 3:23-cv-02880-JSC
DECLARATION IN SUPPORT OF GOOGLE LLC'S
STATEMENT IN SUPPORT OF SEALING
VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | | |
|---|---|---|---|
| | Email discussion regarding Stadia feedback from partners and gamers | | employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| | | (list bullets 5-7 under "John PartnerX") | This section of the email contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | (list bullets 5-6 under "John GamerX") | This section of the email contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| RX2015 | Document re: Stadia Launch Retrospective; Document analyzing internal decisions regarding the launch of Stadia | (redact after "Details" on Page 2 – end) | This document contains commercially-sensitive details regarding Google's financial investment in its Stadia business, internal decision-making processes, and software/hardware distribution channels which, if disclosed, could reveal Google's forward-looking business strategies. |

| | | | Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
|---|---|---|---|
| RX3164 | Email from Gotham Team Food to Digest Recipients re: Digests – 9 Updates in 3 Topics; Email discussion containing feedback from internal Stadia testers | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| RX2123 | Presentation re: Stadia 2020 Partnerships Review; Document regarding review of all Stadia partnerships in 2020 | (redact entirely) | This document contains the identities of Google's partners, which implicates confidentiality interests of third parties and, if disclosed, could harm Google's ability to contract with third parties on a confidential basis. The disclosure of the identities of Google's partners would also allow Google's competitors to target those customers in an attempt to deprive Google of business.  This document also contains commercially-sensitive details regarding Google's financial investment in its Stadia business and internal decision-making processes which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided |

| | | | through any less restrictive alternative to sealing. |
|---|---|---|---|
| RX3103 | Email from G.Lin to M. Jognson, J. Figueroa, Stadia Staff re: Marketing Recap - April Connect - 72 HR Report; Email discussing reactions to Stadia marketing data | (email addresses) | This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |

6. Google strictly restricts dissemination of these types of materials and business strategy analyses. Google takes steps to preserve the confidentiality of these types of information to protect Google's competitive position. Google does not share this information with the public.

7. Accordingly, Google respectfully requests that the Court maintain its confidential information under seal and redacted from public view.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 20, 2023, in Scarsdale, New York.

By: *[signature]*

Scott Gerwin