Case 3:23-cv-02880-JSC   Document 160   Filed 06/21/23   Page 1 of 5

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                     swilliams@saverilawfirm.com
                     czirpoli@saverilawfirm.com
                     eabuchanan@saverilawfirm.com
                     dseidel@saverilawfirm.com
                     kmcmahon@saverilawfirm.com

*Counsel for Plaintiffs in the Demartini et al v. Microsoft Corporation Action*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, et al, <br><br> Defendants. | Case No. 3:23-cv-02880-JSC <br><br> **DEMARTINI PLAINTIFFS' OPPOSITION TO ACTIVISION BLIZZARD, INC.'S AND MICROSOFT'S ADMINISTRATIVE MOTIONS SEEKING *IN CAMERA* TREATMENT OF CERTAIN EXHIBITS PURSUANT TO CIVIL L.R. 7-11 AND 79-5 [ECF Nos. 148 & 150]** <br><br> Date: TBA <br> Time: TBA <br> Dept.: Courtroom 8—19th Floor <br> Judge: Honorable Jacqueline S. Corley |

Case No. 3:23-cv-02880-JSC

DEMARTINI PLAINTIFFS' OPPOSITION TO ACTIVISION BLIZZARD, INC.'S AND MICROSOFT'S
ADMINISTRATIVE MOTIONS SEEKING *IN CAMERA* TREATMENT OF CERTAIN EXHIBITS

# ARGUMENT

### I. Defendants Have Failed to Show Why *In Camera* Proceedings Are Warranted Under Civil Local Rule 79-5 And Ninth Circuit Precedent.

Pursuant to Civil Local Rule 79-5, the DeMartini Plaintiffs ("Plaintiffs") object to Microsoft Corporation and Activision Blizzard, Inc.'s (collectively "Defendants") Administrative Motion Seeking *In Camera* Treatment of Certain Exhibits ("Motion"). In the exhibit lists which Defendants and Plaintiff Federal Trade Commission ("FTC") have filed, huge amounts of proposed evidence are described generically as being so confidential that not even the Plaintiffs in *DeMartini*, who are bound by protective orders in relation to Microsoft and Activision's productions, should be permitted access. Defendants have failed to satisfy their heavy burden.

The public has a right to access the Court's files. L.R. 79-5(a). Under Local Rule 79-5, a party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents. *Id.* When filing such motion, the party must include a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. (L.R. 79-5(c)(1)).

Microsoft and Activision have failed to meet their burden. Instead of providing a declaration related to each document, and why particular portions of each document should be kept secret, both Microsoft and Activision filed sweeping motions that lump all exhibits together. Each motion includes a single declaration declaring in general and vague terms that the documents should be sealed, without providing any specific reference to any documents. *See* ECF No. 150-1; ECF No. 148-1. This alone is grounds to deny the motions. *See A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020). In *A.B.*, the Court held that "[t]he mere fact that the information discloses [a Defendant's] business processes or information . . . is insufficient" for sealing. *A.B.*, 441 F. Supp. 3d at 908. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id*. (quoting *Kamakana*, 447 F.3d at 1179).

For example, Microsoft and Activision cite to a case holding that sealing may be justified where "court files might have become a vehicle for improper purposes, such as the use of records to . . . release *trade secrets*." ECF No. 148 at 40 (citing *Velasco*); ECF No. 150 at 51 (citing *Velasco*). But neither Microsoft nor Activision declare that the exhibits are trade secrets. Instead, they declare in one single sweeping sentence that all of the exhibits "reference and reflect, among other things, confidential, proprietary information relating to [Microsoft's and Activision's] internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy." ECF No. 150 at 52; ECF No. 148 at 40. They then both declare in identically vague terms that "[t]he disclosure of this information could be used to injure [Microsoft and Activision] if made publicly available." *Id*.

Courtrooms are public in nature, and even the disinterested public has the right to observe court proceedings. As the Ninth Circuit explained in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). "This right is justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies." *Id.* "Such vigilance is aided by the efforts of newspapers to 'publish information concerning the operation of government.'" *Id.; see also BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210–11 (5th Cir. 2019) ("The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.") (citations omitted). While Defendants may argue that this is not a dispositive motion and thus a lower standard applies, that argument is not well-taken. The upcoming proceedings before the Court are crucially important, and the highest level executives are on the parties' witness lists. There can be little doubt that the *DeMartini* Plaintiffs in particular and the general public have a right to know what evidence is presented to the Court in relation to the massive proposed merger.

Defendants have failed to meet their burden to warrant sealing. Defendants have not adequately articulated the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied for each document, and why a less restrictive alternative to sealing is not sufficient, in accordance with Local Rule 79-5(c)(1). Merely stating that numerous documents all contain non-public information, and that injury could (not will) result if sealing is denied, is not enough to meet the threshold as described in L.R. 79-5 for sealing documents—and certainly is not enough to close an entire courtroom and bar the public from seeing an extremely important trial on a matter of public importance.

Moreover, the Plaintiffs in the related *DeMartini* action have a direct interest and stake in what occurs in the FTC's action against Defendants, as the Plaintiffs' action arises out of the same transaction or occurrence as that of the FTC's. And the *DeMartini* Plaintiffs already have access to, or will be provided access to, the documents that are at issue in Microsoft and Activision's sealing motion. Thus, at minimum, counsel for the *DeMartini* Plaintiffs should be entitled to attend the evidentiary hearings in the related FTC action and not be sealed from the courtroom.

**II.     Conclusion**

For the reasons stated above, Defendants have failed to meet their burden of proving why their request for *in camera* treatment of exhibits and the extraordinary measure of closing the courtroom should be granted. In accordance with Civil Local Rule 79-5, Defendants' Motion should be denied.

Dated: June 21, 2023                    **JOSEPH SAVERI LAW FIRM, LLP**

By:    */s/ David H. Seidel*
            David H. Seidel

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:       jsaveri@saverilawfirm.com
             swilliams@saverilawfirm.com
             czirpoli@saverilawfirm.com
             eabuchanan@saverilawfirm.com
             dseidel@saverilawfirm.com
             kmcmahon@saverilawfirm.com

*Counsel for Plaintiffs in the Demartini et al v. Microsoft Corporation Action*