QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ognjen Zivojnovic (Bar No. 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700
Michael D. Bonanno (*pro hac vice* forthcoming)
mikebonanno@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:     (202) 538-8000
Facsimile:     (202) 538-8100

*Attorneys for NVIDIA Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>         Plaintiff,<br><br>    vs.<br><br>MICROSOFT CORP.<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>         Defendants. | CASE NO. 3:23-cv-2880<br><br>**NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF EVIDENTIARY HEARING EXHIBITS**<br><br>The Honorable Jacqueline Scott Corley |

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1), NVIDIA Corporation ("NVIDIA") requests an order that certain evidentiary hearing exhibits be submitted under seal and that the courtroom be sealed during their presentation. NVIDIA is not a party to this lawsuit. The parties—Plaintiff Federal Trade Commission ("FTC') and Defendants Microsoft Corp. ("Microsoft") and Activision Blizzard, Inc. ("Activision")—have informed NVIDIA they seek to introduce highly confidential materials regarding NVIDIA's GeForce NOW cloud gaming service at the hearing on the preliminary injunction, which is scheduled to begin on June 22, 2023. *See* FTC Mot. (ECF No. 128); Defs. Mot. (ECF No. 138). NVIDIA does not seek broad sealing for its documents and testimony. Instead, it seeks to seal only the most competitively sensitive information, such as specific numbers regarding NVIDIA's costs, server capacities, and user base, as well as future plans that have not been publicly announced. Public disclosure of such detailed information would harm NVIDIA and allow its current and potential competitors to gain an unfair advantage.

Materials submitted in support of non-dispositive motions may sealed for "good cause." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). A request for a preliminary injunction is typically a non-dispositive motion, meaning the less stringent "good cause" standard applies. *See In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20, 2007) ("[A] preliminary injunction motion is not dispositive."). NVIDIA satisfies even the more stringent "compelling reasons" standard and, therefore, its materials are properly sealable. Both standards are met when the information at issue is competitively sensitive, such that its public disclosure would harm a company's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("[P]ublication of materials that could result in infringement upon trade secrets has long been a factor that would overcome" presumption of public access); *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569–70 (9th Cir. 2008) (reversing denial of a request to seal "pricing terms, royalty rates, and guaranteed minimum payment terms found in a license agreement which were plainly within the definition of 'trade secrets'"); *McDonnell v. Southwest Airlines Co.*, 292 F. App'x 679, 680 (9th Cir. 2008) (holding "compelling reasons" supported sealing "documents contain[ing] trade

secrets"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"). "Courts in this Circuit have held that confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard" and thus such information is also "sealable under the 'less exacting' good cause standard." *Jones v. PGA Tour, Inc.*, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023); *see also Arista Networks, Inc. v. Cisco Sys., Inc.*, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "financial information," "internal development strategies," and "customer information"); *Juicero, Inc. v. iTaste Co.*, 2017 WL 8294276, at *2 (N.D. Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (sealing "confidential financial and marketing information"). District courts are particularly careful to safeguard competitively sensitive information produced by third parties, such as NVIDIA, recognizing "the [sealing] standard is more lenient when the information concerns third parties." *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "compelling reasons" to seal "highly confidential information including pricing strategy, business decision-making, and financial records, belonging to NVIDIA, a third-party non-party to this action").

For the reasons set forth in the accompanying Declaration of Aashish Patel, NVIDIA respectfully asks the Court to receive the following exhibits under seal to protect the sensitive materials in the following table. In an effort to further narrow its request, NVIDIA is submitting herewith redacted copies of certain exhibits that contain both confidential and non-confidential material.[1] To the extent the Court receives both redacted and unredacted copies of these exhibits into evidence, NVIDIA only requests that the unredacted copies be kept under seal.

