Beth A. Wilkinson (*pro hac vice*)
bwilkinson@wilkinsonstekloff.com
Rakesh N. Kilaru (*pro hac vice*)
rkilaru@wilkinsonstekloff.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonstekloff.com
Grace Hill (*pro hac vice*)
ghill@wilkinsonstekloff.com
Anastasia M. Pastan (*pro hac vice*)
apastan@wilkinsonstekloff.com
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Bambo Obaro
bambo.obaro@weil.com
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083

*Counsel for Microsoft Corporation*

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC.,<br><br>    Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Dept.:     Courtroom 8—19th Floor<br>Judge:     Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants Microsoft Corporation ("Microsoft") and Activision Blizzard, Inc. ("Activision") (collectively, "Defendants") respectfully move this Court for an order sealing the portions of Defendants' Proposed Findings of Fact and Conclusions of Law (Exhibit B).

The proposed sealing in the chart below reflects Defendants' good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Defendants that cannot be avoided through any less restrictive alternative means. Defendants have identified the below-referenced proposed sealing with yellow highlighting. Defendants note that the unredacted copy of Defendants' Proposed Findings of Fact and Conclusions of Law also contains green-highlighted portions, which correspond to proposed redactions to FTC and non-party information in connection with Defendants' forthcoming Administrative Motion To Consider Whether Another Party's Information Should Be Sealed.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| Findings of Fact | Page 4, paragraph 23, portions of line 20 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential market share analyses, assessment of the competitive landscape, and internal figures and projections, which could be used to injure Microsoft if made publicly available. |

---

[1] Legitimate private interests warrant sealing of Microsoft or Activision information in this chart, and the unsealing of the information would result in injury to Microsoft or Activision that cannot be avoided through any less restrictive alternatives.

| Findings of Fact | Page 7, paragraph 42, portions of lines 22-27 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting business partnerships, terms of existing confidential agreements, and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |
|---|---|---|---|
| Findings of Fact | Page 8, paragraph 42, lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting business partnerships, terms of existing confidential agreements, and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 9, paragraph 53, portions of lines 17-19 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |

| | | | |
|---|---|---|---|
| Findings of Fact | Page 10, paragraph 58, lines 24-25 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential market share analyses, assessment of the competitive landscape, and internal figures and projections, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 12, paragraph 67, lines 11-15 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 13, paragraph 72, portions of lines 13-15 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential market share analyses, assessment of the competitive landscape, and internal figures and projections, which could be used to injure Microsoft if made publicly available. |

| Findings of Fact | Page 17, paragraph 89, portions of lines 4-5 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential revenue figures, which could be used to injure Activision if made publicly available. |
|---|---|---|---|
| Findings of Fact | Page 17, paragraph 91, portions of lines 15-16 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential revenue figures, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 17, paragraph 92, portions of lines 21-22 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential revenue figures, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 18, paragraph 93, portions of lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential revenue figures, which could be used to injure Activision if made publicly available. |

| | | | |
|---|---|---|---|
| Findings of Fact | Page 18, paragraph 95, portions of line 13 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential market share analyses, assessment of the competitive landscape, and confidential revenue figures, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 18, paragraph 95, portions of line 15 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential market share analyses, assessment of the competitive landscape, and confidential revenue figures, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 20, paragraph 103, portions of lines 4-6 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential revenue figures and assessments of the competitive landscape, which could be used to injure Activision if made publicly available. |

| | | | |
|---|---|---|---|
| Findings of Fact | Page 20, paragraph 104, portions of lines 13-15 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting strategic evaluation of forward-looking opportunities, internal business strategy, confidential internal decision-making processes, and investment decisions, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 20, paragraph 105, portions of lines 17-18 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting strategic evaluation of forward-looking opportunities, internal business strategy, confidential internal decision-making processes, and investment decisions, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 20, paragraph 106, portion of line 25 – page 21, paragraph 106, portion of line 4. | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential business partnerships, terms of existing confidential agreements, negotiations regarding confidential agreements, and revenue figures, which could be used to injure Activision if made publicly |

|   |   |   |   |
|---|---|---|---|
|   |   |   | available. |
| Findings of Fact | Page 20, paragraph 106, portion of line 25 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing confidential agreements and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 21, paragraph 106, portions of lines 1-6 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing confidential agreements and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 21, paragraph 106, portion of line 6 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential business partnerships, terms of existing confidential agreements, negotiations regarding confidential agreements, and revenue figures, which could be used to injure Activision if made publicly available. |

