CLEARY GOTTLIEB STEEN & HAMILTON LLP
Zachary Tschida (State Bar No. 344994)
1841 Page Mill Road
Palo Alto, California 94304
Telephone: 650-815-4113
Facsimile: 650-815-4199
ztschida@cgsh.com

Elsbeth Bennett (admitted *pro hac vice*)
Carl Lawrence Malm (admitted *pro hac vice*)
2112 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-974-1500
Facsimile: 202-974-1999
ebennett@cgsh.com
lmalm@cgsh.com

*Counsel for Non-Party Sony Interactive Entertainment LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORP., et al.,<br><br>Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING AND *IN CAMERA* TREATMENT**<br><br>The Honorable Jacqueline Scott Corley |

- 1 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT non-party Sony Interactive Entertainment LLC ("SIE") will, and hereby does, move this Court to seal from public disclosure and permit *in camera* treatment of certain deposition designations and a related exhibit that Plaintiff Federal Trade Commission ("FTC") and Defendants (collectively, the "Parties") have designated for use at the Evidentiary Hearing in this matter. Such material may be introduced by the Parties at the hearing in this matter on June 23, 2023; SIE accordingly requests expedited treatment.

## REQUESTED RELIEF

SIE requests that the Court seal from public disclosure and permit *in camera* treatment of the material identified in the table below.

- 2 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

## I.   INTRODUCTION

Non-Party Sony Interactive Entertainment LLC ("SIE") requests that this Court seal from public disclosure and permit *in camera* treatment of limited, highly sensitive business material. At issue in this motion are deposition designations that SIE received from the parties on June 21 and June 22, 2023, for potential **use at the evidentiary hearing on June 23, 2023** and one related exhibit.[1]

The deposition at issue was taken in discovery in the underlying Federal Trade Commission proceeding and pursuant to a strict protective order that prevented public disclosure. *In the Matter of Microsoft / Activision Blizzard*, FTC Docket No. 9412. This material includes some of SIE's most sensitive business planning, pricing, strategy, and otherwise sensitive information. Good cause exists for sealing and providing *in camera* treatment to protect SIE's legitimate confidentiality interests. In recognition of the public nature of these proceedings, SIE has made a good faith effort to limit its request to the most sensitive material.

These deposition designations and the related exhibit contain competitively sensitive non-public information that would injure SIE if made publicly available. The table below describes the SIE confidential material found in the deposition designations and related exhibit, and the specific bases supporting sealing of the information. *See* Civ. L.R. 79-5(c). The proposed treatment noted in the table reflects SIE's good faith effort under expedited circumstances to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected through less restrictive means.

---

[1] This exhibit, PX8001, was the subject of SIE's prior Statement in Support of Sealing Certain Confidential Business Information (ECF 134). SIE submitted a proposed redacted version of the exhibit (ECF 134-3). For the avoidance of doubt, SIE includes the exhibit in this motion for *in camera* treatment to be clear that it seeks *in camera* treatment for redacted portions of the exhibit.

- 3 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

| Document | Information Requested for *In Camera* Treatment[2] | Description of Confidential Information Requiring *In Camera* Treatment |
|---|---|---|
| PX7053 | Redactions (transcript page:line):<br><br>16:24-25<br>54:8-25<br>55:1-2<br>67:7-13<br>91:10-17<br>92:17-25<br>93:1-5<br>145:19-24<br>268:6-10 | This exhibit contains non-public and highly sensitive information including, but not limited to, SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. |
| PX7053 | Redactions (transcript page:line):<br><br>19:1-8, 17-24<br>20:19-25<br>21:1-5<br>25:10-25<br>26:1-2<br>28:7-9<br>34:1-4<br>50:7-25<br>51:1-8<br>63:16-25<br>64:1-5<br>197:1-8<br>256:11, 17, 24<br>268:6-10 | This exhibit contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans. |

---

[2] SIE has provided those designations to the Parties' counsel and includes the confidential portions here that should receive *in camera* treatment.

| | | |
|---|---|---|
| PX7053 | Redactions (transcript page:line):<br><br>25:10-15<br>26:1-2<br>28:7-9<br>29:18-21<br>37:3-18<br>50:7-25<br>51:1-8<br>59:9-12<br>61:2-25<br>62:1-3, 8-25<br>63:1-8, 16-25<br>64:1-5, 10-15<br>65:10, 16-19, 23-25<br>66:1-5, 17-25<br>67:1-13<br>70:13-23<br>100:24-25<br>101:1-10<br>106:2-10<br>108:9-24<br>110:20-25<br>111:1<br>168:1-4, 6-22<br>180:23-25<br>181:1-11<br>186:22-25<br>187:1-4<br>204:18-20<br>205:3-5<br>236:9-17<br>240:24-25<br>241:1-20<br>263:9-11<br>267:11-25 | This exhibit contains non-public and highly sensitive information including, but not limited to, SIE's approach to contract negotiations with third-party partners and discussions of particular contract terms with particular partners. |

