# EXHIBIT 1

1    CLEARY GOTTLIEB STEEN & HAMILTON LLP
     Elsbeth Bennett (admitted *pro hac vice*)
2    ebennett@cgsh.com
     2112 Pennsylvania Ave, N.W.
3    Washington, DC 20037
     Telephone: 202-974-1959
4
     Zachary G. Tschida (Bar No. 344994)
5    ztschida@cgsh.com
     1841 Page Mill Road, Suite 250
6    Palo Alto, CA 94304
     Telephone: 650-815-4100
7

8    *Counsel for Non-Party Sony Interactive
     Entertainment LLC*
9

10

11

12                          UNITED STATES DISTRICT COURT

13                         NORTHERN DISTRICT OF CALIFORNIA

14                             SAN FRANCISCO DIVISION

15

16

17   FEDERAL TRADE COMMISSION,                    Case No. 3:23-cv-2880

18                  Plaintiff,

19          v.                                    **DECLARATION OF CHRISTIAN
                                                  SVENSSON IN SUPPORT OF NON-
20   MICROSOFT CORP.,                             PARTY SONY INTERACTIVE
                                                  ENTERTAINMENT LLC'S MOTION
21   and                                          AND ADMINISTRATIVE MOTION
                                                  FOR SEALING AND *IN CAMERA*
22   ACTIVISION BLIZZARD, INC.,                   TREATMENT

23                  Defendants.

24

25

26

27

28
     ───────────────────────────────────────────
     DECLARATION IN SUPPORT OF SONY INTERACTIVE ENTERTAINMENT LLC'S
     MOTION FOR SEALING AND IN CAMERA TREATMENT
     CASE NO. 3:23-CV-2880

I, Christian Svensson, declare as follows:

1.      I am Head of Global Third Party Relations at Sony Interactive Entertainment LLC ("SIE").  I am more than eighteen years of age.  Based on my experience with SIE, I am familiar with SIE's protection of its trade secrets and other confidential and proprietary business information discussed below.  I make this declaration based on personal knowledge, and I could testify competently to the matters set forth herein.

2.      I understand that on June 20, 2023, the Federal Trade Commission ("FTC") and defendants Microsoft Corporation and Activision Blizzard, Inc. filed exhibit lists with the Court (ECF Nos. 128 and 137, respectively).  I understand that the listed exhibits reference or contain certain highly confidential SIE information.  I also understand that SIE intends to file a motion for sealing and in camera treatment of these documents to protect SIE's confidential information.  I make this declaration in support of that motion.

3.      I understand that the proposed exhibits contain several different categories of confidential information, including:

- Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision;

- Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners;

- Non-public information on the nature and scope of SIE's technical collaboration with particular publishers;

- Non-public information about SIE's business strategies, competitive business

DocuSign Envelope ID: FEA2BB15-6B53-4B9F-8EBE-26DB257C6821

plans, future investment plans, console and product development plans, product roadmaps, innovation plans; and

- Non-public SIE business analysis regarding competitors' and commercial partners' behavior and products.

4.     The information SIE seeks to keep confidential is non-public information internal to SIE.  The information includes confidential, internal SIE data, including platform user and franchise data, and economic and commercial analyses and business strategies that are not publicly accessible outside SIE.  These data and analyses include franchise performance comparisons, user preferences, player spending amounts, and other categories of data.  SIE's access to and use of these data and analyses is a competitive advantage that it relies upon for strategic planning, including competitive, marketing, and business strategies.  SIE's competitive analysis of the potential impacts of Microsoft's proposed acquisition of Activision on SIE's business, in particular, is based on and informed by SIE's internal data and analyses and should not be made publicly available.  SIE's commercial partners could gain unfair leverage in future SIE interactions with knowledge of SIE's specific competitive concerns regarding the proposed transaction.

5.     SIE's confidential business strategies and plans to compete, including product innovations plans, are also highly sensitive and cannot be shared with SIE's competitors without detriment to SIE.  SIE operates on the basis that its business strategy materials and discussions will not be shared outside SIE and it seeks competitive advantage by maintaining secrecy over these strategies and plans.   SIE strictly restricts dissemination of this type of data and competitive and business strategy analyses.  SIE takes steps to preserve the confidentiality of this type of information to protect SIE's competitive position, and its release could provide insight into SIE's strategic plans or create information asymmetries during commercial negotiations.  SIE does not

2

DECLARATION IN SUPPORT OF SONY INTERACTIVE ENTERTAINMENT LLC'S
MOTION FOR SEALING AND IN CAMERA TREATMENT
CASE NO. 3:23-CV-2880

share this information with the public.

6.      SIE also seeks to keep confidential information relating to its approach to contract negotiations with particular counterparties and details of particular contract terms between SIE and certain counterparties.  These negotiations and any resulting contracts are often subject to confidentiality provisions.  Public release of this information would put SIE at a disadvantage in current and future negotiations by creating an information asymmetry between SIE and its counterparties, whereby counterparties would have insight into SIE's negotiations and outcomes, but SIE would have no insight into its counterparties' negotiations and outcomes.  Moreover, even the very existence of negotiations and contracts with certain third parties is confidential and could not be disclosed publicly without risking substantial harm to SIE's other business relationships.

7.      Similarly, SIE seeks to keep confidential information detailing the nature and scope of SIE's technical collaboration with third-party partners.  Such collaboration with independent developers and publishers is an important component of SIE's strategy to differentiate its products.  Public disclosure of the details of this collaboration would disadvantage SIE by giving competitors insight into its product design process and damaging SIE's sensitive partner relationships.

8.      Disclosure of SIE's highly confidential information contained in the aforementioned paragraphs could unfairly enable SIE's competitors to gain insight into SIE's strategic thinking and business strategy and provide competitors with internal data SIE uses for its own competitive advantage and planning, giving an unwarranted advantage to competitors and business partners and risking competitive harm to SIE.  Such information would be immensely valuable to competitors in developing their own strategy against SIE and to prospective and current business partners in negotiating with SIE.

3

DECLARATION IN SUPPORT OF SONY INTERACTIVE ENTERTAINMENT LLC'S
MOTION FOR SEALING AND IN CAMERA TREATMENT
CASE NO. 3:23-CV-2880

DocuSign Envelope ID: FEA2BB15-6B53-4B9F-8EBE-26DB757C6821

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 21, 2023, in Union City, California.

By _____

Christian Svensson

---

4

DECLARATION IN SUPPORT OF SONY INTERACTIVE ENTERTAINMENT LLC'S
MOTION FOR SEALING AND IN CAMERA TREATMENT
CASE NO. 3:23-CV-2880