1  Beth A. Wilkinson (*pro hac vice*)
   bwilkinson@wilkinsonstekloff.com
2  Rakesh N. Kilaru (*pro hac vice*)
   rkilaru@wilkinsonstekloff.com
3  Kieran Gostin (*pro hac vice*)
   kgostin@wilkinsonstekloff.com
4  Grace Hill (*pro hac vice*)
   ghill@wilkinsonstekloff.com
5  Anastasia M. Pastan (*pro hac vice*)
   apastan@wilkinsonstekloff.com
6  WILKINSON STEKLOFF LLP
7  2001 M Street NW, 10th Floor
   Washington, DC  20036
8  Telephone: (202) 847-4000
9  Facsimile: (202) 847-4005

10 Bambo Obaro
11 bambo.obaro@weil.com
   WEIL, GOTSHAL AND MANGES
12 201 Redwood Shores Parkway
   Redwood Shores, CA 94065
13 Telephone:  (650) 802-3083

14 *Counsel for Microsoft Corp.*

15 [Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-cv-02880-JSC |
| Plaintiff, | **ADMINISTRATIVE MOTION SEEKING *IN CAMERA* TREATMENT OF CERTAIN EXHIBITS PURSUANT TO CIVIL L.R. 7-11 AND 79-5** |
| v. | |
| MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC., | Date:    TBA<br>Time:    TBA |
| Defendants. | Dept.:   Courtroom 8—19th Floor<br>Judge:   Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Microsoft Corporation ("Microsoft") respectfully moves this Court to seal from public disclosure, permit *in camera* treatment, and close the courtroom for the video presentation of the Deposition of Jim Ryan (Sony).

Below, Microsoft has identified highly confidential material found in the deposition excerpts to be played in court, along with the specific bases for sealing required under Local Rule 79-5. The proposed sealing reflects Microsoft's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive, the public disclosure of which would cause injury to Microsoft that cannot be avoided through any more restrictive alternative means:

| Document | Party Seeking to Introduce Exhibit | Information Requested for *In Camera* Treatment | Basis for *In Camera* Treatment Request[1] |
|---|---|---|---|
| Video Clips of PX7053 (Ryan Dep. Tr.) | FTC & Defendants | *In Camera* review of the video clips corresponding to the following transcript cites (page:line):<br><br>42:12-18<br>43:12-18<br>45:5-15<br>45:23-46:1<br>47:9-18<br>59:9-13<br>61:2-63:8<br>63:25-64:5, 64:11-13<br>66:1-5, 17-25<br>67:1-6<br>70:13-23<br>101:8-9 | This deposition excerpt contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |

---

[1] Legitimate private interests warrant *in camera* treatment of Microsoft information in this chart, and the unsealing of the information would result in injury to Microsoft that cannot be avoided through any less restrictive alternative to sealing the courtroom.

# ARGUMENT

## I. *In Camera* Treatment of the Exhibits Is Warranted Under Ninth Circuit Precedent as They Contain Microsoft's Confidential Business Information

The above-mentioned exhibits contain competitively sensitive business information and warrant *in camera* treatment at the evidentiary hearing. In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen.*

*Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors.  *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Here, Microsoft seeks *in camera* treatment of only the exhibits on the FTC Supplement that reference and reflect, among other things, confidential, proprietary information relating to internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, and assessment of the competitive landscape.  The disclosure of this information could be used to injure Microsoft if made publicly available.

## II.   *In Camera* Treatment of the Exhibits Is Necessary to Protect Microsoft's Confidential and Proprietary Business Information

Microsoft seeks *in camera* treatment of the above-mentioned exhibits, which contain Microsoft's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery.  Examples of such confidential information include, but are not limited to, Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, and assessment of the competitive landscape.  Disclosure of this information would provide Microsoft's competitors with private data about Microsoft's performance and business strategy, which could harm Microsoft's competitive standing.  *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).  Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft that cannot be avoided through less restrictive alternatives.

Finally, Microsoft provided the FTC with confidential business information from the above-mentioned exhibits pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act.  *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information

submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III. Conclusion

As stated above, compelling reasons justify Microsoft's request for *in camera* treatment of the confidential business information contained in the above-mentioned exhibits. Microsoft therefore respectfully requests that the Court grant this Motion. Redacted and unredacted versions of the Exhibits warranting *in camera* treatment are forthcoming. In accordance with Civil Local Rule 7-11, Microsoft has also filed a Proposed Order herewith.

Dated: June 23, 2023    Respectfully submitted,

By: /s/ Beth Wilkinson
Beth Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Grace Hill (*pro hac vice*)
Anastasia Pastan (*pro hac vice*)
Sarah Neuman (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

Bambo Obaro (Bar No. 267683)
Weil, Gotshal and Manges
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3083
Facsimile: (650) 802-3100
bambo.obaro@weil.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michael Moiseyev (*pro hac vice*)
Megan A. Granger (*pro hac vice*)
WEIL, GOTSHAL &MANGES LLP
2001 M Street, NW
Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
michael.moiseyev@weil.com
megan.granger@weil.com

*Counsel for Defendant Microsoft Corp.*