QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ognjen Zivojnovic (Bar No. 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700
Michael D. Bonanno (*pro hac vice* pending)
mikebonanno@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:     (202) 538-8000
Facsimile:     (202) 538-8100

*Attorneys for NVIDIA Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 3:23-cv-2880 |
| Plaintiff, | **NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING THE DIRECT TESTIMONY OF ROBIN S. LEE, PHD** |
| vs. | |
| MICROSOFT CORP. | The Honorable Jacqueline Scott Corley |
| and | |
| ACTIVISION BLIZZARD, INC., | |
| Defendants. | |

Non-party NVIDIA Corporation ("NVIDIA") produced materials during the course of Plaintiff the Federal Trade Commission's ("FTC") investigation of Defendant Microsoft Corporation's ("Microsoft") proposed acquisition of Defendant Activision Blizzard, Inc. ("Activision"), in response to a Civil Investigative Demand, and designated it as confidential pursuant to Section 21 of the FTC Act, 15 U.S.C. § 57b-2. NVIDIA produced other information during the course of discovery in *In the matter of Microsoft Corp. and Activision, Blizzard, Inc.*, before the FTC Office of Administrative Law Judges, Docket No. 9412, and designated the information as confidential pursuant to the Protective Order Governing Confidential Material, entered by the Administrative Law Judge on December 9, 2022.

On June 25, 2023, the FTC notified NVIDIA's counsel that, on June 26, 2023, it intends to file the written direct testimony of Robin S. Lee, PhD (the "Lee Testimony").[1] The Lee Testimony describes confidential information—namely, portions of a declaration and deposition transcript of an NVIDIA executive taken during the FTC's investigation (PX8000 and PX7060)—that is the topic of NVIDIA's previously filed statement in support of sealing portions of evidentiary hearing exhibits (ECF 161 at 3–4) and accompanying declaration (ECF 161-1).

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Court's June 14 Order (ECF 76), NVIDIA respectfully asks the Court to seal discrete portions of the Lee Testimony and seal the courtroom for presentations of these portions of testimony during the evidentiary hearing on the FTC's preliminary injunction motion. NVIDIA has narrowly tailored its sealing requests, as it seeks to keep under seal only the most competitively sensitive information, the disclosure of which would harm NVIDIA and allow its current and potential competitors to gain an unfair advantage.

Materials submitted in support of non-dispositive motions may be sealed for "good cause." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). A request for a preliminary injunction is typically a non-dispositive motion, meaning the less stringent "good

---

[1] The FTC requested that NVIDIA file its statement in support of sealing regarding the Lee Testimony in advance of the FTC's filing of the Lee Testimony. Because the FTC has not yet filed the Lee Testimony, NVIDIA is unable to refer to its ECF number in this filing.

1  cause" standard applies.  *See In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854,

2  at *4 (N.D. Cal. Feb. 20, 2007) ("[A] preliminary injunction motion is not dispositive.").  NVIDIA

3  satisfies even the more stringent "compelling reasons" standard and, therefore, its confidential

4  information should remain under seal.

5      Both standards are met for competitively sensitive information, the public disclosure of

6  which would harm a company's competitive standing.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

7  589, 598 (1978); *see also Jones v. PGA Tour, Inc.*, 2023 WL 3594058, at *2 (N.D. Cal. May 22,

8  2023) ("Courts in this Circuit have held that confidential business information in the form of 'license

9  agreements, financial terms, details of confidential licensing negotiations, and business strategies'

10  satisfies the 'compelling reasons' standard" and thus such information is also "sealable under the

11  'less exacting' good cause standard."); *FTC v. Qualcomm Inc*., 2019 WL 95922, at *3 (N.D. Cal.

12  Jan. 3, 2019) (finding compelling reasons to seal information that "divulges terms of confidential

13  contracts, contract negotiations, or trade secrets" and thus, if disclosed, "may harm [the defendant's]

14  or third parties' competitive standing"); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2018 WL 2010622,

15  at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "financial information," "internal development

16  strategies," and "customer information"); *Juicero, Inc. v. iTaste Co.*, 2017 WL 8294276, at *2 (N.D.

17  Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Rodman v. Safeway

18  Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "pricing strategy"

19  and "business decisionmaking").

20      District courts are particularly careful to safeguard sensitive business information produced

21  by third parties, such as NVIDIA, recognizing "the [sealing] standard is more lenient when the

22  information concerns third parties."  *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D.

23  Cal. Apr. 30, 2021) (finding "compelling reasons" to seal "highly confidential information including

24  pricing strategy, business decision-making, and financial records, belonging to NVIDIA, a third-

25  party non-party to this action"); *United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D.

26  Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would

27  "chill investigations in the future where third party documents are essential").

28      For the reasons set forth in the accompanying Declaration of Michael Bonanno ("Decl."),

1  NVIDIA respectfully asks the Court to keep under seal the sensitive business information in the

2  following table.

| Document | Portions to Be Sealed | Basis for Sealing |
|---|---|---|
| Direct Testimony of Robin S. Lee, PhD. | Footnote 158. | Footnote 158 describes a portion of a declaration submitted by an NVIDIA executive during the FTC's investigation. Decl. ¶ 3 (citing ECF 161-1 ¶ 16). The declaration describes sensitive business information concerning NVIDIA's cloud gaming business, including NVIDIA's negotiations with a potential business partner. *Id.* (citing ECF 161-1 ¶ 16). NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business decision-making, thereby competitively disadvantaging NVIDIA in the marketplace. *Id.* ¶¶ 5-6 (citing ECF 161-1 ¶¶ 31–32). |
| Direct Testimony of Robin S. Lee, PhD. | Portion of Paragraph 205 and accompanying Footnote 169. | This portion of Paragraph 205 and Footnote 169 describe a portion of deposition testimony of the same NVIDIA executive taken during the FTC's investigation. Decl. ¶ 4 (citing ECF 161-1 ¶ 15). The deposition testimony describes sensitive business information concerning NVIDIA's cloud gaming business. *Id.* ¶ 4 (citing ECF 161-1 ¶ 15). NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business decision-making, thereby competitively disadvantaging NVIDIA in the marketplace. *Id.* ¶¶ 5-6 (citing ECF 161-1 ¶¶ 31–32). |

17  Disclosure of the commercially sensitive information identified above would harm to

18  NVIDIA's commercial interests.  Decl. ¶ 6 (citing ECF 161-1 ¶ 32).  NVIDIA does not share this

19  information publicly, *id.* ¶ 5 (citing ECF 161-1 ¶ 31), and if it were made public, NVIDIA's

20  competitors would gain access to confidential information concerning NVIDIA's strategy for its

21  cloud gaming business, which could harm NVIDIA's competitive standing, *see, e.g.*, *In re*

22  *Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted to prevent

23  competitors from "gaining insight into the parties' business model and strategy"); *Philips v. Ford*

24  *Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) ("[N]eed to avoid competitive

25  disadvantage in contract negotiations and undercutting by competitors is a compelling reason that

26  justifies sealing").

27  NVIDIA has narrowly tailored its sealing request in order to maximize the public's access

28  to court proceedings without jeopardizing NVIDIA's business interests.  A less restrictive

1   alternative would not be sufficient because NVIDIA has limited its sealing requests to only the

2   portion of one paragraph and two footnotes of the Lee Testimony that reflect NVIDIA's proprietary

3   and confidential business information.

4        For the foregoing reasons, NVIDIA respectfully requests that the Court seal the portions of

5   the materials identified in the table above and to seal the courtroom for the presentation of these

6   portions of testimony during the evidentiary hearing on the FTC's preliminary injunction motion.

7   DATED:  June 26, 2023         QUINN EMANUEL URQUHART &
                     SULLIVAN, LLP

8

9

10            By  */s/ Ognjen Zivojnovic*

11               Ognjen Zivojnovic
             Michael D. Bonanno (*pro hac vice* pending)

12               *Attorneys for NVIDIA Corporation*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING THE DIRECT TESTIMONY
OF ROBIN S. LEE, PHD

## CERTIFICATE OF SERVICE

I, Ognjen Zivojnovic, hereby certify that on June 26, 2023, the foregoing **NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING THE DIRECT TESTIMONY OF ROBIN S. LEE, PHD** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

DATED: June 26, 2023

By  _/s/ Ognjen Zivojnovic_
Ognjen Zivojnovic

NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING THE DIRECT TESTIMONY
OF ROBIN S. LEE, PHD