VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Leonard L. Gordon (*pro hac vice*)
llgordon@Venable.com
Benjamin P. Argyle (*pro hac vice*)
bpargyle@Venable.com
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone:    212.307.5500
Facsimile:    212.307.5598

Attorney for Non-Party Nintendo of America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**[PROPOSED] ORDER GRANTING NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ANY PORTIONS OF VIDEORECORDED TESTIMONY FROM PX7065 SHOULD BE KEPT UNDER SEAL AND *IN CAMERA*** |

**[PROPOSED] ORDER**

Having considered Nintendo of America Inc.'s Statement Pursuant To Local Rule 79-5(f) As To Why Any Portions Of Videorecorded Testimony From Px7065 Should Be Kept Under Seal And *In Camera*,

The Court ORDERS:

[ ] All portion(s) of the videorecorded testimony transcribed in Plaintiff's exhibit PX7065 shall remain under seal and shall be presented to the Court *in camera* only.

[ ] The portions of the videorecorded testimony transcribed in Plaintiff's exhibit PX7065 identified in the chart below shall remain under seal and shall be presented to the Court *in camera* only.

**(Copied from Nintendo of America Inc.'s Statement Pursuant To Local Rule 79-5(f) As To Why Any Portions Of Videorecorded Testimony From Px7065 Should Be Kept Under Seal And In Camera - Chart D:**
**"PX7065 – ALL DESIGNATIONS COMBINED (FOR REFERENCE)"**

| Category | Transcript Citation(s) |
|---|---|
| Category 1 (Research and Development for Future Business) | (58:7-58:10); (58:17-58:18); (133:19-134:5); (169:23-170:12); (170:13-170:22); (171:14-171:19); (172:24-173:5); (174:21-174:25); (175:3-175:8) |
| Category 2 (Gaming Content Development) | (22:24-23:1); (23:4-23:4); (23:7-23:15); (23:18-23:20); (23:22-24:1); (24:5-24:7); (24:9-24:11); (24:12-24:22); (25:2-25:7); (50:17-50:23); (52:2-52:10); (52:12-52:19); (54:11-54:15); (54:18-54:18); (55:9-55:16); (58:7-58:10); (58:17-58:18); (64:20-64:23); (65:1-65:3); (65:5-65:8); (65:12-65:16); (65:18-65:20); (65:21-65:24); (66:2-66:3); (66:5-66:7); (66:10-66:18); (67:6-67:12); (67:18-67:19); (67:21-67:22); (67:24-67:25); (68:8-68:9); (68:12-68:19); (68:20-68:21); (68:23-69:2); (69:4-69:5); (69:8-69:9); (120:16-120:19); (120:22-120:23); (121:10-121:11); (121:15-121:22); (121:25-122:1); (171:14-171:19); (172:24-173:5); (174:21-174:25); (175:3-175:8); (185:9-186:8); (187:18-188:6); (188:9-188:11); (203:19-203:21); (203:23-204:6); (204:8-204:9); (204:11-204:15); (216:18-216:24); (238:11-238:17); (238:20-239:2); (239:4-239:12); (239:14-239:16) |
| Category 3 (Competitive Approach) | (79:24-79:25); (80:3-80:10); (82:23-83:3); (83:5-83:12); (84:9-84:19); (88:12-88:19); (166:14-166:17) |

2

[PROPOSED] ORDER GRANTING NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ANY PORTIONS OF VIDEORECORDED TESTIMONY FROM PX7065 SHOULD BE KEPT UNDER SEAL AND *IN CAMERA*

Case No. 23-cv-02880-JSC

| | |
|---|---|
| Category 4<br>(Internal Discussions of LOI and Side Letter) | (92:12-92:16); (95:19-95:22); (101:2-101:5); (101:8-101:11); (101:14-101:22); (102:9-102:11); (102:14-102:16); (102:23-102:23); (106:19-106:22); (106:25-106:25); (185:1-185:3); (185:6-185:7); (255:22-256:7) |
| Category 5<br>(Confidential Negotiations with Microsoft regarding LOI and Side Letter) | (95:19-95:22); (96:10-96:16); (105:22-105:25); (106:6-106:8); (106:11-106:12); (106:19-106:22); (106:25-106:25); (107:7-107:8); (107:19-107:24); (119:15-119:23); (120:1-120:6); (120:13-120:15); (123:17-123:22); (124:1-124:6); (126:9-126:12); (126:14-126:17); (128:18-128:21); (130:4-130:7); (132:2-132:4); (132:8-132:8); (133:10-133:12); (133:15-134:10); (134:17-134:21); (134:23-135:1); (135:2-135:2); (135:10-135:14); (136:11-136:14); (137:19-137:22); (138:24-138:25); (139:9-139:10); (140:4-140:10); (142:9-142:12); (142:17-142:18); (143:23-144:14); (150:18-150:19); (150:22-150:24); (150:25-150:25); (151:5-151:6); (151:11-151:21); (151:25-152:6); (152:8-152:8); (152:10-152:11); (155:21-156:1); (156:9-156:13); (156:16-156:18); (158:5-158:12); (160:2-160:5); (160:15-160:21); (162:20-162:23); (164:12-164:22); (165:23-166:4); (166:8-166:17); (167:13-167:17); (167:20-167:22); (168:6-168:8); (168:11-168:17); (168:20-168:20); (168:22-168:22); (169:2-169:13); (185:1-185:3); (185:6-185:7); (185:9-186:8); (187:18-188:6); (188:9-188:11); (203:19-203:21); (203:23-204:6); (204:8-204:9); (204:11-204:15); (237:21-237:25); (238:2-238:2); (238:4-238:9); (238:11-238:17); (238:20-239:2); (239:4-239:12); (239:14-239:16) |
| Category 6<br>(Witness's Understanding of LOI and Side Letter) | (105:22-105:25); (106:6-106:8); (106:11-106:12); (119:20-119:23); (120:1-120:6); (120:13-120:15); (123:17-123:22); (124:1-124:6); (126:9-126:12); (126:14-126:17); (132:2-132:4); (132:8-132:8); (133:10-133:12); (133:15-134:10); (134:17-134:21); (134:23-135:1); (135:2-135:2); (150:18-150:19); (150:22-150:24); (150:25-150:25); (151:5-151:6); (151:11-151:21); (151:25-152:6); (152:8-152:8); (152:10-152:11); (158:5-158:12); (160:2-160:5); (160:15-160:21); (162:20-162:23); (164:12-164:22); (165:23-166:4); (166:8-166:13); (167:13-167:17); (167:20-167:22); (168:6-168:8); (168:11-168:17); (168:20-168:20); (168:22-168:22); (169:2-169:13); (238:4-238:9); (249:19-249:23); (249:25-250:4); (252:16-252:19); (252:22-252:24) |
| Category 7<br>(Confidential Business Information) | (63:3-63:5); (75:23-76:2); (76:3-76:6); (76:8-76:9); (79:1-79:3); (79:5-79:5) |

///

///

**IT IS SO ORDERED.**

Dated: _____

_____
HON. JACQUELINE SCOTT CORLEY
United States District Judge

4

[PROPOSED] ORDER GRANTING NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ANY PORTIONS OF VIDEORECORDED TESTIMONY FROM PX7065 SHOULD BE KEPT UNDER SEAL AND *IN CAMERA*
Case No. 23-cv-02880-JSC