VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Leonard L. Gordon (*pro hac vice*)
llgordon@Venable.com
Benjamin P. Argyle (*pro hac vice*)
bpargyle@Venable.com
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone:    212.307.5500
Facsimile:    212.307.5598

Attorneys for Non-Party Nintendo of America Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | Case No. 23-cv-02880-JSC |
| Plaintiff, | **NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY PX3224 SHOULD REMAIN UNDER SEAL** |
| v. | |
| MICROSOFT CORPORATION, | |
| and | |
| ACTIVISION BLIZZARD, INC., | |
| Defendants. | |

Pursuant to N.D. Cal. Civil Local Rule 79-5, Non-Party Nintendo of America Inc. ("NOA") hereby submits this Statement as to why its confidential information contained in Plaintiff's exhibit PX3224 should be remain under seal (the "Statement").  This Statement is made following the receipt of Plaintiff's email dated June 22, 2023, identifying this additional exhibit for use at the upcoming evidentiary hearing in the action captioned above.

## I.   INTRODUCTION

On June 18, 2023, Plaintiff informed NOA that it was in the process of identifying certain exhibits Plaintiff intended to offer at the evidentiary hearing set to begin June 22, 2023.  (Dkt. No. 76), including certain documents that NOA produced in connection with the Federal Trade Commission's ("FTC") review and subsequent administrative proceeding challenging the proposed acquisition at issue in this proceeding.

Plaintiff further informed NOA that pursuant to the Court's previous order (Dkt. No. 76), the parties were to file a Joint Statement and exhibit list, identifying which exhibits they intended to present at the evidentiary hearing and where on the docket the Court could locate the related N.D. Cal. Civil Local Rule 79-5 statement and/or declarations.  The Joint Statement and the parties' exhibit lists were filed on June 20, 2023 listing numerous NOA exhibits.  (Dkt. No. 129, 132, 138).  NOA filed its Civil L.R. 79-5 Statement regarding those exhibits on June 21, 2023.  (Dkt. No. 168).  Subsequent to those filings, on June 22, 2023, Plaintiff informed NOA that it had identified one additional exhibit it plans to use at the evidentiary hearing (PX3224).

PX3224 was produced to the FTC in connection with the FTC's investigation and then in the still-pending FTC Part 3 administrative proceeding, both regarding Microsoft's Corp.'s ("Microsoft") proposed acquisition of Activision Blizzard, Inc.  NOA was not a target of the FTC's review of the proposed acquisition, nor is NOA a party to the Part 3 administrative proceeding or this federal court action.

The Federal Trade Commission Act broadly governs confidential information submitted pursuant to both FTC investigations and administrative litigation proceedings.  For example, the Act instructs that the Commission "shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is

privileged or confidential." 15 U.S.C.S. § 46(f).[1] For administrative litigation proceedings, the Act designates as privileged and confidential, *inter alia*, trade secrets, commercial and financial information, and competitively sensitive information. 16 C.F.R. § 4.10(g). The Administrative Law Judge ("ALJ") presiding over the proceeding entered a Protective Order Governing Confidential Material on December 9, 2022 "[i]n order to protect the parties and third parties against improper use and disclosure of confidential information." 16 C.F.R. § 3.31(d). (FTC Dkt. No. 9412, Document No. 606385, Dec. 9, 2022).

PX3224 is a sensitive and confidential email that is a continuation of the email thread contained in PX3219, which was addressed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) filed on June 21, 2023. Thus, the factual basis for the confidentiality of PX3224, and the harm that would occur if it is not kept under seal, is discussed in that Declaration at paragraph 9.

## II.     APPLICABLE LEGAL STANDARD

Non-parties receive special deference when issues of confidentiality are considered. See *United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure could "cause damage to third parties if made public" and would "chill investigations in the future where third-party documents are essential").

While the public has a right of access to the Court's files, "[i]n the case of non-dispositive motions . . . the presumption in favor of public access does not apply with equal force." *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Thus, a showing of good cause will suffice to justify sealing material attached to non-dispositive motions." *Id*. Courts have applied the good cause standard when reviewing motions

---

[1]    *See also* 15 U.S.C. § 57b-2 (regarding documents and transcripts of oral testimony received by a federal agency pursuant to compulsory process or investigation, "no documentary material, tangible things, reports or answers to questions, and transcripts of oral testimony shall be available for examination by any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material, things, or transcripts").

1  related to a preliminary injunction.  *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346,
2  at *2 (N.D. Cal. Sept. 17, 2020).

3  Under Rule 26(c), "a trial court has broad discretion to permit sealing of court documents
4  for, among other things, the protection of 'a trade secret or other confidential research,
5  development, or commercial information.'  Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit
6  adopted the definition of "trade secrets" set forth in the Restatement of Torts, finding that '[a]
7  trade secret may consist of any formula, pattern, device or compilation of information which is
8  used in one's business, and which gives him an opportunity to obtain an advantage over
9  competitors who do not know or use it.'"  *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F.
10 Supp. 3d 1111, 1120 (N.D. Cal. 2018) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir.
11 1972)).

12 **III.    ARGUMENT**

13 Good cause exists to file NOA's information under seal because the information consists
14 of NOA's confidential business information, the disclosure of which would cause competitive
15 injury.  Courts have found compelling reasons – a standard *higher* than the one required here – to
16 seal confidential information that could harm a party's competitive standing.  *See Snapkeys, Ltd.*
17 *v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021).

18 PX3224 contains highly confidential communications and negotiations between some of
19 the highest-level executives at NOA and Microsoft.  *See* Dkt. No. 168-2 at ¶ 9.  Disclosure of
20 confidential negotiations between NOA and Microsoft would result in substantial harm to
21 NOA's competitive standing as competitors would undoubtedly seek to leverage such
22 information in potential future negotiations with NOA with the result being that NOA's
23 negotiation position would be compromised.  (*Id.* ¶¶ 4, 9). *See Lenovo (United States) Inc. v.*
24 *IPCom GmbH & Co., KG*, 2022 WL 2313948, at *2 (N.D. Cal. June 28, 2022) (ruling that there
25 are compelling reasons to seal information relating to the specific details and substance of
26 licensing negotiations).

27 Alternatively, NOA seeks at minimum to seal the names and email addresses contained in
28 the emails to protect the privacy of those individuals.  *See Am. Automobile Ass'n of N. Cal., Nev.,*

*& Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *see also Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citations omitted)).

### IV.  CONCLUSION

For the foregoing reasons, Non-Party NOA respectfully request the Court to keep sealed Plaintiff's exhibit marked PX3224.

Dated:  June 26, 2023

VENABLE LLP

By:  /s/ *Steven E. Swaney*
Steven E. Swaney
Leonard L. Gordon (pro hac vice)
Benjamin P. Argyle (pro hac vice)
Attorneys for Non-Party Nintendo of America Inc.