CLEARY GOTTLIEB STEEN & HAMILTON LLP
Zachary Tschida (State Bar No. 344994)
1841 Page Mill Road
Palo Alto, California 94304
Telephone: 650-815-4113
Facsimile: 650-815-4199
ztschida@cgsh.com

Elsbeth Bennett (admitted *pro hac vice*)
Carl Lawrence Malm (admitted *pro hac vice*)
2112 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-974-1500
Facsimile: 202-974-1999
ebennett@cgsh.com
lmalm@cgsh.com

*Counsel for Non-Party Sony Interactive Entertainment LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORP., et al.,<br><br>Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING AND** *IN CAMERA* **TREATMENT**<br><br>The Honorable Jacqueline Scott Corley |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT non-party Sony Interactive Entertainment LLC ("SIE") will, and hereby does, move this Court to seal from public disclosure and permit *in camera* treatment of Plaintiff Federal Trade Commission's ("FTC's") Direct Testimony of Robin S. Lee, PHD, certain exhibits appearing on its Exhibit List, and certain deposition designations by the Parties.

## REQUESTED RELIEF

SIE requests that the Court seal from public disclosure and permit *in camera* treatment of the material identified in the table below.

- 2 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

## I. INTRODUCTION

Non-Party Sony Interactive Entertainment LLC ("SIE") requests that this Court seal from public disclosure and permit *in camera* treatment of limited, highly sensitive business material. SIE understands that the information at issue here may be introduced into evidence in this proceeding.

SIE produced voluminous material in discovery in the underlying Federal Trade Commission proceeding pursuant to a strict protective order that prevented public disclosure. *In the Matter of Microsoft / Activision Blizzard*, FTC Docket No. 9412 ("FTC Action"). This material includes some of SIE's most sensitive business planning, pricing, strategy, and otherwise sensitive information. Good cause exists for sealing and providing *in camera* treatment to protect SIE's legitimate confidentiality interests. In recognition of the public nature of these proceedings, SIE has made a good faith effort to limit its request to the most sensitive material.

## II. BACKGROUND

On June 19, 2023, the Parties provided preliminary notices to SIE identifying the documents produced by SIE in the underlying FTC Action that the Parties may introduce into evidence during the evidentiary hearing in this matter. On June 21, SIE filed a motion requesting sealing and *in camera* treatment for certain documents on the Parties' exhibit lists. (ECF No. 172). On June 21 and 22, the Parties notified SIE that they intended to designate deposition testimony for use at the Hearing. On June 22, SIE filed a motion requesting sealing and *in camera* treatment for certain portions of the designated testimony (ECF No. 195), and the Court ruled on the disputed portions of SIE's motion on June 23. This motion addresses one additional excerpt from the previously noticed deposition designations that SIE inadvertently omitted from its motion requesting sealing and

- 3 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

*in camera* treatment for certain portions of the designated testimony (ECF No. 195) in the extremely compressed timeframe in which SIE had to review.

On June 25, 2023, the FTC provided notice to SIE that it intended to submit a declaration by its expert witness Robin S. Lee, Ph.D. ("Expert Declaration") in lieu of conducting a live direct examination. This motion addresses the material in the Expert Declaration that SIE seeks to protect from public disclosure.

On June 26, 2023, the Parties each notified SIE that they intended to designate additional deposition testimony for use at the Hearing. Defendant Microsoft Corp. further notified SIE that it intended to supplement its exhibit list. This motion addresses the portions of the newly designated testimony and supplemental exhibit that SIE seeks to protective from public disclosure.

The material SIE seeks to product contains competitively sensitive non-public information that would injure SIE if made publicly available. The table below describes the SIE confidential material found in these documents and the specific bases supporting sealing of the information. *See* Civ. L.R. 79-5(c). The proposed treatment noted in the table reflects SIE's good faith effort under expedited circumstances to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. SIE makes this request pursuant to Civil Local Rules 7-11 and 79-5.

- 4 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

| Document | Portion of Document for which *In Camera* Treatment Requested | Description of Confidential Information Requiring *In Camera* Treatment |
|---|---|---|
| Expert Declaration | Footnote 11<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans, as well as analysis of consumer switching behavior. |
| Expert Declaration | Paragraph 26 & Footnote 13<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans, as well as analysis of consumer switching behavior. |
| Expert Declaration | Paragraph 29<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's approach to contract negotiations with third-party partners and discussions of particular contract terms with particular partners. |
| Expert Declaration | Paragraph 30<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's approach to contract negotiations with third-party partners and |

| | | |
|---|---|---|
| | | discussions of particular contract terms with particular partners. |
| Expert Declaration | Paragraph 34 & Footnote 28<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans, as well as analysis of SIE's competitors' products and behavior. |
| Expert Declaration | Paragraph 44<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. |
| Expert Declaration | Paragraph 64 & Footnote 47<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans, as well as analysis of SIE's competitors' products and behavior. |
| Expert Declaration | Paragraph 65 | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product |

| | | |
|---|---|---|
| | | development plans, product roadmaps, or innovation plans, as well as analysis of SIE's competitors' products and behavior. |
| Expert Declaration | Paragraph 71 & Footnote 56<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. |
| Expert Declaration | Footnote 77<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. |
| Expert Declaration | Paragraph 104<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. |

| | | |
|---|---|---|
| Expert Declaration | Paragraph 109<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. |
| Expert Declaration | Paragraph 110<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. |
| Expert Declaration | Paragraph 150 & Footnotes 117-118<br><br>Redactions provided to parties to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans, as well as analysis of SIE's competitors' products and behavior. |
| Expert Declaration | Footnote 133<br><br>Redactions provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or |

- 8 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

| | | |
|---|---|---|
| | | innovation plans, as well as SIE business analysis of competitor behavior and products. |
| PX3110[1] | Redacted copy provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's approach to contract negotiations with third-party partners and discussions of particular contract terms with particular partners.  It further includes non-public information on the nature and scope of SIE's technical collaboration with particular publishers. |
| PX7053[2] | Redactions: Dep. Tr. 37:8-14 115:25-117:17 | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or |

---

[1] SIE previously requested to seal this document in its entirety (ECF No. 172).  The Court requested that SIE re-review this document to determine whether portions of it could be made public.  The Court agreed that the November 11, 2022 email and the attachments could remain redacted in their entirety, but asked that SIE consider the other portions of the document for public disclosure.  After further review, SIE requests that one additional portion of the December 23, 2022 email be redacted because it discloses the terms under confidential negotiation between SIE and Microsoft.

[2] SIE's request for sealing and confidential treatment related to this document supplements its earlier motions for sealing and confidential treatment (ECF Nos. 172 & 195).

- 9 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

| | | |
|---|---|---|
| | 219: 2-4<br><br>219: 7-13<br><br>229:18-20 | innovation plans, as well as analysis of SIE's competitors' products and behavior. |
| PX7054[3] | Redactions: Dep. Tr.<br><br>62:25-63:6<br><br>63:24-64:2 | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans, as well as analysis of SIE's competitors' products and behavior. |
| RX2073 | Redacted copy provided to parties | This material contains non-public and highly sensitive information including, but not limited to, SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans, as well as analysis of SIE's competitors' products and behavior. |

## II. THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION AND PROVIDE FOR *IN CAMERA* TREATMENT

---

[3] SIE's request for sealing and confidential treatment related to this document supplements its earlier motions for sealing and confidential treatment (ECF Nos. 172 & 195). The Parties have since designated additional excerpts for use at the preliminary injunction hearing and the redactions requested here relate to those newly-designated passages.

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question. *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

Non-parties receive special deference when these issues are considered. *See, e.g.*, *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential").

*In camera* review of sealed material is an appropriate means for the Court to protect these important interests. *See United States v. Bazaarvoice, Inc.*, No. 13-cv-

- 11 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

00133-WHO, 2014 WL 203966 (N.D. Cal. Jan. 8, 2014) (citing throughout to exhibits reviewed *in camera* in merger trial).

Here, Non-Party SIE seeks sealing and *in camera* treatment for limited non-public information containing SIE's highly confidential analyses and business strategy information related to its consoles, subscription services, and cloud gaming businesses. *See* Ex. 1 (Decl. of C. Svensson).[4] In particular, SIE seeks to protect:

- Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision;
- Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners;
- Non-public information on the nature and scope of SIE's technical collaboration with particular publishers;
- Non-public information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans; and
- Non-public SIE business analysis regarding competitors' and commercial partners' behavior and products. *See id.* ¶ 3.

---

[4] The Declaration of Christian Svensson was previously submitted at ECF 172-1 in conjunction with Non-Party SIE's Administrative Motion for Sealing and *In Camera* Treatment (ECF 172). The competitively sensitive issues in today's request are the same as those addressed in the Declaration previously submitted, as explained in the chart above, and Mr. Svensson's Declaration is resubmitted here as Exhibit 1.

SIE uses this information to operate its business and shape its future strategy. As explained in the accompanying declaration, if these business secrets were made available to the public, SIE's competitors could use these secrets to inform their own strategies to gain an unfair advantage in competing with SIE. *See id.* ¶¶ 4-8. Business partners could likewise gain an unfair advantage in their relationships with SIE by understanding SIE's strategic objectives, negotiation tactics, and relationships with other business partners. *See id.*. These concerns are particularly severe here, as the information is current, which makes it more valuable to others because it is actionable. *See id.* ¶ 8.

In short, the information should be sealed because disclosure would undermine SIE's business, give competitors and business partners an unfair advantage, and disrupt the future launches of its commercial products. *See* Ex. 1 (Decl. of C. Svensson); *see also Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citation omitted); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

### III. THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN PUBLIC DISCLOSURE

SIE's request for sealing and *in camera* treatment is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less

restrictive means. SIE has proposed redactions over sealing where possible, and has endeavored to propose the narrowest possible redactions in the time permitted. Any public interest in disclosing this information is outweighed by the prejudice that will result to SIE, a non-party, if no protection is granted. *See Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (noting importance of protecting third parties).

## IV.   CONCLUSION

For the foregoing reasons, SIE respectfully requests that the Court grant SIE's motion and seal and review *in camera* the SIE confidential information contained in the materials identified above, in the event that the Parties introduce them at the upcoming hearing.

- 14 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

Dated: June 26, 2023

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Elsbeth Bennett*
Elsbeth Bennett (*pro hac vice*)
Carl Lawrence Malm (*pro hac vice*)
2112 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-974-1500
Facsimile: 202-974-1999
ebennett@cgsh.com
lmalm@cgsh.com

Zachary Tschida (State Bar No. 344994)
1841 Page Mill Road
Palo Alto, California 94304
Telephone: 650-815-4113
Facsimile: 650-815-4199
ztschida@cgsh.com

*Counsel for Non-Party Sony Interactive Entertainment LLC*

- 15 -

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND THIRD ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC