QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ognjen Zivojnovic (Bar No. 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700
Michael D. Bonanno (*pro hac vice* pending)
mikebonanno@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:     (202) 538-8000
Facsimile:      (202) 538-8100

*Attorneys for NVIDIA Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORP.<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | CASE NO. 3:23-cv-2880<br><br>**NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFF'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NOS. 132 & 183)**<br><br>The Honorable Jacqueline Scott Corley |

Non-party NVIDIA Corporation ("NVIDIA") produced materials during the course of Plaintiff the Federal Trade Commission's ("FTC") investigation of Defendant Microsoft Corporation's ("Microsoft") proposed acquisition of Defendant Activision Blizzard, Inc. ("Activision"), in response to a Civil Investigative Demand, and designated it as confidential pursuant to Section 21 of the FTC Act, 15 U.S.C. § 57b-2. NVIDIA produced other information during the course of discovery in *In the matter of Microsoft Corp. and Activision, Blizzard, Inc.*, before the FTC Office of Administrative Law Judges, Docket No. 9412, and designated the information as confidential pursuant to the Protective Order Governing Confidential Material, entered by the Administrative Law Judge on December 9, 2022.

The FTC described this confidential information in its reply in support of its preliminary injunction motion (ECF 132-2) and filed a corresponding administrative motion to consider whether another party's material should be sealed (ECF 132). The parties also stated their intent to use certain of the materials as exhibits in the preliminary injunction hearing and, pursuant to the Court's June 14 Order (ECF 76), NVIDIA filed a statement requesting an order that certain exhibits be submitted under seal and that the courtroom be sealed during their presentation (ECF 161). The FTC has now filed the descriptions of these exhibits (ECF 183-1) and a corresponding administrative motion to consider whether another party's material should be sealed (ECF 183).

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1), NVIDIA respectfully asks the Court to keep under seal discrete portions of the FTC's reply and portions of several of the FTC's exhibit descriptions. NVIDIA has narrowly tailored its sealing requests, as it seeks to keep under seal only confidential employee information, the disclosure of which would infringe on the employees' privacy rights, and the most competitively sensitive information, the disclosure of which would harm NVIDIA and allow its current and potential competitors to gain an unfair advantage.

Materials submitted in support of non-dispositive motions may be sealed for "good cause." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). A request for a preliminary injunction is typically a non-dispositive motion, meaning the less stringent "good cause" standard applies. *See In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20, 2007) ("[A] preliminary injunction motion is not dispositive."). NVIDIA

satisfies even the more stringent "compelling reasons" standard and, therefore, its confidential information should remain under seal.

There are "compelling reasons"—and thus also "good cause"—to seal "non-party employees' names," because the disclosure of such names "would infringe on those individuals' privacy rights." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liability Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016); *see also Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing third parties' names since such information "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records"); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of [former, nonparty employees' identities] would infringe the privacy rights of those two individuals, which constitutes a compelling reason for sealing.").

Both standards are also met for competitively sensitive information, the public disclosure of which would harm a company's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Jones v. PGA Tour, Inc.*, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023) ("Courts in this Circuit have held that confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard" and thus such information is also "sealable under the 'less exacting' good cause standard."); *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal information that "divulges terms of confidential contracts, contract negotiations, or trade secrets" and thus, if disclosed, "may harm [the defendant's] or third parties' competitive standing"); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "financial information," "internal development strategies," and "customer information"); *Juicero, Inc. v. iTaste Co.*, 2017 WL 8294276, at *2 (N.D. Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "pricing strategy" and "business decisionmaking").

District courts are particularly careful to safeguard sensitive information produced by third

parties, such as NVIDIA, recognizing "the [sealing] standard is more lenient when the information concerns third parties." *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "compelling reasons" to seal "highly confidential information including pricing strategy, business decision-making, and financial records, belonging to NVIDIA, a third-party non-party to this action"); *United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential").

For the reasons set forth in the accompanying Declaration of Aashish Patel ("Decl."), NVIDIA respectfully asks the Court to keep under seal the sensitive information in the following table.

| Document | Portions to Be Sealed | Basis for Sealing |
|---|---|---|
| FTC's reply in support of its preliminary injunction motion (ECF 132-2) | The sentence located on Lines 15–18 on Page 11 that is followed by a citation to PX8000-009-010. | This portion of the reply describes sensitive business information concerning NVIDIA's cloud gaming business, including NVIDIA's negotiations with a potential business partner. Decl. ¶ 3. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business decision-making, thereby competitively disadvantaging NVIDIA in the marketplace. *Id.* ¶¶ 9–10. |
| FTC's exhibit list (ECF 183-1) | The names of the three individuals and the NVIDIA email address in PX3113. | PX3113 is an email. Decl. ¶ 4; *see also* June 21 Patel Declaration (ECF 161-1) ("6/21 Decl.") ¶ 9. NVIDIA has asked the Court to seal PX3113 in its entirety. ECF 161 at 3. The description of this exhibit contains the names of three NVIDIA employees as well as an internal NVIDIA email address, Decl. ¶ 4, the public disclosure of which would harm the privacy interests of NVIDIA employees who are not involved in or relevant to this action. |
| FTC's exhibit list | The entire description of PX3117, other than the word "Email." | PX3117 is an email. Decl. ¶ 5; *see also* 6/21 Decl. ¶ 10. NVIDIA has asked the Court to seal PX3117 in its entirety. ECF 161 at 3. The description of this exhibit contains the names of three NVIDIA employees as well as an internal NVIDIA email address, Decl. ¶ 5, the public disclosure of which would harm the privacy interests of NVIDIA employees who are not involved in or relevant to this action. The description of the email subject line also reflects competitively sensitive information about NVIDIA's business negotiations and strategy regarding a particular game. *Id.* NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business decision-making, thereby competitively disadvantaging NVIDIA in the marketplace. *Id.* ¶¶ 9–10. |

| Document | Portions to Be Sealed | Basis for Sealing |
|---|---|---|
| FTC's exhibit list | The names of the three individuals and the NVIDIA email address in PX3123. | PX3123 is an email. Decl. ¶ 6; *see also* 6/21 Decl. ¶ 11. NVIDIA has asked the Court to seal PX3123 in its entirety. ECF 161 at 3. The description of this exhibit contains the names of three NVIDIA employees as well as an internal NVIDIA email address, Decl. ¶ 6, the public disclosure of which would harm the privacy interests of NVIDIA employees who are not involved in or relevant to this action. |
| FTC's exhibit list | The names of the three individuals in PX3153. | PX3153 is an email. Decl. ¶ 7; *see also* 6/21 Decl. ¶ 13. NVIDIA has asked the Court to seal PX3153 in its entirety. ECF 161 at 3. The description of this exhibit contains the names of three NVIDIA employees, Decl. ¶ 7, the public disclosure of which would harm the privacy interests of NVIDIA employees who are not involved in or relevant to this action. |
| FTC's exhibit list | The names of the two individuals in the description of PX3157. | PX3157 is an email. Decl. ¶ 8; *see also* 6/21 Decl. ¶ 3. NVIDIA has asked the Court to seal PX3157 in its entirety. ECF 161 at 2. The description of this exhibit contains the names of two NVIDIA employees, Decl. ¶ 8, the public disclosure of which would harm the privacy interests of NVIDIA employees who are not involved in or relevant to this action. |

The names of NVIDIA's employees identified above are "irrelevant," disclosure of these names would harm the individuals' privacy interests, and there is "minimal public interest in this information; the public can still access [the FTC's] allegations regarding [NVIDIA's] involvement." *In re Volkswagen*, 2016 WL 11807130, at *2. Further, disclosure of the commercially sensitive information identified above would harm to NVIDIA's commercial interests. Decl. ¶ 10. NVIDIA does not share this information publicly, *id.* ¶ 9, and if it were made public, NVIDIA's competitors would gain access to confidential information concerning NVIDIA's strategy for its cloud gaming business, which could harm NVIDIA's competitive standing, *see, e.g.*, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) ("[N]eed to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing").

NVIDIA has narrowly tailored its sealing request in order to maximize the public's access to court proceedings without jeopardizing NVIDIA's employees' privacy interests and NVIDIA's business interests. A less restrictive alternative would not be sufficient because NVIDIA has limited its sealing requests to only one sentence of the FTC's reply and portions of specific exhibit

descriptions that reflect NVIDIA's employees' names and NVIDIA's proprietary and confidential business information.

For the foregoing reasons, NVIDIA respectfully requests that the Court keep under seal the portions of the materials identified in the table above.

DATED:  June 27, 2023          QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP


                               By  /s/ Ognjen Zivojnovic
                                   Ognjen Zivojnovic
                                   Michael D. Bonanno (*pro hac vice* pending)

                                   *Attorneys for NVIDIA Corporation*

**CERTIFICATE OF SERVICE**

I, Ognjen Zivojnovic, hereby certify that on June 27, 2023, the foregoing **NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFF'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NOS. 132 & 183)** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

DATED: June 27, 2023

By  */s/ Ognjen Zivojnovic*
Ognjen Zivojnovic