CLEARY GOTTLIEB STEEN & HAMILTON LLP
Zachary Tschida (State Bar No. 344994)
1841 Page Mill Road
Palo Alto, California 94304
Telephone: 650-815-4113
Facsimile: 650-815-4199
ztschida@cgsh.com

Elsbeth Bennett (admitted *pro hac vice*)
Carl Lawrence Malm (admitted *pro hac vice*)
2112 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-974-1500
Facsimile: 202-974-1999
ebennett@cgsh.com
lmalm@cgsh.com

*Counsel for Non-Party Sony Interactive Entertainment LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-cv-02880-JSC |
| Plaintiff, | |
| v. | **NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S NOTICE OF MOTION AND FOURTH ADMINISTRATIVE MOTION FOR SEALING AND *IN CAMERA* TREATMENT** |
| MICROSOFT CORP., et al., | |
| Defendants. | |
| | The Honorable Jacqueline Scott Corley |

- 1 -

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT non-party Sony Interactive Entertainment LLC ("SIE") will, and hereby does, move this Court to seal from public disclosure and permit *in camera* treatment of an exhibit that appears on Defendants' exhibit list.

**REQUESTED RELIEF**

SIE requests that the Court seal from public disclosure and permit *in camera* treatment of the exhibit identified in the table below.

- 2 -

1  **I.      INTRODUCTION**

2          Non-Party Sony Interactive Entertainment LLC ("SIE") requests that this

3  Court seal from public disclosure and permit *in camera* treatment of limited, highly

4  sensitive business material.  This sensitive material appears in a document on

5  Defendants' exhibit list and was introduced into evidence earlier today at the June

6  27 hearing.

7          SIE produced voluminous material in discovery in the underlying Federal

8  Trade Commission proceeding in reliance on a strict protective order that prevented

9  public disclosure.  *In the Matter of Microsoft / Activision Blizzard*, FTC Docket No.

10  9412 ("FTC Action").  This material includes some of SIE's most sensitive

11  business planning, pricing, strategy, and otherwise sensitive documents.  Good

12  cause exists for sealing and providing *in camera* treatment to protect SIE's

13  legitimate confidentiality interests.  In recognition of the public nature of these

14  proceedings, Non-Party SIE has made a good faith effort to limit its request to the

15  most sensitive material.

16  **II.     BACKGROUND**

17          On June 19, 2023, the Parties provided preliminary notices to SIE identifying

18  the documents produced by SIE in the underlying FTC Action that the Parties may

19  introduce into evidence during the evidentiary hearing in this matter.  As relevant to

20  the present motion, Defendants' preliminary notice listed Exhibit RX0070 with

21  beginning Bates number SIE-MSFT-10744729 and ending Bates number SIE-

22  MSFT-10744729.  On June 21, SIE filed a motion requesting sealing and *in camera*

23  treatment for certain documents on the Parties' exhibit lists.  (ECF No. 172).  This

24  motion did not request sealing for the RX0070 identified in Defendants'

25  preliminary notice, defined as a one-page document bearing Bates number SIE-

26  MSFT-10744729.  It became apparent, however, after receiving the Parties'

27

28

NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S
NOTICE OF MOTION AND FOURTH ADMINISTRATIVE MOTION FOR SEALING
AND *IN CAMERA* TREATMENT
3:23-CV-02880-JSC

proposed video deposition testimony of Jim Ryan on June 26, 2023 and June 27, 2023 that they had intended to include additional pages as part of RX0070. Specifically, the proposed video included a screenshot from a page of RX0070 not included in the one page previously identified.  In addition, Defendants filed their Amended Statement of Witnesses and Evidence for June 27, 2023, which lists RX0070 (ECF No. 231).  On June 27, after being alerted to the difference between the exhibit list and what apparently had been intended, Microsoft's counsel agreed that the additional pages would not be shown in the public video at the Hearing. SIE accordingly files this motion to maintain confidentiality over those additional pages.

The material SIE seeks to protect contains competitively sensitive nonpublic information that would injure SIE if made publicly available. The table below describes the SIE confidential material found in this document and the specific bases supporting sealing of the information. *See* Civ. L.R. 79-5(c). The proposed treatment noted in the table reflects SIE's good faith effort under expedited circumstances to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. SIE makes this request pursuant to Civil Local Rules 7-11 and 79-5.

| Document | Information Requested for *In Camera* Treatment | Description of Confidential Information Requiring *In Camera* Treatment |
|---|---|---|
| **Plaintiff's Exhibit List** | | |
| RX0070 | Redacted Version Provided to Parties | This exhibit contains non-public and highly sensitive information including, but not limited to, information about SIE's approach to contract negotiations with third party partners and discussions of particular contract |

- 4 -

| | | terms with particular partners; information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans; and business analysis regarding competitors' and commercial partners' behavior and products. |
|---|---|---|

## II.    THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION AND PROVIDE FOR *IN CAMERA* TREATMENT

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).  Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).  Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question.  *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

- 5 -

1    Non-parties receive special deference when these issues are considered. *See,*
2    *e.g.*, *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL
3    11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial
4    exhibits, noting that disclosure would "chill investigations in the future where third
5    party documents are essential").

6    *In camera* review of sealed documents is an appropriate means for the Court
7    to protect these important interests. *See United States v. Bazaarvoice, Inc.*, No. 13-
8    cv-00133-WHO, 2014 WL 203966 (N.D. Cal. Jan. 8, 2014) (citing throughout to
9    exhibits reviewed *in camera* in merger trial).

10   Here, Non-Party SIE seeks sealing and *in camera* treatment for limited non-
11   public information containing SIE's highly confidential analyses and business
12   strategy information related to its consoles, subscription services, and cloud gaming
13   businesses. *See* Ex. 1 (Decl. of C. Svensson).[1]  In particular, the information that SIE
14   seeks to protect includes:

- Non-public information about SIE's approach to contract negotiations with
  third party partners and discussions of particular contract terms with
  particular partners;
- Non-public information about SIE's business strategies, competitive business
  plans, future investment plans, console and product development plans,
  product roadmaps, innovation plans; and
- Non-public SIE business analysis regarding competitors' and commercial
  partners' behavior and products. *See id.* ¶ 3.

---

[1] The Declaration of Christian Svensson was previously submitted at ECF 172-1 in conjunction with Non-Party SIE's Administrative Motion for Sealing and *In Camera* Treatment (ECF 172). The competitively sensitive issues in today's request are the same as those addressed in the Declaration previously submitted, as explained in the chart above, and Mr. Svensson's Declaration is resubmitted here as Exhibit 1.

1    SIE uses this information to operate its business and shape its future strategy.

2    As explained in the accompanying declaration, if these business secrets were made

3    available to the public, SIE's competitors could use these secrets to inform their own

4    strategies to gain an unfair advantage in competing with SIE. *See id.* ¶¶ 4-8.  Business

5    partners could likewise gain an unfair advantage in their relationships with SIE by

6    understanding SIE's strategic objectives, negotiation tactics, and relationships with

7    other business partners. *See id.*

8    In short, the information should be sealed because disclosure would undermine

9    SIE's business, give competitors and business partners an unfair advantage, and

10   disrupt the future launches of its commercial products.  *See* Ex. 1.; *see also*

11   *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL

12   6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential

13   business information when it "prevent[ed] competitors from gaining insight into the

14   parties' business model and strategy") (citation omitted); *Bauer Bros. LLC v. Nike,*

15   *Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012)

16   (concluding that "public disclosure of Nike's confidential business

17   materials . . . could result in improper use by business competitors seeking to

18   replicate Nike's business practices and circumvent the considerable time and

19   resources necessary in product and marketing development").

20   ## III.  THE COMPELLING REASONS TO SEAL OUTWEIGH ANY

21   PUBLIC INTEREST IN PUBLIC DISCLOSURE

22   SIE's request for sealing and *in camera* treatment is the result of its good faith

23   effort to seek the sealing only of information that is confidential, commercially or

24   competitively-sensitive, and cannot be protected from public disclosure through less

25   restrictive means.  SIE has proposed redactions over sealing where possible, and has

26   endeavored to propose the narrowest possible redactions in the time permitted.  Any

27   - 7 -

28

1  public interest in disclosing this information is outweighed by the prejudice that will

2  result to SIE, a non-party, if no protection is granted.  *See Bazaarvoice, Inc.*, 2014

3  WL 11297188, at \*1 (noting importance of protecting third parties).

4  **IV.    CONCLUSION**

5         For the foregoing reasons, SIE respectfully requests that the Court grant

6  SIE's motion and seal and review *in camera* the SIE confidential information

7  contained in the exhibit identified above.

8

9

   Dated:         June 27, 2023

10

11                                    Respectfully submitted,

12                                    CLEARY GOTTLIEB STEEN &
                                      HAMILTON LLP

13                                    */s/ Elsbeth Bennett*
                                      Elsbeth Bennett (*pro hac vice*)
14                                    Carl Lawrence Malm (*pro hac vice*)
                                      2112 Pennsylvania Ave. NW
15                                    Washington, DC 20037
                                      Telephone: 202-974-1500
16                                    Facsimile: 202-974-1999
                                      ebennett@cgsh.com
17                                    lmalm@cgsh.com

18                                    Zachary Tschida (State Bar No.
                                      344994)
19                                    1841 Page Mill Road
                                      Palo Alto, California 94304
20                                    Telephone: 650-815-4113
                                      Facsimile: 650-815-4199
21                                    ztschida@cgsh.com

22

23                                    *Counsel for Non-Party Sony Interactive
                                      Entertainment LLC*
24

25

26

27                                    - 8 -