Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORP.,<br>and<br>ACTIVISION BLIZZARD, INC.<br><br>    Defendants. | CASE NO. 3:23-cv-02880-JSC<br><br>**DEFENDANT ACTIVISION BLIZZARD, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Civil L.R. 79-5(f)) [ECF NOS. 128, 183, 200, and 213]**<br><br>Judge: Honorable Jacqueline S. Corley |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Activision Blizzard, Inc. ("Activision") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's (hereinafter "FTC" or "Plaintiff") Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed (the "Administrative Motions") (ECF Nos. 128, 183, 200, 213).  For the reasons described below and in the Declaration of Page Robinson (the "Robinson Decl.") attached hereto, Activision respectfully requests that the Court consider this submission, which narrows the information that would be maintained under seal within the FTC's Exhibit Lists (ECF Nos. 128-2, 183-1, 200-1, 213-1) ("Exhibit Lists").[1]

The proposed sealing in the chart below reflects Activision's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Activision that cannot be avoided through any less restrictive alternative means.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Exhibit Lists | PX2133 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure |

---

[1] This Statement addresses the FTC's exhibit list descriptions in ECF Nos. 128, 183, 200, and 213. Activision has filed Administrative Motions Seeking In Camera Treatment of the FTC's underlying exhibits at ECF Nos. 173, 197, 205, and 230 and has also filed a joint omnibus motion addressing admitted exhibits at ECF No. 233, as directed by the Court. *See* June 26, 2023 Trial Tr. 489:22-490:9.

-1-

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | Activision if made publicly available. |
| Exhibit Lists | PX2157 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2159 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Exhibit Lists | PX2167 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2186 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2189 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2199 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2265 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Exhibit Lists | PX2285 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2391 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2392 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2410 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2415 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Exhibit Lists | PX2419 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Exhibit Lists | PX2421 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |

## **ARGUMENT**

**I.     Sealing Activision's Confidential Business Information Contained in the Exhibit Lists Is Warranted Under Ninth Circuit Precedent**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must

'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Activision seeks to seal narrowly tailored excerpts of the Exhibit Lists which reference and reflect, among other things, confidential, proprietary information relating to Activision's internal decision-making processes, strategic evaluation of forward-looking opportunities, business partnerships, and internal business strategy. The disclosure of this information could be used to injure Activision if made publicly available.

## II. Sealing the Exhibit Lists Is Necessary to Protect Activision's Confidential and Proprietary Business Information

Activision seeks to maintain under seal portions of the Exhibit Lists, as they contain Activision's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Robinson Decl. ¶¶ 4–6. Examples of such confidential information include, but are not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, business partnerships, and internal business strategy. *Id.* ¶¶ 4. Activision takes robust measures to maintain the confidentiality of all the above-described information and does not disclose it publicly. *Id.* ¶ 6. Disclosure of this information would provide Activision's competitors with private information about Activision's performance and internal business strategy, which could harm Activision's competitive standing. *Id.* ¶ 6; *see Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Activision that cannot be avoided through less restrictive alternatives. *See* Robinson Decl. ¶ 5.

Finally, Activision provided the FTC with the confidential business information cited in the Exhibit Lists pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *Id.* ¶ 7; *see also* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

## III. Conclusion

As stated above, compelling reasons justify sealing Activision's confidential business information contained within the Exhibit Lists, and Activision respectfully requests that this Court

1  grant the FTC's Motions to Seal (ECF Nos. 128, 183, 200, 213), consistent with the specific

2  recitations stated herein.  In accordance with Civil Local Rule 7-11, Activision has also filed a

3  Proposed Order herewith.

4

5  DATED: June 27, 2023                    By: /s/ *Caroline Van Ness*

6                                          Jack DiCanio (SBN 138782)
                                            Caroline Van Ness (SBN 281675)
7                                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
8                                           525 University Avenue
                                            Palo Alto, California 94301
9                                           Telephone: (650) 470-4500
                                            Facsimile: (213) 621-5430
10                                          Email: jack.dicanio@skadden.com
                                            Email: caroline.vanness@skadden.com
11
                                            Steven C. Sunshine (*pro hac vice*)
12                                          Julia K. York (*pro hac vice*)
                                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
13                                          1440 New York Avenue, N.W.
14                                          Washington, DC 20005-2111
                                            Telephone: (202) 371-7000
15                                          Facsimile: (202) 393-5760
                                            Email: steven.sunshine@skadden.com
16                                          Email: julia.york@skadden.com

17                                          Michael J. Sheerin (*pro hac vice*)
                                            Evan R. Kreiner (*pro hac vice*)
18                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
19                                          1 Manhattan West
                                            New York, NY 10001
20                                          Telephone: (212) 735-3000
                                            Fax: (212) 735-2000
21                                          Email: michael.sheerin@skadden.com
                                            Email: evan.kreiner@skadden.com
22
                                            *Counsel for Defendant Activision Blizzard, Inc.*
23

24

25

26

27

28