Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Grace Hill (*pro hac vice*)
James Rosenthal (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Sarah Neuman (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com

Bambo Obaro
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083
bambo.obaro@weil.com

*Counsel for Microsoft Corporation*

[Additional Counsel Identified on Signature Page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-cv-02880-JSC |
| Plaintiff, | **ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DECLARATION OF AMY HOOD** |
| v. | |
| MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC., | Dept.:     Courtroom 8—19th Floor |
| | Judge:    Honorable Jacqueline S. Corley |
| Defendants. | |

1    Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant Microsoft Corporation ("Microsoft")
2    respectfully moves this Court for an order sealing portions of the Declaration of Amy Hood (hereafter,
3    "Hood Declaration").
4    Below, Microsoft has identified highly confidential material found in the deposition excerpts,
5    along with the specific bases for sealing required under Local Rule 79-5.  The proposed sealing reflects
6    Microsoft's good-faith efforts to narrowly seek sealing of only that information which is competitively
7    sensitive, the public disclosure of which would cause injury to Microsoft that cannot be avoided through
8    any more restrictive alternative means:

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| Hood Declaration | Page 3, portion of footnote 3 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Hood Declaration | Page 4, portion of paragraph 9 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Hood Declaration | Page 4, portion of footnote 4 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, assessment of the competitive landscape, and internal discussions of business strategy, which could be used to injure Microsoft if made publicly available. |

---

[1] Legitimate private interests warrant sealing of the Microsoft information in this chart, and the unsealing of the information would result in injury to Microsoft that cannot be avoided through any less restrictive alternatives.

ADMIN MOTION TO SEAL                                    CASE NO. 3:23-CV-02880-JSC

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| Hood Declaration | Page 4, portion of footnote 5 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and internal discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| Hood Declaration | Page 5, portion of paragraph 11 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Hood Declaration | Page 6, portion of paragraph 14 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Hood Declaration | Page 7, portion of paragraph 17 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal revenue figures and projections, which could be used to injure Microsoft if made publicly available. |
| Hood Declaration | Page 8, portion of footnote 17 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. |

## ARGUMENT

I.    **Sealing Portions of the Hood Declaration Is Warranted Under Ninth Circuit Precedent as It Contains Microsoft's Confidential Business Information**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Microsoft seeks to seal narrowly tailored excerpts of the Hood Declaration

that reference and reflect, among other things, confidential, proprietary information relating to Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy.  The disclosure of this information could be used to injure Microsoft if made publicly available.

## II.     Sealing Portions of the Hood Declaration Is Necessary to Protect Microsoft's Confidential and Proprietary Business Information

Microsoft seeks to maintain under seal portions of the Hood Declaration, as they contain Microsoft's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery.  Examples of such confidential information include, but are not limited to, Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy.  Disclosure of this information would provide Microsoft's competitors with private data about Microsoft's performance and business strategy, which could harm Microsoft's competitive standing.  *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).  Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft that cannot be avoided through less restrictive alternatives.

Finally, Microsoft provided the FTC with the confidential business information cited in the Hood Declaration pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act.  *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested

1    sealing covers only confidential information and is, according to the FTC, required by regulation.").

2    **III.    Conclusion**

3           As stated above, compelling reasons justify Microsoft's request for sealing the confidential

4    business information contained in the Hood Declaration.  Microsoft respectfully requests that this Court

5    grant its Motion to Seal the confidential portions of the Hood Declaration as identified herein.   In

6    accordance with Civil Local Rule 7-11, Microsoft has also filed a Proposed Order herewith.

7

8    Dated: June 28, 2023                                      Respectfully submitted,

9

10   By: */s/ Caroline Van Ness*                      By: */s/ Beth Wilkinson*
     Caroline Van Ness (SBN 281675)                      Beth Wilkinson (*pro hac vice*)
11   **SKADDEN, ARPS, SLATE, MEAGHER &**                  Rakesh N. Kilaru (*pro hac vice*)
     **FLOM LLP**                                         Kieran Gostin (*pro hac vice*)
12   525 University Avenue                                Grace Hill (*pro hac vice*)
     Palo Alto, California 94301                          James Rosenthal (pro hac vice)
13   Telephone: (650) 470-4500                            Anastasia M. Pastan (*pro hac vice*)
     Facsimile: (213) 621-5430                            Sarah Neuman (pro hac vice)
14   caroline.vanness@skadden.com                         Jenna Pavelec (*pro hac vice*)
                                                          Alysha Bohanon (*pro hac vice*)
15   Steven C. Sunshine (*pro hac vice*)                  **WILKINSON STEKLOFF LLP**
     Julia K. York (*pro hac vice*)                       2001 M Street, N.W., 10th Floor
16   **SKADDEN, ARPS, SLATE, MEAGHER &**                  Washington, D.C. 20036
     **FLOM LLP**                                         Telephone: (202) 847-4000
17   1440 New York Avenue, N.W.                           Facsimile: (202) 847-4005
     Washington, DC 20005-2111                            bwilkinson@wilkinsonstekloff.com
18   Telephone: (202) 371-7000                            rkilaru@wilkinsonstekloff.com
     Facsimile: (202) 393-5760                            kgostin@wilkinsonstekloff.com
19   steven.sunshine@skadden.com                          ghill@wilkinsonstekloff.com
     julia.york@skadden.com                               jrosenthal@wilkinsonstekloff.com
20                                                        apastan@wilkinsonstekloff.com
     Michael J. Sheerin (*pro hac vice*)                  sneuman@wilkinsonstekloff.com
21   Evan R. Kreiner (*pro hac vice*)                     jpavelec@wilkinsonstekloff.com
     **SKADDEN, ARPS, SLATE, MEAGHER &**                  abohanon@wilkinsonstekloff.com
22   **FLOM LLP**
     1 Manhattan West                                     Bambo Obaro (SBN 267683)
23   New York, NY 10001                                   **WEIL, GOTSHAL & MANGES LLP**
     Telephone: (212) 735-3000                            201 Redwood Shores Parkway
24   Fax: (212) 735-2000                                  Redwood Shores, CA 94065
     michael.sheerin@skadden.com                          Telephone: (650) 802-3083
25   evan.kreiner@skadden.com                             Facsimile: (650) 802-3100
                                                          bambo.obaro@weil.com
26   *Counsel for Defendant Activision Blizzard, Inc.*

27                                                        Michael Moiseyev (*pro hac vice*)
                                                          Megan A. Granger (*pro hac vice*)
28                                                        **WEIL, GOTSHAL & MANGES LLP**
                                                          2001 M Street, NW
                                                          Suite 600

1                                   Washington, DC 20036
                                      Telephone: (202) 682-7000
2                                   Facsimile: (202) 857-0940
                                      michael.moiseyev@weil.com
3                                   megan.granger@weil.com

4                                   *Counsel for Microsoft Corporation*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

ADMIN MOTION TO SEAL                                                      CASE NO. 3:23-CV-02880-JSC