Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Grace Hill (*pro hac vice*)
James Rosenthal (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Sarah Neuman (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com

Bambo Obaro
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083
bambo.obaro@weil.com

*Counsel for Microsoft Corporation*

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC., <br><br> Defendants. | Case No. 3:23-cv-02880-JSC <br><br> **ADMINISTRATIVE MOTION TO SEAL CERTAIN EXHIBITS CITED IN DECLARATION OF AMY HOOD** <br><br> Dept.:   Courtroom 8—19th Floor <br> Judge:   Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant Microsoft Corporation ("Microsoft") respectfully moves this Court for an order sealing portions of certain exhibits cited in the Declaration of Amy Hood (hereafter, "Hood Declaration").

Below, Microsoft has identified highly confidential material found in exhibits cited by the Hood Declaration, along with the specific bases for sealing required under Local Rule 79-5. The exhibits set forth in the chart below include only the exhibits cited by the Hood Declaration that Microsoft has not previously moved to seal in a prior administrative motion.

The proposed sealing reflects Microsoft's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive, the public disclosure of which would cause injury to Microsoft that cannot be avoided through any more restrictive alternative means.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| PX4029 | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, assessment of the competitive landscape, internal discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| RX1120 | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, which could be used to injure Microsoft if made publicly available. |

---

[1] Legitimate private interests warrant sealing of the Microsoft information in this chart, and the unsealing of the information would result in injury to Microsoft that cannot be avoided through any less restrictive alternatives.

# ARGUMENT

**I.  Sealing Exhibits Cited the Hood Declaration Is Warranted Under Ninth Circuit Precedent as They Contain Microsoft's Confidential Business Information**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors.  *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Here, Microsoft seeks to seal narrowly tailored excerpts of exhibits cited by the Hood Declaration that reference and reflect, among other things, confidential, proprietary information relating to Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy.  The disclosure of this information could be used to injure Microsoft if made publicly available.

## II.     Sealing Exhibits Cited by the Hood Declaration Is Necessary to Protect Microsoft's Confidential and Proprietary Business Information

Microsoft seeks to maintain under seal the exhibits cited by the Hood Declaration, as they contain Microsoft's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery.  Examples of such confidential information include, but are not limited to, Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy.  Disclosure of this information would provide Microsoft's competitors with private data about Microsoft's performance and business strategy, which could harm Microsoft's competitive standing.  *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).  Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft that cannot be avoided through less restrictive alternatives.

Finally, Microsoft provided the FTC with the confidential business information contained in exhibits cited by the Hood Declaration pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act.  *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to

maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III.   Conclusion

As stated above, compelling reasons justify Microsoft's request for sealing the confidential business information contained in the exhibits cited by the Hood Declaration. Microsoft respectfully requests that this Court grant its Motion to Seal the confidential portions of the Hood Declaration exhibits as identified herein. In accordance with Civil Local Rule 7-11, Microsoft has also filed a Proposed Order herewith.

Dated: June 28, 2023                                    Respectfully submitted,

By: */s/ Caroline Van Ness*
Caroline Van Ness (SBN 281675)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steven.sunshine@skadden.com
julia.york@skadden.com

Michael J. Sheerin (*pro hac vice*)
Evan R. Kreiner (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1 Manhattan West
New York, NY 10001

By: */s/ Beth Wilkinson*
Beth Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Grace Hill (*pro hac vice*)
James Rosenthal (pro hac vice)
Anastasia M. Pastan (*pro hac vice*)
Sarah Neuman (pro hac vice)
Jenna Pavelec (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street, N.W., 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com

| | | |
|---|---|---|
| 1 | Telephone: (212) 735-3000<br>Fax: (212) 735-2000 | Bambo Obaro (SBN 267683)<br>**WEIL, GOTSHAL & MANGES LLP** |
| 2 | michael.sheerin@skadden.com<br>evan.kreiner@skadden.com | 201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| 3 | | Telephone: (650) 802-3083<br>Facsimile: (650) 802-3100 |
| 4 | *Counsel for Defendant Activision Blizzard, Inc.* | bambo.obaro@weil.com |
| 5 | | |
| 6 | | Michael Moiseyev (*pro hac vice*)<br>Megan A. Granger (*pro hac vice*) |
| 7 | | **WEIL, GOTSHAL & MANGES LLP**<br>2001 M Street, NW |
| 8 | | Suite 600<br>Washington, DC 20036 |
| 9 | | Telephone: (202) 682-7000<br>Facsimile: (202) 857-0940 |
| 10 | | michael.moiseyev@weil.com<br>megan.granger@weil.com |
| 11 | | *Counsel for Microsoft Corporation* |