Beth A. Wilkinson (*pro hac vice*)
bwilkinson@wilkinsonstekloff.com
Rakesh N. Kilaru (*pro hac vice*)
rkilaru@wilkinsonstekloff.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonstekloff.com
Grace Hill (*pro hac vice*)
ghill@wilkinsonstekloff.com
Anastasia M. Pastan (*pro hac vice*)
apastan@wilkinsonstekloff.com
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Bambo Obaro
bambo.obaro@weil.com
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083

Counsel for Microsoft Corporation

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC.,<br><br>    Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**ADMINISTRATIVE MOTION TO SEAL AND FOR *IN CAMERA* TREATMENT OF CERTAIN EXHIBITS PURSUANT TO CIVIL L.R. 7-11 AND 79-5**<br><br>Dept.:   Courtroom 8—19th Floor<br>Judge:   Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant Microsoft Corporation ("Microsoft") respectfully moves this Court for an order to maintain under seal and for *in camera* treatment of certain exhibits to be introduced by Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") and Defendants' (collectively, the "Parties") on June 29, 2023, particularly in connection with the witness examinations of Steve Singer (Nintendo), Amy Hood (Microsoft), and Tim Stuart (Microsoft).

Below, Microsoft has identified highly confidential material found in these exhibits, along with the specific bases for sealing required under Local Rule 79-5. The proposed sealing and *in camera* treatment set forth in the chart reflects Microsoft's good-faith efforts to narrowly seek sealing or *in camera* treatment of only that information which is competitively sensitive, the public disclosure of which would cause injury to Microsoft that cannot be avoided through any more restrictive alternative means.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| **Defendants' Exhibit List** ||||
| RX5060 (Singer) | Redacted version forthcoming | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, potential business partnerships, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| RX5060A (Singer) | Redacted version forthcoming | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, potential business partnerships, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |

---

[1] Legitimate private interests warrant sealing or *in camera* treatment of the Microsoft information in this chart, and the unsealing of the information would result in injury to Microsoft that cannot be avoided through any less restrictive alternatives.

| | Plaintiff's Exhibit List | | | |
|---|---|---|---|---|
| | PX3218 (Singer) | Redacted version forthcoming | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, potential business partnerships, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| | PX3225 (Singer) | Redacted version forthcoming | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, potential business partnerships, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| | PX3233 (Singer) | Redacted version forthcoming | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, potential business partnerships, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| | PX3234 (Singer) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| | PX4029 (Hood) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| | PX4031 (Hood) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and |

| | | | |
|---|---|---|---|
| | | | discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX1116 (Stuart) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and financial information and projections, which could be used to injure Microsoft if made publicly available. |
| PX1190 (Stuart) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and financial information and projections, which could be used to injure Microsoft if made publicly available. |
| PX1214 (Stuart) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, market share analyses, and financial information and projections, which could be used to injure Microsoft if made publicly available. |
| PX1966 (Stuart) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX4181 (Stuart) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |

| | | | |
|---|---|---|---|
| PX4334 (Stuart) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and financial information and projections, which could be used to injure Microsoft if made publicly available. |
| PX4472 (Stuart) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX4476 (Stuart) | Document withheld; *in camera* treatment | Microsoft | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX1151 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, financial information and projections, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX1785 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX1851 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, financial information and projections, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |

| | | | |
|---|---|---|---|
| PX4325 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, financial information and projections, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX4361 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, financial information and projections, potential business partnerships, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX4365 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX4367 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, financial information and projections, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX4376 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, financial information and projections, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX4380 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and assessment of the competitive landscape, |

| | | | |
|---|---|---|---|
| | | | which could be used to injure Microsoft if made publicly available. |
| PX4905 (Stuart) | Redacted version forthcoming | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, financial information and projections, and discussions of business strategy, which could be used to injure Microsoft if made publicly available. |

**ARGUMENT**

**I.    Sealing and/or *In Camera* Treatment of the Exhibits Is Warranted Under Ninth Circuit Precedent as They Contain Microsoft's Confidential Business Information**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have

become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Microsoft seeks to seal narrowly tailored excerpts of exhibits that reference and reflect, among other things, confidential, proprietary information relating to Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, financial information and projections, and internal presentations discussing business strategy. The disclosure of this information could be used to injure Microsoft if made publicly available.

II.     **Sealing and/or *In Camera* Treatment of the Exhibits Is Necessary to Protect Microsoft's Confidential and Proprietary Business Information**

Microsoft seeks sealing and/or *in camera* treatment of the exhibits as they contain Microsoft's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Examples of such confidential information include, but are not limited to, Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, financial information and projections, and internal presentations discussing business strategy. Disclosure of this information would provide Microsoft's competitors with private data about Microsoft's performance and business

strategy, which could harm Microsoft's competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft that cannot be avoided through less restrictive alternatives.

Finally, Microsoft provided the FTC with the confidential business information contained in exhibits pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III.  Conclusion

As stated above, compelling reasons justify Microsoft's request for sealing the confidential business information contained in the exhibits. Microsoft respectfully requests that this Court grant its Administrative Motion for sealing and/or *in camera* treatment of the exhibits as identified herein. In accordance with Civil Local Rule 7-11, Microsoft has also filed a Proposed Order herewith.

Dated: June 29, 2023                    Respectfully submitted,

By: /s/ *Beth Wilkinson*

| | |
|---|---|
| Jack DiCanio (SBN 138782) | Beth Wilkinson (*pro hac vice*) |
| Caroline Van Ness (SBN 281675) | Rakesh N. Kilaru (*pro hac vice*) |
| SKADDEN, ARPS, SLATE, MEAGHER | Kieran Gostin (*pro hac vice*) |
| & FLOM LLP | James Rosenthal (*pro hac vice*) |
| 525 University Avenue | Grace Hill (*pro hac vice*) |
| Palo Alto, California 94301 | Anastasia M. Pastan (*pro hac vice*) |
| Telephone: (650) 470-4500 | Jenna Pavelec (*pro hac vice*) |
| Facsimile: (213) 621-5430 | WILKINSON STEKLOFF LLP |
| jack.dicanio@skadden.com | 2001 M Street, N.W., 10th Floor |
| caroline.vanness@skadden.com | Washington, D.C. 20036 |
| | Telephone: (202) 847-4000 |
| Steven C. Sunshine (*pro hac vice*) | Facsimile: (202) 847-4005 |

| | | |
|---|---|---|
| 1 | Julia K. York (*pro hac vice*) | bwilkinson@wilkinsonstekloff.com |
| 2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | rkilaru@wilkinsonstekloff.com<br>jrosenthal@wilkinsonstekloff.com |
| 3 | 1440 New York Avenue, N.W.<br>Washington, DC 20005-2111 | kgostin@wilkinsonstekloff.com<br>ghill@wilkinsonstekloff.com |
| 4 | Telephone: (202) 371-7000<br>Facsimile: (202) 393-5760 | apastan@wilkinsonstekloff.com<br>jpavelec@wilkinsonstekloff.com |
| 5 | steven.sunshine@skadden.com<br>julia.york@skadden.com | Jonathan E. Nuechterlein (*pro hac vice*)<br>C. Frederick Beckner III (*pro hac vice*) |
| 6 | | William R. Levi (*pro hac vice*) |
| 7 | Maria Raptis (*pro hac vice*)<br>Matthew M. Martino (*pro hac vice*) | Daniel J. Hay (*pro hac vice*)<br>Lucas Croslow (*pro hac vice*) |
| 8 | Michael J. Sheerin (*pro hac vice*)<br>Evan R. Kreiner (*pro hac vice*) | Manuel Valle (*pro hac vice*)<br>Aaron P. Haviland (*pro hac vice*) |
| 9 | Bradley J. Pierson (*pro hac vice*)<br>Jessica R. Watters (*pro hac vice*) | SIDLEY AUSTIN LLP<br>1501 K Street, N.W. |
| 10 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Washington, D.C. 20005<br>jnuechterlein@sidley.com |
| 11 | 1 Manhattan West | rbeckner@sidley.com |
| 12 | New York, NY 10001<br>Telephone: (212) 735-3000 | william.levi@sidley.com<br>dhay@sidley.com |
| 13 | Fax: (212) 735-2000<br>maria.raptis@skadden.com | lcroslow@sidley.com<br>manuel.valle@sidley.com |
| 14 | matthew.martino@skadden.com | ahaviland@sidley.com |
| 15 | michael.sheerin@skadden.com<br>evan.kreiner@skadden.com | Bambo Obaro (SBN 267683)<br>WEIL, GOTSHAL & MANGES LLP |
| 16 | bradley.pierson@skadden.com<br>jessica.watters@skadden.com | 201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| 17 | | Telephone: (650) 802-3083 |
| 18 | *Counsel for Defendant Activision Blizzard, Inc.* | Facsimile: (650) 802-3100<br>bambo.obaro@weil.com |
| 19 | | Megan A. Granger (*pro hac vice*)<br>Michael Moiseyev (*pro hac vice*) |
| 20 | | WEIL, GOTSHAL & MANGES LLP<br>2001 M Street, NW |
| 21 | | Suite 600 |
| 22 | | Washington, DC 20036<br>Telephone: (202) 682-7000 |
| 23 | | Facsimile: (202) 857-0940<br>megan.granger@weil.com |
| 24 | | michael.moiseyev@weil.com |
| 25 | | *Counsel for Defendant Microsoft Corp.* |
| 26 | | |
| 27 | | |
| 28 | | |