James H. Weingarten, DC Bar No. 985070
Peggy Bayer Femenella, DC Bar No. 472770
James Abell, DC Bar No. 990773
Cem Akleman, FL Bar No. 107666
Jennifer Fleury, NY Bar No. 5053178
Meredith R. Levert, DC Bar No. 498245
James Gossmann, DC Bar No. 1048904
Amanda L. Butler, IL Bar No. 6299218
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-3570

*jweingarten@ftc.gov; pbayer@ftc.gov:
jabell@ftc.gov; cakleman@ftc.gov;
jfleury@ftc.gov; mlevert@ftc.gov;
jgossmann@ftc.gov; abutler2@ftc.gov*

Erika Wodinsky, Cal. Bar No. 091700
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*ewodinsky@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **MICROSOFT CORP.** <br><br> and <br><br> **ACTIVISION BLIZZARD, INC.,** <br><br> Defendants. | Case No. 3:23-cv-2880-JSC <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Dept.: Courtroom 8 <br> Judge: Honorable Jacqueline Scott Corley |

PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:23-CV-2880-JSC

1  Pursuant to Civil Local Rules 7-11 and 79-5(f), Plaintiff, the Federal Trade Commission, respectfully submits this Administrative Motion to Consider Whether Another Party's Material Should be Sealed in connection with Plaintiff's Fourth Supplement to its Exhibit List.

Certain portions of Plaintiff's Fourth Supplement to its Exhibit List contain information that was obtained during the course of litigation discovery in *In the matter of Microsoft Corp. and Activision, Blizzard, Inc.*, before the United States of America Federal Trade Commission Office of Administrative Law Judges, Docket No. 9412, and that the producing party designated as Confidential pursuant to the Protective Order Governing Confidential Material entered on December 9, 2022 ("Administrative Protective Order"). As detailed below, Plaintiff reasonably expects the producing party may file, confidentiality declarations in support of sealing as required by Local Rule 79-5. Accordingly, Plaintiff seeks to file under seal:

| PX# | Description | Docket Entry |
|---|---|---|
| PX1151 | Document Description | held for L.R. 79-5(f) declaration |
| PX1190 | Document Description | held for L.R. 79-5(f) declaration |
| PX1214 | Document Description | held for L.R. 79-5(f) declaration |
| PX3218 | Document Description | held for L.R. 79-5(f) declaration |
| PX3225 | Document Description | held for L.R. 79-5(f) declaration |
| PX3233 | Document Description | held for L.R. 79-5(f) declaration |
| PX3234 | Document Description | held for L.R. 79-5(f) declaration |
| PX4031 | Document Description | held for L.R. 79-5(f) declaration |
| PX4209 | Document Description | held for L.R. 79-5(f) declaration |
| PX4380 | Document Description | held for L.R. 79-5(f) declaration |
| PX4472 | Document Description | held for L.R. 79-5(f) declaration |

Materials and documents may be provisionally filed under seal pursuant to Civil Local Rule 79-5(f) when the document, or portions thereof, "has been designated as confidential by another party or non-party." L.R. 79-5(f).

Plaintiff has redacted the above-referenced yellow-highlighted portions of the FTC Exhibit List because Microsoft Corporation ("Microsoft") and Activision Blizzard Inc. ("Activision") have not yet had the opportunity to designate the information contained therein as confidential pursuant to L.R. 79-5(f), and to provide Microsoft and Activision an opportunity

1  to designate the information contained therein as confidential pursuant to L.R. 79-5(f).  *See*
2  Activision's (1) Fourth Amended Administrative Motion Seeking *In Camera* Treatment of
3  Certain Exhibits Pursuant to Civil L.R. 7-11 and 79-5; and (2) Declaration of Page Robinson In
4  Support Thereof (Dkt. No. 230); Microsoft's Administrative Motion Seeking *In Camera*
5  Treatment of Certain Exhibits Pursuant to Civil L.R. 7-11 and 79-5 (Dkt. No. 232); Activision's
6  Fifth Administrative Motion Seeking *In Camera* Treatment of Certain Exhibits Pursuant to
7  Civil L.R. 7-11 and 79-5 (248) *see also* Omnibus Administrative Motion Regarding *In Camera*
8  Treatment of Certain Exhibits Pursuant to Civil L.R. 7-11 and 79-5 (Dkt. No. 233).
9          Plaintiff has redacted the above-referenced pink-highlighted portions of the FTC Exhibit
10 List because Nintendo of America Inc. ("Nintendo") has not yet had the opportunity to
11 designate the information contained therein as confidential pursuant to L.R. 79-5(f). *See* Non-
12 Party Nintendo of America Inc. Statement Pursuant to Local Rule 79-5 As To Why Its
13 Confidential Information Should Be Filed Under Seal (Dkt. No. 168); Non-Party Nintendo of
14 America Inc. Statement Pursuant to Local Rule 79-5 As To Why PX7059 and PX7065 Should
15 Remain Under Seal (Dkt. No. 219); Non-Party Nintendo of America Inc. Statement Pursuant to
16 Local Rule 79-5 As To Why Any Portions of Videorecorded Testimony from PX7065 Should
17 be Kept Under Seal and *In Camera* (Dkt. No. 220); Non-Party Nintendo of America Inc.
18 Statement Pursuant to Local Rule 79-5 As To Why PX3224 Should Remain Under Seal (Dkt.
19 No. 221); *see also* Non-Party Nintendo of America Inc. Unopposed Motion for Order Changing
20 Time (Dkt. No. 136).
21         Plaintiff takes no position on the merits of sealing Microsoft's, Activision's, or
22 Nintendo's designated material.
23         In compliance with Civil Local Rule 79-5(d), the unredacted version of the FTC Exhibit
24 List accompanies this Administrative Motion. In accordance with Local Rule 7-11, Plaintiff has
25 also filed a Proposed Order herewith.
26
27
28 PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER
   ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
   CASE NO. 3:23-CV-2880-JSC

| | |
|---|---|
| Dated: June 29, 2023 | Respectfully submitted, |
| | /s/ Jennifer Fleury |
| | Jennifer Fleury |
| | Peggy Bayer Femenella |
| | James Abell |
| | Cem Akleman |
| | J. Alexander Ansaldo |
| | Michael T. Blevins |
| | Amanda L. Butler |
| | Nicole Callan |
| | Maria Cirincione |
| | Kassandra DiPietro |
| | Michael A. Franchak |
| | James Gossmann |
| | Ethan Gurwitz |
| | Meredith R. Levert |
| | David E. Morris |
| | Merrick Pastore |
| | Stephen Santulli |
| | Edmund Saw |
| | James H. Weingarten |
| | |
| | Federal Trade Commission |
| | 600 Pennsylvania Avenue, NW |
| | Washington, DC 20580 |
| | Tel: (202) 326-3570 |
| | |
| | Erika Wodinsky |
| | |
| | Federal Trade Commission |
| | 90 7th Street, Suite 14-300 |
| | San Francisco, CA 94103 |
| | |
| | *Counsel for Plaintiff Federal Trade Commission* |

PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:23-CV-2880-JSC

3