VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:     415.653.3750
Facsimile:      415.653.3755

Leonard L. Gordon (*pro hac vice*)
llgordon@Venable.com
Benjamin P. Argyle (*pro hac vice*)
bpargyle@Venable.com
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone:     212.307.5500
Facsimile:      212.307.5598

Attorneys for Non-Party Nintendo of America Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**NON-PARTY NINTENDO OF AMERICA INC. MOTION FOR A PROTECTIVE ORDER RE DKT. NO. 175 (PLAINTIFF'S PROPOSED PRETRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW)** |

Pursuant to Fed. R. Civ. P. 26(c), Non-Party Nintendo of America Inc. ("NOA") hereby moves for a protective order regarding its confidential information contained in Plaintiff's Federal Trade Commission ("FTC") Proposed Pretrial Findings of Fact and Conclusions of Law (Dkt. No. 175).

## I.      INTRODUCTION

On June 22, 2023, Plaintiff filed its Proposed Pretrial Findings of Fact and Conclusions of Law.  (Dkt. No. 175).  As of the time of this filing, Plaintiff has failed to file the required motion under Civil L.R. 79-5(f), an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  On June 27, 2023, counsel for NOA inquired whether Plaintiff intended to make such a filing or at minimum provide NOA with the requisite notice.  At this time, Plaintiff has neither made the required filing pursuant to Civil L.R. 79-5(f) or informed NOA which portions of their Proposed Pretrial Findings of Fact and Conclusions of Law included Nintendo's confidential information produced during the course of discovery in *In the Matter of Microsoft Corp. and Activision Blizzard, Inc.*, before the FTC Office of Administrative Law Judges, Docket No. 9412.  Therefore, NOA is unable to file its Statement designating its confidential information to remain under seal because it does not know what information of NOA's Plaintiff has incorporated into its Proposed Pretrial Findings of Fact and Conclusions of Law.

## II.     ARGUMENT

Under Fed. R. Civ. P. 26(c), the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  A good cause analysis under Rule 26(c) entails a balancing of the needs for discovery against the need for confidentiality.  *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 205 (N.D. Cal. 2009). Courts have broad latitude under the law to tailor protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.  *Id.* at 201.

Good cause exists here. Under Civil L.R. 79-5(f), "[f]or any document a party ("Filing

2

NON-PARTY NINTENDO OF AMERICA INC. MOTION FOR A PROTECTIVE ORDER RE DKT. NO. 175
(PLAINTIFF'S PROPOSED PRETRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW)
Case No. 23-cv-02880-JSC

Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating Party"), the Filing Party *must*, instead of filing an Administrative Motion to File Under Seal, file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed." (emphasis added).  Due to Plaintiff's failure to provide the required notice, NOA objects to the disclosure of any of NOA's confidential information contained in Plaintiff's Proposed Pretrial Findings of Fact and Conclusions of Law.  To date, NOA has dutifully filed its Civil L.R. 79-5 Statements when given the requisite notice.  *See* Dkt. Nos. 168, 219, 220, 221, 238, 239.  Alternatively, NOA requests that such information be provisionally sealed until NOA may confer with Plaintiff to obtain the necessary information in order to file its Civil L.R. 79-5 Statement.

### III.   CONCLUSION

For the foregoing reasons, Non-Party NOA respectfully request the Court to keep sealed the entirety of NOA's confidential information contained in Plaintiff's FTC Proposed Pretrial Findings of Fact and Conclusions of Law (Dkt. No. 175) and for that information to remain redacted on the Court's public docket.  Alternatively, NOA requests that such information be provisionally sealed until NOA may confer with Plaintiff to obtain the necessary information in order to file its Civil L.R. 79-5 Statement.

Dated:  June 29, 2023                                              VENABLE LLP

By:   /s/ *Steven E. Swaney*
Steven E. Swaney
Leonard L. Gordon (pro hac vice)
Benjamin P. Argyle (pro hac vice)
Attorneys for Non-Party Nintendo of America Inc.