CLEARY GOTTLIEB STEEN & HAMILTON LLP
Elsbeth Bennett (admitted *pro hac vice*)
ebennett@cgsh.com
2112 Pennsylvania Ave, N.W.
Washington, DC 20037
Telephone: 202-974-1959

Zachary G. Tschida (Bar No. 344994)
ztschida@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORP., <br><br> and <br><br> ACTIVISION BLIZZARD, INC., <br><br> Defendants. | Case No. 3:23-cv-2880 <br><br> **NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL** |

1
**I.      INTRODUCTION**

2        Non-Party Sony Interactive Entertainment LLC ("SIE") produced certain

3   confidential business material in response to a civil investigative demand and

4   subpoenas in the underlying FTC administrative proceeding, *In re*

5   *Microsoft/Activision Blizzard*, No. 9412 (F.T.C.) ("FTC Action").  *See* ECF 112-2.

6   This confidential SIE information has subsequently been incorporated in various

7   filings by Microsoft Corp. ("Microsoft") and Activision Blizzard, Inc.

8   ("Activision", and together with Microsoft "Defendants") and the Federal Trade

9   Commission ("FTC") (collectively, the "Parties").

10       In particular, as relevant to this Statement, Defendants incorporated this

11  material in their Memorandum of Law in Opposition to Motion for Preliminary

12  Injunction (ECF 111) ("Defendants' Opposition") and Defendants' Proposed

13  Pretrial Findings of Fact and Conclusions of Law (ECF 177) ("Defendants'

14  Findings of Fact"), and the FTC incorporated this material in its Reply to

15  Defendants' Opposition to Preliminary Injunction Motion (ECF 131) ("FTC's

16  Reply").  Microsoft and the FTC then filed corresponding Administrative Motions

17  to Consider Whether Another Party's Material Should Be Sealed (ECF 110, 132,

18  and 179).  Pursuant to Civil Local Rule 79-5(f)(3), Non-Party SIE requests that this

19  Court seal its confidential information identified below.  Due to delay in receiving

20  the material from the parties that is the subject of this sealing motion, SIE filed a

21  consent motion seeking an extension until today, June 29, 2023 to file this

22  statement.  *See* ECF 207.

23       The information that SIE seeks to maintain under seal contains competitively

24  sensitive non-public information that would injure SIE if made publicly available.

25  The table below describes the SIE highly confidential material found in ECF 111,

26  131, and 177 and the specific bases supporting sealing of the information.  *See* Civ.

27  L.R. 79-5(c).  These sealing requests reflect SIE's good faith effort to seek the sealing

28  only of information that is confidential, commercially or competitively-sensitive, and

cannot be protected from public disclosure through less restrictive means.  Certain of SIE's requests relate to exhibits filed with Defendants' Opposition, and many of those exhibits have been subject to SIE's prior motions for *in camera* treatment and sealing.  *See* ECF 134, 172, 195, 227, 237.  SIE has noted where material has been subject to another request.

| Category of Information | Section of Document to Maintain Under Seal (Pages: Lines or Exhibit) For Exhibits: (R) indicates a request to redact[1] and (S) indicates a request to seal |
|---|---|
| Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision | Defendants' Opposition: 3:16-19, 6:20-21, 17:21-22, 18:1 Exhibits to Defendants' Opposition: • 10(R) – PX7053/RX4021; subject to prior SIE motion for in camera review (ECF 195 at 4-6, ECF 227 at 9-10)[2] FTC's Reply: 7:25-26 Defendants' Findings of Fact: 6:16, 13:3, 32:11, 13, 15, 22, 24, 44:27-28, fn. 3, 47:9, 53:25, 54:1-3, 15-17 |

---

[1] Copies of redacted exhibits are attached hereto as Exhibits A-E.

[2] Exhibit 10 is the Deposition Transcript for Jim Ryan from April 6, 2023.  This transcript was used at the Hearing as PX7053.  This transcript has been subject to separate designations by the parties and subject to two motions for *in camera* treatment and sealing by SIE.  *See* ECF 195 at 4-6 and 227 at 9-10.  Because the transcript has been the subject of other motions and earlier rulings by the Court, SIE addresses here only the pages actually cited by Defendants' in Defendant's Opposition.  The remainder of the transcript not otherwise made public at the Hearing should be kept under seal.

| | |
|---|---|
| Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners | Defendants' Opposition: 6:25, 7:1-3, 11:7-10<br><br>Exhibits to Defendants' Opposition:<br><br>• 10(R) – PX7053/RX4021; subject to prior SIE motion for in camera review (ECF 195 at 4-6, ECF 227 at 9-10)<br>• 19(S) – SIE-MSFT-50027134 (RX2023); subject to prior SIE motion *for in camera* review (ECF 172 at 11:19)<br>• 20(S) – SIE-MSFT-50027162 (RX2024); subject to prior SIE motion *for in camera* review (ECF 172 at 11:23)<br>• 21(S) – SIE-MSFT-10748108 (RX2034); subject to prior SIE motion *for in camera* review (ECF 172 at 12:21)<br>• 22(R) – SIE-MSFT-10478623 (RX2098); subject to prior SIE motion *for in camera* review (ECF 172 at 14:12)<br>• 57(S) – MSFT-2R-12890960 (RX2170); subject to Microsoft's prior sealing motion (ECF 189 at 4:12); previously admitted into evidence on June 23, 2023 under seal<br><br>FTC's Reply: 7:21-23; 14:4-5<br><br>Defendants' Findings of Fact: 14:3-5, 29:10-11, 20-25 |
| Non-public information on the nature and scope of SIE's technical collaboration with particular publishers | Exhibits to Defendants' Opposition:<br><br>• 18(R) – SIE-MSFT-10359941 (RX2026); subject to prior SIE motion *for in camera* review (ECF 172 at 12:7) |

| | FTC's Reply: 10:28-11:3 |
|---|---|
| Non-public information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans | Defendants' Opposition: 6:5-6, 25, fn. 3, fn. 4, 7:1-3<br><br>Exhibits to Defendants' Opposition:<br><br>• 10(R) – PX7053/RX4021; subject to prior SIE motion for in camera review (ECF 195 at 4-6, ECF 227 at 9-10<br>• 13(R) – PX7058/RX4050[3]<br>• 14(S) – SIE-FTC-00003159; SIE-MSFT-50014945 (RX2067); subject to prior SIE motion *for in camera* review (ECF 172 at 13:14)<br>• 17(S) – SIE-MSFT-11140640 (RX2010); subject to prior SIE motion *for in camera* review (ECF 172 at 10:23)<br>• 18(R) – SIE-MSFT-10359941 (RX2026); subject to prior SIE motion *for in camera* review (ECF 172 at 12:7)<br>• 46(R) – SIE-MSFT-50003406 (RX2069); subject to prior SIE motion *for in camera* review (ECF 172 at 13:19)<br><br>FTC's Reply: 4:13-14; 5:19-20; 6:22; 12:1-3 |
| Non-public SIE business analysis regarding competitors' and | Exhibits to Defendants' Opposition:<br><br>• 17(S) – Submitted as SIE-MSFT-11140640 (RX2010); subject to prior |

[3] Exhibit 13 is the Deposition Transcript for Christian Svensson.  This transcript was not used at the Hearing and the Parties did not provide designations.  SIE addresses here only the pages actually cited by Defendants in Defendants' Opposition.  The remainder of the transcript, which has not been relied upon by the Parties, should be kept under seal.

4

| commercial partners' behavior and products | SIE motion *for in camera* review (ECF 172 at 10:23) <ul><li>18(R) – Submitted as SIE-MSFT-10359941 (RX2026); subject to prior SIE motion *for in camera* review (ECF 172 at 12:7)</li><li>22(R) – Submitted as SIE-MSFT-10478623 (RX2098); subject to prior SIE motion *for in camera* review (ECF 172 at 14:12)</li><li>46(R) – SIE-MSFT-50003406 (RX2069); subject to prior SIE motion *for in camera* review (ECF 172 at 13:19)</li></ul> |
|---|---|

## II.    THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).  Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).  Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question. *Roley v. Google LLC*, No. 18-

5

cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

Non-parties receive special deference when these issues are considered. *See, e.g.*, *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential").

Here, Non-Party SIE seeks sealing for limited non-public information containing SIE's highly confidential analyses and business strategy information related to its consoles, subscription services, and cloud gaming businesses. *See* Ex. F (Decl. of C. Svensson).[4]  In particular, the information that SIE seeks to protect includes:

- Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision;

- Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners;

- Non-public information on the nature and scope of SIE's technical collaboration with particular publishers;

- Non-public information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans,

---

[4] The Declaration of Christian Svensson was submitted at ECF 172-1 in conjunction with Non-Party SIE's Administrative Motion for Sealing and In Camera Treatment (ECF 172).  The competitively sensitive issues in today's request are the same as those addressed in the previous Declaration, as explained in the chart above, and Mr. Svensson's Declaration is resubmitted here as Exhibit F.

product roadmaps, innovation plans; and

- Non-public SIE business analysis regarding competitors' and commercial partners' behavior and products. *See id.* ¶ 3.

SIE uses this information to operate its business and shape its future strategy. As explained in Mr. Svensson's declaration, if these business secrets were made available to the public, SIE's competitors could use these secrets to inform their own strategies to gain an unfair advantage in competing with SIE. *See id.* ¶¶ 4-8. Business partners could likewise gain an unfair advantage in their relationships with SIE by understanding SIE's strategic objectives, negotiation tactics, and relationships with other business partners. *See id..* These concerns are particularly severe here, as the information is current, which makes it more valuable to others because it is actionable. *See id.* ¶ 8.

In short, the information should be sealed because disclosure would undermine SIE's business and give competitors and business partners an unfair advantage. *See* Ex. F; *see also Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citation omitted); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

## III.   THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN THE REDACTED MATERIAL

SIE's request for sealing is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means.   Any

7

public interest in disclosing this information is outweighed by the prejudice that will result to SIE, a non-party, if no protection is granted. *See Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (noting importance of protecting third parties).

## IV. CONCLUSION

For the foregoing reasons, SIE respectfully requests that the Court grant the Parties' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (ECF 110, 132, and 179) and maintain under seal SIE's confidential information listed in the chart above.

Dated:       June 29, 2023

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Elsbeth Bennett*

Elsbeth Bennett (admitted *pro hac vice*)
ebennett@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
T: 202-974-1959

Zachary G. Tschida (Bar No. 344994)
ztschida@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*