1  Jack DiCanio (SBN 138782)
   Caroline Van Ness (SBN 281675)
2  SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
3  525 University Avenue
   Palo Alto, California 94301
4  Telephone: (650) 470-4500
   Facsimile: (213) 621-5430
5  Email: jack.dicanio@skadden.com
   Email: caroline.vanness@skadden.com
6
   Steven C. Sunshine (*pro hac vice*)
7  Julia K. York (*pro hac vice*)
   SKADDEN, ARPS, SLATE, MEAGHER &
8  FLOM LLP
   1440 New York Avenue, N.W.
9  Washington, DC 20005-2111
   Telephone: (202) 371-7000
10 Facsimile: (202) 393-5760
   Email: steven.sunshine@skadden.com
11 Email: julia.york@skadden.com

12 *Counsel for Defendant Activision Blizzard, Inc.*

13 [Additional counsel listed on signature page]

14

15              **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17                **SAN FRANCISCO DIVISION**

18

19 FEDERAL TRADE COMMISSION,            CASE NO. 3:23-cv-02880-JSC

                         Plaintiff,     **DEFENDANT ACTIVISION BLIZZARD,**
20                                       **INC.'S ADMINISTRATIVE MOTION TO**
                                         **SEAL PORTIONS OF ITS ANSWER AND**
21              v.                       **DEFENSES**

22 MICROSOFT CORP.,
   and                                  Judge: Honorable Jacqueline S. Corley
23 ACTIVISION BLIZZARD, INC.

24                       Defendants.

25

26

27

28

## I.   <u>INTRODUCTION</u>

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant Activision Blizzard, Inc. ("Activision") respectfully moves this Court for an order sealing limited portions of Activision's Answer and Defenses (ECF No. 273), identified in Exhibits A-B hereto.

The proposed sealing in the chart below reflects Activision's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Activision that cannot be avoided through any less restrictive alternative means.  Activision has identified the below-referenced proposed sealing with yellow highlighting.  For the reasons described below and in the Declaration of Page Robinson (the "Robinson Decl.") attached as Exhibit C hereto, Activision respectfully requests that the Court seal the following excerpts from Activision's Answer and Defenses.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Activision's Answer and Defenses | Page 5, Portions of Lines 19-21 | Activision | This paragraph contains non-public and highly sensitive information including, but not limited to, information reflecting confidential internal business data, which could be used to injure Activision if made publicly available. |
| Activision's Answer and Defenses | Page 6, Portion of Line 7 | Activision | This paragraph contains non-public and highly sensitive information including, but not limited to, information reflecting confidential internal business data, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Activision's Answer and Defenses | Page 19, Portion of Line 8 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |

## ARGUMENT

### I. Sealing Activision's Confidential Business Information Contained in the Answer and Defenses Is Warranted Under Ninth Circuit Precedent

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'").  Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

1    "The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh

2    the public's interest in disclosure and justify sealing court records exist when such court files might

3    have become a vehicle for improper purposes, such as the use of records to . . . release trade

4    secrets.'"  *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also*

5    *Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or

6    compilation of information which is used in one's business, and which gives him an opportunity to

7    obtain an advantage over competitors who do not know or use it.'") (citation omitted).  A court has

8    "broad latitude" to grant protective orders to prevent disclosure of "many types of information,

9    including, but not limited to, trade secrets or other confidential research, development, or

10   commercial information."  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

11   1211 (9th Cir. 2002).

12          In determining whether a document should be filed under seal, courts consider, among

13   other things, the measures taken to guard the information's secrecy and the value of the

14   information to the business or its competitors.  *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors*

15   *Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Here, Activision seeks to seal three narrowly tailored

16   excerpts of the Answer and Defenses which reference and reflect, among other things, confidential,

17   proprietary information relating to Activision's internal business data, business strategy, business

18   partnerships, as well as the terms of a confidential agreement that Activision does not disclose to

19   third parties.  The disclosure of this information could be used to injure Activision if made publicly

20   available.

21   **II.    Sealing the Answer and Defenses Is Necessary to Protect Activision's Confidential and**
22   **Proprietary Business Information**

23          Activision seeks to maintain under seal three limited excerpts of the Answer and Defenses,

24   which contain Activision's non-public and highly sensitive information from documents obtained

25   during the course of the FTC's investigation and during litigation discovery.  (*See* Robinson Decl.

26   ¶¶ 4–6.)  Examples of such confidential information include, but are not limited to, information

27   reflecting Activision's internal business data, business strategy, business partnerships, as well as

28   the terms of a confidential agreement that Activision does not disclose to third parties.  (*See id.* ¶

-3-

1   4.)  Activision takes robust measures to maintain the confidentiality of all the above-described

2   information and does not disclose it publicly.  (*See id.* ¶ 6.)  Disclosure of this information would

3   provide Activision's competitors with private information about Activision's performance and

4   internal business strategy, which could harm Activision's competitive standing.  (*See id.* ¶ 6); *see*

5   *Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec.

6   5, 2019).  Thus, the unsealing of this highly confidential and sensitive information would cause

7   injury to Activision that cannot be avoided through less restrictive alternatives.  (*See* Robinson

8   Decl. ¶ 5.)

9       Finally, Activision provided the FTC with the confidential business information cited in the

10   Answer and Defenses pursuant to the statutory and regulatory guarantees of confidentiality

11   contained in the Hart-Scott-Rodino Act or the FTC Act.  (*See id.* ¶ 7); *see also* 15 U.S.C. §§

12   18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has

13   acknowledged the need to maintain the confidentiality of a party's confidential business

14   information that has been provided to the FTC via a regulatory request.  *See, e.g.*, *FTC v. Lockheed*

15   *Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the

16   complaint is appropriate . . . because the filing includes confidential information submitted . . .

17   pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing

18   covers only confidential information and is, according to the FTC, required by regulation.").

19   **III.    Conclusion**

20       As stated above, compelling reasons justify Activision's request for sealing its confidential

21   business information contained in Activision's Answer and Defenses.  Activision respectfully

22   request that this Court grant its Motion to Seal.  In compliance with Civil Local Rule 79-5(d),

23   redacted and unredacted versions of Activision's Answer and Defenses accompany this

24   Administrative Motion.  In accordance with Civil Local Rule 7-11, Activision has also filed a

25   Proposed Order herewith.

26

27

28

DATED: June 30, 2023

By: /s/ *Caroline Van Ness*

Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

Michael J. Sheerin (*pro hac vice*)
Evan R. Kreiner (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1 Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Email: michael.sheerin@skadden.com
Email: evan.kreiner@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*