Beth A. Wilkinson (*pro hac vice*)
bwilkinson@wilkinsonstekloff.com
Rakesh N. Kilaru (*pro hac vice*)
rkilaru@wilkinsonstekloff.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonstekloff.com
Grace Hill (*pro hac vice*)
ghill@wilkinsonstekloff.com
Anastasia M. Pastan (*pro hac vice*)
apastan@wilkinsonstekloff.com
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Bambo Obaro
bambo.obaro@weil.com
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083

*Counsel for Microsoft Corporation*

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC.,<br><br>      Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S STATEMENT IN SUPPORT OF PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 180]**<br><br>Dept.:     Courtroom 8—19th Floor<br>Judge:    Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Microsoft Corporation ("Microsoft") respectfully requests that the Court maintain under seal the confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Plaintiff's Motion") (ECF No. 180) in connection with the FTC's Bench Brief Regarding Defendants' Proffered Testimony Regarding Microsoft's Agreements ("Plaintiff's Bench Brief") (ECF No. 181).

Below, Microsoft has identified highly confidential material found in Plaintiff's Bench Brief, along with the specific bases for sealing required under Local Rule 79-5. The proposed sealing reflects Microsoft's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Microsoft that cannot be avoided through any less restrictive alternative means:

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Plaintiff's Bench Brief | Page 2, lines 8-19 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Microsoft if made publicly available. |
| Plaintiff's Bench Brief | Page 2, line 27, footnote 4 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Microsoft if made publicly available. |

---

[1] Legitimate private interests warrant sealing of Microsoft information in this chart, and the unsealing of the information would result in injury to Microsoft that cannot be avoided through any less restrictive alternatives.

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Plaintiff's Bench Brief | Page 3, lines 1-14 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Microsoft if made publicly available. |
| Plaintiff's Bench Brief | Page 3, lines 26-27, footnotes 5-6 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Microsoft if made publicly available. |

**ARGUMENT**

I.   **Sealing Portions of Plaintiff's Bench Brief Is Warranted Under Ninth Circuit Precedent as They Contain Microsoft's Confidential Business Information**

The above-mentioned excerpts of Plaintiff's Bench Brief contain competitively sensitive business information and warrant sealing. In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have

sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Microsoft seeks to maintain under seal only the portions of Plaintiff's Bench Brief that reference and reflect, among other things, confidential, proprietary information relating to Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. The disclosure of this information could be used to injure Microsoft if made publicly available.

**II.   Sealing Portions of Plaintiff's Bench Brief Is Necessary to Protect Microsoft's Confidential and Proprietary Business Information**

Microsoft supports maintaining under seal narrowly tailored excerpts of the above-mentioned excerpts of Plaintiff's Bench Brief, which contain Microsoft's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Examples of such confidential information include, but are not limited to, Microsoft's

internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. Disclosure of this information would provide Microsoft's competitors with private data about Microsoft's performance and business strategy, which could harm Microsoft's competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft that cannot be avoided through less restrictive alternatives.

Finally, Microsoft provided the FTC with confidential business information from the above-mentioned excerpts of Plaintiff's Bench Brief pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III.  Conclusion

As stated above, compelling reasons justify Microsoft's request for sealing the confidential business information contained in the above-mentioned excerpts of Plaintiff's Bench Brief. Microsoft therefore respectfully requests that this Court grant its Administrative Motion. In accordance with Civil Local Rule 7-11, Microsoft has also filed a Proposed Order herewith.

Dated: July 3, 2023                    Respectfully submitted,

By: /s/ *Beth Wilkinson*

Beth Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)

|   |   |
|---|---|
| 1 | James Rosenthal (*pro hac vice*) |
| 2 | Grace Hill (*pro hac vice*) |
|   | Anastasia M. Pastan (*pro hac vice*) |
| 3 | Sarah Neuman (*pro hac vice*) |
|   | Alysha Bohanon (*pro hac vice*) |
| 4 | Jenna Pavelec (*pro hac vice*) |
| 5 | WILKINSON STEKLOFF LLP |
|   | 2001 M Street, N.W., 10th Floor |
| 6 | Washington, D.C. 20036 |
|   | Telephone: (202) 847-4000 |
| 7 | Facsimile: (202) 847-4005 |
|   | bwilkinson@wilkinsonstekloff.com |
| 8 | rkilaru@wilkinsonstekloff.com |
|   | jrosenthal@wilkinsonstekloff.com |
| 9 | kgostin@wilkinsonstekloff.com |
|   | ghill@wilkinsonstekloff.com |
| 10 | apastan@wilkinsonstekloff.com |
| 11 | sneuman@wilkinsonstekloff.com |
|   | abohanon@wilkinsonstekloff.com |
| 12 | jpavelec@wilkinsonstekloff.com |

Bambo Obaro (SBN 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3083
Facsimile: (650) 802-3100
bambo.obaro@weil.com

Megan A. Granger (*pro hac vice*)
Michael Moiseyev (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
megan.granger@weil.com
michael.moiseyev@weil.com

*Counsel for Defendant Microsoft Corp.*