Beth A. Wilkinson (*pro hac vice*)
bwilkinson@wilkinsonstekloff.com
Rakesh N. Kilaru (*pro hac vice*)
rkilaru@wilkinsonstekloff.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonstekloff.com
Grace Hill (*pro hac vice*)
ghill@wilkinsonstekloff.com
Anastasia M. Pastan (*pro hac vice*)
apastan@wilkinsonstekloff.com
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Bambo Obaro
bambo.obaro@weil.com
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083

*Counsel for Microsoft Corp.*

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC.,<br><br>     Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEFENDANTS' FINAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Dept.:     Courtroom 8—19th Floor<br>Judge:     Honorable Jacqueline S. Corley |

On June 30, 2023, Defendants Microsoft Corporation ("Microsoft") and Activision Blizzard, Inc. ("Activision") (collectively, "Defendants") served the Court with an under seal version of Defendants' Final Proposed Findings of Fact and Conclusion (Exhibit B). Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants intend to move this Court for an order sealing portions of Defendants' Final Proposed Findings of Fact and Conclusions of Law on July 12, 2023. Defendants' forthcoming motion will identify the proposed sealing of information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Defendants that cannot be avoided through any less restrictive alternative means. On July 12, Defendants also intend to file an Administrative Motion To Consider Whether Another Party's Information Should Be Sealed, which will identify proposed redactions to FTC and non-party information.

## ARGUMENT

**I.  Sealing the Defendants' Proposed Findings of Fact and Conclusions of Law Is Warranted Under Ninth Circuit Precedent as It Contains Defendants' Confidential Business Information**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Defendants seek to seal narrowly tailored excerpts of the Proposed Findings of Fact and Conclusions of Law, which reference and reflect, among other things, confidential, proprietary information relating to Defendants' internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. The disclosure of this information could be used to injure Defendants if made publicly available.

## II. Sealing Defendants' Proposed Findings of Fact and Conclusions of Law Is Necessary to Protect Defendants' Confidential and Proprietary Business Information

Defendants seek to maintain under seal portions of Defendants' Proposed Findings of Fact and Conclusions of Law, as they contain Defendants' non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Examples of such confidential information include, but are not limited to, Defendants' internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing

confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. Disclosure of this information would provide Defendants' competitors with private data about Defendants' performance and business strategy, which could harm Defendants' competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Defendants that cannot be avoided through less restrictive alternatives.

Finally, Defendants provided the FTC with the confidential business information cited in the Defendants' Proposed Findings of Fact and Conclusions of Law pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g., FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III. Conclusion

As stated above, compelling reasons justify Defendants' request for sealing Defendants' confidential business information contained in Defendants' Final Proposed Findings of Fact and Conclusions of Law. Defendants will therefore file an Administrative Motion to Seal on July 12, 2023. In compliance with Civil Local Rule 79-5, an unredacted version of Defendants' Proposed Findings of Fact and Conclusions of Law is attached as Exhibit B.

Dated: July 3, 2023                                            Respectfully submitted,

By: */s/ Caroline Van Ness*                                    By: */s/ Beth Wilkinson*
Caroline Van Ness (SBN 281675)                                 Beth Wilkinson (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER &**                            Rakesh N. Kilaru (*pro hac vice*)
**FLOM LLP**                                                   Kieran Gostin (*pro hac vice*)
525 University Avenue                                          Grace Hill (*pro hac vice*)
Palo Alto, California 94301                                    James Rosenthal (pro hac vice)
Telephone: (650) 470-4500                                      Anastasia M. Pastan (*pro hac vice*)
Facsimile: (213) 621-5430

| | | |
|---|---|---|
| 1 | caroline.vanness@skadden.com | Sarah Neuman (*pro hac vice*) |
| | | Jenna Pavelec (*pro hac vice*) |
| 2 | Steven C. Sunshine (*pro hac vice*) | Alysha Bohanon (*pro hac vice*) |
| | Julia K. York (*pro hac vice*) | **WILKINSON STEKLOFF LLP** |
| 3 | **SKADDEN, ARPS, SLATE, MEAGHER &** | 2001 M Street, N.W., 10th Floor |
| | **FLOM LLP** | Washington, D.C. 20036 |

caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steven.sunshine@skadden.com
julia.york@skadden.com

Michael J. Sheerin (*pro hac vice*)
Evan R. Kreiner (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1 Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
michael.sheerin@skadden.com
evan.kreiner@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

Sarah Neuman (pro hac vice)
Jenna Pavelec (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street, N.W., 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com

Bambo Obaro (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3083
Facsimile: (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Megan A. Granger (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, NW
Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
michael.moiseyev@weil.com
megan.granger@weil.com

*Counsel for Microsoft Corporation*