Beth A. Wilkinson (*pro hac vice*)
bwilkinson@wilkinsonstekloff.com
Rakesh N. Kilaru (*pro hac vice*)
rkilaru@wilkinsonstekloff.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonstekloff.com
Grace Hill (*pro hac vice*)
ghill@wilkinsonstekloff.com
Anastasia M. Pastan (*pro hac vice*)
apastan@wilkinsonstekloff.com
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Bambo Obaro
bambo.obaro@weil.com
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083

*Counsel for Microsoft Corporation*

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC., <br><br> Defendants. | Case No. 3:23-cv-02880-JSC <br><br> **ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DECLARATION OF DENNIS W. CARLTON** <br><br> Dept.:   Courtroom 8—19th Floor <br> Judge:   Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants Microsoft Corporation ("Microsoft") and Activision Blizzard, Inc. ("Activision") respectfully move this Court for an order sealing portions of the Declaration of Dennis W. Carlton, dated June 27, 2023 (ECF No. 247) (hereafter, "Carlton Declaration").

Below, Microsoft and Activision have identified highly confidential material found in excerpts of the Carlton Declaration, along with the specific bases for sealing required under Local Rule 79-5. The proposed sealing reflects Defendants' good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive, the public disclosure of which would cause injury to Microsoft or Activision that cannot be avoided through any less restrictive alternative means:

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| Carlton Declaration | Page 9, entirety of footnote 8 | Microsoft and Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships and negotiations, internal decision-making processes, and investment decisions, which could be used to injure Microsoft and Activision if made publicly available. |
| Carlton Declaration | Page 10, entirety of footnote 12 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, market share analyses, and assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |
| Carlton Declaration | Page 14, portion of paragraph 28 (first redaction) | Microsoft and Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses and assessment of the competitive landscape, which could be used to injure Microsoft and Activision if made publicly available. |

---

[1] Legitimate private interests warrant sealing of the Microsoft and Activision information in this chart, and the unsealing of the information would result in injury to Microsoft or Activision that cannot be avoided through any less restrictive alternatives.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| Carlton Declaration | Page 14, portion of paragraph 28 (second redaction) | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses and assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |
| Carlton Declaration | Page 17, portion of paragraph 35 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Carlton Declaration | Page 17, portions of paragraph 36 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Carlton Declaration | Page 19, portions of paragraph 44 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, assessment of the competitive landscape, and financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Carlton Declaration | Page 19, entirety of footnote 32 | Microsoft | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, market share analysis, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Carlton Declaration | Page 19-21, portions of paragraph 45 | Microsoft and Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and data, which could be used to injure Microsoft and Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| Carlton Declaration | Page 20, portion of footnote 34 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and data, which could be used to injure Activision if made publicly available. |
| Carlton Declaration | Page 20, entirety of footnote 36 | Microsoft and Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and assessment of the competitive landscape, which could be used to injure Microsoft and Activision if made publicly available. |
| Carlton Declaration | Page 21, portions of footnote 38 | Microsoft and Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and data, which could be used to injure Microsoft and Activision if made publicly available. |

**ARGUMENT**

I. **Sealing Portions of the Carlton Declaration Is Warranted Under Ninth Circuit Precedent as It Contains Microsoft and Activision's Confidential Business Information**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL

445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Microsoft and Activision seek to seal narrowly tailored excerpts of the Carlton Declaration that reference and reflect, among other things, confidential, proprietary information relating to Defendants' internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal discussions of business strategy. The disclosure of this information could be used to injure Microsoft and Activision if made publicly available.

II.  **Sealing Portions of the Carlton Declaration Is Necessary to Protect Microsoft and Activision's Confidential and Proprietary Business Information**

Microsoft and Activision seek to maintain under seal portions of the Carlton Declaration, as they contain Microsoft and Activision's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Examples of such

confidential information include, but are not limited to, Defendants' internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal discussions of business strategy. Disclosure of this information would provide Microsoft and/or Activision's competitors with private data about Microsoft and Activision's performance and business strategy, which could harm Microsoft and Activision's competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft and/or Activision that cannot be avoided through less restrictive alternatives.

Finally, Microsoft and Activision provided the FTC with the confidential business information cited in the Carlton Declaration pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g., FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

**III.    Conclusion**

As stated above, compelling reasons justify Defendants' requests for sealing the confidential business information contained in the Carlton Declaration. Microsoft and Activision respectfully request that this Court grant this Administrative Motion with respect to the confidential excerpts of the Carlton Declaration noted herein. In accordance with Civil Local Rule 7-11, Defendants have filed a Proposed Order herewith.

Dated: July 3, 2023

By: /s/ Caroline Van Ness
Caroline Van Ness (SBN 281675)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steven.sunshine@skadden.com
julia.york@skadden.com

Michael J. Sheerin (*pro hac vice*)
Evan R. Kreiner (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1 Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
michael.sheerin@skadden.com
evan.kreiner@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

Respectfully submitted,

By: /s/ Beth Wilkinson
Beth Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Grace Hill (*pro hac vice*)
James Rosenthal (pro hac vice)
Anastasia M. Pastan (*pro hac vice*)
Sarah Neuman (pro hac vice)
Jenna Pavelec (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street, N.W., 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com

Bambo Obaro (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3083
Facsimile: (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Megan A. Granger (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, NW
Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
michael.moiseyev@weil.com
megan.granger@weil.com

*Counsel for Microsoft Corporation*