1  Jack DiCanio (SBN 138782)
   Caroline Van Ness (SBN 281675)
2  SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
3  525 University Avenue
   Palo Alto, California 94301
4  Telephone: (650) 470-4500
   Facsimile: (213) 621-5430
5  Email: jack.dicanio@skadden.com
   Email: caroline.vanness@skadden.com
6
   Steven C. Sunshine (*pro hac vice*)
7  Julia K. York (*pro hac vice*)
   SKADDEN, ARPS, SLATE, MEAGHER &
8  FLOM LLP
   1440 New York Avenue, N.W.
9  Washington, DC 20005-2111
   Telephone: (202) 371-7000
10 Facsimile: (202) 393-5760
   Email: steven.sunshine@skadden.com
11 Email: julia.york@skadden.com

12  *Counsel for Defendant Activision Blizzard, Inc.*

13  [Additional counsel listed on signature page]

14

15              **UNITED STATES DISTRICT COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

17              **SAN FRANCISCO DIVISION**

18

19  FEDERAL TRADE COMMISSION,          CASE NO. 3:23-cv-02880-JSC

                        Plaintiff,     **DEFENDANT ACTIVISION BLIZZARD,**
20                                      **INC.'S STATEMENT IN RESPONSE TO**
                                        **PLAINTIFF FEDERAL TRADE**
21          v.                          **COMMISSION'S ADMINISTRATIVE**
                                        **MOTION TO CONSIDER WHETHER**
22  MICROSOFT CORP.,                    **ANOTHER PARTY'S MATERIAL**
    and                                 **SHOULD BE SEALED (Civil L.R. 79-5(f))**
23  ACTIVISION BLIZZARD, INC.           **[ECF NO. 226]**

                        Defendants.
24
                                        Judge: Honorable Jacqueline S. Corley
25

26

27

28

## I.   **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Activision Blizzard, Inc. ("Activision") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's (hereinafter "FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (the "Administrative Motion") (ECF No. 226).  For the reasons described below and in the Declaration of Page Robinson (the "Robinson Decl.") attached hereto, Activision respectfully requests that the Court consider this submission, which narrows the information that would be maintained under seal within the Direct Testimony of Robin S. Lee by the FTC (ECF No. 224) ("Lee Direct").

The proposed sealing in the chart below reflects Activision's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Activision that cannot be avoided through any less restrictive alternative means.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 6, fn. 3, footnote lines 1-3[1] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |

---

[1] Activision can identify the specific portions referenced in this chart in a highlighted copy of the Lee Direct if the Court finds it helpful to issue its sealing order.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 7, ¶ 20, paragraph line 4 and line 5 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, revenue figures and projections, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 7, ¶ 21, paragraph line 4 and line 5 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, revenue figures and projections, and internal user metrics, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 10, ¶ 28, second bullet, portions of lines 1-3 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 10, ¶ 28, third bullet, portions of paragraph lines 2-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 11, ¶ 28, fourth bullet, portions of lines 2-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 11, ¶ 29, portions of lines 1-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 11, ¶ 29, portions of lines 5-10 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 11, fn. 21, portions of lines 5-6 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 11, fn. 23, portions of lines 2-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 12, ¶ 30, lines 4-5 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 12, ¶ 31, portions of lines 7-8 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses, assessment of the competitive landscape, and business |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | partnerships, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 12, ¶ 31, portions of paragraph line 10 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 13, Figure 1 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 14, ¶ 34, portions of lines 2-5 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 14, fn. 25, portions of lines 3-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 17, Figure 2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 17, ¶ 44, portion of paragraph line 1 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 31, fn. 73, portions of lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 32, fn. 74, portions of lines 1-6 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 34, fn. 77, portions of lines 1, 3 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses, assessment of the competitive landscape, and internal business metrics, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 38, ¶ 104, portions of lines 6, 8-9, 11, 14 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses, assessment of the competitive landscape, business partnerships, and revenue figures and projections, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 39, ¶ 106, portions of lines 2-3, 6, 8, 10-11 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses, assessment of the competitive landscape, business partnerships, and revenue figures and projections, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 40, ¶ 109, portions of lines 2-3, 5 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, and revenue figures and projections, which could be used to |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 40 ¶ 110, portions of lines 6-7<br><br>Page 41, ¶ 110, portion of line 2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, and revenue figures and projections, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 43, Figure 5 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, and revenue figures and projections, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 43, ¶ 117, portions of lines 4, 6-7 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, and revenue figures and projections, which could be used to |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 44, fn. 87, second paragraph, portions of lines 2-3 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, and revenue figures and projections, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 46, ¶ 126, portions of lines 8-9<br><br>Page 47, ¶ 126, portions of lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, and revenue figures and projections, which could be used to injure Activision if made publicly available. |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Pages 46, fn. 93, portion of lines 9 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, and revenue figures and projections, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Pages 47, ¶ 127, first bullet | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, revenue figures and projections, and internal business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Pages 47, ¶ 127, second bullet | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, revenue figures and projections, and internal business strategy, which could be |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Pages 47, ¶ 127, third bullet[2] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, revenue figures and projections, and internal business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Pages 47, fn. 96, portions of lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, revenue figures and projections, and internal presentations discussing business strategy which could be used to injure |

---

[2] Activision only seeks to seal the amounts listed in this portion of Lee's testimony, and not the full text as originally proposed.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 49, ¶ 130, portions of lines 1-2, 4[3] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 49, fn. 104, portion of fn. line 1 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |

---

[3] Activision only seeks to seal the time listed in this portion of Lee's testimony, and not the full text as originally proposed.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Direct Testimony of Robin S. Lee by the FTC | Page 51, ¶ 140, portion of paragraph line 2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and internal business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 51, fn. 110, portions of lines 1-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, and internal business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 65, fn. 138, portions of lines 2-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, business partnerships, |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | and internal business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 70, fn. 155, portion of lines 1-9 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Pages 70, ¶ 198, first bullet, portions of lines 3-5 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | business partnerships, terms of existing confidential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Pages 70, ¶ 198, second bullet, portion of line 2<br><br>Pages 71, ¶ 198, second bullet, portion of line 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Pages 71, ¶ 198, first full bullet, portions of lines 1-7 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 71, fn. 158, portion of lines 1-6 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Direct Testimony of Robin S. Lee by the FTC | Page 71, fn. 161, portion of lines 1-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential |

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | agreements, which could be used to injure Activision if made publicly available. |
| | | | |

## ARGUMENT

### I. Sealing Activision's Confidential Business Information Contained in the Lee Direct Is Warranted Under Ninth Circuit Precedent

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret."). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also*

1   *Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or

2   compilation of information which is used in one's business, and which gives him an opportunity to

3   obtain an advantage over competitors who do not know or use it.'") (citation omitted).  A court has

4   "broad latitude" to grant protective orders to prevent disclosure of "many types of information,

5   including, but not limited to, trade secrets or other confidential research, development, or

6   commercial information."  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

7   1211 (9th Cir. 2002).

8           In determining whether a document should be filed under seal, courts consider, among

9   other things, the measures taken to guard the information's secrecy and the value of the

10  information to the business or its competitors.  *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors

11  Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Here, Activision seeks to seal three narrowly tailored

12  excerpts of the Lee Direct which reference and reflect, among other things, confidential,

13  proprietary information relating to Activision's internal decision-making processes, strategic

14  evaluation of forward-looking opportunities, business partnerships, and internal business strategy.

15  The disclosure of this information could be used to injure Activision if made publicly available.

16  **II.    Sealing the Lee Direct Is Necessary to Protect Activision's Confidential and
            Proprietary Business Information**

17

18          Activision seeks to maintain under seal three portions of the Lee Direct, as they contain

19  Activision's non-public and highly sensitive information from documents obtained during the

20  course of the FTC's investigation and during litigation discovery.  Robinson Decl. ¶¶ 4–6.

21  Examples of such confidential information include, but are not limited to, information reflecting

22  Activision's internal decision-making processes, strategic evaluation of forward-looking

23  opportunities, business partnerships and negotiations, terms of existing confidential agreements,

24  and internal business strategy.  *Id.* ¶¶ 4.  Activision takes robust measures to maintain the

25  confidentiality of all the above-described information and does not disclose it publicly.  *Id.* ¶ 6.

26  Disclosure of this information would provide Activision's competitors with private information

27  about Activision's performance and internal business strategy, which could harm Activision's

28  competitive standing.  *Id.* ¶ 5; *see Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019

-21-

1   WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).  Thus, the unsealing of this highly confidential and

2   sensitive information would cause injury to Activision that cannot be avoided through less

3   restrictive alternatives.  *See* Robinson Decl. ¶ 5.

4          Finally, Activision provided the FTC with the confidential business information cited in the

5   Lee Direct pursuant to the statutory and regulatory guarantees of confidentiality contained in the

6   Hart-Scott-Rodino Act or the FTC Act.  *Id.* ¶ 6; *see also* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-

7   2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to maintain the

8   confidentiality of a party's confidential business information that has been provided to the FTC via

9   a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C.

10  Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing

11  includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of

12  confidentiality.' . . . The requested sealing covers only confidential information and is, according to

13  the FTC, required by regulation.").

14  **III.    Conclusion**

15         As stated above, compelling reasons justify sealing Activision's confidential business

16  information contained within the Lee Direct, and Activision respectfully requests that this Court

17  grant the FTC's Administrative Motion to Consider Whether Another Party's Material Should Be

18  Sealed (ECF No. 226), consistent with the specific recitations stated herein.  In accordance with

19  Civil Local Rule 7-11, Activision has also filed a Proposed Order herewith.

20

21  DATED: July 3, 2023                    By: */s/ Caroline Van Ness*

22                                         Jack DiCanio (SBN 138782)
                                           Caroline Van Ness (SBN 281675)
23                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                           LLP
24                                         525 University Avenue
                                           Palo Alto, California 94301
25                                         Telephone: (650) 470-4500
                                           Facsimile: (213) 621-5430
26                                         Email: jack.dicanio@skadden.com
                                           Email: caroline.vanness@skadden.com
27
                                           Steven C. Sunshine (*pro hac vice*)
28                                         Julia K. York (*pro hac vice*)

1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP

2

1440 New York Avenue, N.W.
Washington, DC 20005-2111

3

Telephone: (202) 371-7000
Facsimile: (202) 393-5760

4

Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

5

6

Michael J. Sheerin (*pro hac vice*)
Evan R. Kreiner (*pro hac vice*)

7

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP

8

1 Manhattan West
New York, NY 10001

9

Telephone: (212) 735-3000
Fax: (212) 735-2000

10

Email: michael.sheerin@skadden.com
Email: evan.kreiner@skadden.com

11

*Counsel for Defendant Activision Blizzard, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28