VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Leonard L. Gordon (*pro hac vice*)
llgordon@Venable.com
Benjamin P. Argyle (*pro hac vice*)
bpargyle@Venable.com
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone:    212.307.5500
Facsimile:    212.307.5598

Attorneys for Non-Party Nintendo of America Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY PX3218, PX3225, PX3233 AND PX3234 SHOULD REMAIN UNDER SEAL** |

Pursuant to N.D. Cal. Civil Local Rule 79-5, Non-Party Nintendo of America Inc. ("NOA") hereby submits this Statement as to why its confidential information contained in Plaintiff Federal Trade Commission ("FTC") exhibits PX3218, PX3225, PX3233 and PX3234 (collectively, "NOA Exhibits") should remain under seal (the "Statement"). This Statement is made following Plaintiff's June 29, 2023, Fourth Supplement to its Exhibit List, identifying these additional exhibits for use in the proceedings in the action captioned above. (Dkt. Nos. 262, 263).

## I. INTRODUCTION

On June 28, 2023, Plaintiff informed NOA that it would be introducing additional NOA exhibits. On June 29, 2023, Plaintiff filed its Fourth Supplement to its Exhibit List and the corresponding Administrative Motion identifying the NOA Exhibits. (Dkt. Nos. 262, 263). The NOA Exhibits are sensitive and confidential emails that contain, (1) internal NOA discussions regarding the negotiations between Nintendo and Microsoft Corp ("Microsoft") regarding Call of Duty; (2) direct negotiations between NOA and Microsoft; and (3) draft contractual agreements.

The NOA Exhibits at issue here were produced to the FTC in connection with the FTC's investigation and then in the still-pending FTC Part 3 administrative proceeding, both regarding Microsoft's proposed acquisition of Activision Blizzard, Inc. NOA was not a target of the FTC's review of the proposed acquisition, nor is NOA a party to the Part 3 administrative proceeding or this federal court action.

The Federal Trade Commission Act broadly governs confidential information submitted pursuant to both FTC investigations and administrative litigation proceedings. For example, the Act instructs that the Commission "shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is privileged or confidential." 15 U.S.C.S. § 46(f).[1] For administrative litigation proceedings, the Act designates as privileged and confidential, *inter alia*, trade secrets, commercial and financial

---

[1] *See also* 15 U.S.C. § 57b-2 (regarding documents and transcripts of oral testimony received by a federal agency pursuant to compulsory process or investigation, "no documentary material, tangible things, reports or answers to questions, and transcripts of oral testimony shall be available for examination by any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material, things, or transcripts").

information, and competitively sensitive information.  16 C.F.R. § 4.10(g).  The Administrative Law Judge ("ALJ") presiding over the proceeding entered a Protective Order Governing Confidential Material on December 9, 2022 "[i]n order to protect the parties and third parties against improper use and disclosure of confidential information."  16 C.F.R. § 3.31(d). (FTC Dkt. No. 9412, Document No. 606385, Dec. 9, 2022).

## II.     APPLICABLE LEGAL STANDARD

Non-parties receive special deference when issues of confidentiality are considered.  *See United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure could "cause damage to third parties if made public" and would "chill investigations in the future where third-party documents are essential").

While the public has a right of access to the Court's files, "[i]n the case of non-dispositive motions . . . the presumption in favor of public access does not apply with equal force."  *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "Thus, a showing of good cause will suffice to justify sealing material attached to non-dispositive motions."  *Id*.  Courts have applied the good cause standard when reviewing motions related to a preliminary injunction.  *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020).

Under Rule 26(c), "a trial court has broad discretion to permit sealing of court documents for, among other things, the protection of 'a trade secret or other confidential research, development, or commercial information.'  Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit adopted the definition of "trade secrets" set forth in the Restatement of Torts, finding that '[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'"  *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).

## III. ARGUMENT

Good cause exists to file NOA's information under seal because the information consists of NOA's confidential business information, the disclosure of which would cause competitive injury. Courts have found compelling reasons – a standard *higher* than the one required here – to seal confidential information that could harm a party's competitive standing. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021).

The NOA Exhibits contains highly confidential communications and negotiations between some of the highest-level executives at NOA and Microsoft as well as internal NOA discussions related to the Call of Duty negotiations. Disclosure of confidential negotiations between NOA and Microsoft would result in substantial harm to NOA's competitive standing as competitors would undoubtedly seek to leverage such information in potential future negotiations with NOA with the result being that NOA's negotiation position would be compromised. *See Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, 2022 WL 2313948, at *2 (N.D. Cal. June 28, 2022) (ruling that there are compelling reasons to seal information relating to the specific details and substance of licensing negotiations). The emails also contain attachments that are draft agreements negotiated between Nintendo and Microsoft that should remain under seal. *See Int'l Swimming League, Ltd. v. Fed'n Internationale De Natation*, 2021 WL 2075572, at *7-8 (N.D. Cal. May 24, 2021) (agreeing to seal draft contracts); *see also Poynt Corp. v. Innowi, Inc.*, 2019 U.S. Dist. LEXIS 62048, at *3 (N.D. Cal. Apr. 10, 2019) (sealing confidential draft agreements).

NOA also seeks at minimum to seal the email addresses contained in the emails to protect the privacy of those individuals. There is no public interest in such information and therefore no legitimate need for it to be publicly disclosed. *See Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *see also Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent

4
NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY PX3218, PX3225, PX3233 AND PX3234 SHOULD REMAIN UNDER SEAL
Case No. 23-cv-02880-JSC

exposure to harm or identity theft.") (citations omitted)).

      Below are NOA's designations which it seeks to remain under seal.

| Exhibit No. | Portion of Document Sought to be Sealed | Reasons for Sealing |
|---|---|---|
| PX3218 | Entire document. | This exhibit is a sensitive and confidential email that is a continuation of the email thread contained in RX2106, which was addressed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) filed on June 21, 2023. Thus, the factual basis for the confidentiality of PX3218, and the harm that would occur if it is not kept under seal, is discussed in that Declaration at paragraph 9. |
| PX3225 | Attachment to email.<br>• PX3225-002 to PX3225-005. | This email contains a draft agreement between Nintendo and Microsoft, including proposed edits and redlines. Such information is highly confidential as it reveals the negotiation process for a contractual agreement. Public disclosure would result in competitive harm to Nintendo as competitors would undoubtedly use such information in potential future negotiations with Nintendo. |
| PX3233 | Attachment to email.<br>• PX3233-002 to PX3233-005. | This email contains a draft agreement between Nintendo and Microsoft, including proposed edits and redlines. Such information is highly confidential as it reveals the negotiation process for a contractual agreement. Public disclosure would result in competitive harm to Nintendo as competitors would undoubtedly use such information in potential future negotiations with Nintendo. |
| PX3234 | Entire document. | This exhibit is a sensitive and confidential email that is a continuation of the email thread contained in PX3219, which was addressed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) filed on June 21, 2023. Thus, the factual basis for the confidentiality of PX3234, and the harm that would occur if it is not kept under seal, is discussed in that Declaration at paragraph 9. |

| All NOA Exhibits | All NOA email addresses. | All of NOA's exhibits contain internal Nintendo email addresses. There is no public interest in such information and therefore no legitimate need for it to be publicly disclosed. |

## IV. CONCLUSION

For the foregoing reasons, Non-Party NOA respectfully request the Court to keep sealed the designated portions of Plaintiff exhibits marked PX3218, PX3225, PX3233 and PX3234.

Dated:  July 5, 2023

VENABLE LLP

By:  /s/ Steven E. Swaney
Steven E. Swaney
Leonard L. Gordon (pro hac vice)
Benjamin P. Argyle (pro hac vice)
Attorneys for Non-Party Nintendo of America Inc.