Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                          Plaintiff,<br><br>          v.<br><br>MICROSOFT CORP.,<br>and<br>ACTIVISION BLIZZARD, INC.<br><br>                          Defendants. | CASE NO. 3:23-cv-02880-JSC<br><br>**DEFENDANT ACTIVISION BLIZZARD, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Civil L.R. 79-5(f)) [ECF NOS. 251, 263]**<br><br>Judge: Honorable Jacqueline S. Corley |

## I.  **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Activision Blizzard, Inc. ("Activision") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's (hereinafter "FTC" or "Plaintiff") Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed (the "Administrative Motions") (ECF Nos. 251, 263).  For the reasons described below and in the Declaration of Page Robinson (the "Robinson Decl.") attached hereto, Activision respectfully requests that the Court consider this submission, which narrows the information that would be maintained under seal within the FTC's Third Supplement to its Exhibit List (ECF No. 250-1) and the FTC's Fourth Supplement to its Exhibit List (ECF No. 262-1) (the "Exhibit Lists").[1]

The proposed sealing in the chart below reflects Activision's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Activision that cannot be avoided through any less restrictive alternative means.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| FTC's Third Supplement to its Exhibit List (ECF No. 250-1) | PX2456 Description[2] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, |

---

[1] This Statement addresses the FTC's exhibit list descriptions in ECF Nos. 251 and 263.  Activision has filed Administrative Motions Seeking In Camera Treatment of the FTC's underlying exhibits at ECF Nos. 173, 197, 205, 230, and 248 and has also filed a joint omnibus motion addressing admitted exhibits at ECF No. 233, as directed by the Court.  *See* June 26, 2023 Trial Tr. 489:22-490:9.

[2] While this document appeared on the FTC's exhibit list, it was not admitted during the hearing.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | and business partnerships, which could be used to injure Activision if made publicly available. |
| FTC's Third Supplement to its Exhibit List (ECF No. 250-1) | PX2464 Description[3] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, confidential agreements, and business partnerships and negotiations, which could be used to injure Activision if made publicly available. |
| FTC's Third Supplement to its Exhibit List (ECF No. 250-1) | PX2465 Description | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, confidential agreements, and business partnerships and |

---

[3] While this document appeared on the FTC's exhibit list, it was not admitted during the hearing.

| Document | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
|  |  |  | negotiations, which could be used to injure Activision if made publicly available. |
| FTC's Third Supplement to its Exhibit List (ECF No. 250-1) | PX2471 Description[4] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting internal decision-making processes, strategic evaluation of forward-looking opportunities, confidential agreements, and business partnerships and negotiations, which could be used to injure Activision if made publicly available. |

## ARGUMENT

I.    **Sealing Activision's Confidential Business Information Contained in the Exhibit Lists Is Warranted Under Ninth Circuit Precedent**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also*

---

[4] While this document appeared on the FTC's exhibit list, it was not admitted during the hearing.

1  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must

2  'conscientiously [] balance the competing interests' of the public and the party who seeks to keep

3  certain judicial records secret.'").  Courts in this Circuit regularly find that sealing is warranted

4  where the records or information that are sought to be sealed could be used "as sources of business

5  information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*,

6  435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)

7  (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2

8  (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing

9  'information about proprietary business operations, a company's business mode or agreements with

10  clients,' [and] 'internal policies and strategies'") (internal citations omitted).

11     "The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh

12  the public's interest in disclosure and justify sealing court records exist when such court files might

13  have become a vehicle for improper purposes, such as the use of records to . . . release trade

14  secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also*

15  *Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or

16  compilation of information which is used in one's business, and which gives him an opportunity to

17  obtain an advantage over competitors who do not know or use it.'") (citation omitted).  A court has

18  "broad latitude" to grant protective orders to prevent disclosure of "many types of information,

19  including, but not limited to, trade secrets or other confidential research, development, or

20  commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

21  1211 (9th Cir. 2002).

22     In determining whether a document should be filed under seal, courts consider, among

23  other things, the measures taken to guard the information's secrecy and the value of the

24  information to the business or its competitors.  *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors*

25  *Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Here, Activision seeks to seal narrowly tailored

26  excerpts of the Exhibit Lists which reference and reflect, among other things, confidential,

27  proprietary information relating to Activision's internal decision-making processes, strategic

28  evaluation of forward-looking opportunities, confidential agreements, business partnerships and

1  negotiations, and internal business strategy.  The disclosure of this information could be used to

2  injure Activision if made publicly available.

3  **II.    Sealing the Exhibit Lists Is Necessary to Protect Activision's Confidential and Proprietary Business Information**

4

5        Activision seeks to maintain under seal portions of the Exhibit Lists, as they contain

6  Activision's non-public and highly sensitive information from documents obtained during the

7  course of the FTC's investigation and during litigation discovery.  Robinson Decl. ¶¶ 4–6.

8  Examples of such confidential information include, but are not limited to, information reflecting

9  internal decision-making processes, strategic evaluation of forward-looking opportunities,

10  confidential agreements, business partnerships and negotiations, and internal business strategy.  *Id.*

11  ¶ 4.  Activision takes robust measures to maintain the confidentiality of all the above-described

12  information and does not disclose it publicly.  *Id.* ¶ 6.  Disclosure of this information would

13  provide Activision's competitors with private information about Activision's performance and

14  internal business strategy, as well as information about Activision's confidential agreements and

15  negotiations with its business partners, which could harm Activision's competitive standing.  *Id.* ¶

16  5; *see Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D.

17  Cal. Dec. 5, 2019).  Thus, the unsealing of this highly confidential and sensitive information would

18  cause injury to Activision that cannot be avoided through less restrictive alternatives.  *See*

19  Robinson Decl. ¶ 5.

20        Finally, Activision provided the FTC with the confidential business information cited in the

21  Exhibit Lists pursuant to the statutory and regulatory guarantees of confidentiality contained in the

22  Hart-Scott-Rodino Act or the FTC Act.  *Id.* ¶ 6; *see also* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-

23  2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to maintain the

24  confidentiality of a party's confidential business information that has been provided to the FTC via

25  a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C.

26  Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing

27  includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of

28

1   confidentiality.' . . . The requested sealing covers only confidential information and is, according to

2   the FTC, required by regulation.").

3   **III.   <u>Conclusion</u>**

4           As stated above, compelling reasons justify sealing Activision's confidential business

5   information contained within the Exhibit Lists, and Activision respectfully requests that this Court

6   grant the FTC's Motions to Seal (ECF Nos. 251, 263), consistent with the specific recitations stated

7   herein.  In accordance with Civil Local Rule 7-11, Activision has also filed a Proposed Order

8   herewith.

9

10  DATED: July 5, 2023                    By: /s/ *Caroline Van Ness*

11                                         Jack DiCanio (SBN 138782)
                                           Caroline Van Ness (SBN 281675)
12                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                           LLP
13                                         525 University Avenue
                                           Palo Alto, California 94301
14                                         Telephone: (650) 470-4500
                                           Facsimile: (213) 621-5430
15                                         Email: jack.dicanio@skadden.com
                                           Email: caroline.vanness@skadden.com
16
                                           Steven C. Sunshine (*pro hac vice*)
17                                         Julia K. York (*pro hac vice*)
                                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM
18                                         LLP
                                           1440 New York Avenue, N.W.
19                                         Washington, DC 20005-2111
                                           Telephone: (202) 371-7000
20                                         Facsimile: (202) 393-5760
                                           Email: steven.sunshine@skadden.com
21                                         Email: julia.york@skadden.com

22                                         Michael J. Sheerin (*pro hac vice*)
                                           Evan R. Kreiner (*pro hac vice*)
23                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                           LLP
24                                         1 Manhattan West
                                           New York, NY 10001
25                                         Telephone: (212) 735-3000
                                           Fax: (212) 735-2000
26                                         Email: michael.sheerin@skadden.com
                                           Email: evan.kreiner@skadden.com
27
                                           *Counsel for Defendant Activision Blizzard, Inc.*
28