Beth A. Wilkinson (*pro hac vice*)
bwilkinson@wilkinsonstekloff.com
Rakesh N. Kilaru (*pro hac vice*)
rkilaru@wilkinsonstekloff.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonstekloff.com
Grace Hill (*pro hac vice*)
ghill@wilkinsonstekloff.com
Anastasia M. Pastan (*pro hac vice*)
apastan@wilkinsonstekloff.com
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Bambo Obaro
bambo.obaro@weil.com
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083

*Counsel for Microsoft Corporation*

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC.,<br><br>    Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S STATEMENT IN SUPPORT OF PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 226]**<br><br>Dept.:     Courtroom 8—19th Floor<br>Judge:    Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Microsoft Corporation ("Microsoft") respectfully requests that the Court maintain under seal the confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (ECF No. 226) in connection with the Direct Testimony of Robin S. Lee, PhD (hereafter, "Lee Testimony") (ECF No. 224).

Below, Microsoft has identified highly confidential material found in the Lee Testimony, along with the specific bases for sealing required under Local Rule 79-5. The proposed sealing reflects Microsoft's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Microsoft that cannot be avoided through any more restrictive alternative means:

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Lee Testimony | Page 9, ¶ 26, portion of paragraph line 4 | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions and potential business partnerships, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 11, ¶ 29, portions of lines 1-4 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, market share analysis, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 11, ¶ 29, portions of lines 5-10 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, market share analysis, confidential negotiations for business partnerships, and investment decisions, which could be used to injure Microsoft if made publicly available. |

---

[1] Legitimate private interests warrant sealing of Microsoft information in this chart, and the unsealing of the information would result in injury to Microsoft that cannot be avoided through any less restrictive alternatives.

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Lee Testimony | Page 11, fn. 21, portions lines 5-6 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 11, fn. 23, portions of lines 2-4 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, confidential negotiations for business partnerships, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 12, ¶ 30, lines 4-5 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, assessment of the competitive landscape, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 12, ¶ 31, portion of line 10 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 13, Figure 1 in its entirety | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 14, ¶ 35, portions of lines 7-9 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 15, ¶ 39, portions of lines 2-4 | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions and internal financial information and projections, which could be used to injure Microsoft if made publicly available. |

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Lee Testimony | Page 16, ¶ 41, portions of paragraph lines 5-8 (page lines 3-6) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 16, ¶ 42, portions of lines 4-5 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 16, fn. 39, portions of lines 2-3 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 17, Figure 2 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Pages 17-18, ¶ 44, portions of paragraph lines 1-3 and accompanying fn. 41 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial information and projections, investment decisions, and business partnerships, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 25, fn. 51, portions of lines 2-4 | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape and market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 30, ¶ 83, portions of lines 6-8 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, |

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | market share analysis, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 30, ¶ 84, portions of lines 4-5 and portions of accompanying fn. 70 (lines 1-2 and 4-6) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, market share analysis, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 31, ¶ 84, portion of paragraph line 7 (page line 2) | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 31, fn. 73, portions of lines 1-2 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 33, Figure 4 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, market share analysis, potential business partnerships, strategic evaluation of forward-looking opportunities, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 33, ¶ 92, portions of lines 2-5 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, market share analysis, potential business partnerships, strategic evaluation of forward-looking opportunities, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 34, fn. 78, portions of lines 1-3 | This portion contains non-public and highly sensitive |

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | information including, but not limited to, internal decision-making processes, investment decisions, and internal financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 35, fn. 79, portions of lines 3-5 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 36, fn. 81, portions of lines 3-4 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 38, ¶ 104, portions of lines 8-12 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, market share analysis, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 38, ¶ 105, portions of lines 4-6 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, market share analysis, and internal financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 38, fn. 82, portion of line 4 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and internal financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 40, ¶ 109, portions of lines 2, 3, and 5 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial information and projections, which could be |

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 40-41, ¶ 110, portions of paragraph lines 6, 7, and 9 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 43, Figure 5 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and internal financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 43, ¶ 117, portion of line 7 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and internal financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 44, fn. 87, second paragraph, portions of paragraph lines 2 and 3 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and internal financial information and projections, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 46-47, ¶ 126, portions of paragraph lines 8-11 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 47, ¶ 127, third bullet | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal financial information and projections, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 48, fn. 100 (in its entirety) | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing agreements, internal decision-making |

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | processes, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 50, fn. 108, portions of lines 3-9 | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing agreements, internal decision-making processes, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 51-52, ¶ 140, paragraph lines 1-7 and accompanying fn. 110 (in its entirety) | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing agreements, internal decision-making processes, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 55, ¶ 148, lines 1-6 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, internal financial information and projections, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 55, ¶ 149 (in its entirety) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, internal financial information and projections, and strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 56, ¶ 153, portions of lines 2-5 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal financial information and projections, and market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 58, ¶ 156, first bullet on page 58 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal financial |

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | information and projections, and market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 58, Figure 8 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 62, ¶ 171, portions of lines 2-7 | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing agreements, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 65, fn. 137, lines 1-10 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 65, fn. 138, portions of lines 2-4 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 66, ¶ 188, portion of line 4 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 68, ¶ 194, first bullet, portions of lines 2-5 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Pages 68-69, ¶ 194, second bullet (in its entirety) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, potential business partnerships, and investment decisions, which could be |

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 68, fn. 147, portions of lines 1-3 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Pages 68-69, ¶ 194, third bullet (in its entirety) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, potential business partnerships, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 69, ¶ 195, lines 3-5 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 69, ¶ 195, portions of lines 3-8 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 69, fn. 154 (in its entirety) | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing agreements, internal decision-making processes, investment decisions, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 72, fn. 164, lines 1-3 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, market share analysis, and investment decisions, which could be used to injure Microsoft if made publicly available. |
| Lee Testimony | Page 73, ¶ 205, portions of lines 2-4 | This portion contains non-public and highly sensitive information including, but not limited to, internal |

| Document | Portion to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | decision-making processes, internal financial information and projections, and investment decisions, which could be used to injure Microsoft if made publicly available. |

## ARGUMENT

### I. Sealing of Portions of the Lee Testimony Is Warranted Under Ninth Circuit Precedent as These Portions Contain Microsoft's Confidential Business Information

The above-mentioned excerpts of the Lee Testimony contain competitively sensitive business information and warrant sealing. In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which

is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Microsoft seeks to maintain under seal only the portions of the Lee Testimony that reference and reflect, among other things, confidential, proprietary information relating to Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal discussions of business strategy. The disclosure of this information could be used to injure Microsoft if made publicly available.

## II. Sealing of Portions of the Lee Testimony Is Necessary to Protect Microsoft's Confidential and Proprietary Business Information

Microsoft supports maintaining under seal narrowly tailored excerpts of the above-mentioned excerpts of the Lee Testimony, which contain Microsoft's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Examples of such confidential information include, but are not limited to, Microsoft's internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy. Disclosure of this information would provide Microsoft's competitors with private data about Microsoft's performance and business strategy, which could harm Microsoft's competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft that cannot be

avoided through less restrictive alternatives.

Finally, Microsoft provided the FTC with confidential business information from the above-mentioned excerpts of the Lee Testimony pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III. Conclusion

As stated above, compelling reasons justify Microsoft's request for sealing the confidential business information contained in the above-mentioned excerpts of the Lee Testimony. Microsoft therefore respectfully requests that this Court grant Plaintiff's Administrative Motion. In accordance with Civil Local Rule 7-11, Microsoft has also filed a Proposed Order herewith.

Dated: July 6, 2023  Respectfully submitted,

By: */s/ Beth Wilkinson*
    Beth Wilkinson (*pro hac vice*)
    Rakesh N. Kilaru (*pro hac vice*)
    Kieran Gostin (*pro hac vice*)
    James Rosenthal (pro hac vice)
    Grace Hill (*pro hac vice*)
    Anastasia M. Pastan (*pro hac vice*)
    Sarah Neuman (pro hac vice)
    Alysha Bohanon (*pro hac vice*)
    Jenna Pavelec (*pro hac vice*)
    **WILKINSON STEKLOFF LLP**
    2001 M Street, N.W., 10th Floor
    Washington, D.C. 20036
    Telephone: (202) 847-4000
    Facsimile: (202) 847-4005
    bwilkinson@wilkinsonstekloff.com
    rkilaru@wilkinsonstekloff.com
    kgostin@wilkinsonstekloff.com
    jrosenthal@wilkinsonstekloff.com

| | |
|---|---|
| 1 | ghill@wilkinsonstekloff.com |
| 2 | apastan@wilkinsonstekloff.com |
|   | sneuman@wilkinsonstekloff.com |
| 3 | abohanon@wilkinsonstekloff.com |
|   | jpavelec@wilkinsonstekloff.com |

Bambo Obaro (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3083
Facsimile: (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Megan A. Granger (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, NW
Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
michael.moiseyev@weil.com
megan.granger@weil.com

*Counsel for Microsoft Corporation*