Beth A. Wilkinson (*pro hac vice*)
bwilkinson@wilkinsonstekloff.com
Rakesh N. Kilaru (*pro hac vice*)
rkilaru@wilkinsonstekloff.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonstekloff.com
Grace Hill (*pro hac vice*)
ghill@wilkinsonstekloff.com
Anastasia M. Pastan (*pro hac vice*)
apastan@wilkinsonstekloff.com
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC  20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Bambo Obaro
bambo.obaro@weil.com
WEIL, GOTSHAL AND MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3083

*Counsel for Microsoft Corporation*

[Additional Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC.,<br><br>    Defendants. | Case No. 3:23-cv-02880-JSC<br><br>**ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEFENDANTS' PROPOSED POST-TRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Dept.:    Courtroom 8—19th Floor<br>Judge:   Honorable Jacqueline S. Corley |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant Microsoft Corporation and Defendant Activision Blizzard, Inc. (collectively, "Defendants") respectfully move this Court for an order sealing portions of Defendants' Proposed Post-Trial Findings of Fact and Conclusions of Law.

Below, Defendants have identified highly confidential material found in their Proposed Post-Trial Findings of Fact and Conclusions of Law, along with the specific bases for sealing required under Local Rule 79-5. The proposed sealing reflects Defendants' good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive, the public disclosure of which would cause injury to Defendants that cannot be avoided through any more restrictive alternative means:

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Introduction | Page 1, portions of lines 15-16 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, confidential terms of existing agreements, and potential business partnerships, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 6, paragraph 10, portions of lines 2-4 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and confidential negotiations with opposing counsel, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 13, paragraph 39, entirety of graphic at lines 11-20 | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape and internal revenue/financial information, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 15, paragraph 46, portions of lines 6-11 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, confidential terms of existing agreements, and business partnerships/negotiations, which could be used to injure Defendants if made publicly available. |

---

[1] Legitimate private interests warrant sealing of the Defendants' information in this chart, and the unsealing of the information would result in injury to Defendants that cannot be avoided through any less restrictive alternatives.

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Findings of Fact | Page 25, paragraph 81, portions of line 2 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, market share analysis, and strategic evaluation of forward-looking opportunities, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 25, paragraph 81, entirety of graphic at lines 3-11 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, market share analysis, and strategic evaluation of forward-looking opportunities, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 25, paragraph 82, portions of lines 16 and 17 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and strategic evaluation of forward-looking opportunities, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 26, paragraph 84, portions of lines 5-11 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 27, paragraph 87, portions of lines 11-14 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 27, paragraph 87, entirety of graphic at lines 15-23 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 28, paragraph 88, portions of lines 4-5 | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing agreements, which could be used to injure Defendants if made publicly available. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Findings of Fact | Page 28, paragraph 91, portions of lines 25-26 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial/revenue information and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 33, paragraph 104, portion of line 2 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial/revenue information, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 37, paragraph 119, portions of lines 13-16 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and strategic evaluation of forward-looking opportunities, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 37, paragraph 120, portion of line 18 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 38, paragraph 125, portions of line 25 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial/revenue information, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 39, paragraph 127, portions of lines 11-12 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial/revenue information, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 41, paragraph 136, portions of lines 21-24 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Findings of Fact | Page 42, paragraph 139, portions of lines 11-17 | This portion contains non-public and highly sensitive information including, but not limited to, terms of existing confidential agreements and business negotiations, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 42, paragraph 140, portions of lines 18-24 | This portion contains non-public and highly sensitive information including, but not limited to, terms of existing confidential agreements and business negotiations, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 44, paragraph 144, portions of lines 9-10 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and strategic evaluation of forward-looking opportunities, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 45, paragraph 148, portions of lines 14-16 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, business negotiations, and terms of existing confidential agreements, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 46, paragraph 152, portions of lines 5-6 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and business negotiations, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 46, paragraph 153, portions of lines 13-19 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and business negotiations, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 46, paragraph 154, portions of lines 25-26 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and internal financial/revenue information, which could be |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | used to injure Defendants if made publicly available. |
| Findings of Fact | Page 51, paragraph 166, portions of lines 7-24 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, terms of existing confidential agreements, investment decisions, strategic evaluation of forward-looking opportunities, and business negotiations, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 52, paragraph 169, portions of lines 22-26 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and business negotiations, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 53, paragraph 169, portions of lines 2-4 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and internal financial/revenue information, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 56, paragraph 180, portions of lines 7-11 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, confidential terms of existing agreements, and business negotiations, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 63, paragraph 208, portions of lines 13-14 | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal metrics and user data, which could be used to injure Defendants if made publicly available. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Findings of Fact | Page 63, paragraph 208, entirety of graphic at lines 14-25 | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal metrics and user data and market share analysis, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 63, paragraph 209, portions of lines 26-27<br><br>Page 64, paragraph 209, portions of lines 2-4 | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal metrics and user data, internal decision-making processes, market share analysis, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 64, paragraph 210, portion of line 8 | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal metrics and user data, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 64, paragraph 211, portions of line 15 | This portion contains non-public and highly sensitive information including, but not limited to, confidential internal metrics and user data, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 67, paragraph 224, portions of lines 23-24 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, market share analysis, and internal financial/revenue projections, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 69, paragraph 230, portions of lines 3-8 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 69, paragraph 232, portions of lines 21-27 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, and assessment of the competitive landscape, which could be used to injure |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | Defendants if made publicly available. |
| Findings of Fact | Page 70, paragraph 233, portions of lines 1-7 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 70, paragraph 234, portions of lines 11-12 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, and internal financial/revenue projections, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 70, paragraph 238, portions of lines 25-27 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and market share analysis, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 72, paragraph 243, portions of lines 5-8 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, and internal financial/revenue projections, which could be used to injure Defendants if made publicly available. |
| Findings of Fact | Page 72, paragraph 244, portions of lines 11-12 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, and internal financial/revenue projections, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 85, paragraph 25, portions of lines 23-27 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, assessment of the competitive landscape, and internal financial/revenue projections, which could be used to injure Defendants if made publicly available. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Conclusions of Law | Page 86, paragraph 28, portions of lines 20-22 | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing agreements, business partnerships, and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 86, footnote 15, first sentence of footnote | This portion contains non-public and highly sensitive information including, but not limited to, internal user data and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 87, paragraph 29, entirety of graphic at lines 6-13 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, assessment of the competitive landscape, and internal financial/revenue information, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 89, paragraph 33, portions of lines 2-7 | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, strategic evaluation of forward-looking opportunities, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 92, portions of lines 2-3 | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape and strategic evaluation of forward-looking opportunities, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 94, paragraph 49, entirety of graphics at lines 13-19 | This portion contains non-public and highly sensitive information including, but not limited to, internal user data, internal decision-making processes, and internal financial/revenue information, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 96, paragraph 53, portion of line 4 | This portion contains non-public and highly sensitive information including, but not limited to, internal user data, which could be used to injure Defendants if made publicly available. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Conclusions of Law | Page 99, paragraph 64, portions of lines 25-27 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and future business plans/strategy, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 102, footnote 21, portion of lines 25-26 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, and future business plans/strategy, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 106, paragraph 80, portions of lines 18-21 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 107, paragraph 82, portion of line 22 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 108, paragraph 83, portions of lines 6-9 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, internal user data, and assessment of the competitive landscape, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 108, paragraph 84, portions of lines 11-13 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial/revenue information, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 108, paragraph 85, portions of lines 23-25 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, and investment decisions, which could be used to injure Defendants if made publicly available. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Conclusions of Law | Page 113, paragraph 96, portions of lines 1-3 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 113, entirety of footnote 23, lines 20-22 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 116, paragraph 105, portions of lines 3-6 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 116, paragraph 106, portions of lines 10-13 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 116, footnote 26, portions of lines 21-25 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 116, footnote 27, portions of lines 25-27 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Conclusions of Law | Page 117, paragraph 109, portions of lines 2-7 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 117, paragraph 110, portions of lines 14-19 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, market share analysis, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 117, footnote 28, portions of lines 26-27 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, market share analysis, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 118, paragraph 113, portions of lines 14-16 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 118, paragraph 114, portions of lines 17-23 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 118, paragraph 115, portions of lines 24-26<br><br>Page 119, paragraph 115, portions of lines 1-2 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |

| Document | Portions to Be Filed Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Conclusions of Law | Page 119, paragraph 116, portions of lines 4-7 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 119, paragraph 117, portions of lines 8-9 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business plans/strategy, internal revenue projections, and investment decisions, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 122, paragraph 125, portions of line 8 | This portion contains non-public and highly sensitive information including, but not limited to, market share analysis, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 129, paragraph 141, portions of lines 20-22 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and future business plans/strategy, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 133, footnote 37, portions of line 26 | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships and confidential terms of existing agreements, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 138, paragraph 162, portions of lines 2-3 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and future business plans/strategy, which could be used to injure Defendants if made publicly available. |
| Conclusions of Law | Page 141, paragraph 172, portion of line 21 | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships and confidential terms of existing agreements, which could be used to injure Defendants if made publicly available. |

# ARGUMENT

**I. Sealing Portions of the Proposed Post-Trial Findings of Fact and Conclusions of Law Is Warranted Under Ninth Circuit Precedent as They Contain Defendants' Confidential Business Information**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'") (citation omitted). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Here, Defendants seeks to seal narrowly tailored excerpts of the Proposed Post-Trial Findings of Fact and Conclusions of Law that reference and reflect, among other things, confidential, proprietary information relating to Defendants' internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal discussions of business strategy. The disclosure of this information could be used to injure Defendants if made publicly available.

## II. Sealing Portions of the Proposed Post-Trial Findings of Fact and Conclusions of Law Is Necessary to Protect Defendants' Confidential and Proprietary Business Information

Defendants seek to maintain under seal portions of the Proposed Post-Trial Findings of Fact and Conclusions of Law, as they contain Defendants' non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Examples of such confidential information include, but are not limited to, Defendants' internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessments of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal discussions of business strategy. Disclosure of this information would provide Defendants' competitors with private data about Defendants' performance and business strategy, which could harm Defendants' competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Defendants that cannot be avoided through less restrictive alternatives.

Finally, Defendants provided the FTC with the confidential business information cited in the Proposed Post-Trial Findings of Fact and Conclusions of Law pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged

the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III.     Conclusion

As stated above, compelling reasons justify Defendants' request for sealing the confidential business information contained in the Proposed Post-Trial Findings of Fact and Conclusions of Law. Defendants respectfully request that this Court grant its Motion to Seal the confidential portions of the Proposed Post-Trial Findings of Fact and Conclusions of Law as identified herein. In accordance with Civil Local Rule 7-11, Defendants have also filed a Proposed Order herewith.

Dated: July 13, 2023                                                  Respectfully submitted,

By: */s/ Caroline Van Ness*                                           By: */s/ Beth Wilkinson*
Caroline Van Ness (SBN 281675)                                        Beth Wilkinson (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER**                                     Rakesh N. Kilaru (*pro hac vice*)
**& FLOM LLP**                                                        Kieran Gostin (*pro hac vice*)
525 University Avenue                                                 James Rosenthal (pro hac vice)
Palo Alto, California 94301                                           Grace Hill (*pro hac vice*)
Telephone: (650) 470-4500                                             Anastasia M. Pastan (*pro hac vice*)
Facsimile: (213) 621-5430                                             Sarah Neuman (pro hac vice)
caroline.vanness@skadden.com                                          Alysha Bohanon (*pro hac vice*)
                                                                      Jenna Pavelec (*pro hac vice*)
Steven C. Sunshine (*pro hac vice*)                                   **WILKINSON STEKLOFF LLP**
Julia K. York (*pro hac vice*)                                        2001 M Street, N.W., 10th Floor
**SKADDEN, ARPS, SLATE, MEAGHER**                                     Washington, D.C. 20036
**& FLOM LLP**                                                        Telephone: (202) 847-4000
1440 New York Avenue, N.W.                                            Facsimile: (202) 847-4005
Washington, DC 20005-2111                                             bwilkinson@wilkinsonstekloff.com
Telephone: (202) 371-7000                                             rkilaru@wilkinsonstekloff.com
Facsimile: (202) 393-5760                                             kgostin@wilkinsonstekloff.com
steven.sunshine@skadden.com                                           jrosenthal@wilkinsonstekloff.com
julia.york@skadden.com                                                ghill@wilkinsonstekloff.com
                                                                      apastan@wilkinsonstekloff.com
Michael J. Sheerin (*pro hac vice*)                                   sneuman@wilkinsonstekloff.com
Evan R. Kreiner (*pro hac vice*)                                      abohanon@wilkinsonstekloff.com
**SKADDEN, ARPS, SLATE, MEAGHER**                                     jpavelec@wilkinsonstekloff.com
**& FLOM LLP**
1 Manhattan West                                                      Bambo Obaro (SBN 267683)
New York, NY 10001                                                    **WEIL, GOTSHAL & MANGES LLP**
Telephone: (212) 735-3000                                             201 Redwood Shores Parkway

| | |
|---|---|
| Fax: (212) 735-2000<br>michael.sheerin@skadden.com<br>evan.kreiner@skadden.com<br><br>*Counsel for Defendant Activision Blizzard, Inc.* | Redwood Shores, CA 94065<br>Telephone: (650) 802-3083<br>Facsimile: (650) 802-3100<br>bambo.obaro@weil.com<br><br>Michael Moiseyev (*pro hac vice*)<br>Megan A. Granger (*pro hac vice*)<br>**WEIL, GOTSHAL & MANGES LLP**<br>2001 M Street, NW<br>Suite 600<br>Washington, DC 20036<br>Telephone: (202) 682-7000<br>Facsimile: (202) 857-0940<br>michael.moiseyev@weil.com<br>megan.granger@weil.com<br><br>*Counsel for Microsoft Corporation* |