1 | Beth Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
2 | Kieran Gostin (*pro hac vice*)
James Rosenthal (*pro hac vice*)
3 | Grace Hill (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
4 | Sarah Neuman (*pro hac vice*)
WILKINSON STEKLOFF LLP
5 | 2001 M Street, N.W., 10th Floor
Washington, D.C. 20036
6 | Telephone: (202) 847-4000
Facsimile: (202) 847-4005
7 | bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
8 | kgostin@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
9 | ghill@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
10 | sneuman@wilkinsonstekloff.com

11 | Bambo Obaro
WEIL, GOTSHAL & MANGES LLP
12 | 201 Redwood Shores Parkway
Redwood Shores, CA 94065
13 | Telephone: (650) 802-3083
Facsimile: (650) 802-3100
14 | bambo.obaro@weil.com

15 | *Counsel for Defendant Microsoft Corp.*

16 | [Additional Counsel Identified on Signature Page]

17 |                    **UNITED STATES DISTRICT COURT**
      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
18 |                    **SAN FRANCISCO DIVISION**

19 |
20 | FEDERAL TRADE COMMISSION

       *Plaintiff,*                          Case No. 3:23-cv-02880-JSC
21 |
       v.                                    **PRELIMINARY RESPONSE TO**
22 |                                         **PLAINTIFF'S MOTION FOR**
       MICROSOFT CORP. and                   **INJUNCTION PENDING APPEAL**
23 | ACTIVISION BLIZZARD, INC.,
                                             Expedited Review Requested
24 |        *Defendants.*

25 |

26 |

27 |

28 |

1    The Federal Trade Commission ("FTC") has asked the Court to enjoin the merger of

2    Microsoft Corporation ("Microsoft") and Activision Blizzard, Inc. ("Activision") pending

3    appeal, notwithstanding the Court's July 10, 2023 order denying the FTC's request for a

4    preliminary injunction. Dkt. 313. Due to the compressed deadline—an exigency created by the

5    FTC's delay first in bringing this case[1] and then further delay in seeking the instant relief—

6    Defendants provide the following preliminary response setting forth why the Motion can and

7    should be summarily denied.  If the Court desires further briefing, Defendants stand ready to

8    provide it on whatever timetable would aid the Court's consideration.

9                                    **STATEMENT**

10    This Court ordered an expedited evidentiary hearing on a nearly unprecedented timetable

11    because, as it recognized, the parties' merger agreement would not survive the indefinite

12    injunctive relief the FTC had sought. The Court has now issued a detailed opinion on a similarly

13    compressed timetable. Dkt. 305 ("Op."). In that opinion, despite finding the FTC failed to carry

14    its burden on independent, fact-based grounds, the Court temporarily restrained the closing of the

15    merger through July 14 at 11:59 PM for the express reason of ensuring that the FTC, if it so

16    chose, could seek appellate intervention before this merger closes. *See* Op. 53. Yet rather than

17    move quickly to seek relief pending appeal from the Ninth Circuit, the FTC dragged its heels,

18    waiting three days (of the four days the Court provided) to ask this Court again (and for the same

19    reasons) to enjoin the parties' merger.

20    The Court has already effectively denied the relief the FTC seeks. "A motion for an

21    injunction pending appeal is considered under the same standard as a motion for a preliminary

22    injunction." *Taylor v. Bosco Credit, LLC*, No. 18-CV-06310-JSC, 2019 WL 6877470, at *1

23    (N.D. Cal. Dec. 17, 2019). The Court has already explained why the FTC has come nowhere

24    close to meeting its burden. *See, e.g.*, Op. 33-38 (explaining why, for eight different reasons plus

25

---

26    [1] "Although the Agreement allows either party to terminate the merger agreement if the transaction has not closed by July 18, 2023, and appears to obligate Microsoft to pay Activision a termination fee of $3 billion, the FTC did

27    not file this action to preliminarily enjoin the merger until June 12, 2023—less than six weeks before the termination date." Op. 20.

28

1   a bonus reason, "the evidence points to no incentive to foreclose Call of Duty … from Sony

2   PlayStation"); *id.* at 40-41 (explaining why the "lynchpin of the FTC's argument," its expert's

3   testimony and analyses, "does not dispute the evidence of Microsoft's lack of an economic

4   incentive" and rests on "an assumed input … not based on evidence"); *id.* at 50 (finding the

5   merger was likely to result in Activision content on platforms where "it is not likely to be

6   available absent the merger"); *see also id.* at 39 (describing Microsoft's contracts with six other

7   platforms as: "Perhaps bad for Sony. But good for *Call of Duty* gamers and future gamers.").

8          The FTC's filing fails to provide any basis to expect that it will prevail on a single issue

9   on appeal, much less run the table on the multiple findings it would have to reverse to prevail.

10  *See Cascadia Wildlands v. Thrailkill*, 806 F.3d 1234, 1240 (9th Cir. 2015) (appellate review of

11  an order denying a motion for preliminary injunction "is limited and deferential").  Specifically,

12  as we will explain to the Ninth Circuit, the FTC does not identify a single legal error in this

13  Court's reasoning, nor any reason to think that any of the complaints they lodge would have

14  changed the outcome.

15         Further, the Court has already found that it would be inequitable to enter an injunction

16  that could lead to "the potential skuttling of the merger," and that this inequitable result was "a

17  separate, independent reason the FTC's motion must be denied." Op. 51–52. The FTC's new

18  request to enjoin the merger for the months (or more) that it will take for the Ninth Circuit to

19  hear and decide this appeal would have the same effect. The Court's opinion was cognizant of

20  the potential for appellate review and the competing need for finality in advance of July 18. It

21  therefore left the TRO in place long enough for the FTC to seek relief pending appeal, while at

22  the same time *shortening* the TRO already in place by three days, in apparent recognition that

23  any appellate relief would have to be sought expeditiously and without prejudice to the parties'

24  ability to close the transaction. *Compare* Op. 53, *with* Dkt. 37. That the FTC wasted nearly 75%

25  of the time the Court allowed is not a reason to reconsider.

26         The FTC also asks, in the alternative, that this Court enter an injunction until after the

27  Ninth Circuit has ruled on the FTC's motion for a stay pending appeal that it intends to file

28

1   "contemporaneously" in the appellate court. Dkt. 313 (Notice of Motion). Although the FTC has not

2   yet filed its motion in the Ninth Circuit, the FTC has informed the appellate court that it will seek a

3   decision on that request prior to the expiration of the TRO tomorrow evening.  Defendants have

4   also made clear to the Ninth Circuit clerk that they will file an opposition to that motion as soon

5   as is practicable so the Court will have full briefing before the TRO expires.  There is thus no

6   reason for this Court to enter a temporary injunction pending the Ninth Circuit's decision—the

7   existing TRO already serves that purpose.

8   **CONCLUSION**

9       For these reasons, Defendants respectfully ask that the Court summarily deny the FTC's

10   request for an injunction. To the extent the Court believes it would be necessary or helpful to

11   receive a more formal opposition to the Motion filed here, Defendants will further respond on

12   whatever schedule the Court orders.

13   Dated: July 13, 2023                       Respectfully submitted,

14

By: */s/ Beth Wilkinson*

15   Caroline Van Ness (SBN 281675)           Beth Wilkinson (*pro hac vice*)

SKADDEN, ARPS, SLATE, MEAGHER     Rakesh N. Kilaru (*pro hac vice*)

16   & FLOM LLP                          Kieran Gostin (*pro hac vice*)

525 University Avenue                  James Rosenthal (*pro hac vice*)

17   Palo Alto, California 94301             Grace Hill (*pro hac vice*)

Telephone: (650) 470-4500             Anastasia M. Pastan (*pro hac vice*)

18   Facsimile: (213) 621-5430              Sarah Neuman (*pro hac vice*)

caroline.vanness@skadden.com         Alysha Bohanon (*pro hac vice*)

19                                   Jenna Pavelec (*pro hac vice*)

Steven C. Sunshine (*pro hac vice*)     WILKINSON STEKLOFF LLP

20   Julia K. York (*pro hac vice*)           2001 M Street, N.W., 10th Floor

SKADDEN, ARPS, SLATE, MEAGHER     Washington, D.C. 20036

21   & FLOM LLP                          Telephone: (202) 847-4000

1440 New York Avenue, N.W.         Facsimile: (202) 847-4005

22   Washington, DC 20005-2111          bwilkinson@wilkinsonstekloff.com

Telephone: (202) 371-7000             rkilaru@wilkinsonstekloff.com

23   Facsimile: (202) 393-5760              jrosenthal@wilkinsonstekloff.com

steven.sunshine@skadden.com         kgostin@wilkinsonstekloff.com

24   julia.york@skadden.com               ghill@wilkinsonstekloff.com

                                  apastan@wilkinsonstekloff.com

25   Michael J. Sheerin (*pro hac vice*)      sneuman@wilkinsonstekloff.com

Evan R. Kreiner (*pro hac vice*)        abohanon@wilkinsonstekloff.com

26   SKADDEN, ARPS, SLATE, MEAGHER     jpavelec@wilkinsonstekloff.com

& FLOM LLP

27   1 Manhattan West                    Jonathan E. Nuechterlein (*pro hac vice*)

New York, NY 10001                C. Frederick Beckner III (*pro hac vice*)

28

3

PRELIMINARY RESPONSE TO PLF'S MOTION FOR INJUNCTION PENDING APPEAL

(NO. 3:23-CV-02880-JSC)

| | |
|---|---|
| Telephone: (212) 735-3000<br>Fax: (212) 735-2000<br>michael.sheerin@skadden.com<br>evan.kreiner@skadden.com<br><br>*Counsel for Defendant Activision Blizzard, Inc.* | William R. Levi (*pro hac vice*)<br>Daniel J. Hay (*pro hac vice*)<br>Lucas Croslow (*pro hac vice*)<br>Manuel Valle (*pro hac vice*)<br>Aaron P. Haviland (*pro hac vice*)<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Telephone:  (202) 736-8000<br>Facsimile:  (202) 736-8711<br>jnuechterlein@sidley.com<br>rbeckner@sidley.com<br>william.levi@sidley.com<br>dhay@sidley.com<br>lcroslow@sidley.com<br>manuel.valle@sidley.com<br>ahaviland@sidley.com<br><br>Bambo Obaro (SBN 267683)<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Telephone: (650) 802-3083<br>Facsimile: (650) 802-3100<br>bambo.obaro@weil.com<br><br>Megan A. Granger (*pro hac vice*)<br>Michael Moiseyev (*pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street, NW<br>Suite 600<br>Washington, DC 20036<br>Telephone: (202) 682-7000<br>Facsimile: (202) 857-0940<br>megan.granger@weil.com<br>michael.moiseyev@weil.com<br><br>*Counsel for Defendant Microsoft Corp.* |