QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ognjen Zivojnovic (Bar No. 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700
Michael D. Bonanno (*pro hac vice*)
mikebonanno@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:     (202) 538-8000
Facsimile:     (202) 538-8100

*Attorneys for NVIDIA Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORP.<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | CASE NO. 3:23-cv-2880<br><br>**NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 308 & 312)**<br><br>The Honorable Jacqueline Scott Corley |

1    Non-party NVIDIA Corporation ("NVIDIA") produced materials during the course of
2    Plaintiff the Federal Trade Commission's ("FTC") investigation of Defendant Microsoft
3    Corporation's ("Microsoft") proposed acquisition of Defendant Activision Blizzard, Inc.
4    ("Activision"), in response to a Civil Investigative Demand, and designated them as confidential
5    pursuant to 15 U.S.C. § 57b-2.  NVIDIA produced other information during the course of discovery
6    in *In the matter of Microsoft Corp. and Activision, Blizzard, Inc.*, before the FTC Office of
7    Administrative Law Judges, Docket No. 9412, and designated the information as confidential
8    pursuant to the Protective Order entered by the Administrative Law Judge on December 9, 2022.

9    Pursuant to the Court's June 14 Order (ECF 76), NVIDIA filed a statement requesting that
10   certain confidential materials—including PX3069 and portions of PX3104, PX7060, PX7062, and
11   PX8000—be submitted under seal and that the courtroom be sealed during the presentation of these
12   exhibits and any related testimony in the preliminary injunction hearing (ECF 161).  PX7060 is a
13   deposition transcript and PX3381 is the corresponding deposition video.  The Court granted
14   NVIDIA's sealing requests as to these materials on June 27, 2023.  In addition, Microsoft filed a
15   motion (ECF 232) seeking *in camera* treatment of PX1781, which is an existing contract between
16   Microsoft and NVIDIA that was designated as confidential in the administrative proceeding.

17   The parties have now filed final proposed findings of fact and conclusions of law (ECF 309,
18   310) and corresponding administrative motions to consider whether another party's material should
19   be sealed (ECF 308, 312).  Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1), NVIDIA respectfully
20   asks the Court to keep under seal discrete parts of the parties' proposed findings that directly
21   reference and/or quote from the confidential terms of PX1781 and from already-sealed portions of
22   PX3069, PX3104, PX7060/PX3381, and PX8000.  NVIDIA seeks to keep under seal only the most
23   competitively sensitive information, the disclosure of which would harm NVIDIA and allow its
24   current and potential competitors to gain an unfair advantage.

25   Materials submitted in support of non-dispositive motions may be sealed for "good cause."
26   *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  A request for a
27   preliminary injunction is typically a non-dispositive motion, meaning the less stringent "good
28   cause" standard applies.  *See In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854,

-1-
NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING ADMINISTRATIVE
MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 308 &
312)

at *4 (N.D. Cal. Feb. 20, 2007) ("[A] preliminary injunction motion is not dispositive."). NVIDIA satisfies even the more stringent "compelling reasons" standard and, therefore, its confidential information should remain under seal.

Both standards are met for sensitive business information, the public disclosure of which would harm a company's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Jones v. PGA Tour, Inc.*, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023) ("Courts in this Circuit have held that confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard" and thus such information is also "sealable under the 'less exacting' good cause standard."); *FTC v. Qualcomm Inc*., 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal information that "divulges terms of confidential contracts, contract negotiations, or trade secrets"); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "financial information," "internal development strategies," and "customer information"); *Juicero, Inc. v. iTaste Co.*, 2017 WL 8294276, at *2 (N.D. Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing information regarding "pricing strategy" and "business decisionmaking").

District courts are particularly careful to safeguard sensitive information produced by third parties, such as NVIDIA, recognizing that "the [sealing] standard is more lenient when the information concerns third parties." *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "compelling reasons" to seal "highly confidential information including pricing strategy, business decision-making, and financial records, belonging to NVIDIA, a third-party non-party to this action"); *see also United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential").

For the reasons set forth in the accompanying Declaration of Azadeh Morrison, NVIDIA respectfully asks the Court to keep under seal the sensitive information in the following table.

| Document | Portions to Seal | Basis for Sealing |
|---|---|---|
| FTC's proposed findings (ECF 309) | Page 5, ¶ xxix, Lines 3 – 7 | This portion directly references nonpublic terms of PX1781, a confidential business agreement, and sealed parts of PX3381, the video deposition of an NVIDIA executive, which describe NVIDIA's confidential internal analyses regarding that agreement. Decl. ¶¶ 4, 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's contracts and business decision-making, thereby competitively disadvantaging NVIDIA. Id. ¶¶ 10-11. |
| FTC's proposed findings (ECF 309) | Page 40, ¶ 173, Lines 2 – 5 | This portion directly references sealed parts of PX3381, the video deposition of an NVIDIA executive that describes information regarding GeForce Now's financial status and future strategy. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's finances and business decision-making, thereby competitively disadvantaging NVIDIA. Id. ¶¶ 10-11. |
| FTC's proposed findings (ECF 309) | Page 56, ¶ 264, Lines 19 – 21 | This portion directly references sealed parts of PX8000, the declaration of an NVIDIA executive, which describe NVIDIA's internal competitive analyses. Decl. ¶ 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business decision-making and strategy, thereby competitively disadvantaging NVIDIA. Id. ¶¶ 10-11. |
| FTC's proposed findings (ECF 309) | Page 75, ¶ 368, Lines 19 – 22 | This portion directly references sealed parts of PX3069, an internal NVIDIA presentation entitled "GFN Review January 8, 2021," which describe NVIDIA's subscription pricing information and internal competitive analyses. Decl. ¶ 5. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business decision-making and strategy, thereby competitively disadvantaging NVIDIA. Id. ¶¶ 10-11. |
| FTC's proposed findings (ECF 309) | Page 111, ¶ 542, Lines 25 – 28 | This portion directly references sealed parts of PX7062, the transcript of the deposition of an NVIDIA executive, which describe sensitive information regarding NVIDIA's relationships with game developers. Decl. ¶ 8. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and decision-making, thereby competitively disadvantaging NVIDIA. Id. ¶¶ 10-11. |
| FTC's proposed findings (ECF 309) | Page 134, ¶ 642, Lines 15 – 19 | This portion directly quotes from sealed parts of PX8000, the declaration of an NVIDIA executive, and directly references sealed portions of PX3381, the video deposition of the same executive, both of which describe sensitive information regarding NVIDIA's negotiations and relationship with a game publisher. Decl. ¶¶ 7, 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and business decision-making, thereby competitively disadvantaging NVIDIA. Id. ¶¶ 10-11. |
| FTC's proposed findings (ECF 309) | Page 134, ¶ 643, Lines 21 – Portion of Line 25 | This portion directly references sealed parts of PX8000, the declaration of an NVIDIA executive, and sealed portions of PX3381, the video deposition of the same executive, both of which describe sensitive information regarding NVIDIA's negotiations and relationship with a game publisher. Decl. ¶¶ 7, 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and business decision-making, thereby competitively disadvantaging NVIDIA. Id. ¶¶ 10-11. |

| | | | |
|---|---|---|---|
| 1-4 | FTC's proposed findings (ECF 309) | Page 134-135, ¶ 643, Lines 27 (Page 134) – 1 (Page 135) | This portion directly references sealed parts of PX3381, the video deposition of an NVIDIA executive, which describe sensitive information regarding NVIDIA's negotiations and relationship with a game publisher. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| 5-8 | FTC's proposed findings (ECF 309) | Page 135, ¶ 644, Lines 3 – 5 | This portion directly references sealed parts of PX3381, the video deposition of an NVIDIA executive, which describe sensitive information regarding NVIDIA's negotiations and relationship with a game publisher. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| 9-12 | FTC's proposed findings (ECF 309) | Page 137, ¶ 657, Lines 26 – 27 | This portion directly references sealed parts of PX7060, the transcript of the deposition of an NVIDIA executive, which describe sensitive information regarding NVIDIA's data centers. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's technological capabilities, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| 13-15 | FTC's proposed findings (ECF 309) | Page 142, ¶ 677, Lines 1 – 2 | This portion directly references sealed parts of PX8000, the declaration of an NVIDIA executive, which describe sensitive information regarding NVIDIA's negotiations and relationship with a game publisher. Decl. ¶ 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| 16-19 | FTC's proposed findings (ECF 309) | Page 142, ¶ 678, Lines 4 – 7 | This portion directly quotes from sealed parts of PX8000, the declaration of an NVIDIA executive, which describe sensitive information regarding NVIDIA's negotiations with a game publisher and internal analyses regarding future projections. Decl. ¶ 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| 20-23 | FTC's proposed findings (ECF 309) | Page 145, ¶ 695, Lines 4 – 5 | This portion directly references sealed parts of PX7060, the transcript of the deposition of an NVIDIA executive, which describe sensitive information regarding NVIDIA's data centers. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's technological capabilities, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| 24-26 | FTC's proposed findings (ECF 309) | Page 154, ¶ 747, Lines 3 – 4 | This portion directly references and quotes from sealed parts of PX3381, the video deposition of an NVIDIA executive, which describe terms of a confidential agreement and NVIDIA's internal analyses regarding that agreement. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's contracts and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |

| | | | |
|---|---|---|---|
| FTC's proposed findings (ECF 309) | Page 157, ¶ 771, Lines 11 – 12 | This portion directly references and quotes from sealed parts of PX7060, the transcript of the deposition of an NVIDIA executive, which describe confidential contract negotiations with a business partner. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's contracts and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. | |
| FTC's proposed findings (ECF 309) | Page 161, ¶ 799, Lines 16 – 25 | This portion directly references sealed parts of PX8000, the transcript of the deposition of an NVIDIA executive, and sealed parts of PX3104, a confidential NVIDIA presentation disclosed to the Competition and Markets Authority pursuant to a compulsory process, both of which describe confidential negotiations with a game publisher and NVIDIA's internal analyses regarding those negotiations. Decl. ¶¶ 6, 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. | |
| Defs. Proposed findings (ECF 310) | Page 24, ¶ 79, Portion of Line 4 | This portion directly quotes from sealed parts of PX7060, the transcript of the deposition of an NVIDIA executive, which describe sensitive financial information regarding GeForce Now. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's finances and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. | |

Disclosure of the commercially sensitive information identified above would harm NVIDIA's commercial interests. Decl. ¶ 11. NVIDIA does not share this information publicly, *id.* ¶ 10, and if it were made public, NVIDIA's competitors would gain access to confidential information concerning NVIDIA's strategy for its cloud gaming business, which could harm NVIDIA's competitive standing, *see, e.g.*, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) ("[N]eed to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing.").

NVIDIA has narrowly tailored its sealing request in order to maximize the public's access to court proceedings without jeopardizing NVIDIA's business interests. A less restrictive alternative would not be sufficient because NVIDIA has limited its sealing requests to discrete portions of the parties' proposed findings that reflect NVIDIA's proprietary and confidential business information.

For the foregoing reasons, NVIDIA respectfully requests that the Court keep under seal the portions of the materials identified in the table above.

| | |
|---|---|
| DATED: July 19, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  /s/ Ognjen Zivojnovic<br>Ognjen Zivojnovic<br>Michael D. Bonanno (*pro hac vice*) |
| | *Attorneys for NVIDIA Corporation* |

-6-
NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 308 & 312)

**CERTIFICATE OF SERVICE**

I, Ognjen Zivojnovic, hereby certify that on July 19, 2023, the foregoing **NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 308 & 312)** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

DATED: July 19, 2023

By  */s/ Ognjen Zivojnovic*
   Ognjen Zivojnovic