Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>  v.<br><br>MICROSOFT CORP.,<br>and<br>ACTIVISION BLIZZARD, INC.<br><br>      Defendants. | CASE NO. 3:23-cv-02880-JSC<br><br>**DEFENDANT ACTIVISION BLIZZARD, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Civil L.R. 79-5(f)) [ECF NO. 308]**<br><br>Judge: Honorable Jacqueline S. Corley |

## I.   <u>INTRODUCTION</u>

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Activision Blizzard, Inc. ("Activision") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's (hereinafter "FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (the "Administrative Motion") (ECF No. 308).  For the reasons described below and in the Declaration of Page Robinson (the "Robinson Decl.") attached hereto, Activision respectfully requests that the Court consider this submission, which narrows the information that would be maintained under seal within the FTC's Final Proposed Findings of Fact and Conclusions of Law (ECF No. 309) ("FTC's FOF/COL").

The proposed sealing in the chart below reflects Activision's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Activision that cannot be avoided through any less restrictive alternative means.

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Introduction | Page 13, paragraph lv., portion of line 2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses and assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 15, paragraph 9, portion of line 27 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, revenue figures, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 24, paragraph 74, portions of lines 14-16 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, business partnerships, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 25, paragraph 81, portion of line 28

Page 26, paragraph 81, portions of lines 1-3 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 26, paragraph 83, portions of lines 15-19 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 27, paragraph 86, portion of line 2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses and assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 44, paragraph 196, portions of lines 10-12 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 46, paragraph 213, portions of lines 27-28<br><br>Page 46, paragraph 213, portions of lines 1-3 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 51, paragraph 234, portions of lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and negotiations regarding |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 51, paragraph 239, portions of lines 27-28<br><br>Page 52, paragraph 239, portions of lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 52, paragraph 246, portions of lines 21-24 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 53, paragraph 247, lines 1–7 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and negotiations regarding confidential agreements, which could be used to |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | injure Activision if made publicly available. |
| Findings of Fact | Page 53, paragraph 248, lines 12–13 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 53, paragraph 249, portions of lines 22-23 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses, and assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 54, paragraph 257, portions of lines 27-28<br><br>Page 55, paragraph 257, portion of line 1 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | Activision if made publicly available. |
| Findings of Fact | Page 55, paragraph 258, portions of lines 12-13 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 56, paragraph 265, portion of line 22 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal performance metrics, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 86, paragraph 433, lines 23-24 | | This portion contains non-public and highly sensitive information including, but not limited to internal presentations discussing business strategy, which could be used to injure |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | Activision if made publicly available. |
| Findings of Fact | Page 88, paragraph 443, portions of lines 4-12 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, revenue figures and projections, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 88, paragraph 444, portions of lines 13-15 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, and internal presentations discussing business strategy, which |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 88, paragraph 447, portion of line 27<br><br>Page 89, paragraph 447, portion of line 3 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 89, paragraph 448, portions of lines 5-7 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 89, paragraph 449, portions of lines 11-12 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, and revenue figures, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 90, paragraph 452, portions of lines 1-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 90, paragraph 456, portion of line 24<br><br>Page 91, paragraph 456, portion of lines 2, 5-6 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 93, paragraph 466, portions of lines 4-7, 9-10 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 98, paragraph 493, portions of lines 27-28<br><br>Page 99, paragraph 493, portions of lines 1-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 101, paragraph 500, portions of lines 17, 25-26 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, revenue projections, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 102, paragraph 501, portion of line 1 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, revenue projections, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 109, paragraph 532, portion of line 14 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 110, paragraph 535, portion of line 13 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 133, paragraph 638, portions of lines 19-22 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 134, paragraph 643, portions of lines 21-25, 28<br><br>Page 135, paragraph 643, portion of line 1 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 135, paragraph 644, portion of line 4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 135, paragraph 645, portions of lines 8-11 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | partnerships, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 135, paragraph 647, portions of lines 16-18 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 136, paragraph 651, portions of lines 11-17 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 136, paragraph 652, portions of lines 21-25 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 142, paragraph 677, portions of lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 144, paragraph 689, portions of lines 3-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, revenue figures, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 150, paragraph 726, portions of lines 5-9 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 151, paragraph 734, portions of lines 16-17 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and internal business strategy, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 155, paragraph 761, portions of lines 27-28<br><br>Page 156, paragraph 761, portions of lines 1-2 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 161, paragraph 799, portions of lines 19-22, 24-25 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, negotiations regarding confidential agreements, and business partnerships, which could be used to injure Activision if made publicly available. |

## ARGUMENT

**I.    Sealing Activision's Confidential Business Information Contained in the FTC'S FOF/COL Is Warranted Under Ninth Circuit Precedent**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also*

1   *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must

2   'conscientiously [] balance the competing interests' of the public and the party who seeks to keep

3   certain judicial records secret.'").  Courts in this Circuit regularly find that sealing is warranted

4   where the records or information that are sought to be sealed could be used "as sources of business

5   information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*,

6   435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)

7   (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2

8   (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing

9   'information about proprietary business operations, a company's business mode or agreements with

10  clients,' [and] 'internal policies and strategies'") (internal citations omitted).

11          "The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh

12  the public's interest in disclosure and justify sealing court records exist when such court files might

13  have become a vehicle for improper purposes, such as the use of records to . . . release trade

14  secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also*

15  *Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or

16  compilation of information which is used in one's business, and which gives him an opportunity to

17  obtain an advantage over competitors who do not know or use it.'") (citation omitted).  A court has

18  "broad latitude" to grant protective orders to prevent disclosure of "many types of information,

19  including, but not limited to, trade secrets or other confidential research, development, or

20  commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

21  1211 (9th Cir. 2002).

22          In determining whether a document should be filed under seal, courts consider, among

23  other things, the measures taken to guard the information's secrecy and the value of the

24  information to the business or its competitors.  *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors*

25  *Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Here, Activision seeks to seal narrowly tailored

26  excerpts of the FTC'S FOF/COL which reference and reflect, among other things, confidential,

27  proprietary information relating to Activision's internal decision-making processes, strategic

28  evaluation of forward-looking opportunities, market share analyses, assessment of the competitive

1   landscape, business partnerships, terms of existing confidential agreements, revenue figures and

2   projections, and internal business strategy.  The disclosure of this information could be used to

3   injure Activision if made publicly available.

4   **II.**    **Sealing the FTC'S FOF/COL Is Necessary to Protect Activision's Confidential and
Proprietary Business Information**

5

6        Activision seeks to maintain under seal portions of the FTC'S FOF/COL, as they contain

7   Activision's non-public and highly sensitive information from documents obtained during the

8   course of the FTC's investigation and during litigation discovery.  Robinson Decl. ¶¶ 4–6.

9   Examples of such confidential information include, but are not limited to, information reflecting

10   Activision's internal decision-making processes, strategic evaluation of forward-looking

11   opportunities, market share analyses, assessment of the competitive landscape, business

12   partnerships, terms of existing confidential agreements, revenue figures and projections, and

13   internal business strategy.  *Id.* ¶¶ 4.  Activision takes robust measures to maintain the

14   confidentiality of all the above-described information and does not disclose it publicly.  *Id.* ¶ 6.

15   Disclosure of this information would provide Activision's competitors with private information

16   about Activision's performance and internal business strategy, which could harm Activision's

17   competitive standing.  *Id.* ¶ 5; *see Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019

18   WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).  Thus, the unsealing of this highly confidential and

19   sensitive information would cause injury to Activision that cannot be avoided through less

20   restrictive alternatives.  *See* Robinson Decl. ¶ 5.

21        Finally, Activision provided the FTC with the confidential business information cited in the

22   FTC'S FOF/COL pursuant to the statutory and regulatory guarantees of confidentiality contained

23   in the Hart-Scott-Rodino Act or the FTC Act.  *Id.* ¶ 6; *see also* 15 U.S.C. §§ 18a(h), 46(f), 57b-

24   2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to

25   maintain the confidentiality of a party's confidential business information that has been provided to

26   the FTC via a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at

27   *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because

28   the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory

1   guarantees of confidentiality.' . . . The requested sealing covers only confidential information and

2   is, according to the FTC, required by regulation.").

3   **III.**   **Conclusion**

4        As stated above, compelling reasons justify sealing Activision's confidential business

5   information contained within the FTC'S FOF/COL, and Activision respectfully requests that this

6   Court grant the FTC's Administrative Motion to Consider Whether Another Party's Material

7   Should Be Sealed (ECF No. 308), consistent with the specific recitations stated herein.  In

8   accordance with Civil Local Rule 7-11, Activision has also filed a Proposed Order herewith.

9

10   DATED: July 19, 2023                    By: /s/ *Caroline Van Ness*

11                                          Jack DiCanio (SBN 138782)
                                            Caroline Van Ness (SBN 281675)
12                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                            LLP
13                                          525 University Avenue
                                            Palo Alto, California 94301
14                                          Telephone: (650) 470-4500
                                            Facsimile: (213) 621-5430
15                                          Email: jack.dicanio@skadden.com
                                            Email: caroline.vanness@skadden.com
16
17                                          Steven C. Sunshine (*pro hac vice*)
                                            Julia K. York (*pro hac vice*)
18                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                            LLP
19                                          1440 New York Avenue, N.W.
                                            Washington, DC 20005-2111
20                                          Telephone: (202) 371-7000
                                            Facsimile: (202) 393-5760
21                                          Email: steven.sunshine@skadden.com
                                            Email: julia.york@skadden.com
22                                          Michael J. Sheerin (*pro hac vice*)
                                            Evan R. Kreiner (*pro hac vice*)
23                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                            LLP
24                                          1 Manhattan West
                                            New York, NY 10001
25                                          Telephone: (212) 735-3000
                                            Fax: (212) 735-2000
26                                          Email: michael.sheerin@skadden.com
                                            Email: evan.kreiner@skadden.com
27
28                                          *Counsel for Defendant Activision Blizzard, Inc.*