VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:     415.653.3750
Facsimile:      415.653.3755

Leonard L. Gordon (*pro hac vice*)
llgordon@Venable.com
Benjamin P. Argyle (*pro hac vice*)
bpargyle@Venable.com
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone:     212.307.5500
Facsimile:      212.307.5598

Attorneys for Non-Party Nintendo of America Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ITS CONFIDENTIAL INFORMATION IN DKT. NO. 310 (DEFENDANTS PROPOSED POST-TRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW) SHOULD REMAIN UNDER SEAL** |

Pursuant to N.D. Cal. Civil Local Rule 79-5, Non-Party Nintendo of America Inc. ("NOA") hereby submits this Statement as to why its confidential information contained in Microsoft Corp. and Activision Blizzard, Inc. (collectively, "Defendants") Final Proposed Post-Trial Findings of Fact and Conclusions of Law (Dkt. No. 310, "Proposed Post-Trial Findings") should be kept under seal.

## I.   INTRODUCTION

On July 12, 2023, Defendants filed their Proposed Post-Trial Findings.  (Dkt. No. 310). Defendants also filed the required Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  (Dkt. No. 312).  On July 14, 2023, counsel for Defendants informed NOA that its confidential information was included in the Proposed Post-Trial Findings.

## II.   APPLICABLE LEGAL STANDARD

Non-parties receive special deference when issues of confidentiality are considered. *See United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure could "cause damage to third parties if made public" and would "chill investigations in the future where third-party documents are essential").

While the public has a right of access to the Court's files, "[i]n the case of non-dispositive motions . . . the presumption in favor of public access does not apply with equal force." *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "Thus, a showing of good cause will suffice to justify sealing material attached to non-dispositive motions." *Id*.  Courts have applied the good cause standard when reviewing motions related to a preliminary injunction.  *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020).

## III.   ARGUMENT

NOA's information was produced to the FTC in connection with the FTC's investigation

and then in the still-pending FTC Part 3 administrative proceeding, both regarding Microsoft's Corp.'s ("Microsoft") proposed acquisition of Activision Blizzard, Inc. ("Activision") NOA was not a target of the FTC's review of the proposed acquisition, nor is NOA a party to the Part 3 administrative proceeding or this federal court action.

The Federal Trade Commission Act broadly governs confidential information submitted pursuant to both FTC investigations and administrative litigation proceedings. For example, the Act instructs that the Commission "shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is privileged or confidential." 15 U.S.C.S. § 46(f).[1] For administrative litigation proceedings, the Act designates as privileged and confidential, *inter alia*, trade secrets, commercial and financial information, and competitively sensitive information. 16 C.F.R. § 4.10(g). The Administrative Law Judge presiding over the proceeding entered a Protective Order Governing Confidential Material on December 9, 2022 "[i]n order to protect the parties and third parties against improper use and disclosure of confidential information." 16 C.F.R. § 3.31(d). (FTC Dkt. No. 9412, Document No. 606385, Dec. 9, 2022).

Below is NOA's position regarding certain portions of Defendants' Proposed Post-Trial Findings, some of which NOA seeks to remain under seal and therefore lists the reasons why sealing is appropriate under the applicable standard.

| Location | NOA's Position on Sealing |
|---|---|
| Pg. 28, portions of line 7 and all of line 8 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Defendants Proposed Post-Trial Findings.* |

---

[1] *See also* 15 U.S.C. § 57b-2 (regarding documents and transcripts of oral testimony received by a federal agency pursuant to compulsory process or investigation, "no documentary material, tangible things, reports or answers to questions, and transcripts of oral testimony shall be available for examination by any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material, things, or transcripts").

| Location | NOA's Position on Sealing |
|---|---|
| Pg. 31, portions of lines 12-13 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Defendants Proposed Post-Trial Findings.* |
| Pg. 57, all of lines 23-24 | The information in this redaction discusses confidential business terms with third-party content providers. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at page 3, Category 2, filed on June 26, 2023. |
| Pg. 57, all of line 27; pg. 58, all of lines 1-4, portions of line 5 | The information in this redaction discusses confidential negotiations with Microsoft. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at page 4, Category 5, filed on June 26, 2023. |
| Pg. 58, portions of all of lines 10-12, portions of line 13 | The information in this redaction discusses confidential negotiations with Microsoft. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) filed on June 26, 2023. |
| Pg. 86, portions of lines 5-6 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Defendants Proposed Post-Trial Findings.* |
| Pg. 92, portions of line 2 and all of line 3 | The information in this redaction is likely to result in competitive and economic harm as it discusses extremely sensitive and confidential information relating to future Nintendo plans. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at page 3, Category 1, filed on June 26, 2023. |
| Pg. 125, portions of line 26, all of line 27; pg. 126, portion of line 1 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Defendants Proposed Post-Trial Findings.* |
| Pg. 142, portions of lines 5–6, all of lines 7–15 | The information in this redaction discusses confidential negotiations with Microsoft. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at pages 4-5, Category 6, filed on June 26, 2023. |

Lastly, the above information NOA seeks to seal is information that is extremely limited and tailored. NOA has made a concerted effort to seek to seal only the portions of Defendants' Proposed Post-Trial Findings which would result in severe competitive harm to Nintendo. *See G&C Auto Body Inc., v. Geico General Insurance Co.*, No. C06-04898 MJJ, 2008 WL 687372 at *2 (N.D. Cal. March 11, 2008) (granting motion to seal non-party information because the

NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ITS CONFIDENTIAL INFORMATION IN DKT. NO. 310 (DEFENDANTS PROPOSED POST-TRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW) SHOULD REMAIN UNDER SEAL
Case No. 23-cv-02880-JSC

amount of information to be redacted was small).

**IV.     CONCLUSION**

For the foregoing reasons, Non-Party NOA respectfully requests the Court keep sealed the above designated portions of Defendants' Proposed Post-Trial Findings of Fact and Conclusions of Law.

Dated: July 19, 2023                                    VENABLE LLP

By:   /s/ *Steven E. Swaney*
      Steven E. Swaney
      Leonard L. Gordon (pro hac vice)
      Benjamin P. Argyle (pro hac vice)
      Attorneys for Non-Party Nintendo of America Inc.