CLEARY GOTTLIEB STEEN & HAMILTON LLP
Elsbeth Bennett (admitted *pro hac vice*)
ebennett@cgsh.com
2112 Pennsylvania Ave, N.W.
Washington, DC 20037
Telephone: 202-974-1911

Zachary G. Tschida (Bar No. 344994)
ztschida@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORP.,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | Case No. 3:23-cv-2880<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL** |

1   **I.     INTRODUCTION**

2          Non-Party Sony Interactive Entertainment LLC ("SIE") produced certain

3   confidential business material in response to a civil investigative demand and

4   subpoenas in the underlying FTC administrative proceeding, *In re*

5   *Microsoft/Activision Blizzard*, No. 9412 (F.T.C.) ("FTC Action").  *See* ECF 112-2.

6   This confidential SIE information has subsequently been incorporated in various

7   filings by Microsoft Corp. ("Microsoft") and Activision Blizzard, Inc. ("Activision"

8   and, together with Microsoft, "Defendants") and the Federal Trade Commission

9   ("FTC") (collectively, the "Parties").

10          In particular, as relevant to this Statement, the FTC incorporated this material

11  into its Final Proposed Findings of Fact and Conclusions of Law (ECF 309)

12  ("FTC's Findings") and the Defendants incorporated the material into their

13  Proposed Post-Trial Findings of Fact and Conclusions of Law (ECF 310)

14  ("Defendants' Findings").[1]  The Parties then filed corresponding Administrative

15  Motions to Consider Whether Another Party's Material Should Be Sealed (ECF

16  308 and 312).  Pursuant to Civil Local Rule 79-5(f)(3), Non-Party SIE requests that

17  this Court seal its confidential information identified below.

18          The information that SIE seeks to maintain under seal contains competitively

19  sensitive non-public information that would injure SIE if made publicly available.

20  The table below describes the SIE highly confidential material found in the FTC's

21  Findings and the specific bases supporting sealing of the information.  *See* Civ. L.R.

22  79-5(c).  These sealing requests reflect SIE's good faith effort to seek the sealing

23  only of information that is confidential, commercially or competitively-sensitive, and

24  cannot be protected from public disclosure through less restrictive means.

25

26

27

28
_____

[1] Defendants' Findings were originally filed at ECF 306.  SIE understands ECF 306 will remain
sealed indefinitely, as it was filed in error and has been replaced by ECF 310.  For avoidance of
doubt, this statement in support of sealing applies equally to SIE's information in ECF 306.

1

| Category of Information | Section of Document to Maintain Under Seal (Pages: Lines) | |
|---|---|---|
| FTC's Findings (ECF 309) | | |
| Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision | 12:23-25<br>27:9-13<br>34:26-27<br>57:15-16<br>57:18-19<br>57:21<br>57:23<br>58:2<br>63:8-11<br>63:18-21<br>64:10-13 | 64:17-24<br>87:14-18<br>87:20-21<br>87:25<br>89:10-13<br>90:13<br>95:4-8<br>95:22-26<br>114:16-17<br>133:4<br>142:27-143:1 |
| Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners | 4:15-20<br>51:19-26<br>111:9-10<br>159:16-19<br>159:21-160:2 | 160:3-14<br>160:15-19<br>160:23-24 |
| Non-public information on the nature and scope of SIE's technical collaboration with particular publishers | 2:12-14<br>2:23-24<br>129:15-17 | 138:18-139:1<br>140:23<br>141:1[2] |

[2] For clarity, SIE does not seek to seal lines 26 or 27 of page 140, nor the language contained within quotes at the beginning of page 141, line 1.

| | | |
|---|---|---|
| Non-public information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans | 8:22-25<br>29:17-20<br>30:14-16<br>39:10-11<br>39:15-20<br>48:26-49:1<br>49:23-25 | 56:12-16<br>60:3-6<br>71:10-17<br>138:10-14<br>140:18-20<br>141:8-10 |
| Non-public SIE business analysis regarding competitors' and commercial partners' behavior and products | 56:12-16<br>65:6-9<br>67:25 | 68:1<br>141:17-20 |
| Defendants' Findings (ECF 310) | | |
| Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision | 16:25-26<br>28:15-16<br>64:8-9<br>64:14-17<br>64:18-21<br>86:9-11<br>86 n.15<br>108:6-9 | 108:21-23<br>122:25-123:1 |
| Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners | 29:19-22<br>30:24-31:2<br>42:18-25<br>48:20-23<br>50:19 | 50:26<br>51:6<br>51:7-24<br>52:9-12 |

3

| Non-public information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans | 22:8-10<br>29:19-22<br>99:21-23<br>121:19-23 |
| --- | --- |
| Non-public SIE business analysis regarding competitors' and commercial partners' behavior and products | 28:2-5<br>28:21<br>64:22-24<br>86:19-22 |

## II.     THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).  Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).  Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and

circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question. *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

Non-parties receive special deference when these issues are considered. *See, e.g.*, *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential").

Here, Non-Party SIE seeks sealing for limited non-public information containing SIE's highly confidential analyses and business strategy information related to its consoles, subscription services, and cloud gaming businesses. *See* Ex. A (Decl. of C. Svensson).[3]  In particular, the information that SIE seeks to protect includes:

- Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision;
- Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners;
- Non-public information on the nature and scope of SIE's technical collaboration with particular publishers;

---

[3] The Declaration of Christian Svensson was submitted at ECF 172-1 in conjunction with Non-Party SIE's Administrative Motion for Sealing and In Camera Treatment (ECF 172).  The competitively sensitive issues in today's request are the same as those addressed in the previous Declaration, as explained in the chart above, and Mr. Svensson's Declaration is resubmitted here as Exhibit A.

- Non-public information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans; and
- Non-public SIE business analysis regarding competitors' and commercial partners' behavior and products. *See id.* ¶ 3.

SIE uses this information to operate its business and shape its future strategy. As explained in Mr. Svensson's declaration, if these business secrets were made available to the public, SIE's competitors could use these secrets to inform their own strategies to gain an unfair advantage in competing with SIE. *See id.* ¶¶ 4-8. Business partners could likewise gain an unfair advantage in their relationships with SIE by understanding SIE's strategic objectives, negotiation tactics, and relationships with other business partners. *See id.* These concerns are particularly severe here, as the information is current, which makes it more valuable to others because it is actionable. *See id.* ¶ 8.

In short, the information should be sealed because disclosure would undermine SIE's business and give competitors and business partners an unfair advantage. *See* Ex. A (Decl. of C. Svensson); *see also Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citation omitted); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

III.   **THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN THE REDACTED MATERIAL**

SIE's request for sealing is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means.   Any public interest in disclosing this information is outweighed by the prejudice that will result to SIE, a non-party, if no protection is granted.  *See Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (noting importance of protecting third parties).

IV.   **CONCLUSION**

For the foregoing reasons, SIE respectfully requests that the Court grant the Parties' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (ECF 308 and 312) and maintain under seal SIE's confidential information listed in the chart above.

Dated:        July 19, 2023

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Elsbeth Bennett*

Elsbeth Bennett (admitted *pro hac vice*)
ebennett@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
T: 202-974-1911

Zachary G. Tschida (Bar No. 344994)
ztschida@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*