UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**ORDER RE MOTIONS TO SEAL AND MOTIONS FOR IN CAMERA REVIEW REGARDING TRIAL EXHIBITS** |

In connection with the evidentiary hearing in this matter, the parties filed numerous motions to seal and motions for in camera review of exhibits previously designated by Defendants and non-parties (together "designating parties") as confidential in the administrative proceedings before the Federal Trade Commission ("FTC"). Pursuant to this Court's order following the June 21, 2023 status conference (Dkt. No. 170), the parties filed daily witness and exhibit lists, and, if applicable, a citation to the record in support of sealing or in camera review, as well as new motions to seal and for in camera review. This Order attempts to streamline the process for resolving the parties' requests to seal materials in exhibits.

First, the Court resolved sealing requests (*see* Dkt. Nos. 176, 185, 192, 193, 229, 231, 241, 249, 256, 257) and issues at the start of each day and during the proceedings as needed to protect public access to the courtroom. Those rulings are memorialized in the sealed transcripts and incorporated by reference here. (Dkt. Nos. 275, 277, 278, 279, 280.)

Second, the Court previously provisionally sealed the exhibits attached to the direct testimony of the FTC's expert Professor Lee. (Dkt. No. 229 at 3-8; Dkt. No. 224.) The Court now grants the sealing of those exhibits, if not otherwise used during the evidentiary hearing or in this Court's opinion, to the extent requested by the designating parties and supported by their filings.

The protection of parties' confidential and sensitive information outweighs the public's presumption of access to those judicial records where they did not significantly factor into this Court's analysis. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (finding parties' compelling reasons for sealing can outweigh the public interest in disclosure when court files might become a vehicle for improper purposes); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (finding compelling reasons to seal "sources of business information that might harm a litigant's competitive standing").

Third, to the extent any designating party seeks sealing of exhibits which were not admitted or cited by the Court in its sealed preliminary injunction opinion, those motions are moot as any such exhibits are not part of the record in this action.

Fourth, as to any outstanding sealing requests or remaining issues for trial exhibits not addressed by the Court, the designating parties shall jointly file an omnibus motion to seal pursuant to Civil Local Rule 79-5 within 21 days of the date of this Order. The parties do not need to include the outstanding requests to seal Professor Lee's testimony and Dr. Carlson's declaration, which this Court will address separately.

Fifth, to the extent the public version of the Court's preliminary injunction opinion cites to sealed exhibits, and the parties did not seek to redact the portions of the Court's opinion discussing or quoting from those exhibits (Dkt. No. 327), any earlier ruling by the Court on those exhibits is amended to unseal the specific portions quoted, discussed, or cited to in the Court's opinion. The parties may submit as part of their omnibus narrowly tailored requests to seal confidential information in those portions of exhibits if necessary.

Sixth, once the Court resolves the outstanding issues, the parties will be ordered to provide the Court with redacted versions of the trial exhibits, which will be uploaded and available to the public here: https://www.cand.uscourts.gov/ftc-v-microsoft_corp_et_al/.

Finally, the Court terminates the currently pending motions to seal related to the trial exhibits. This includes Docket Nos. 128, 138, 172, 173, 183, 189, 195, 197, 199, 200, 201, 205, 213, 225, 230, 232, 233, 237, 248, 251, 254, 255, 261, 263.

**IT IS SO ORDERED.**

Dated: July 26, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge