1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ognjen Zivojnovic (Bar No. 307801)
2 | ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
3 | San Francisco, California 94111-4788
Telephone: (415) 875-6600
4 | Facsimile: (415) 875-6700
Michael D. Bonanno (*pro hac vice*)
5 | mikebonanno@quinnemanuel.com
1300 I Street NW, Suite 900
6 | Washington, D.C. 20005
Telephone: (202) 538-8000
7 | Facsimile: (202) 538-8100

8

*Attorneys for NVIDIA Corporation*
9

10

11 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
12 | SAN FRANCISCO DIVISION

13

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 3:23-cv-2880 |
| Plaintiff, | **NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 336)** |
| vs. | |
| MICROSOFT CORP. | |
| and | The Honorable Jacqueline Scott Corley |
| ACTIVISION BLIZZARD, INC., | |
| Defendants. | |

Non-party NVIDIA Corporation ("NVIDIA") produced materials during the course of Plaintiff the Federal Trade Commission's ("FTC") investigation of Defendant Microsoft Corporation's ("Microsoft") proposed acquisition of Defendant Activision Blizzard, Inc. ("Activision"), in response to a Civil Investigative Demand, and designated them as confidential pursuant to 15 U.S.C. § 57b-2. NVIDIA produced other information during the course of discovery in *In the matter of Microsoft Corp. and Activision, Blizzard, Inc.*, before the FTC Office of Administrative Law Judges, Docket No. 9412, and designated the information as confidential pursuant to the Protective Order entered by the Administrative Law Judge on December 9, 2022.

Pursuant to the Court's June 14 Order (ECF 76), NVIDIA filed a statement requesting that certain confidential materials—including PX3069 (an internal NVIDIA presentation) and portions of PX7060 (the transcript of the deposition of an NVIDIA executive), PX7062 (the transcript of the deposition of another NVIDIA executive), and PX8000 (the declaration of an NVIDIA executive)—be submitted under seal and that the courtroom be sealed during the presentation of these exhibits and any related testimony in the preliminary injunction hearing (ECF 161). The Court granted NVIDIA's sealing requests as to these materials on June 27, 2023. In addition, Microsoft filed a motion (ECF 232) seeking *in camera* treatment of PX1781 (an existing contract between Microsoft and NVIDIA that was designated as confidential in the administrative proceeding), which the Court granted on June 27, 2023. Activision also filed a motion (ECF 148) seeking *in camera* treatment of PX2186 (containing an email between NVIDIA and Activision); this request has been mooted by the Court's July 26, 2023 Order (ECF 335) because PX2186 was not used in the preliminary injunction hearing.

The FTC filed its initial proposed findings of fact and conclusions of law (ECF 175), and, on July 31, 2023, the FTC filed a corresponding administrative motion to consider whether another party's material should be sealed in connection with its initial proposed findings of fact and conclusions of law (ECF 336). Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1), NVIDIA respectfully asks the Court to keep under seal discrete parts of the FTC's initial proposed findings of fact and conclusions of law that directly reference and/or quote from confidential portions of PX2186 as well as from already-sealed portions of PX1781, PX3069, PX7060, PX7062, and

PX8000.  NVIDIA seeks to keep under seal only the most competitively sensitive information, the disclosure of which would harm NVIDIA and allow its current and potential competitors to gain an unfair advantage.

Materials submitted in support of non-dispositive motions may be sealed for "good cause." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  A request for a preliminary injunction is typically a non-dispositive motion, meaning the less stringent "good cause" standard applies.  *See In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20, 2007) ("[A] preliminary injunction motion is not dispositive.").  NVIDIA satisfies even the more stringent "compelling reasons" standard and, therefore, its confidential information should remain under seal.

Both standards are met for sensitive business information, the public disclosure of which would harm a company's competitive standing.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Jones v. PGA Tour, Inc.*, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023) ("Courts in this Circuit have held that confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard" and thus such information is also "sealable under the 'less exacting' good cause standard."); *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal information that "divulges terms of confidential contracts, contract negotiations, or trade secrets"); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "financial information," "internal development strategies," and "customer information"); *Juicero, Inc. v. iTaste Co.*, 2017 WL 8294276, at *2 (N.D. Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing information regarding "pricing strategy" and "business decisionmaking").

District courts are particularly careful to safeguard sensitive information produced by third parties, such as NVIDIA, recognizing that "the [sealing] standard is more lenient when the information concerns third parties." *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "compelling reasons" to seal "highly confidential information including

pricing strategy, business decision-making, and financial records, belonging to NVIDIA, a third-party non-party to this action"); *see also United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential").

For the reasons set forth in the accompanying Declaration of Azadeh Morrison, NVIDIA respectfully asks the Court to keep under seal the sensitive information from the FTC's initial proposed findings of fact and conclusions of law in the following table.

| Portions | Basis for Sealing |
|---|---|
| P. 41, ¶ 277, Lines 19-22 | This portion directly references sealed parts of PX3069, an internal NVIDIA presentation entitled "GFN Review January 8, 2021," which describe NVIDIA's subscription pricing information and internal competitive analyses. Declaration of Azadeh Morrison ("Decl.") ¶ 6. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business decision-making and strategy, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| PP. 45-46, ¶ 301, Lines 45:26-46:2 | This portion directly references parts of PX2186, an email exchange that includes an email between NVIDIA and Activision employees attaching an NVIDIA presentation entitled "GeForce NOW The Next Level January 2020." The referenced part of PX2186 contains NVIDIA's confidential market projections. Decl. ¶ 5. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's market analyses strategy, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| P. 62, ¶ 385, Lines 9-12 | This portion directly references sealed parts of PX7062, the transcript of the deposition of an NVIDIA executive, which describe sensitive information regarding NVIDIA's relationships with game developers. Decl. ¶ 8. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| P. 78, ¶ 459, Lines 14-16 | This portion directly references sealed parts of PX8000, the declaration of an NVIDIA executive, which describe sensitive information regarding NVIDIA's negotiations and relationship with a game publisher. Decl. ¶ 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| P. 80, ¶ 468, Lines 7-10 | This portion directly references sealed parts of PX7060, the transcript of the deposition of an NVIDIA executive, which describe sensitive information regarding NVIDIA's data centers. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's technological capabilities, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |

| | | |
|---|---|---|
| | P. 82, ¶ 484, Lines 24-26 | This portion directly references sealed parts of PX8000, the declaration of an NVIDIA executive, which describe sensitive information regarding NVIDIA's negotiations and relationship with a game publisher. Decl. ¶ 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| | PP. 82-83, ¶ 485, Lines 82:27-83:2 | This portion directly quotes from sealed parts of PX8000, the declaration of an NVIDIA executive, which describe sensitive information regarding NVIDIA's negotiations with a game publisher and internal analyses regarding those negotiations. Decl. ¶ 9. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's business relationships and strategy, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| | P. 85, ¶ 498, Lines 11-12 | This portion directly quotes from sealed parts of PX7060, the transcript of the deposition of an NVIDIA executive, which describe sensitive information regarding NVIDIA's data centers. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's technological capabilities, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| | P. 90, ¶ 529, Lines 16-18 | This portion directly references and quotes from sealed parts of PX7060, the transcript of the deposition of an NVIDIA executive, which describe confidential contract negotiations with a business partner. Decl. ¶ 7. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's contracts and business decision-making, thereby competitively disadvantaging NVIDIA. *Id.* ¶¶ 10-11. |
| | P. 91, ¶ 535, Lines 8-10 | This portion directly references nonpublic terms of PX1781, a confidential business agreement. Decl. ¶ 4. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's currently-active contracts, *Id.* ¶¶ 10-11. |
| | P. 91, ¶ 536, Lines 11-13 | This portion directly references nonpublic terms of PX1781, a confidential business agreement. Decl. ¶ 4. NVIDIA does not share this information publicly, and disclosure of this information would reveal to NVIDIA's competitors information about NVIDIA's currently-active contracts, *Id.* ¶¶ 10-11. |

Disclosure of the commercially sensitive information identified above would harm NVIDIA's commercial interests. Decl. ¶ 11. NVIDIA does not share this information publicly, *id.* ¶ 10, and if it were made public, NVIDIA's competitors would gain access to confidential information concerning NVIDIA's strategy for its cloud gaming business, which could harm NVIDIA's competitive standing, *see, e.g.*, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) ("[N]eed to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing.").

NVIDIA has narrowly tailored its sealing request in order to maximize the public's access to court proceedings without jeopardizing NVIDIA's business interests. A less restrictive

1  alternative would not be sufficient because NVIDIA has limited its sealing requests to discrete
2  portions of the FTC's initial proposed findings of fact and conclusions of law that reflect NVIDIA's
3  proprietary and confidential business information.
4       For the foregoing reasons, NVIDIA respectfully requests that the Court keep under seal the
5  portions of the materials identified in the table above.

6  DATED: August 7, 2023          QUINN EMANUEL URQUHART &
7                                                     SULLIVAN, LLP

9                                        By  */s/ Ognjen Zivojnovic*
10                                            Ognjen Zivojnovic
11                                            Michael D. Bonanno (*pro hac vice*)

                                           *Attorneys for NVIDIA Corporation*

## CERTIFICATE OF SERVICE

I, Ognjen Zivojnovic, hereby certify that on August 7, 2023, the foregoing **NVIDIA CORPORATION'S STATEMENT IN SUPPORT OF SEALING REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 336)** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

DATED: August 7, 2023

By  */s/ Ognjen Zivojnovic*
      Ognjen Zivojnovic