Jack DiCanio (SBN 138782)
Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORP.,<br>　and<br>ACTIVISION BLIZZARD, INC.<br><br>　　　　　　　Defendants. | CASE NO. 3:23-cv-02880-JSC<br><br>**DEFENDANT ACTIVISION BLIZZARD, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Civil L.R. 79-5(f)) [ECF NO. 336]**<br><br>Judge: Honorable Jacqueline S. Corley |

I. **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Activision Blizzard, Inc. ("Activision") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's (hereinafter "FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (the "Administrative Motion") (ECF No. 336). For the reasons described below and in the Declaration of Page Robinson (the "Robinson Decl.") attached hereto, Activision respectfully requests that the Court consider this submission, which narrows the information that would be maintained under seal within the FTC's Initial Proposed Findings of Fact and Conclusions of Law (ECF No. 175) ("FTC's FOF/COL").

The proposed sealing in the chart below reflects Activision's good-faith efforts to narrowly seek sealing of only that information which is competitively sensitive and contained in internal documents, the public disclosure of which would cause injury to Activision that cannot be avoided through any less restrictive alternative means.

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 7, paragraph 61, portions of lines 20-22 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, business partnerships, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 8, paragraph 68, portions of lines 23-26 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 9, paragraph 70, portions of lines 8-14 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 9, paragraph 73, portion of line 24 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses and assessment of the competitive landscape, which could |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | be used to injure Activision if made publicly available. |
| Findings of Fact | Page 24, paragraph 174, portions of lines 4-8 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 26, paragraph 188, portions of lines 7-8 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 27, paragraph 198, portion of line 10[1] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 28, paragraph 203, portion of line 6[2] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 28, paragraph 210, portion of line 27[3] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |

---

[1] Activision proposes only sealing the amount listed in this portion.
[2] Activision proposes only sealing the amount listed in this portion.
[3] Activision proposes only sealing the percentage listed in this portion.

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 29, paragraph 211, portions of lines 1-2[4] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 29, paragraph 212, portion of line 4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 29, paragraph 213, portion of line 6[5] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |

---

[4] Activision proposes only sealing the amounts listed in this portion.

[5] Activision proposes only sealing the amount of time listed in this portion.

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 29, paragraph 214, portion of line 11[6] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 41, paragraph 276, portions of lines 19-22 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 49, paragraph 324, portions of lines 1-8 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, negotiations regarding potential agreements, revenue figures and projections, and internal presentations discussing business strategy, which |

---

[6] Activision proposes only sealing the percentage listed in this portion.

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 49, paragraph 325, portions of lines 10-12 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 49, paragraph 328, portions of lines 23-28<br><br>Page 50, paragraph 328, portion of line 1 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 50, paragraph 330, portions of lines 8-11 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, business partnerships, and revenue figures, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 50, paragraph 333, portions of lines 21-24 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 51, paragraph 335, portions of lines 5-6[7] | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |

---

[7] Activision proposes only sealing the amounts listed in this portion.

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 51, paragraph 336, portions of lines 8-9 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal business metrics, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 51, paragraph 338, portions of lines 19-22, 25 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 56, paragraph 360, portions of lines 26-28<br><br>Page 57, paragraph 360, portions of lines 1-4 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, negotiations regarding potential agreements, and internal presentations discussing business strategy, which could be used to injure |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | Activision if made publicly available. |
| Findings of Fact | Page 77, paragraph 454, portions of lines 17-20 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, negotiations regarding potential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 78, paragraph 459, portions of lines 14-16 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| Findings of Fact | Page 78, paragraph 460, portions of lines 18-21 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and negotiations regarding potential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 78, paragraph 461, portions of lines 23-25 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, business partnerships, and negotiations regarding potential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 79, paragraph 464, portions of lines 11-17 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 82, paragraph 484, portions of lines 24-25 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships and negotiations regarding confidential agreements, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 84, paragraph 494, portions of lines 16-17 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions and business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 87, paragraph 510, portions of lines 18-23 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the |

| Document / Section | Portions to Be Filed Under Seal | Designating Party | Basis for Sealing Request |
|---|---|---|---|
| | | | competitive landscape, business partnerships, negotiations regarding potential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| Findings of Fact | Page 89, paragraph 521, portions of lines 14-17 | Activision | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward looking opportunities, assessment of the competitive landscape, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |

## ARGUMENT

### I. Legal Standard

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep

1 certain judicial records secret.'"). Sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

"The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*, 2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" (citation omitted)). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## II. Sealing Portions of the FTC'S FOF/COL Is Necessary to Protect Activision's Confidential and Proprietary Business Information

Activision seeks to maintain under seal portions of the FTC'S FOF/COL, as they contain Activision's non-public and highly sensitive information from documents obtained during the course of the FTC's investigation and during litigation discovery. Robinson Decl. ¶¶ 4–6. Examples of such confidential information include information reflecting Activision's internal decision-making processes, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, negotiations regarding potential or existing confidential agreements, terms of existing confidential agreements, revenue

-14-

1  figures and projections, and internal business strategy.  *Id.* ¶ 4.  Activision takes robust measures to
2  maintain the confidentiality of all the above-described information and does not disclose it
3  publicly.  *Id.* ¶ 6.  Disclosure of this information would provide Activision's competitors with
4  confidential information about Activision's performance and internal business strategy, which
5  could harm Activision's competitive standing.  *Id.* ¶ 5; *see Cont'l Auto. Sys. v. Avanci, LLC*, No.
6  19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).  Thus, the unsealing of this
7  highly confidential and sensitive information would cause injury to Activision that cannot be
8  avoided through less restrictive alternatives.  *See* Robinson Decl. ¶ 5.
9        Finally, Activision provided the FTC with the confidential business information cited in the
10 FTC'S FOF/COL pursuant to the statutory and regulatory guarantees of confidentiality contained
11 in the Hart-Scott-Rodino Act or the FTC Act.  *Id.* ¶ 6; *see also* 15 U.S.C. §§ 18a(h), 46(f), 57b-
12 2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to
13 maintain the confidentiality of a party's confidential business information that has been provided to
14 the FTC via a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at
15 *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because
16 the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory
17 guarantees of confidentiality.' . . . The requested sealing covers only confidential information and
18 is, according to the FTC, required by regulation.").

19 **III.**    **Conclusion**

20       As stated above, compelling reasons justify sealing Activision's confidential business
21 information contained within the FTC'S FOF/COL, and Activision respectfully requests that this
22 Court grant the FTC's Administrative Motion to Consider Whether Another Party's Material
23 Should Be Sealed (ECF No. 336), consistent with the specific recitations stated herein.  In
24 accordance with Civil Local Rule 7-11, Activision has also filed a Proposed Order herewith.
25
26 DATED: August 7, 2023                  By: /s/ *Caroline Van Ness*
27                                                                         Jack DiCanio (SBN 138782)
28                                                                         Caroline Van Ness (SBN 281675)
                                                                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

Michael J. Sheerin (*pro hac vice*)
Evan R. Kreiner (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1 Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Email: michael.sheerin@skadden.com
Email: evan.kreiner@skadden.com

*Counsel for Defendant Activision Blizzard, Inc.*