VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Leonard L. Gordon (*pro hac vice*)
llgordon@Venable.com
Benjamin P. Argyle (*pro hac vice*)
bpargyle@Venable.com
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone:    212.307.5500
Facsimile:    212.307.5598

Attorneys for Non-Party Nintendo of America Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ITS CONFIDENTIAL INFORMATION IN DKT. NO. 175 (FEDERAL TRADE COMMISSION INITIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW) SHOULD REMAIN UNDER SEAL** |

Pursuant to N.D. Cal. Civil Local Rule 79-5, Non-Party Nintendo of America Inc. ("NOA") hereby submits this Statement as to why its confidential information contained in Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Initial Proposed Findings of Fact and Conclusions of Law (Dkt. No. 175, "Initial Proposed Findings") should be kept under seal.

## I.   INTRODUCTION

On June 22, 2023, Plaintiff filed its Initial Proposed Findings. (Dkt. No. 175). Pursuant to this Court's Order dated July 24, 2023 (Dkt. No. 333), Plaintiff filed the required Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 31, 2023. (Dkt. No. 336). On the same day, counsel for Plaintiff informed NOA that its confidential information was included in the Initial Proposed Findings so that NOA may now file this Statement.

## II.   APPLICABLE LEGAL STANDARD

Non-parties receive special deference when issues of confidentiality are considered. *See United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure could "cause damage to third parties if made public" and would "chill investigations in the future where third-party documents are essential").

While the public has a right of access to the Court's files, "[i]n the case of non-dispositive motions . . . the presumption in favor of public access does not apply with equal force." *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Thus, a showing of good cause will suffice to justify sealing material attached to non-dispositive motions." *Id*. Courts have applied the good cause standard when reviewing motions related to a preliminary injunction. *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020).

2

NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ITS CONFIDENTIAL INFORMATION IN DKT. NO. 175 (FEDERAL TRADE COMMISSION INITIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW) SHOULD REMAIN UNDER SEAL
Case No. 23-cv-02880-JSC

## III. ARGUMENT

NOA's information was produced to the FTC in connection with the FTC's investigation and then in the still-pending FTC Part 3 administrative proceeding, both regarding Microsoft's Corp.'s ("Microsoft") proposed acquisition of Activision Blizzard, Inc. ("Activision"). NOA was not a target of the FTC's review of the proposed acquisition, nor is NOA a party to the Part 3 administrative proceeding or this federal court action.

The Federal Trade Commission Act broadly governs confidential information submitted pursuant to both FTC investigations and administrative litigation proceedings. For example, the Act instructs that the Commission "shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is privileged or confidential." 15 U.S.C.S. § 46(f).[1] For administrative litigation proceedings, the Act designates as privileged and confidential, *inter alia*, trade secrets, commercial and financial information, and competitively sensitive information. 16 C.F.R. § 4.10(g). The Administrative Law Judge presiding over the proceeding entered a Protective Order Governing Confidential Material on December 9, 2022 "[i]n order to protect the parties and third parties against improper use and disclosure of confidential information." 16 C.F.R. § 3.31(d). (FTC Dkt. No. 9412, Document No. 606385, Dec. 9, 2022).

Below is NOA's position regarding certain portions of Plaintiff's Proposed Initial Findings, some of which NOA seeks to remain under seal and therefore lists the reasons why sealing is appropriate under the applicable standard.

| Para. | Page | Line | Nintendo's Position on Sealing |
|-------|------|------|-------------------------------|
| 31    | 4    | 1-2  | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |

---

[1] *See also* 15 U.S.C. § 57b-2 (regarding documents and transcripts of oral testimony received by a federal agency pursuant to compulsory process or investigation, "no documentary material, tangible things, reports or answers to questions, and transcripts of oral testimony shall be available for examination by any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material, things, or transcripts").

| Para. | Page | Line | Nintendo's Position on Sealing |
|---|---|---|---|
| 32 | 4 | 3-4 | The redacted portion and the statement and accompanying citation misleadingly attributes the statement as though it is internally supported by Nintendo. False impressions regarding Nintendo's view of its own console would result in competitive, reputational, and economic harm. Given the immense public scrutiny of these proceedings, any unsealed information is likely to be widely disseminated. |
| 33 | 4 | 6-7 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 34 | 4 | 10, 11-12 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 35 | 4 | 14 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 48 | 5-6 | 27-2 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 49 | 6 | 3-5 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 50 | 6 | 6-8 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 51 | 6 | 9-11 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 52 | 6 | 13-14 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 53 | 6 | 16 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 54 | 6 | 18-19 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 55 | 6 | 22 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 56 | 6 | 25-26 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |

| Para. | Page | Line | Nintendo's Position on Sealing |
|---|---|---|---|
| 57 | 7 | 2-3 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 58 | 7 | 5-6, 7 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 62 | 7 | 24, 25 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 63 | 8 | 3 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 65 | 8 | 8-9 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 66 | 8 | 10-12 | The information in this redaction discusses non-public specifications regarding the Nintendo Switch, and Nintendo has already moved to have the cited exhibit sealed in its entirety. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) at paragraph 5, filed on June 21, 2023. |
| 69 | 8-9 | 28-1 | The harm that would occur absent sealing the redacted information here was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) at paragraph 5 and 13, filed on June 21, 2023. |
| 71 | 9 | 15-18 | The information in this redaction discloses Nintendo's specific market strategy. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) at paragraph 13, filed on June 21, 2023. |
| 72 | 9 | 19-22 | The information in this redaction discloses Nintendo's specific market strategy. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) at paragraph 13, filed on June 21, 2023. |
| 73 | 9 | 25-26 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 75 | 10 | 1-2 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |

| Para. | Page | Line | Nintendo's Position on Sealing |
|---|---|---|---|
| 77 | 10 | 8-10 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 78 | 10 | 12-13 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 79 | 10 | 14-15 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 80 | 10 | 16-18 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 81 | 10 | 19-23 | The cited exhibit is a sensitive and confidential that NOA has previously sought to seal entirely. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) at paragraphs 6 and 7, filed on June 21, 2023. |
| 230 | 32 | 6-12 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 232 | 32 | 19-20, 21 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 238 | 33 | 25 | The information in this redaction misstates the cited exhibit, and public disclosure would result in a false impression that Nintendo internally supports the misstatement. False information about Nintendo would result in competitive, reputational, and economic harm. Given the immense public scrutiny of these proceedings, any unsealed information is likely to be widely disseminated. |
| 239 | 34 | 6-9 | The cited exhibit is a sensitive and confidential that NOA has previously sought to seal entirely. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) at paragraphs 6 and 7, filed on June 21, 2023. |
| 242 | 34 | 22-26 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |

| Para. | Page | Line | Nintendo's Position on Sealing |
|---|---|---|---|
| 245 | 35 | 13-15 | The information in this redaction mischaracterizes the cited exhibit and public disclosure would result in a false impression that Nintendo internally supports the mischaracterization. False information about Nintendo would result in competitive, reputational, and economic harm. Given the immense public scrutiny of these proceedings, any unsealed information is likely to be widely disseminated. |
| 250 | 36 | 13-15 | The information in this redaction is a summary of, and is derived from, Nintendo's confidential business data and reveals market share information compared directly against its competitors. Public disclosure would allow insight into Nintendo's market position, resulting in competitive harm. |
| 251 | 36 | 16-17 | The information in this redaction is a summary of, and is derived from, Nintendo's confidential business data and reveals market share information compared directly against its competitors. Public disclosure would allow insight into Nintendo's market position, resulting in competitive harm. |
| 253 | 36 | 22-24 | *While reserving all rights as to the underlying document(s), NOA does not seek to seal this portion of Plaintiff's Initial Proposed Findings.* |
| 506 | 86 | 17-26 | While reserving all rights as to the underlying document(s), NOA seeks to seal only the portions of this paragraph, starting after the word "because" and running through the end of the sentence, as well as the remainder of the statement after "Absent the Proposed Transaction, Activision could . . ." <br><br>The information in these redactions contains details confidential discussions between Nintendo and Activision. Specifically, the information would reveal Nintendo's position as related to confidential third-party business negotiations. The harm that would occur absent sealing was further discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) at paragraph 13, filed on June 21, 2023, and NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at page 3-4, Category 2, filed on June 26, 2023. |
| 516 | 88 | 22-25 | The information in this redaction discusses confidential negotiations with Microsoft. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at page 4, Category 5, filed on June 26, 2023. |

7

NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ITS CONFIDENTIAL INFORMATION IN DKT. NO. 175 (FEDERAL TRADE COMMISSION INITIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW) SHOULD REMAIN UNDER SEAL

Case No. 23-cv-02880-JSC

| Para. | Page | Line | Nintendo's Position on Sealing |
|---|---|---|---|
| 519 | 89 | 5-7 | This information in this redaction reveals confidential business terms of a non-public contractual agreement between Nintendo and Microsoft. Public disclosure would result in competitive harm as competitors could use such information to Nintendo's detriment in future business dealings or in the competitive gaming market. The harm that would occur absent sealing was further discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at page 4-5, Category 6, filed on June 26, 2023. |
| 522 | 89 | 18-22 | The information in this redaction discusses non-public specifications regarding the Nintendo Switch. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) at paragraph 5, filed on June 21, 2023. |

Lastly, the above information NOA seeks to seal is information that is extremely limited and tailored. NOA has made a concerted effort to seek to seal only the portions of Plaintiff's Initial Proposed Findings which would result in severe competitive harm to Nintendo. *See G&C Auto Body Inc., v. Geico General Insurance Co.*, No. C06-04898 MJJ, 2008 WL 687372 at *2 (N.D. Cal. March 11, 2008) (granting motion to seal non-party information because the amount of information to be redacted was small).

## IV.     CONCLUSION

For the foregoing reasons, Non-Party NOA respectfully requests the Court keep sealed the above designated portions of Plaintiff's Initial Proposed Findings of Fact and Conclusions of Law.

Dated: August 7, 2023                                VENABLE LLP

By:   /s/ *Steven E. Swaney*
Steven E. Swaney
Leonard L. Gordon (pro hac vice)
Benjamin P. Argyle (pro hac vice)
Attorneys for Non-Party Nintendo of America Inc.