VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:     415.653.3750
Facsimile:     415.653.3755

Leonard L. Gordon (*pro hac vice*)
llgordon@Venable.com
Benjamin P. Argyle (*pro hac vice*)
bpargyle@Venable.com
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone:     212.307.5500
Facsimile:     212.307.5598

Attorneys for Non-Party Nintendo of America Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ITS CONFIDENTIAL INFORMATION IN DKT. NO. 177 (DEFENDANTS PROPOSED PRETRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW) SHOULD REMAIN UNDER SEAL** |

Pursuant to N.D. Cal. Civil Local Rule 79-5, Non-Party Nintendo of America Inc. ("NOA") hereby submits this Statement as to why its confidential information contained in Defendants' Microsoft Corp. and Activision Blizzard, Inc. (collectively, "Defendants") Proposed Pretrial Findings of Fact and Conclusions of Law (Dkt. No. 177, "Proposed Pretrial Findings") should be kept under seal.

## I. INTRODUCTION

On June 22, 2023, Defendants filed their Proposed Pretrial Findings. (Dkt. No. 177). On the same day, Defendants filed the required Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. (Dkt. No. 179). Pursuant to this Court's Order dated July 24, 2023 (Dkt No. 332), counsel for NOA and Defendants have now conferred regarding NOA's confidential information contained in the Proposed Pretrial Findings so that NOA may now file this Statement.

## II. APPLICABLE LEGAL STANDARD

Non-parties receive special deference when issues of confidentiality are considered. *See United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure could "cause damage to third parties if made public" and would "chill investigations in the future where third-party documents are essential").

While the public has a right of access to the Court's files, "[i]n the case of non-dispositive motions . . . the presumption in favor of public access does not apply with equal force." *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Thus, a showing of good cause will suffice to justify sealing material attached to non-dispositive motions." *Id*. Courts have applied the good cause standard when reviewing motions related to a preliminary injunction. *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020).

2

NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ITS CONFIDENTIAL INFORMATION IN DKT. NO. 177 (DEFENDANTS PROPOSED PRETRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW) SHOULD REMAIN UNDER SEAL
Case No. 23-cv-02880-JSC

## III.  ARGUMENT

NOA's information was produced to the FTC in connection with the FTC's investigation and then in the still-pending FTC Part 3 administrative proceeding, both regarding Microsoft's Corp.'s ("Microsoft") proposed acquisition of Activision Blizzard, Inc. ("Activision").  NOA was not a target of the FTC's review of the proposed acquisition, nor is NOA a party to the Part 3 administrative proceeding or this federal court action.

The Federal Trade Commission Act broadly governs confidential information submitted pursuant to both FTC investigations and administrative litigation proceedings.  For example, the Act instructs that the Commission "shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is privileged or confidential."  15 U.S.C.S. § 46(f).[1]  For administrative litigation proceedings, the Act designates as privileged and confidential, *inter alia*, trade secrets, commercial and financial information, and competitively sensitive information.  16 C.F.R. § 4.10(g).  The Administrative Law Judge presiding over the proceeding entered a Protective Order Governing Confidential Material on December 9, 2022 "[i]n order to protect the parties and third parties against improper use and disclosure of confidential information."  16 C.F.R. § 3.31(d).  (FTC Dkt. No. 9412, Document No. 606385, Dec. 9, 2022).

Courts in this district have agreed that public disclosure of market share information can constitute harm to a business's competitive standing by giving competitors private data about performance and business strategy.  See Cont'l Auto. Sys., Inc. v. Avanci, LLC, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (citations omitted)).

---

[1] *See also* 15 U.S.C. § 57b-2 (regarding documents and transcripts of oral testimony received by a federal agency pursuant to compulsory process or investigation, "no documentary material, tangible things, reports or answers to questions, and transcripts of oral testimony shall be available for examination by any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material, things, or transcripts").

Below is NOA's position regarding certain portions of Defendants' Proposed Pretrial Findings, which NOA seeks to remain under seal and therefore lists the reasons why sealing is appropriate under the applicable standard.

| Page | Para. | Line(s) | Reasons for Sealing |
|---|---|---|---|
| 13 | 71 | Portions of lines 7, 9 | The information in this is Nintendo's confidential business data and reveals market share information compared directly against its competitors. Public disclosure would allow insight into Nintendo's market position, resulting in competitive harm. |
| 18 | 95 | Portions of line 15 | The information in this is Nintendo's confidential business data and reveals market share information compared directly against its competitors. Public disclosure would allow insight into Nintendo's market position, resulting in competitive harm. |
| 44 | 20 | Portion of line 5 | The information in this is Nintendo's confidential business data and reveals market share information compared directly against its competitors. Public disclosure would allow insight into Nintendo's market position, resulting in competitive harm. |

Lastly, the above information NOA seeks to seal is information that is extremely limited and tailored.  NOA has made a concerted effort to seek to seal only the portions of Defendants' Proposed Pretrial Findings which would result in severe competitive harm to Nintendo.  *See G&C Auto Body Inc., v. Geico General Insurance Co.*, No. C06-04898 MJJ, 2008 WL 687372 at *2 (N.D. Cal. March 11, 2008) (granting motion to seal non-party information because the amount of information to be redacted was small).

## IV. CONCLUSION

For the foregoing reasons, Non-Party NOA respectfully requests the Court keep sealed the above designated portions of Defendants' Proposed Pretrial Findings of Fact and Conclusions of Law.

Dated: August 7, 2023

VENABLE LLP

By:    /s/ *Steven E. Swaney*
Steven E. Swaney
Leonard L. Gordon (pro hac vice)
Benjamin P. Argyle (pro hac vice)
Attorneys for Non-Party Nintendo of America Inc.