Steven E. Swaney (SBN 221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:     415.653.3750
Facsimile:     415.653.3755

Leonard L. Gordon (*pro hac vice*)
llgordon@Venable.com
Benjamin P. Argyle (*pro hac vice*)
bpargyle@Venable.com
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone:     212.307.5500
Facsimile:     212.307.5598

Attorneys for Non-Party Nintendo of America Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>and<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**NON-PARTY NINTENDO OF AMERICA INC. STATEMENT PURSUANT TO LOCAL RULE 79-5(f) AS TO WHY ITS CONFIDENTIAL INFORMATION IN DKT. NO. 181 (FEDERAL TRADE COMMISSION BENCH BRIEF) SHOULD REMAIN UNDER SEAL** |

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

Pursuant to N.D. Cal. Civil Local Rule 79-5, Non-Party Nintendo of America Inc. ("NOA") hereby submits this Statement as to why its confidential information contained in Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Bench Brief Regarding Defendants' Proffered Testimony Regarding Microsoft's Agreements (Dkt. No. 181, "Bench Brief") should be kept under seal.

## I.   INTRODUCTION

On June 22, 2023, Plaintiff filed its Bench Brief. (Dkt. No. 181). Plaintiff filed the required Administrative Motion to Consider Whether Another Party's Material Should Be Sealed the same day. (Dkt. No. 180). Pursuant to this Court's Order dated July 24, 2023 (Dkt. No. 332), counsel for NOA and Plaintiff have now conferred regarding NOA's information contained in the Bench Brief so that NOA may now file this Statement.

## II.   APPLICABLE LEGAL STANDARD

Non-parties receive special deference when issues of confidentiality are considered. *See United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure could "cause damage to third parties if made public" and would "chill investigations in the future where third-party documents are essential").

While the public has a right of access to the Court's files, "[i]n the case of non-dispositive motions . . . the presumption in favor of public access does not apply with equal force." *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Thus, a showing of good cause will suffice to justify sealing material attached to non-dispositive motions." *Id.* Courts have applied the good cause standard when reviewing motions related to a preliminary injunction. *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020).

### III. ARGUMENT

NOA's information was produced to the FTC in connection with the FTC's investigation and then in the still-pending FTC Part 3 administrative proceeding, both regarding Microsoft's Corp.'s ("Microsoft") proposed acquisition of Activision Blizzard, Inc. ("Activision"). NOA was not a target of the FTC's review of the proposed acquisition, nor is NOA a party to the Part 3 administrative proceeding or this federal court action.

The Federal Trade Commission Act broadly governs confidential information submitted pursuant to both FTC investigations and administrative litigation proceedings. For example, the Act instructs that the Commission "shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is privileged or confidential." 15 U.S.C.S. § 46(f).[1] For administrative litigation proceedings, the Act designates as privileged and confidential, *inter alia*, trade secrets, commercial and financial information, and competitively sensitive information. 16 C.F.R. § 4.10(g). The Administrative Law Judge presiding over the proceeding entered a Protective Order Governing Confidential Material on December 9, 2022 "[i]n order to protect the parties and third parties against improper use and disclosure of confidential information." 16 C.F.R. § 3.31(d). (FTC Dkt. No. 9412, Document No. 606385, Dec. 9, 2022).

Below is NOA's position regarding certain portions of Plaintiff's Bench Brief, which NOA seeks to remain under seal and therefore lists the reasons why sealing is appropriate under the applicable standard.

---

[1] *See also* 15 U.S.C. § 57b-2 (regarding documents and transcripts of oral testimony received by a federal agency pursuant to compulsory process or investigation, "no documentary material, tangible things, reports or answers to questions, and transcripts of oral testimony shall be available for examination by any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material, things, or transcripts").

| Page | Lines | NOA's Position on Sealing |
|---|---|---|
| 1 | 26-27 | The information in this redaction contains details of confidential research and development for future business. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at page 3, Category 1, filed on June 26, 2023. |
| 2 | 21-26 | The information in this redaction discusses confidential negotiations with Microsoft. The harm that would occur absent sealing was discussed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 219) at page 4-5, Category 6 filed on June 26, 2023. |

Lastly, the above information NOA seeks to seal is information that is extremely limited and tailored. NOA has made a concerted effort to seek to seal only the portions of Plaintiff's Bench Brief which would result in severe competitive harm to Nintendo. *See G&C Auto Body Inc., v. Geico General Insurance Co.*, No. C06-04898 MJJ, 2008 WL 687372 at *2 (N.D. Cal. March 11, 2008) (granting motion to seal non-party information because the amount of information to be redacted was small).

IV.   **CONCLUSION**

For the foregoing reasons, Non-Party NOA respectfully requests the Court keep sealed the above designated portions of Plaintiff's Bench Brief.

Dated: August 7, 2023

VENABLE LLP

By: /s/ *Steven E. Swaney*
Steven E. Swaney
Leonard L. Gordon (pro hac vice)
Benjamin P. Argyle (pro hac vice)
Attorneys for Non-Party Nintendo of America Inc.