United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,
Plaintiff,

v.

MICROSOFT CORPORATION, et al.,
Defendants.

Case No. 23-cv-02880-JSC

**ORDER RE: ADMINISTRATION MOTIONS TO SEAL PARTIES' BRIEFING**

The parties to this action, Plaintiff Federal Trade Commission ("FTC"), and Defendants, Microsoft Corporation ("Microsoft") and Activision Blizzard, Inc. ("Activision"), have filed numerous administrative motions to seal portions of their own and non-parties (together, "designating parties") confidential or highly confidential material. In particular, this Order addresses the parties' requests to seal: the pre and post-trial Findings of Fact and Conclusions of Law, the FTC's bench brief, Defendants' answers, and the filings related to the FTC's emergency motion. (Dkt. Nos. 11, 12, 34, 35, 109, 110, 132, 178, 179, 180, 274, 287, 288, 308, 311, 312, 336.[1]) To the extent possible, the Court has resolved these pending motions as set forth in Exhibit A to this Order. However, many of the requests for sealing are overbroad as much of the material designating parties' have requested to seal is now public. As set forth below, the Court denies these overbroad requests to seal without prejudice. The designating parties may renew these requests to seal in a more narrowly tailored request for sealing within two weeks of this Order.

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

**LEGAL STANDARD**

There is a right of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, courts recognize "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process," *Kamakana*, 447 F.3d at 1178–79 (cleaned up). The Court must "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

A request to seal may be supported by compelling reasons if the documents or portions of documents at issue are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citation omitted); *Nixon*, 435 U.S. at 598. Compelling reasons may justify sealing court records "when such 'court files might have become a vehicle for improper purposes'" such as releasing trade secrets. *Kamakana*, 447 F.3d at 1179. For example, sealing court records may be justified if the records would divulge terms of confidential contracts or contract negotiations, financial terms, or business models and strategies. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020); *FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Designating parties moving to seal their own or another party's materials must comply with Civil Local Rule 79-5. The rule supplements the "compelling reasons" standard. *Scramoge Tech. Ltd. v. Apple, Inc.*, No. 22-cv-03041-JSC, 2023 WL 3168322, at *5 (N.D. Cal. Apr. 17,

2023). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). Parties' requests must be "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3). Requests need to include "a specific statement" with the reasons for keeping a document under seal and explain the interests warranting sealing, the injury that will result without sealing, and why a less restrictive alternative is not sufficient. *Id.* at 79-5(c)(1). Under Civil Local Rule 79-5(f), designating parties must file a statement or response to a motion to seal a designating party's materials in accordance with Civil Local Rule 79-5(c) or its materials may be unsealed.

The Court considers a more lenient approach when considering non-party sealing requests, but this distinction is not dispositive. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (balancing confidentiality of non-party information "with the [c]ourt's ultimate resolution of the instant dispute which should be transparent in its analysis").

**DISCUSSION**

The "compelling reasons" standard applies to these sealing motions. The briefing at issue in these motions is more than tangentially related to the merits of the case as it was filed in the context of the FTC's dispositive preliminary injunction motion. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *Meyers v. Kaiser Found. Health Plan, Inc.*, No. 17-cv-04946-LHK, 2019 WL 120657, at *2 (N.D. Cal Jan. 6, 2019). Nintendo's argument that the "good cause" standard applies to the bench brief, is unpersuasive. Where, as here, an evidentiary motion is strongly correlated to the merits of a case, the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1099.

**I. Parties' Final Proposed Findings of Fact and Conclusions of Law**

Given the expedited timeframe for these proceedings, the Court permitted the FTC and Defendants to file their final proposed findings of fact and conclusions of law ("post-trial FOF-COL") entirely under seal. (*See* Dkt. No. 286, 6/29/23 Tr. at 1171:1-5; Dkt. Nos. 291, 292, 293.) The Court now addresses the designating parties subsequently filed requests to seal portions of the

post-trial FOF-COL. (Dkt. Nos. 308, 311, 312.) The Court's rulings are discussed below and in the attached chart. *See* Ex. A.

As set forth in Exhibit A, the Court has denied the requests in whole or in part where the designating parties did not meet their burden to show that the at-issue portion of the parties' post-trial FOF-COL could reveal competitively damaging information sufficient to outweigh the public's presumption of public access to judicial records. *Kamakana*, 447 F.3d at 1178–79; *Epic Games, Inc.*, 2021 WL 1925460, at *1, 4. The Court also denied the request where the designating party did not submit a declaration is support of sealing.

The Court has considered Nintendo's argument that the FTC "misstates" or "mischaracterizes" its exhibits in its post-trial FOF-COL in such a way as to lead to a false impression that Nintendo supports the statement which could cause Nintendo competitive, reputational, and economic harm given the public scrutiny of the proceedings. (Dkt. No. 328 at 5.) After reviewing the FTC's briefing and the exhibits at issue, the Court finds Nintendo's disagreements with the FTC's assertions are not a compelling reason to seal that part of the record. The contents of the post-trial FOF-COL are attorney argument and the evidence underlying the statements in the brief speak for itself.

Microsoft seeks to seal portions of the FTC's post-trial FOF-COL and Defendants seek to seal portions of their own post-trial FOF-COL. (Dkt. Nos. 311, 331.) The Court denies these requests in full without prejudice because the portions Microsoft seeks to seal are not narrowly tailored as required by Civil Local Rule 79-5(c). For example, Defendants seek to seal materials discussing Professor Lee's modeling, which was publicly disclosed in this litigation before the FOF-COL were filed. (*See, e.g.*, Dkt. No. 308-2 ¶ 499.) Because the Court denies these requests without prejudice, they may be narrowly tailored and renewed within 14 days of this Order.

## II. Parties' Pre-Trial Proposed Findings of Fact and Conclusions of Law

The FTC and Defendants filed their pre-trial proposed findings of fact and conclusions of law ("pre-trial FOF-COL") prior to the start of the evidentiary hearing. The FTC only filed a redacted version without an accompanying motion to seal another party's materials. (Dkt. No. 175.) At the Court's request, the FTC subsequently filed an administrative motion (Dkt. No. 336)

and the designating parties have responded (Dkt. Nos. 338, 340, 341, 342, 345, 346.) The Court's rulings are discussed below and in the attached chart. *See* Ex. A.

As set forth in Exhibit A, the Court has denied the requests in whole or in part where the designating parties did not meet their burden to show that the at-issue portion of the parties' pre-trial FOF-COL could reveal competitively damaging information sufficient to outweigh the public's presumption of public access to judicial records. *Kamakana*, 447 F.3d at 1178–79; *Epic Games, Inc.*, 2021 WL 1925460, at *1, 4. The Court also denied the request where the designating party did not submit a declaration is support of sealing. To the extent any party seeks sealing of a citation to a redacted document, this request is denied. A citation, by itself, does not reveal any confidential information.

Nintendo's request for sealing based on the argument that the FTC "mischaracterized" its exhibits is denied for the reasons stated in Section I. (Dkt. No. 342 at 4, 6-7.)

The Court denies Microsoft's requests to seal portions of the FTC's pre-trial FOF-COL in full without prejudice because the portions Microsoft seeks to seal are not narrowly tailored as required by Civil Local Rule 79-5(c). (Dkt. No. 346.) Because the Court denies these requests without prejudice, they may be tailored and renewed within 14 days of this Order.

## III. FTC'S Bench Brief

Microsoft seeks to seal material in the FTC's bench brief, but Microsoft has not met its burden to proffer competitive harm because no business information is included in its proposed redactions. (*See* Dkt. No. 289.) For example, each portion of deposition testimony Microsoft seeks to seal includes interjections by Microsoft's attorneys regarding privilege and non-answers from the deponents to that effect. (*See* Dkt. No. 180-2 at 2:8-13; *id.* at 2:14-3:8; *id.* at 9-14.) The Court's rulings are reflected in the attached chart. *See* Ex. A.

## IV. Activision's Answer

The Court's ruling on Activision's narrowly tailored request to seal certain material in in its answer is reflected in the attached chart. (Dkt. No. 274.)

**V. Remaining Briefing**

Upon review of the remaining motions to seal, the Court finds much of the designated-confidential material parties and non-parties request to seal has now been discussed in open court during the evidentiary hearing. Accordingly, the Court DENIES the pending motions to seal portions of the FTC's complaint, the FTC's emergency motion, Defendants' opposition, the FTC's reply, and Microsoft's answer without prejudice to renewal in a more narrowly tailored form. (Dkt. Nos. 11, 12, 34, 35, 109, 110, 132, 287, 288.) To streamline the Court's review, designating parties may file a single joint omnibus with their narrowly tailored and renewed requests regarding these documents within 14 days of this Order. To the extent the parties seek sealing of exhibits attached to these filings which were used at the subsequent evidentiary hearing or relied on in this Court's preliminary injunction opinion, the request for sealing is DENIED consistent with this Court's prior order regarding trial exhibits. (*See* Dkt. No. 335.)

The Court GRANTS requests to seal portions of or entire exhibits attached to parties' pre-trial briefing that were not used during the evidentiary hearing or in this Court's opinion, to the extent requested by the designating parties and supported by their filings. (*See* Dkt. No. 335.) The protection of parties' confidential and sensitive information outweighs the public's presumption of access to those judicial records where they did not significantly factor into this Court's analysis. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (finding parties' compelling reasons for sealing can outweigh the public interest in disclosure when court files might become a vehicle for improper purposes); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (finding compelling reasons to seal "sources of business information that might harm a litigant's competitive standing").

**CONCLUSION**

In conclusion, within 14 days of the date of this Order:

1) Microsoft may file a narrowly tailored, renewed administrative motion to seal to its own material in the FTC's post-trial FOF-COL and pre-trial FOF-COL as specified in Sections I & II;

2) Microsoft and Activision may file narrowly tailored, renewed administrative motions to seal to their material in Defendants' post-trial FOF-COL as specified in Section I;

3) the designating parties may submit an omnibus, narrowly-tailored, renewed request for sealing of material as specified in Section V.

As set forth in Section V, the Court GRANTS in part the sealing of parties' exhibits attached to their briefing.

The Court's remaining rulings are reflected in the attached chart. *See* Ex. A.

If no renewed motions are filed, then the moving party shall publicly file versions of these documents pursuant to this Order and Civil Local Rule 79-5(g) within 21 days of this Order.

This Order disposes of Docket Nos. 11, 12, 34, 35, 109, 110, 132, 178, 179, 180, 207, 274, 287, 288, 291, 292, 293, 308, 311, 312, 336.

**IT IS SO ORDERED.**

Dated: August 11, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

**EXHIBIT A**[2]

| **FTC'S Final Post-Trial Proposed Findings of Fact and Conclusions of Law (Dkt. No. 308-2)** | | | |
|---|---|---|---|
| **Designating Party** | **Highlighted Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 13:2, 15:27, 24:14-16, 25:28, 26:1-3, 26:15-19, 27:2, 44:10-12, 46:27-47:3*[3], 51:1-2, 52:1-2, 52:21-24, 53:12-13, 53:22-23, 54:27-55:1, 55:12, 86:23-24, 88:4-15, 88:27, 89:3, 89:5-7, 89:11-12, 90:1-4, 90:24, 91:2, 91:5-6, 93:4-7, 93:9-10, 98:27-28, 99:1-4, 101:17, 101:25-26, 102:1, 109:14, 110:13, 133:19-22, 134:21-25, 134:28-135:1, 135:8-11, 135:16-18, 136:11-13, 136:21-25, 142:1-2, 144:3-4, 150:5-9, 151:16-17, 155:27-156:2, 161:19-22, 161:24-25 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 323.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 323. |
| Activision | 51:27-28, 55:13, 56:22 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 323.) | DENIED. Information has been publicly discussed in the course of these proceedings. |
| Activision | 135:4, 53:1-7 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 323.) | Activision has not shown that this is its material. GRANTED insofar as requested by Nvidia. (*See* Dkt. No. 322.) |
| Activision | 136:14-17 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and | DENIED. Activision did not meet its burden to show competitive harm. |

[2] Page citations in this chart are to the page number appearing at the bottom of the document, not the ECF page number.

[3] Asterisks indicate this Court's correction of designating parties' apparent typographical errors.

| | | | |
|---|---|---|---|
| | | negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 323.) | |
| Sony | 12:23-25, 27:9-13, 34:26-27, 57:15-16, 57:18-19, 57:21, 57:23, 58:2, 63:8-11, 63:18-21, 64:10-13, 64:17-24, 87:14-18, 87:20-21, 87:25, 89:10-13, 90:13, 95:4-8, 95:22-26, 114:16-17, 133:4, 142:27-143:1 | Non-public Sony data, analysis, and survey results relating to product strategy and platform users' behavior on Sony's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of the at-issue acquisition that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 330. |
| Sony | 4:15-20, 51:19-26, 111:9-10, 159:16-19, 159:21-160:2, 160:3-14, 160:15-19, 160:23-24 | Non-public information about Sony's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 330. |
| Sony | 2:12-14, 2:23-24, 129:15-17, 138:28*-139:1, 140:23, 141:1 (after "offer") | Non-public information on the nature and scope of Sony's technical collaboration with particular publishers that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 330. |
| Sony | 8:22-25, 29:17-20, 30:14-16, 39:10-11, 39:15-20, 48:26-49:1, 49:23-25, 56:12-16, 60:3-6, 71:10-17, 138:10-14, 140:18-20, 141:8-10 | Non-public information about Sony's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 330. |
| Sony | 56:12-16, 65:6-9, 67:25, 68:1, 141:17-20 | Non-public Sony business analysis regarding competitors' and commercial partners' behavior and products that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 330. |



United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Nintendo | ¶¶ 74, 82, 84, 85, 95, 304, 309, 328, 329, 705, 706, 708, 756, 758-61, 764 | Confidential specific market strategy, confidential agreements and negotiations, competitive analysis, and market share information that would allow insight into Nintendo's market position or give competitors an advantage with Nintendo's information if publicly disclosed. (Dkt. Nos. 168, 219, 328.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 328. |
| Nintendo | ¶¶ 308, 315 | Information that misstates or mischaracterizes the cited exhibit where public disclosure would result in a false impression that Nintendo supports the statement, which would result in competitive, reputational, and economic harm given the public scrutiny of the proceedings. (Dkt. No. 328.) | DENIED. Nintendo did not meet its burden showing competitive harm. |
| Valve | 142*:24-25, 68:5 | Confidential Valve sales and financial information that could competitively harm Valve if disclosed. (Dkt. No. 319.) | GRANTED. |
| Nvidia | 5:3-7, 40:2-5, 56:19-21, 75:19-22, 111:25-28, 134:15-19, 134:21-25; 134:27-135:1, 135:3-5, 137:26-27, 142:1-2, 142:4-7, 145:4-5, 154:3-4, 157:11-12, 161:16-25 | Non-public business information and agreements from sealed exhibits that would reveal Nvidia's decision-making processes and business relationships and agreements that would competitively disadvantage Nvidia if publicly disclosed. (Dkt. No. 322.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 322. |
| Google | N/A | Designated as confidential. (Dkt. No. 308.) | DENIED. Party did not file a statement in support of sealing. |
| Amazon | N/A | Designated as confidential. (Dkt. No. 308.) | DENIED. Party did not file a statement on support of sealing. |

United States District Court
Northern District of California

| **Defendants' Final Post-Trial Proposed Findings of Fact and Conclusions of Law (Dkt. No. 311-2)** | | | |
|---|---|---|---|
| **Designating Party** | **Highlighted Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Sony | 16:25-26, 28:15-16, 64:8-9, 64:14-21, 86:9-11, 86 n.15, 108:6-9, 108:21-23, 122:25-123:1 | Non-public Sony data, analysis, and survey results relating to product strategy and platform users' behavior on Sony's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of the at-issue acquisition that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 330. |
| Sony | 29:19-22, 30:25 (after "franchises")-31:2, 42:18-25, 48:20-23, 50:19, 50:26, 51:6, 51:7-24, 52:9-12 | Non-public information about Sony's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 330. |
| Sony | 30:24-25 (before and including "franchises") | Non-public information about Sony's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | DENIED. Information has been publicly discussed in the course of these proceedings. |
| Sony | 22:8-10, 29:19-20, 99:21-23, 121:19-23 | Non-public information about Sony's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | GRANTED in part. Denied in part as to any portions Sony did not request to seal. (*See* Dkt. No. 330.) |
| Sony | 28:2-5, 64:22-24, 86:19-22 | Non-public Sony business analysis regarding competitors' and commercial partners' behavior and products that could competitively harm | GRANTED only as consistent with the redactions proposed in Dkt. No. 330. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | Sony if publicly disclosed. (Dkt. No. 330.) | |
| Sony | 28:21 | Non-public Sony business analysis regarding competitors' and commercial partners' behavior and products that could competitively harm Sony if publicly disclosed. (Dkt. No. 330.) | DENIED. Sony did not meet its burden showing competitive harm. |
| Nvidia | 24:4 | Non-public sensitive financial information from sealed exhibit that would reveal Nvidia's finances and business decision-making that would competitively disadvantage Nvidia. (Dkt. No. 322.) | GRANTED. |
| Nintendo | 57:23-24, 57:27, 58:1-5, 58:10-13, 92:2-3, 142:5-15 | Non-public sensitive future business strategy and confidential agreements and negotiations that would competitively harm Nintendo by giving competitors an advantage. (Dkt. Nos. 219, 329.) | GRANTED. |

| **FTC'S Proposed Pre-Trial Findings of Fact and Conclusions of Law (Dkt. No. 336-2)** | | | |
|---|---|---|---|
| **Designating Party** | **Highlighted Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 7:20-22, 8:23-26, 9:8-14, 9:24, 24:4-8, 26:7-8, 41:19-22, 49:1-8, 49:10-12, 49:23-50:1, 51:19-22, 56:26-57:2, 77:17-20, 78:14-16, 78:18-21, 78:23-25, 79:11-17, 82:24-25, 84:16-17, 87:18-23, 89:14-17 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 341.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 341. |
| Activision | 27:10, 28:6 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 341.) | DENIED. Information has been publicly discussed in the course of these proceedings. |
| Activision | 28:27, 29:1-2, 29:4, 29:6, 29:11, 50:8-11, 50:21-24, | Non-public and highly sensitive information | Activision has not shown that |

| | | | |
|---|---|---|---|
| | 51:5-6, 51:8-9 | including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 341.) | this is its material. GRANTED only insofar as requested by Sony, (*see* Dkt. No. 345), or Microsoft. |
| Activision | 79:11-17 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 341.) | DENIED. Activision did not meet its burden showing competitive harm. |
| Sony | 10:4-7, 15:21-23, 28:26-28, 29:1-7, 29:8-12, 33:12-15, 34:14-17*, 50:8-11, 51:4-10, 55:28-56:2, 80:19, 81:14-16, 82:3-5, 82:10-15, 83:18-20 | Non-public Sony data, analysis, and survey results relating to Sony product strategy and platform users' behavior on Sony's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. (Dkt. No. 345.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 345. |
| Sony | 80:19 | Non-public Sony data, analysis, and survey results relating to Sony product strategy and platform users' behavior on Sony's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. (Dkt. No. 345.) | DENIED. Sony did not meet its burden showing competitive harm. |
| Sony | 92:16-28, 93:1-14 | Non-public information about Sony's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners that could competitively harm Sony. (Dkt. No. 345.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 345. |
| Sony | 61:21-27, 81:17-21 | Non-public information on | GRANTED |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | the nature and scope of Sony's technical collaboration with particular publishers that could competitively harm Sony. (Dkt. No. 345.) | only as consistent with the redactions proposed in Dkt. No. 345. |
| Sony | 12:21-23, 30:25-27, 34:27-35:3, 39:1-4, 39:5-8 | Non-public information about Sony's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans that could competitively harm Sony. (Dkt. No. 345.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 345. |
| Sony | 11:26-12:1 | Non-public Sony business analysis regarding competitors' and commercial partners' behavior and products that could competitively harm Sony. (Dkt. No. 345.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 345. |
| Nintendo | 8:10-12, 9:15-22, 10:19-23, 34:6-9, 36:13-17, 86:17-26, 88:22-25, 89:5-7, 89:18-22 | Confidential specific market strategy, confidential agreements and negotiations, competitive analysis, and market share information that would allow insight into Nintendo's market position or give competitors an advantage with Nintendo's information if disclosed. (Dkt. Nos. 168, 219, 342.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 342. |
| Nintendo | 4:3-4, 33:25, 35:13-15 | Information that misstates or mischaracterizes the cited exhibit where public disclosure would result in a false impression that Nintendo supports the statement, which would result in competitive, reputational, and economic harm given the public scrutiny of the proceedings. (Dkt. No. 342.) | DENIED. Nintendo did not meet its burden showing competitive harm. |
| Nintendo | 8:29-9:1 | Confidential specific market strategy, confidential agreements and negotiations, competitive analysis, and market share information that would allow insight into Nintendo's market | DENIED. Nintendo did not meet its burden showing competitive harm. |



United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | position or give competitors an advantage with Nintendo's information if disclosed. (Dkt. Nos. 168, 342.) | |
| Valve | 36:20, 83:15-17 | Confidential Valve sales and financial information that could competitively harm Valve if disclosed. (Dkt. No. 338.) | GRANTED. |
| Nvidia | 41:19-22, 45:26-46:2, 62:9-12, 78:14-16, 80:7-10, 82:24-26, 82:27-83:2, 85:11-12, 90:16-18, 91:8-10, 91:11-13. | Non-public business information that would reveal Nvidia's business decision-making and strategy, market analyses strategy, business relationships, contracts, and technological capabilities, thus competitively disadvantaging Nvidia. (Dkt. No. 340.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 340. |
| Google | N/A | Designated as confidential. (Dkt. No. 336.) | DENIED. Party did not file a statement in support of sealing. |
| Amazon | N/A | Designated as confidential. (Dkt. No. 336.) | DENIED. Party did not file a statement on support of sealing. |

| **Defendants' Pre-Trial Proposed Findings of Fact and Conclusions of Law (Dkt. No. 178-2)** | | | |
|---|---|---|---|
| **Designating Party** | **Highlighted Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Microsoft | 4:20, 9:17-19, 12:11-15, 20:25, 21:1-6, 22:23-26 (only as to year in 22, number in 23), 23:1-2, 23:11, 23:22-24, 24:10-11, 28:25-27, 29:1-2, 30:17-18, 31:1, 31:3-7, 44:4, 44:11-12 & n.3, 49:17-18, 70:17*-19* | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Microsoft if made publicly available. (Dkt. No. 178.) | GRANTED. |
| Microsoft | Paragraphs 153-155 in their entirety | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue | GRANTED only as consistent with the partial redactions highlighted in Dkt. No. 178-2. |



United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | figures, which could be used to injure Microsoft if made publicly available. (Dkt. No. 178.) | |
| Microsoft | 10:24-25 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Microsoft if made publicly available. (Dkt. No. 178.) | DENIED. Microsoft has not shown that this is its material and the FTC did not file a statement in support of sealing. |
| Microsoft | 13:13-15, 22:23-26 (denied except for year and number), 23:3-4, 23:7 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 178.) | DENIED. Information has been publicly discussed in the course of these proceedings. |
| Activision | 7:22-27, 8:1-2, 17:4-5, 17:15-16, 17:21-22, 18:1-2, 18:13, 18:15, 20:4-6, 20:13-15, 20:17-18, 20:25-21:4, 21:6, 21:7-17, 21:18-22:2, 22:3-6, 25:20-22, 31:17-18, 53:19, 63:9 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 178.) | GRANTED. |
| Activision | 44:16 | Non-public and highly sensitive information including business strategy, decision making, market share analysis, competitive analysis, agreements and negotiations, and revenue figures, which could be used to injure Activision if made publicly available. (Dkt. No. 178.) | DENIED. Activision did not meet its burden showing competitive harm. |
| Sony | 6:16, 13:3, 32:11, 32:13, 32:15, 32:22, 32:24, 44:27-28 n.3, 47:9, 53:25, 54:1*, 54:3*, 54:15-17 | Non-public Sony data, analysis, and survey results relating to product strategy and platform users' behavior on Sony's platform, including user engagement, gameplay, spend, likelihood of | GRANTED only as consistent with the redactions proposed in Dkt. No. 271. |

| | | | |
|---|---|---|---|
| | | switching, or potential competitive impacts of the at-issue acquisition that could competitively harm Sony. (Dkt. No. 271.) | |
| Sony | 14:3-5, 29:10-11, 29:20-25 | Non-public information about Sony's approach to contract negotiations with third party partners and discussions of contract terms that could competitively harm Sony. (Dkt. No. 271.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 271. |
| Nintendo | 13:7, 13:9, 18:15, 44:5 | Confidential business data revealing market share information compared directly with its competitors. Public disclosure would allow insight into Nintendo's market position, resulting in competitive harm. (Dkt. No. 343.) | GRANTED. |
| Nvidia | N/A | Designated as confidential. (Dkt. No. 179.) | DENIED. Party did not file a statement on support of sealing. |
| FTC | N/A | Designated as confidential. (Dkt. No. 179.) | DENIED. Party did not file a statement on support of sealing. |

| **FTC's Bench Brief (Dkt. No. 180-2)** | | | |
|---|---|---|---|
| **Designating Party** | **Highlighted Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Microsoft | 2:8-19 & n.4, 3:1-14 & nn.5-6 | Non-public and highly sensitive information including internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and business partnerships, which could be used to injure Microsoft if made publicly available. (Dkt. No. 289 at 2-3.) | DENIED. Microsoft has not met their burden as to competitive harm. |
| Nintendo | 1:26-27 | Confidential research and development for future products, which if made public would reveal Nintendo's future product | GRANTED. |



United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | intentions and information about future product releases, thus economically and competitively harming Nintendo. (Dkt. Nos. 219, 344.) | |
| Nintendo | 2:21-26 | Non-public confidential negotiations with Microsoft that would competitively harm Nintendo by releasing information about its negotiations if publicly disclosed. (Dkt. Nos. 219, 344.) | GRANTED. |

| **Activision's Answer (Dkt. No. 274-1)** | | | |
|---|---|---|---|
| **Designating Party** | **Highlighted Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 5:20-21, 6:7, 19:8 | Non-public and highly sensitive information including confidential internal business data and terms of existing confidential agreements, which could be used to injure Activision is made publicly available. (Dkt. No. 274). | GRANTED. |
| Activision | 5:19 | Non-public and highly sensitive information including confidential internal business data, which could be used to injure Activision is made publicly available. (Dkt. No. 274). | DENIED. Information has been publicly discussed in the course of these proceedings. |

United States District Court
Northern District of California