UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Defendants. | Case No. 23-cv-02880-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL REGARDING EXPERT TESTIMONY OF PROF. ROBIN S. LEE AND DR. DENNIS W. CARLTON** |

The parties' administrative motions to seal the direct testimony of Professor Robin S. Lee, the FTC's expert, and the declaration of Dr. Dennis W. Carlton, Defendants' expert, are pending before the Court. (Dkt. Nos. 226, 294, 295.) The Court reviews requests to seal the experts' testimony—submitted for the purposes of the evidentiary hearing—under the "compelling reasons" standard. *See* Dkt. No. 347; *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Meyers v. Kaiser Found. Health Plan, Inc.*, No. 17-cv-04946-LHK, 2019 WL 120657, at *2 (N.D. Cal Jan. 6, 2019).

As set forth in Exhibit A, the Court GRANTS IN PART and DENIES IN PART the requests for sealing. The Court denies the requests to seal as to matters discussed publicly at the evidentiary hearing. It denies parties' motions as to materials that a designating party did not include in its statement in support of sealing. The Court also denies the requests to the extent the designating parties have not met their burden to show a particular portion of the expert testimony could reveal competitively damaging information sufficient to outweigh the public's presumption of public access to judicial records. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR, 2021 WL

1925460, at *1 (N.D. Cal. Apr. 30, 2021) (balancing confidentiality of non-party information "with the [c]ourt's ultimate resolution of the instant dispute which should be transparent in its analysis").

To the extent Sony seeks sealing of trial exhibits in its motion in support of sealing portions of Prof. Lee's direct testimony (Dkt. No. 227 at 9-10), this request is denied as moot. (*See* Dkt. No. 335.)

The parties shall file redacted versions of Prof. Lee's direct testimony and Dr. Carlton's declaration consistent with this Order within 7 days of this Order.

This Order disposes of Docket Nos. 226, 227, 294, 295.

**IT IS SO ORDERED.**

Dated: August 11, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**EXHIBIT A**

| Direct Testimony of Robin S. Lee, PhD. (Dkt. No. 226-2) | | | |
|---|---|---|---|
| **Designating Party** | **Highlighted Portions of Materials Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Microsoft | ¶ 26, ¶ 29 (before "Based on"), p. 11 n.21, p. 11 n.23, ¶ 29, ¶ 30, ¶ 31, p. 13 fig. 1, ¶ 35, ¶ 39, p. 16 n.39, p. 17 fig. 2, ¶ 44 & n.41, p. 25 n.51, ¶ 83, ¶ 84, p. 31 n.73, p. 33 fig. 4, ¶ 92, p. 34 n.78, p. 35 n.79, p. 36 n.81, ¶ 104, ¶ 105, p. 38 n.82, ¶ 109, ¶ 110, p. 43 fig. 5, ¶ 117, p. 44 n.87, ¶ 126 (after and including "He also"), ¶ 127, p. 48 n.100, p. 50 n.108, p.51 n.110, ¶ 148, ¶ 149, ¶ 153, ¶ 156, p. 58 fig. 8, ¶ 171, p. 65 n.137, p. 65 n.138, ¶ 188, ¶ 194, p. 72 n.164, ¶ 205 | Non-public and highly sensitive information including confidential and proprietary information related to Microsoft's internal decision-making, investment decisions, market share analyses, competitive analysis, confidential agreements, revenue figures and projections that could harm Microsoft if made publicly available. (Dkt. No. 299.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 299. |
| Microsoft | ¶ 41, ¶ 42, ¶ 126 (before "He also"), ¶ 140, p. 68 n.147, ¶ 195, p. 69 n.154 | Non-public and highly sensitive information including confidential and proprietary information related to Microsoft's internal decision-making, investment decisions, market share analyses, competitive analysis, confidential agreements, revenue figures and projections that could harm Microsoft if made publicly available. (Dkt. No. 299.) | DENIED. Information has been publicly discussed in the course of these proceedings. |
| Microsoft | ¶ 29 (after "consistent with") | Non-public and highly sensitive information including confidential and proprietary information related to Microsoft's internal decision-making, investment decisions, market share analyses, competitive analysis, confidential agreements, revenue figures and projections that could harm Microsoft if made publicly available. (Dkt. No. 299.) | DENIED. Microsoft did not meet its burden to show competitive harm. |
| Activision | p. 6 n.3, ¶ 20, ¶ 21, ¶ 28 (second and forth bullets), ¶ 29 (before "Based on"), p. 11 n.21, p. 11 n.23, ¶ 30, ¶ 31, ¶ 34, p. 13 fig. 1, p. 14 n.25, p. 17 fig. 2, ¶ 44, p. 31 n.73, p. 32 | Non-public and highly sensitive information including internal decision-making processes, strategic evaluation of forward-looking opportunities, | GRANTED only as consistent with the redactions proposed in Dkt. No. 296. |

3

| | | | |
|---|---|---|---|
| | n.74, p. 34 n.77, ¶ 104, ¶ 109, ¶ 110, p. 43 fig. 5, ¶ 117, p. 44 n.87, p. 46 n.93, ¶ 126 (after and including "He also"), ¶ 127, p. 47, n.96, ¶ 130, p. 49 n.104, ¶ 140, p. 51 n.110, p. 65 n.138, p. 70 n.155, ¶ 198 (second bullet after "services"), ¶ 198 (third bullet), p. 71 n.158, p. 71 n.161 | market share analyses, competitive analysis, and confidential agreements that could harm Activision if made publicly available. (Dkt. No. 296.) | |
| Activision | ¶ 29 (after "consistent with") | Non-public and highly sensitive information including internal decision-making processes, strategic evaluation of forward-looking opportunities, market share analyses, competitive analysis, and confidential agreements that could harm Activision if made publicly available. (Dkt. No. 296.) | DENIED. Activision did not meet its burden to show competitive harm. |
| Activision | ¶ 28 (third bullet before and including "consoles"), ¶ 106, ¶ 126 (before "He also"), ¶ 198 (second bullet before "and") | Non-public and highly sensitive information including internal decision-making processes, strategic evaluation of forward-looking opportunities, market share analyses, competitive analysis, and confidential agreements that could harm Activision if made publicly available. (Dkt. No. 296.) | DENIED. Information has been publicly discussed in the course of these proceedings. |
| Sony | p. 9 n.11, ¶ 26 & n.13, ¶ 34 & n.28, ¶ 44, ¶ 65, ¶ 71 & n.56, p. 34 n.77, ¶ 104, ¶ 109, ¶ 110, ¶ 150 & nn.117-118, p. 62 n.133 | Non-public and highly sensitive information including business strategy, investment plans, console and product development plans, product roadmaps, and competitive analysis that could harm Sony if publicly disclosed. (Dkt. No. 227.) | GRANTED. |
| Sony | ¶ 64 & n.47 | Non-public and highly sensitive information including business strategy, investment plans, console and product development plans, product roadmaps, and competitive analysis that could harm Sony if publicly disclosed. (Dkt. No. 227.) | DENIED. Information has been publicly discussed in the course of these proceedings. |
| Sony | ¶ 29, ¶ 30 | Non-public and highly sensitive information | GRANTED. |

4

| | | | |
|---|---|---|---|
| | | including Sony's approach to contract negotiations with third-party partners and discussions of certain contract terms that could harm Sony if publicly disclosed.  (Dkt. No. 227.) | |
| Nvidia | p. 71 n.158, ¶ 205 & n.169 | Sensitive business information concerning Nvidia's cloud gaming business which could harm it in the marketplace by disclosing Nvidia's business decision-making to its competitors.  (Dkt. No. 217.) | GRANTED. |

| Declaration of Dennis W. Carlton (Dkt. No. 294-3) | | | |
|---|---|---|---|
| **Designating Party** | **Highlighted Portions of Materials Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Microsoft | ¶ 35, ¶ 36, ¶ 44, p. 19 n.32 | Non-public and highly sensitive information including market share analysis, competitive analysis, negotiations, investment decisions, and financial information and projections that could injure Microsoft if made publicly available.  (Dkt. No. 294.) | GRANTED. |
| Activision | p. 10 n.12, ¶ 28, p. 20 n.34 | Non-public and highly sensitive information including market share analysis, competitive analysis, negotiations, investment decisions, and financial information that could injure Activision if made publicly available. (Dkt. No. 294.) | GRANTED. |
| Microsoft and Activision | p. 9 n.8, ¶ 28, ¶ 45, p. 20 n.36, p. 21 n.38 | Non-public and highly sensitive information including market share analysis, competitive analysis, negotiations, investment decisions, and financial information that could injure Microsoft and Activision if made publicly available.  (Dkt. No. 294.) | GRANTED. |
| Sony | ¶ 45 | Non-public Sony data, analysis, and survey results relating to Sony product | GRANTED only as consistent with |

| | | | |
|---|---|---|---|
| | | strategy and platform users' behavior on Sony's platform, or potential competitive impacts of the at-issue acquisition, that would allow its competitors to gain a competitive advantage if publicly disclosed. (Dkt. No. 303.) | the redactions proposed in Dkt. No. 303. |
| Sony | ¶ 28 | Non-public Sony business analysis regarding competitors' and commercial partners' behavior and products that would allow its competitors to gain a competitive advantage if publicly disclosed. (Dkt. No. 303.) | GRANTED only as consistent with the redactions proposed in Dkt. No. 303. |

United States District Court
Northern District of California