| PX# or RX# | Description/ Portions to Be Filed Under Seal |
|---|---|
| PX3157 / RX2137 | This contains emails between NVIDIA employees and Microsoft employees regarding talking points for a European Commission ("EC") hearing. *See* Decl. ¶ 3. NVIDIA seeks to seal the entire document, as it contains statements made during a closed EC hearing, and NVIDIA does not have the EC's permission to publicly disclose information from that hearing. |

---

[1] If helpful, NVIDIA can provide the Court with sealed, highlighted versions of these exhibits.

| | | |
|---|---|---|
| 1 | PX3235 | This is a nonpublic version of a Newzoo report. See Decl. ¶ 4. NVIDIA seeks to seal the entire document, as NVIDIA does not have Newzoo's permission to publicly disclose this report. |
| 2 | PX3052 | This is an internal NVIDIA presentation entitled "GFN Key Metrics Apr-2022." See Decl. ¶ 5. NVIDIA seeks to seal the entire document. |
| 3 | PX3069 | This is an internal NVIDIA presentation entitled "GFN Review January 8, 2021." See Decl. ¶ 6. NVIDIA seeks to seal the entire document. |
| 4 | PX3103[2] | This is a transcript regarding a meeting between the Competition and Markets Authority ("CMA") and NVIDIA on January 9, 2023. See Decl. ¶ 7. NVIDIA seeks to seal the entire document. As stated on the first page of the transcript, it is protected by Part 9 of the Enterprise Act 2002, which means that it cannot be publicly disclosed without permission from the CMA. NVIDIA does not have permission from the CMA. |
| 5 | PX3104 / RX2135 | This is an email from NVIDIA's outside counsel to the EC and two email attachments. See Decl. ¶ 8. NVIDIA seeks to seal: Portions of Pages -281, -283, -287, -288, -289, -290, -291, -292, -293, -294, -295. |
| 6 | PX3113 | This is an email exchange between NVIDIA employees regarding NVIDIA's negotiations with a game publisher. See Decl. ¶ 9. NVIDIA seeks to seal the entire document. |
| 7 | PX3117 | This is an email exchange between NVIDIA employees regarding NVIDIA's negotiations with a game publisher. See Decl. ¶ 10. NVIDIA seeks to seal the entire document. |
| 8 | PX3123 / RX2143 | This is an email exchange between NVIDIA employees regarding NVIDIA's negotiations with a game publisher. See Decl. ¶ 11. NVIDIA seeks to seal the entire document. |
| 9 | PX3144 | This is an internal NVIDIA presentation, entitled "GFN Business Review–November 2022." See Decl. ¶12. NVIDIA seeks to seal the entire document. |
| 10 | PX3153 | This is an email exchange between NVIDIA employees regarding NVIDIA's negotiation of a license agreement. See Decl. ¶ 13. NVIDIA seeks to seal the entire document. |
| 11 | PX3243 | This is an internal NVIDIA presentation entitled "GFN Key Metrics May-2022." See Decl. ¶ 14. NVIDIA seeks to seal the entire document. |
| 12 | PX7060 | This is the deposition transcript of an NVIDIA executive taken during the FTC's investigation. See Decl. ¶ 15. NVIDIA seeks to seal: 12:15; 28:15–18; 30:7–11; 33:4–7; 33:13–34:8; 39:23–39:24; 41:14–18; 43:5–44:14; 44:21–45:9; 48:5–48:23; 49:11–53:18–54:8; 54:11–54:12; 54:20–57:1; 59:14–19; 59:21–61:6; 61:19–63:5; 63:11–22; 64:5–64:16; 65:6–67:21; 68:20–69:11; 70:4; 70:18–71:1; 71:14–15; 73:5–73:17; 74:16–74:18; 75:2–75:22; 77:9–89:9; 90:22–93:20; 93:24–94:17; 94:20–95:7; 95:12–13; 96:11–13; 96:19–20; 97:6–11; 98:2–6; 98:15; 99:1–4; 99:10–12; 99:18–21; 102:2; 102:4–112:13; 113:7–9; 113:17; 114:2–3; 114:5–114:17; 114:23; 115:1–115:13; 115:21–116:4; 116:24–118:3; 118:21–119:19; 120:1–120:2; 120:17–24; 121:6–122:15; 122:20–21; 122: 23-24; 122:25–124:3; 124:5–129:8; 129:11–132:1; 132:10; 133:1–133:6; 133:14–15; 133:18–134:21; 135:1–5; 135:12–138:16; 139:2–4; 139:14–146:15; 148:15; 149:1–7; 149:17–159:5; 159:12–160:9; 160:24–161:5; 161:21–163:13; 165:15–167:8; 168:1–169:7; 169:17–170:20; 171:13–172:10; 172:20–173:1; 173:8–174:1; 174:22–177:18; 178:2–180:11; 180:25–186:7; 186:24–188:18; 189:4–191:13; 193:14; 193:17; 193:24; 194:2–7; 194:9–11; 194:17; 194:23; 195:4–9; 195:16–197:1; 197:6 -7; 197:10; 199:5–13. |

---

[2] PX3103 is not the most recent version of this transcript. NVIDIA has requested that the FTC replace it with the most recent version that reflects NVIDIA's comments on accuracy.

| | | |
|---|---|---|
| 1 2 | PX8000 | This exhibit is the declaration of the same NVIDIA executive. *See* Decl. ¶ 16. NVIDIA seeks to seal: Paragraph 22, Lines 19–20; Paragraphs 23–27; Paragraphs 32–33; Paragraphs 42–49; Paragraphs 59–61; Paragraphs 70, Portions of Lines 8–14; Paragraph 71. |
| 3 4 5 6 | PX7062 | PX7062 is the deposition transcript of a second NVIDIA executive taken during the FTC's investigation. *See* Decl. ¶ 17. NVIDIA seeks to seal: 12:19; 26:1–14; 33:6–21; 34:19–35:18; 38:8–24; 40:5–9; 40:25–41:7; 61:19–62:1; 65:5–66:8; 69:9–71:6; 71:24–75:20; 76:22–89:15; 89:21–92:2; 100:18–101:10; 103:9–10; 104:4; 104:12–13; 104:17–115:3; 116:15–117:21; 121:19–122:13; 127:8; 130:1–133:20; 140:1–141:4; 142:6–145:17; 147:6–148:8; 148:18–149:13; 150:5–154:3. |
| 7 | RX2003 | This is an internal NVIDIA presentation entitled "GeForce NOW KPIs." *See* Decl. ¶ 18. NVIDIA seeks to seal the entire document. |
| 8 | RX2139 | This is an internal NVIDIA presentation entitled "GFN July KPIs." *See* Decl. ¶ 19. NVIDIA seeks to seal the entire document. |
| 9 | RX2004 | This is an internal NVIDIA presentation entitled "GeForce NOW November KPIs." *See* Decl. ¶ 20. NVIDIA seeks to seal the entire document. |
| 10 | RX2151 | This is an email exchange between NVIDIA employees regarding NVIDIA's negotiations with a game publisher. *See* Decl. ¶ 21. NVIDIA seeks to seal the entire document. |
| 11 12 | RX2153 | This is an email exchange between NVIDIA employees regarding NVIDIA's negotiations with a game publisher. *See* Decl. ¶ 22. NVIDIA seeks to seal the entire document. |
| 13 14 | RX2150 | This is an email exchange between NVIDIA employees regarding a competitive analysis of xCloud and GeForce NOW. *See* Decl. ¶ 23. NVIDIA seeks to seal Portions of the May 24, 2021 9:33 AM email and the May 24, 2021 8:57 PM email. |
| 15 16 | RX2145 | This is an email exchange between NVIDIA employees containing a game content management update and discussion. *See* Decl. ¶ 24. NVIDIA seeks to seal the entire document. |
| 17 | RX2152 | This is an email exchange between Microsoft employees and NVIDIA employees regarding contract negotiations between the two companies. *See* Decl. ¶ 25. NVIDIA seeks to seal the entire document. |
| 18 | RX2149 | This is an email exchange between NVIDIA employees containing a game content management update. *See* Decl. ¶ 26. NVIDIA seeks to seal the entire document. |
| 19 20 | RX2147 | This is an email exchange between NVIDIA employees containing an update regarding partner engagement for GeForce NOW. *See* Decl. ¶ 27. NVIDIA seeks to seal the entire document. |
| 21 22 | RX2146 | This is an email exchange between NVIDIA employees regarding NVIDIA's cloud gaming service. *See* Decl. ¶ 28. NVIDIA seeks to seal the entire document. |
| 23 | RX2142 | This is an email between NVIDIA employees regarding NVIDIA's negotiations with a game publisher. *See* Decl. ¶ 29. NVIDIA seeks to seal the entire document. |
| 24 25 | RX2141 | This is an email exchange between Microsoft employees and NVIDIA employees regarding contract negotiations between the two companies. *See* Decl. ¶ 30. NVIDIA seeks to seal: Emails sent on December 12, 2022 at 7:54 AM and December 30, 2022 at 1:18 PM. |

NVIDIA requests that, in addition to keeping the above materials sealed, the Court close and seal the courtroom for the presentation of the above-identified exhibits (or any portion thereof sought to be kept under seal) during the preliminary injunction hearing. This includes, for the

1  designated portions of PX7060 and PX7062 (deposition transcripts), the corresponding portions of
2  video deposition.  *See* Joint Statement at 2 (ECF No. 129) (stating FTC will call these two deponents
3  via video deposition).

4          NVIDIA produced certain of the materials identified above during the course of the FTC's
5  investigation regarding Microsoft's proposed acquisition of Activision, in response to a Civil
6  Investigative Demand, and designated it as confidential pursuant to Section 21 of the FTC Act, 15
7  U.S.C. § 57b-2. NVIDIA produced the remaining information at issue during the course of litigation
8  discovery in In the matter of Microsoft Corp. and Activision, Blizzard, Inc., before the United States
9  of America Federal Trade Commission Office of Administrative Law Judges, Docket No. 9412, and
10 designated the information as Confidential pursuant to the Protective Order Governing Confidential
11 Material, which was entered by the Administrative Law Judge on December 9, 2022.

12         Disclosure of the commercially sensitive information identified in the table above would
13 harm to NVIDIA's commercial interests. Decl. ¶¶ 31–32. NVIDIA does not share this information
14 publicly, *id.* ¶ 31, and if it were made public, NVIDIA's competitors would gain access to
15 confidential information concerning NVIDIA's strategy for its cloud gaming business, including its
16 future plans and investments, which could harm NVIDIA's competitive standing, *see, e.g.*, *Philips*
17 *v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) ("[N]eed to avoid
18 competitive disadvantage in contract negotiations and undercutting by competitors is a compelling
19 reason that justifies sealing"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug.
20 22, 2014) (granting motion to seal "pricing strategy" and "business decisionmaking").

21         NVIDIA has narrowly tailored its sealing request in order to maximize the public's access
22 to court proceedings without jeopardizing NVIDIA's business interests. A less restrictive
23 alternative would not be sufficient because NVIDIA has limited its sealing requests to only specific
24 exhibits (and in some instances only parts of those exhibits) that reflect NVIDIA's proprietary and
25 confidential business information.

| | | |
|---|---|---|
| 1 | DATED:  June 21, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  /s/ Ognjen Zivojnovic
Ognjen Zivojnovic
Michael D. Bonanno (*pro hac vice* forthcoming)

*Attorneys for NVIDIA Corporation*

## CERTIFICATE OF SERVICE

I, Ognjen Zivojnovic, hereby certify that on June 21, 2023, the foregoing **NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF EVIDENTIARY HEARING EXHIBITS** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

DATED: June 21, 2023

By  */s/ Ognjen Zivojnovic*
Ognjen Zivojnovic