| | | | |
|---|---|---|---|
| Findings of Fact | Page 21, paragraph 107, portions of lines 7-17 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential business partnerships, terms of existing confidential agreements, negotiations regarding confidential agreements, and revenue figures, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 21, paragraph 108, portion of line 18 – page 22, paragraph 108, line 2. | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential business partnerships, terms of existing confidential agreements, negotiations regarding confidential agreements, and revenue figures, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 22, paragraph 109, portions of lines 3-6 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential business partnerships, terms of existing confidential agreements, negotiations regarding confidential agreements, and revenue figures, which could be used to injure Activision if made publicly available. |

| | | | |
|---|---|---|---|
| Findings of Fact | Page 22, paragraph 112, portions 23-26 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and potential business partnerships, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 23, paragraph 112, lines 1-2 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and potential business partnerships, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 23, paragraph 113, portions of lines 3, 4, 7 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential potential business partnerships, which could be used to injure Microsoft if made publicly available. |

| Findings of Fact | Page 23, paragraph 114, portions of line 11 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential market share analyses, assessment of the competitive landscape, and internal figures and projections, which could be used to injure Microsoft if made publicly available. |
|---|---|---|---|
| Findings of Fact | Page 23, paragraph 117, lines 22-24 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and internal business strategy, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 24, paragraph 120, portions of lines 10-11 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and internal business strategy, which could be used to injure Microsoft if made publicly available. |

| | | | |
|---|---|---|---|
| Findings of Fact | Page 25, paragraph 130, portions of lines 20-22 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential business partnerships, terms of existing confidential agreements, and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 28, paragraph 151, portions of lines 25-27 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and potential business partnerships, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 29, paragraph 151, lines 1-2 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and potential business partnerships, which could be used to injure Microsoft if made publicly available. |

| | | | |
|---|---|---|---|
| Findings of Fact | Page 29, paragraphs 153-155 in their entirety | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, terms of potential confidential agreements, and potential business partnerships, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 30, paragraph 159, portions of lines 17-18 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential strategic evaluation of forward-looking opportunities, terms of existing confidential agreements, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 31, paragraph 161, portion of line 1 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential strategic evaluation of forward-looking opportunities and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |

| | | | |
|---|---|---|---|
| Findings of Fact | Page 31, paragraph 162, lines 3-7 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Findings of Fact | Page 31, paragraph 164, portions of lines 17-18 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting assessments of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Conclusions of Law | Page 44, paragraph 20, line 4 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential market share analyses, internal revenue and projections, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |

| | | | |
|---|---|---|---|
| Conclusions of Law | Page 44, paragraph 21, portions of lines 11-12, portion of footnote 3 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential market share analyses, internal revenue and projections, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Conclusions of Law | Page 44, paragraph 22, portions of line 16 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential business partnerships, terms of existing confidential agreements, and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |
| Conclusions of Law | Page 49, paragraph 38, portions of lines 17-18 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, and business strategy, which could be used to injure Microsoft if made publicly available. |
| Conclusions of Law | Page 53, paragraph 50, portions of line 19 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential market share analyses and assessment of the competitive |

|  |  |  | landscape, which could be used to injure Activision if made publicly available. |
| --- | --- | --- | --- |
| Conclusions of Law | Page 63, paragraph 82, portions of line 9 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting confidential market share analyses and assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |
| Conclusions of Law | Page 70, paragraph 101, portions of lines 23-25 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |

## **ARGUMENT**

**I.     Sealing the Defendants' Proposed Findings of Fact and Conclusions of Law Is Warranted Under Ninth Circuit Precedent as It Contains Defendants' Confidential Business Information**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the

presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Defendants seek to seal narrowly tailored excerpts of the Proposed Findings of Fact and Conclusions of Law, which reference and reflect, among other things, confidential, proprietary information relating to Defendants' internal decision-making processes, investment

decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. The disclosure of this information could be used to injure Defendants if made publicly available.

**II.     Sealing Defendants' Proposed Findings of Fact and Conclusions of Law Is Necessary to Protect Defendants' Confidential and Proprietary Business Information**

Defendants seek to maintain under seal portions of Defendants' Proposed Findings of Fact and Conclusions of Law, as they contain Defendants' non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Examples of such confidential information include, but are not limited to, Defendants' internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. Disclosure of this information would provide Defendants' competitors with private data about Defendants' performance and business strategy, which could harm Defendants' competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Defendants that cannot be avoided through less restrictive alternatives.

Finally, Defendants provided the FTC with the confidential business information cited in the Defendants' Proposed Findings of Fact and Conclusions of Law pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

III.   **Conclusion**

As stated above, compelling reasons justify Defendants' request for sealing Defendants' confidential business information contained in Defendants' Proposed Findings of Fact and Conclusions of Law. Defendants' respectfully request that this Court grant its Motion to Seal. In compliance with Civil Local Rule 79-5, an unredacted version of Defendants' Proposed Findings of Fact and Conclusions of Law is attached as Exhibit B. In accordance with Civil Local Rule 7-11, Defendants have also filed a Proposed Order herewith.

Dated: June 22, 2023                              Respectfully submitted,

                                                  By: /s/ *Beth Wilkinson*

| | |
|---|---|
| Jack DiCanio (SBN 138782) | Beth Wilkinson (*pro hac vice*) |
| Caroline Van Ness (SBN 281675) | Rakesh N. Kilaru (*pro hac vice*) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Kieran Gostin (*pro hac vice*) |
| | James Rosenthal (*pro hac vice*) |
| 525 University Avenue | Grace Hill (*pro hac vice*) |
| Palo Alto, California 94301 | Anastasia M. Pastan (*pro hac vice*) |
| Telephone: (650) 470-4500 | Sarah Neuman (*pro hac vice*) |
| Facsimile: (213) 621-5430 | Jenna Pavelec (*pro hac vice*) |
| jack.dicanio@skadden.com | Alysha Bohanon (*pro hac vice* |
| caroline.vanness@skadden.com | WILKINSON STEKLOFF LLP |
| | 2001 M Street, N.W., 10th Floor |
| Steven C. Sunshine (*pro hac vice*) | Washington, D.C. 20036 |
| Julia K. York (*pro hac vice*) | Telephone: (202) 847-4000 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Facsimile: (202) 847-4005 |
| | bwilkinson@wilkinsonstekloff.com |
| 1440 New York Avenue, N.W. | rkilaru@wilkinsonstekloff.com |
| Washington, DC 20005-2111 | jrosenthal@wilkinsonstekloff.com |
| Telephone: (202) 371-7000 | kgostin@wilkinsonstekloff.com |
| Facsimile: (202) 393-5760 | ghill@wilkinsonstekloff.com |
| steven.sunshine@skadden.com | apastan@wilkinsonstekloff.com |
| julia.york@skadden.com | sneuman@wilkinsonstekloff.com |
| | jpavelec@wilkinsonstekloff.com |
| Maria Raptis (*pro hac vice*) | abohanon@wilkinsonstekloff.com |
| Matthew M. Martino (*pro hac vice*) | |
| Michael J. Sheerin (*pro hac vice*) | Jonathan E. Nuechterlein (*pro hac vice*) |
| Evan R. Kreiner (*pro hac vice*) | C. Frederick Beckner III (*pro hac vice*) |
| Bradley J. Pierson (*pro hac vice*) | William R. Levi (*pro hac vice*) |
| Jessica R. Watters (*pro hac vice*) | Daniel J. Hay (*pro hac vice*) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Lucas Croslow (*pro hac vice*) |
| | Manuel Valle (*pro hac vice*) |
| 1 Manhattan West | Aaron P. Haviland (*pro hac vice*) |

| | |
|---|---|
| New York, NY 10001<br>Telephone: (212) 735-3000<br>Fax: (212) 735-2000<br>maria.raptis@skadden.com<br>matthew.martino@skadden.com<br>michael.sheerin@skadden.com<br>evan.kreiner@skadden.com<br>bradley.pierson@skadden.com<br>jessica.watters@skadden.com<br><br>*Counsel for Defendant Activision Blizzard, Inc.* | SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>jnuechterlein@sidley.com<br>rbeckner@sidley.com<br>william.levi@sidley.com<br>dhay@sidley.com<br>lcroslow@sidley.com<br>manuel.valle@sidley.com<br>ahaviland@sidley.com<br><br>Bambo Obaro (SBN 267683)<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Telephone: (650) 802-3083<br>Facsimile: (650) 802-3100<br>bambo.obaro@weil.com<br><br>Megan A. Granger (*pro hac vice*)<br>Michael Moiseyev (*pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street, NW<br>Suite 600<br>Washington, DC 20036<br>Telephone: (202) 682-7000<br>Facsimile: (202) 857-0940<br>megan.granger@weil.com<br>michael.moiseyev@weil.com<br>            *Counsel for Defendant Microsoft Corp.* |