- 5 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | PX7053 | Redactions (transcript page:line):<br><br>31:16-25<br>32:1-17<br>34:1-4<br>37:3-18<br>38:1-25<br>39:1 | This exhibit contains non-public and highly sensitive information including, but not limited to, information on the nature and scope of SIE's technical collaboration with particular partners. |
| 8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | PX7053 | Redactions (transcript page:line):<br><br>19:17-24<br>51:14-25<br>54:8-25<br>55:1-2<br>114:6-7<br>145:10-14<br>168:1-4, 6-22<br>226:23-25<br>227:1-5 | This exhibit contains non-public and highly sensitive information including, but not limited to, SIE's business analysis regarding competitors' and commercial partners' behavior and products. |
| 16<br>17<br>18<br>19<br>20<br>21<br>22 | PX7054 | Redactions (transcript page:line):<br><br>62:16-24<br>83:25<br>84:1-7, 10<br>97:11-25<br>98:4-14<br>112:17-24 | This exhibit contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans. |
| 23<br>24<br>25<br>26 | PX7054 | Redactions (transcript page:line):<br><br>4:10-14<br>8:17-24<br>17:5-13, 22-25 | This exhibit contains non-public and highly sensitive information including, but not limited to, SIE's approach to contract negotiations with third-party partners and discussions of particular contract terms with particular partners. |

| | | |
|---|---|---|
| | 18:1-8, 18-22<br>28:15-25<br>29:1-11, 17-25<br>30:1-17<br>32:16-23<br>33:1<br>93:4-10, 14-19<br>94:10-25<br>95:1-13<br>107:10-20<br>108:1-7, 10-13<br>109:7-9, 12-14, 16-21<br>112:1-4 | |
| PX7054 | Redactions (transcript page:line):<br><br>112:1-4 | This exhibit contains non-public and highly sensitive information including, but not limited to, SIE's business analysis regarding competitors' and commercial partners' behavior and products. |

SIE also seeks *in camera* treatment for one additional document, identified on the Parties' exhibit lists as PX8001. *See* ECF 182-1. This document is already the subject of SIE's Statement in Support of Sealing Certain Confidential Business Material (ECF Nos. 134, 134-3), and SIE provided a redacted copy of that exhibit with its Statement. As detailed in that Statement, this document contains sensitive non-public SIE information, the public release of which, either in writing or in open court, would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing.

SIE makes these requests pursuant to Civil Local Rules 7-11 and 79-5 and the Court's June 14th Order (ECF No. 76).

## II. THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION AND PROVIDE FOR *IN CAMERA* TREATMENT

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question. *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

Non-parties receive special deference when these issues are considered. *See, e.g.*, *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential").

*In camera* review of sealed documents is an appropriate means for the Court to protect these important interests. *See United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 203966 (N.D. Cal. Jan. 8, 2014) (citing throughout to exhibits reviewed *in camera* in merger trial).

Here, Non-Party SIE seeks sealing and *in camera* treatment for limited non-public information containing SIE's highly confidential analyses and business strategy information related to its consoles, subscription services, and cloud gaming businesses. *See* Ex. 1 (Decl. of C. Svensson).[3] In particular, SIE seeks to protect:

- Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision;
- Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners;
- Non-public information on the nature and scope of SIE's technical collaboration with particular publishers;
- Non-public information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans; and
- Non-public SIE business analysis regarding competitors' and commercial partners' behavior and products. *See id.* ¶ 3.

---

[3] The Declaration of Christian Svensson was submitted yesterday at ECF 172-1 in conjunction with Non-Party SIE's Administrative Motion for Sealing and *In Camera* Treatment (ECF 172). The competitively sensitive issues in today's request are the same as those addressed in the Declaration yesterday, as explained in the chart above, and Mr. Svensson's Declaration is resubmitted here as Exhibit 1.

- 9 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

SIE uses this information to operate its business and shape its future strategy. As explained in the accompanying declaration, if these business secrets were made available to the public, SIE's competitors could use these secrets to inform their own strategies to gain an unfair advantage in competing with SIE. *See id.* ¶¶ 4-8. Business partners could likewise gain an unfair advantage in their relationships with SIE by understanding SIE's strategic objectives, negotiation tactics, and relationships with other business partners. *See id.* These concerns are particularly severe here, as the information is current, which makes it more valuable to others because it is actionable. *See id.* ¶ 8.

In short, the information should be sealed because disclosure would undermine SIE's business, give competitors and business partners an unfair advantage, and disrupt the future launches of its commercial products. *See* Ex. 1.; *see also Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citation omitted); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

## III. THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN PUBLIC DISCLOSURE

SIE's request for sealing and *in camera* treatment is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less

- 10 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

restrictive means.  SIE has proposed redactions over sealing where possible, and has endeavored to propose the narrowest possible redactions in the time permitted.  Any public interest in disclosing this information is outweighed by the prejudice that will result to SIE, a non-party, if no protection is granted.  *See Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (noting importance of protecting third parties).

## IV. CONCLUSION

For the foregoing reasons, SIE respectfully requests that the Court grant SIE's motion and seal and review *in camera* the SIE confidential information contained in the materials identified above, in the event that the Parties introduce them at the upcoming hearing.

- 11 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

Dated: June 22, 2023

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Elsbeth Bennett*
Elsbeth Bennett (*pro hac vice*)
Carl Lawrence Malm (*pro hac vice*)
2112 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-974-1500
Facsimile: 202-974-1999
ebennett@cgsh.com
lmalm@cgsh.com

Zachary Tschida (State Bar No. 344994)
1841 Page Mill Road
Palo Alto, California 94304
Telephone: 650-815-4113
Facsimile: 650-815-4199
ztschida@cgsh.com

*Counsel for Non-Party Sony Interactive Entertainment LLC*

- 12 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC