[Submitting Counsel Identified on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-cv-02880-JSC |
| Plaintiff, | **OMNIBUS ADMINISTRATIVE MOTION TO SEAL TRIAL EXHIBITS PURSUANT TO COURT ORDER (ECF NO. 335)** |
| v. | |
| MICROSOFT CORPORATION and ACTIVISION BLIZZARD, INC., | Dept.:   Courtroom 8—19th Floor<br>Judge:   Honorable Jacqueline S. Corley |
| Defendants. | |

Pursuant to Civil Local Rules 7-11 and 79-5(c) and the Court's July 26, 2023 Order Re Motions to Seal and Motions for *In Camera* Review Regarding Trial Exhibits (ECF No. 335), Defendant Microsoft Corporation ("Microsoft"), Defendant Activision Blizzard, Inc. ("Activision"), and designating non-parties involved in this action (collectively, the "Designating Parties") respectfully move this Court for an order to seal portions of certain trial exhibits which the Designating Parties have designated as confidential.

On July 26, 2023, the Court directed the Designating Parties to "jointly file an omnibus motion to seal pursuant to Civil Local Rule 79-5 within 21 days of the date of this Order" with respect to "any outstanding sealing requests or remaining issues for trial exhibits not addressed by the Court." ECF No. 335, at 2. Accordingly, the Designating Parties have identified below highly confidential material found in certain trial exhibits, along with the specific bases for sealing required under Local Rule 79-5. The proposed sealing and *in camera* treatment reflect the Designating Parties' good-faith efforts to narrowly seek sealing or *in camera* treatment of only that information which is competitively sensitive, the public disclosure of which would cause injury to the Designating Parties that cannot be avoided through any more restrictive alternative means:

## I.   EXHIBITS DESIGNATED BY ACTIVISION

| Exhibit | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested | Location of Original Declaration in Support of Sealing | Basis for Sealing Request |
|---|---|---|---|---|---|
| PX2094 | Opinion at 11 | Activision | *In camera* | ECF No. 205 at 7 | This exhibit contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| PX2133 | 6/28/23 Tr. (Kotick), at 754:17–18 | Activision | Redacted | ECF No. 205 at 8 | This exhibit contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, business partnerships, terms of existing confidential agreements, and revenue figures and projections, which could be used to injure Activision if made publicly available. |

| Exhibit | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested | Location of Original Declaration in Support of Sealing | Basis for Sealing Request |
|---------|---------------------------|-------------------|--------------------------------|-------------------------------------------------------|---------------------------|
| PX2138 | Opinion at 47 | Activision | *In camera* | ECF No. 205 at 9 | This exhibit contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, revenue figures and projections, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |
| PX2167 | Opinion at 29 | Activision | *In camera* | ECF No. 205 at 10 | This exhibit contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, and internal presentations discussing business strategy, which could be used to injure Activision if made publicly available. |

| Exhibit | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested | Location of Original Declaration in Support of Sealing | Basis for Sealing Request |
|---|---|---|---|---|---|
| PX2421 | 6/28/23 Tr. (Kotick), at 771:3– 4 | Activision | Redacted | ECF No. 205 at 17 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. |

## II. EXHIBITS DESIGNATED BY GOOGLE

| Exhibit No. | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested (Pages:Lines or Exhibit) | Basis for Sealing Request |
|---|---|---|---|---|
| PX8003 | Plaintiff's Proposed Findings of Fact and Conclusions of Law at ECF No. 175; Statement Identifying Witnesses and Exhibits to be Used June 23, 2023 at ECF No. 193; Plaintiff's Final Findings of Fact and Conclusions of Law at Dkt. No. 309. | Google LLC | (¶2:10-11; ¶15:10) | *See* ECF No. 155.  This section of the Declaration contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | | (¶9;      ¶20:1-2; ¶21:5) | *See* ECF No. 155.  This section of the Declaration contains non-public and commercially-sensitive actual and forecasted user totals for Google's Stadia service that could give competitors insight into Google's forward-looking business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | | (¶21:8) | *See* ECF No. 155.  This |

| Exhibit No. | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested (Pages:Lines or Exhibit) | Basis for Sealing Request |
|---|---|---|---|---|
| | | | | section of the Declaration contains the identities of Google's customers, which implicates confidentiality interests of third parties and, if disclosed, could harm Google's ability to contract with third parties on a confidential basis.  The disclosure of the identities of Google's customers or partners would also allow Google's competitors to target those customers in an attempt to deprive Google of business.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| PX7063 | Statement Identifying Witnesses and Exhibits to be Used June 23, 2023 at ECF No. 193. | Google LLC | (13:23-14:4) | *See* ECF No. 155.  This section of the Transcript contains proprietary details regarding the technical structure of Google's cloud gaming service.  This is highly confidential information that could allow competitors to replicate Google's services and harm Google's ability to compete in offering future services.  Legitimate confidentiality and competitive interests warrant the sealing of |

| Exhibit No. | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested (Pages:Lines or Exhibit) | Basis for Sealing Request |
|---|---|---|---|---|
| | | | | this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | | (19:21-20:16) | *See* ECF No. 155. This section of the Transcript contains details regarding how Google assessed whether Stadia was ready for public launch. This is highly confidential information that could give competitors insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | | (31:15-35:2) | *See* ECF No. 155. This section of the Transcript contains details regarding how Google distributed hardware and software bundles for Stadia. This is highly confidential information that could give competitors insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential |

| Exhibit No. | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested (Pages:Lines or Exhibit) | Basis for Sealing Request |
|---|---|---|---|---|
| | | | | information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | | (41:16-42:10; 46:5-48:2) | *See* ECF No. 155. These sections of the Transcript contains details regarding internal discussions related to Stadia's business model. This is highly confidential information that could give competitors insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | | (43:11) | *See* ECF No. 155. This section of the Transcript contains an internal Google email address. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |
| | | | (56:24-57:2; 57:10-12) | *See* ECF No. 155. This section of the Transcript contains details regarding Google's |

| Exhibit No. | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested (Pages:Lines or Exhibit) | Basis for Sealing Request |
|---|---|---|---|---|
| | | | | negotiations with a potential distributor of its Stadia mobile app. This is highly confidential information that could give competitors an advantage in negotiating against Google and insight into Google's forward-looking business practices. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | | (84:1-85:16; 87:15-88:21) | *See* ECF No. 155. This section of the Transcript contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| | | | (141:19-21; 142:6-21) | *See* ECF No. 155. This section of the Transcript |

| Exhibit No. | Location Admitted / Cited | Designating Party | *In Camera* Treatment Requested (Pages:Lines or Exhibit) | Basis for Sealing Request |
|---|---|---|---|---|
| | | | | contains a third party's confidential information, the disclosure of which would implicate that party's interest and would harm Google's ability to partner with third parties on a confidential basis in the future. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |
| PX3058 | Plaintiff's Final Findings of Fact and Conclusions of Law at Dkt. No. 309. | Google LLC | (email addresses) | *See* ECF No. 155. This email contains internal Google email addresses. The public does not have an interest in learning internal contact information for Google's employees, and thus, legitimate confidentiality interests warrant the sealing of this information. |

### III.   EXHIBITS DESIGNATED BY MICROSOFT

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX0003 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion) | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. It further provides insights on Microsoft's engagement with the FTC for specific requests of information and documentary material, which are confidential, and which could be used to injure the designating parties if made publicly available. |
| PX0006 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or |

---

[1] Legitimate private interests warrant sealing of the Designating Parties' information in this chart, and the unsealing of the information would result in injury to the Designating Parties that cannot be avoided through any less restrictive alternatives.

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---------|-------------------------------|-------------------|------------------------|------------------------------|
| | | | | projections, internal user data, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX0014 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business strategy, market share analyses, assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available.  This document is a confidential submission to a regulator. |
| PX0038 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, future business strategy, strategic evaluation of forward-looking opportunities, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX1025 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX1065 | *In camera* treatment requested | Microsoft | Trial Day 2: 306:13; Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX1070 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion)<br><br>Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX1075 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, assessment of the competitive landscape, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX1087 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion) Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, which could be used to injure the designating parties if made publicly available. |
| PX1102 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, internal financial/revenue information or projections, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX1110 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX1136 | Proposed redactions submitted to Court | Microsoft | Trial Day 3; Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion)<br><br>Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX1145 | *In camera* treatment requested | Microsoft | Trial Day 2: 299:16; Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX1151 | Proposed redactions submitted to Court | Microsoft | Trial Day 5: 941:24 | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. |
| PX1154 | Previously ruled *in camera*; proposed redactions submitted to Court in light of | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion)<br><br>Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to business partnerships and future business strategy which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | public opinion cite | | | |
| PX1240 | Previously ruled *in camera*; proposed redactions submitted to Court in light of public opinion cite | Microsoft | Trial Day 5: 936:12; Dkt. 327 (Preliminary Injunction Opinion) Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, detailed metrics used for analysis of gaming business, investment decisions, future business strategy, market share analyses, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, which could be used to injure the designating parties if made publicly available. |
| PX1274 | Proposed redactions submitted to Court | Microsoft | Trial Day 4: 833:12 | This portion contains non-public and highly sensitive information including, but not limited to, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX1275 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion) Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. |
| PX1283 | Proposed redactions submitted to Court in light of public | Microsoft | N/A (noticed only); Dkt. 327 (Preliminary Injunction Opinion) Proposed redactions do not include the portions | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, which could be used to injure the |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | opinion cite | | cited in the Court's public opinion. | designating parties if made publicly available. |
| PX1324 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business strategy, which could be used to injure the designating parties if made publicly available. |
| PX1425 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX1471 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX1476 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX1516 | Previously *in camera*; Proposed redactions submitted to Court in light of public opinion cite | Microsoft | N/A (noticed only); Dkt. 327 (Preliminary Injunction Opinion)  Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, detailed metrics used for analysis of gaming business, investment decisions, future business strategy, market share analyses, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, which could be used to injure the designating parties if made publicly available. |
| PX1517 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, strategic evaluation of forward-looking opportunities, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX1529 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX1538 | Proposed redactions submitted to Court in light of public opinion cite | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion)  Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, potential business |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---------|--------------------------------|-------------------|-------------------------|------------------------------|
| | | | | partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX1571 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. |
| PX1603 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy and internal user data, which could be used to injure the designating parties if made publicly available. |
| PX1613 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. |
| PX1624 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and future business strategy, which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX1747 | *In camera* treatment requested | Microsoft | Trial Day 4: 829:19 | This portion contains non-public and highly sensitive information including, but not limited to, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX1763 | Proposed redactions submitted to Court in light of public opinion cite | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion) Proposed redactions do not include the portions cited in the Court's public opinion. | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, strategic evaluation of forward-looking opportunities, internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX1777 | Previously *in camera*; Proposed redactions submitted to Court in light of public opinion cite | Microsoft | Trial Day 4: 845:23; Dkt. 327 (Preliminary Injunction Opinion) Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| PX1828 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business strategy, and internal |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | | | | financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX1877 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes and future business strategy, which could be used to injure the designating parties if made publicly available. |
| PX1889 | *In camera* treatment requested | Microsoft | Trial Day 2: 285:11 | This document contains non-public and highly sensitive information including, but not limited to strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. This document was treated as highly confidential during the evidentiary hearing (*see* Tr. 519), but Microsoft's request for *in camera* treatment at Dkt. 225 was not specifically ruled on. |
| PX1897 | *In camera* treatment requested | Microsoft | Trial Day 2: 331:11 | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy and assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX1949 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. |
| PX1950 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy, which could be used to injure the designating parties if made publicly available. |
| PX1951 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business strategy, strategic evaluation of forward-looking opportunities, internal user data, and potential business partnerships, which could be used to injure the designating parties if made publicly available. |
| PX1966 | Proposed redactions submitted to Court | Microsoft | Trial Day 5: 978:2 | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, future business strategy, internal financial/revenue information or projections, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available.  Microsoft previously sought *in camera* |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | | | | treatment for this exhibit at ECF No. 261, and now seeks redactions in light of its use at the evidentiary hearing. |
| PX3109 | Previously *in camera*; Proposed redactions submitted to Court in light of public opinion cite | Microsoft | Trial Day 3: 34:4; Dkt. 327 (Preliminary Injunction Opinion)<br><br>Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, terms of proposed confidential agreements, which could be used to injure Microsoft if made publicly available. |
| PX4005 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, confidential terms of existing agreements, potential business partnerships/negotiations, and evaluation of a third-party partner, which could be used to injure the designating parties if made publicly available. |
| PX4028 | *In camera* treatment requested | Microsoft | Trial Day 5: 929:17 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, future business strategy, and internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX4029 | *In camera* treatment requested | Microsoft | Trial Day 5: 929:17 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and future business strategy, which could be used to injure the designating parties if made publicly available. |
| PX4066 | Proposed redactions submitted to Court | Microsoft | Trial Day 4: 840:16 | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, and future business strategy, which could be used to injure the designating parties if made publicly available. |
| PX4157 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to strategic evaluation of forward-looking opportunities, which could be used to injure Microsoft if made publicly available. |
| PX4267 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, which could be used to injure the designating parties if made publicly available. |
| PX4303 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, strategic evaluation of forward-looking opportunities, internal |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | | | | financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX4334 | Proposed redactions submitted to Court | Microsoft | Trial Day 2: 232:2; Trial Day 5: 988:21 | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, internal financial/revenue information or projections, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Microsoft previously sought *in camera* treatment for this exhibit at ECF No. 261, and now seeks redactions in light of its use at the evidentiary hearing. |
| PX4341 | Proposed redactions submitted to Court | Microsoft | Trial Day 5: 1003:14 | This portion contains non-public and highly sensitive information including, but not limited to, confidential revenue figures and projections, which could be used to injure the designating parties if made publicly available. Microsoft previously sought *in camera* treatment for this exhibit at ECF No. 261, and now seeks redactions in light of its use at the evidentiary hearing. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| PX4344 | Proposed redactions submitted to Court | Microsoft | Trial Day 2: 244:24; Dkt. 327 (Preliminary Injunction Opinion) Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, confidential revenue figures and projections, which could be used to injure the designating parties if made publicly available. Document was treated as redacted during the hearing (*see* ECF No. 199) but not specifically ruled on due to an error in the daily witness statement. |
| PX4351 | Proposed redactions submitted to Court | Microsoft | Trial Day 1: 66:23 | This portion contains non-public and highly sensitive information including, but not limited to, business partnerships, which could be used to injure the designating parties if made publicly available. |
| PX4430 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal financial/revenue information or projections and confidential terms of existing agreements, which could be used to injure the designating parties if made publicly available. |
| PX4505 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy and assessment of the competitive landscape, which could be used to injure the designating parties |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | | | | if made publicly available. |
| PX4629 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, assessment of the competitive landscape which could be used to injure the designating parties if made publicly available. |
| PX4647 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, assessment of the competitive landscape, and internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX4673 | *In camera* treatment requested | Microsoft | Dkt. 224 (Lee Decl.) | This portion contains non-public and highly sensitive information including, but not limited to, future business strategy and internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| PX4695 | Proposed redactions submitted to Court | Microsoft | Dkt. 224 (Lee Decl.) | This document contains non-public and highly sensitive information including, but not limited to, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, potential business partnerships/negotiations, presented under a non-disclosure agreement, which could be used to injure the designating parties |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | | | | if made publicly available. This document was mistakenly described as a "webpage" on the FTC's exhibit list, but it is not a public document. It is a confidential Xbox presentation. |
| PX5000 | Continued *in camera* treatment requested | Microsoft | Trial Day 3: 653:3; Dkt. 327 (Preliminary Injunction Opinion) | This expert report contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Additionally, each of the expert reports in this matter contain confidential information submitted by numerous third parties who are not able to view the full reports to determine what of their information should be sealed. Accordingly, Microsoft requests that the Court grant continued *in camera* treatment to the expert reports. |
| PX7011 | Previously *in camera*; Proposed excerpt and redactions submitted to Court in | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion)  Proposed redactions do not include the portions cited in the Court's public opinion. | Portions of this investigative hearing transcript contain non-public and highly sensitive information, including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---------|--------------------------------|-------------------|-------------------------|------------------------------|
| | light of public opinion cites | | | forward-looking opportunities, market share analyses, assessment of the competitive landscape, and internal discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX7014 | Previously *in camera*; Proposed excerpt and redactions submitted to Court in light of public opinion cites | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion)  Proposed redactions do not include the portions cited in the Court's public opinion. | Portions of this investigative hearing transcript contain non-public and highly sensitive information, including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, and internal discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| PX7046 | Previously *in camera*; Proposed excerpt and redactions submitted to Court in light of public opinion cite | Microsoft | Dkt. 224 (Lee Decl.); Dkt. 327 (Preliminary Injunction Opinion)  Proposed redactions do not include the portions cited in the Court's public opinion. | Portions of this deposition transcript contains non-public and highly sensitive information, including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, and internal discussions of business strategy, which could be used to injure Microsoft if made publicly available. |
| RX1080 | Proposed redactions submitted to Court | Microsoft | Trial Day 5: 929:17 | This portion contains non-public and highly sensitive information including, but not limited to, revenue figures and projections, which could be used to injure the designating parties if made publicly available. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| RX1105 | *In camera* treatment requested | Microsoft | Trial Day 5: 929:18 | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, strategic evaluation of forward-looking opportunities, and assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. |
| RX1120 | Proposed redactions submitted to Court | Microsoft | Trial Day 5: 1049:16 | This portion contains non-public and highly sensitive information including, but not limited to, forward-looking opportunities and internal discussion of business strategy, which could be used to injure the designating parties if made publicly available. |
| RX1128 | Proposed redactions submitted to Court | Microsoft | Trial Day 5: 1049:16 | This portion contains non-public and highly sensitive information including, but not limited to, revenue figures and projections, which could be used to injure the designating parties if made publicly available. |
| RX1133 | Proposed redactions submitted to Court | Microsoft | Trial Day 5: 1049:16 | This portion contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities and internal discussion of business strategy, which could be used to injure the designating parties if made publicly available. |
| RX1137 | Previously *in camera*; Proposed redactions submitted to Court in | Microsoft | Trial Day 5: 1040:1; Dkt. 327 (Preliminary Injunction Opinion)<br><br>Proposed redactions do not include the portions | Proposed redacted portions contain non-public and highly sensitive information including, but not limited to, future business strategy, market share analyses, strategic evaluation of |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | light of public opinion cite | | cited in the Court's public opinion. | forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or projections, and potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| RX1140 | *In camera* treatment requested | Microsoft | Trial Day 5: 1049:17 | This portion contains non-public and highly sensitive information including, but not limited to, investment decisions, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and internal financial/revenue information or projections, which could be used to injure the designating parties if made publicly available. |
| RX1154 | Proposed redactions submitted to Court | Microsoft | Trial Day 5: 1049:17 | This document contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. |
| RX1211 | Continued *in camera* treatment requested | Microsoft | Trial Day 1: 178:14; Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to, confidential terms of existing agreements, and potential business partnerships/negotiations, which could be used to injure the designating parties if made |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | | | | publicly available.  Although the existence of the agreement is public (and was cited in the Court's opinion), the agreement itself remains highly confidential. |
| RX1212 | Continued *in camera* treatment requested | Microsoft | Trial Day 1: 172:23; Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to confidential terms of existing agreements, and potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Although the existence of the agreement is public (and was cited in the Court's opinion), the agreement itself remains highly confidential. |
| RX1245 | Continued *in camera* treatment requested | Microsoft | Dkt. 228 (Wright Stip.); Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to confidential terms of existing agreements, and potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Although the existence of the agreement is public (and was cited in the Court's opinion), the agreement itself remains highly confidential. |
| RX2170 | Continued *in camera* treatment requested | Microsoft | Trial Day 2: 444:20; Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to confidential terms of existing agreements, and potential business |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | | | | partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Although the existence of the offer is public (and was cited in the Court's opinion), the offer itself remains highly confidential. |
| RX3024 | Continued *in camera* treatment requested | Microsoft | Trial Day 1: 181:14; Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to confidential terms of existing agreements, and potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Although the existence of the agreement is public (and was cited in the Court's opinion), the agreement itself remains highly confidential. |
| RX3025 | Continued *in camera* treatment requested | Microsoft | Trial Day 1: 181:25; Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to confidential terms of existing agreements, and potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Although the existence of the agreement is public (and was cited in the Court's opinion), the agreement itself remains highly confidential. |
| RX3027 | Continued *in camera* treatment requested | Microsoft | Trial Day 1: 183:15; Dkt. 327 (Preliminary Injunction Opinion) | This portion contains non-public and highly sensitive information including, but not limited to confidential terms of existing |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---------|--------------------------------|-------------------|-------------------------|------------------------------|
| | | | | agreements, and potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Although the existence of the agreement is public (and was cited in the Court's opinion), the agreement itself remains highly confidential. |
| RX3166 | Previously *in camera*; Proposed redactions submitted to Court in light of public opinion cite | Microsoft | Trial Day 5: 1049:17; Dkt. 327 (Preliminary Injunction Opinion)<br><br>Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, internal presentations discussing business strategy, which could be used to injure the designating if made publicly available. |
| RX5046 | Proposed redactions submitted to Court | Microsoft | Trial Day 2: 437:22; Dkt. 327 (Preliminary Injunction Opinion)<br><br>Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, sales data and trends, which could be used to injure Microsoft if made publicly available. This document was treated as redacted at the evidentiary hearing, but it was not specifically ruled on. |
| RX5054 | Proposed redactions submitted to Court | Microsoft | Trial Day 3: 591:6; Dkt. 327 (Preliminary Injunction Opinion)<br><br>Proposed redactions do not include the portions cited in the Court's public opinion. | This portion contains non-public and highly sensitive information including, but not limited to, market share analyses, assessment of the competitive landscape, which could be used to injure the designating parties if made publicly available. This document was treated as redacted at the evidentiary hearing, but it was not specifically ruled on. |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| RX5055 | Continued *in camera* treatment requested | Microsoft | Trial Day 4: 821:16; Dkt. 327 (Preliminary Injunction Opinion) | This expert report contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, confidential terms of existing agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Additionally, each of the expert reports in this matter contain confidential information submitted by numerous third parties who are not able to view the full reports to determine what of their information should be sealed. Accordingly, Microsoft requests that the Court grant continued *in camera* treatment to the expert reports. |
| RX5056 | Continued *in camera* treatment requested | Microsoft | Trial Day 4: 915:12; Dkt. 327 (Preliminary Injunction Opinion) | This expert report contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, future business strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, internal financial/revenue information or projections, internal user data, confidential terms of existing |

| Exhibit | Portions to Be Filed Under Seal | Designating Party | Location Admitted/Cited | Basis for Sealing Request[1] |
|---|---|---|---|---|
| | | | | agreements, potential business partnerships/negotiations, which could be used to injure the designating parties if made publicly available. Additionally, each of the expert reports in this matter contain confidential information submitted by numerous third parties who are not able to view the full reports to determine what of their information should be sealed. Accordingly, Microsoft requests that the Court grant continued *in camera* treatment to the expert reports. |

## ARGUMENT

### A.    Sealing the Trial Exhibits Is Warranted Under Ninth Circuit Precedent as They Contain Microsoft's Confidential Business Information

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co.*, KG, 2022 WL 2313948, at *1 (N.D. Cal. Jun. 28, 2022); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'"). Courts in this Circuit regularly find that sealing is warranted where the records or information that are sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business mode or

1   agreements with clients,' [and] 'internal policies and strategies'") (internal citations omitted).

2          "The Ninth Circuit has explained that 'in general, compelling reasons sufficient to outweigh the

3   public's interest in disclosure and justify sealing court records exist when such court files might have

4   become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Velasco*,

5   2017 WL 445241, at *2 (quoting *Elec. Arts*, 298 F. App'x at 569); *see also Elec. Arts*, 298 F. App'x at

6   569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which

7   is used in one's business, and which gives him an opportunity to obtain an advantage over competitors

8   who do not know or use it.'") (citation omitted).  A court has "broad latitude" to grant protective orders

9   to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other

10  confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen.*

11  *Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

12         In determining whether a document should be filed under seal, courts consider, among other

13  things, the measures taken to guard the information's secrecy and the value of the information to the

14  business or its competitors.  *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

15  1212 (9th Cir. 2002).  Here, Microsoft seeks to seal narrowly tailored excerpts of the trial exhibits that

16  reference and reflect, among other things, confidential, proprietary information relating to Microsoft's

17  internal decision-making processes, investment decisions, future business strategy, market share

18  analyses, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape,

19  internal financial/revenue information or projections, internal user data, confidential terms of existing

20  agreements, and potential business partnerships/negotiations.  The disclosure of this information could

21  be used to injure Microsoft if made publicly available.

22         **B.**     **Sealing the Trial Exhibits Is Necessary to Protect Microsoft's Confidential and**
                    **Proprietary Business Information**

23

24         Microsoft seeks to maintain under seal portions of the trial exhibits, as they contain Microsoft's

25  non-public and highly sensitive information from documents obtained during the course of the FTC's

26  investigation and during litigation discovery.  Examples of such confidential information include, but

27  are not limited to, Microsoft's internal decision-making processes, investment decisions, future business

28  strategy, market share analyses, strategic evaluation of forward-looking opportunities, assessment of the

competitive landscape, internal financial/revenue information or projections, internal user data, confidential terms of existing agreements, and potential business partnerships/negotiations.  Disclosure of this information would provide Microsoft's competitors with private data about Microsoft's performance and business strategy, which could harm Microsoft's competitive standing.  *See Cont'l Auto. Sys. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).  Thus, the unsealing of this highly confidential and sensitive information would cause injury to Microsoft that cannot be avoided through less restrictive alternatives.

Finally, Microsoft provided the FTC with the confidential business information cited in the trial exhibits pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act.  *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c); 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request.  *See, e.g., FTC v. Lockheed Martin Corp.*, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to 'statutory and regulatory guarantees of confidentiality.' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

**C.  Conclusion**

As stated above, compelling reasons justify Microsoft's requests to seal the confidential business information contained in the trial exhibits.  Microsoft respectfully requests that this Court grant the Omnibus Motion to Seal the confidential portions of the trial exhibits as identified herein.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.  EXHIBITS DESIGNATED BY NOA

Nintendo of America Inc. ("NOA") respectfully requests to keep sealed the designated portions of the exhibits as described below.[2]

| Exhibit No. | Portion of Document Sought to be Sealed | Reasons for Sealing |
|---|---|---|
| PX3218 | Entire document. | This exhibit is a sensitive and confidential email that is a continuation of the email thread contained in RX2106, which was addressed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) filed on June 21, 2023. Thus, the factual basis for the confidentiality of PX3218, and the harm that would occur if it is not kept under seal, is discussed in that Declaration at paragraph 9.  In sum, Nintendo often engages with content publishers/providers, including Microsoft and Activision, to discuss and negotiate business deals. These discussions are confidential and sensitive, and often take place between senior executives. Disclosing these discussions would allow competitors to leverage confidential negotiation points in future negotiations with Nintendo that would adversely affect Nintendo's negotiation position. |
| PX3225 | Attachment to email.<br><br>• PX3225-002 to PX3225-005. | This email contains a draft agreement between Nintendo and Microsoft, including proposed edits and redlines.  Such information is highly confidential as it reveals the negotiation process for a contractual agreement. Public disclosure would result in competitive harm to Nintendo as competitors would undoubtedly use such information in potential future negotiations with Nintendo. |
| PX3233 | Attachment to email.<br><br>• PX3233-002 to PX3233-005. | This email contains a draft agreement between Nintendo and Microsoft, including proposed edits and redlines.  Such information is highly confidential as it reveals the negotiation process for a contractual agreement. Public disclosure would result in competitive harm to Nintendo as competitors would undoubtedly use such information in potential future negotiations with Nintendo. |

---

[2] The Court cited three (3) excerpts from NOA exhibits in the Preliminary Injunction Opinion (Dkt. No. 327): PX7059 (19:24-20:1), PX7065 (224:14-225:20), and PX8002 (¶ 2).  As to these excerpts, NOA does not seek sealing.  NOA understands that the remaining portions of PX7059, PX7065, and PX8002 remain under seal as they are not part of the record in this action. (Dkt. No. 335, at 2). Separately, NOA understands the Court instructed the parties and non-parties to address any exhibits that were admitted as evidence during the preliminary injunction evidentiary hearings.  Based on discussions with the parties, it is NOA's understanding that only the NOA exhibits listed in the above table were admitted during the preliminary injunction hearings.

| Exhibit No. | Portion of Document Sought to be Sealed | Reasons for Sealing |
|---|---|---|
| PX3234 | Entire document. | This exhibit is a sensitive and confidential email that is a continuation of the email thread contained in PX3219, which was addressed in NOA's previous Local Rule 79-5 Statement (Dkt. No. 168) and corresponding Declaration (Dkt. No. 168-2) filed on June 21, 2023. Thus, the factual basis for the confidentiality of PX3234, and the harm that would occur if it is not kept under seal, is discussed in that Declaration at paragraph 9.  In sum, Nintendo often engages with content publishers/providers, including Microsoft and Activision, to discuss and negotiate business deals. These discussions are confidential and sensitive, and often take place between senior executives. Disclosing these discussions would allow competitors to leverage confidential negotiation points in future negotiations with Nintendo that would adversely affect Nintendo's negotiation position. |
| All NOA Exhibits | All NOA email addresses. | All of NOA's exhibits referenced above contain internal Nintendo email addresses.  There is no public interest in such information and therefore no legitimate need for it to be publicly disclosed. |

1

2

3

## V.   EXHIBITS DESIGNATED BY SIE

### A.   INTRODUCTION

Non-Party Sony Interactive Entertainment LLC ("SIE") produced certain confidential business material in response to a civil investigative demand and subpoenas in the underlying FTC administrative proceeding, *In re Microsoft/Activision Blizzard*, No. 9412 (F.T.C.) ("FTC Action").  *See* ECF 112-2.  This confidential SIE information has subsequently been used by Microsoft Corp. ("Microsoft") and Activision Blizzard, Inc. ("Activision" and, together with Microsoft, "Defendants") and the Federal Trade Commission ("FTC") (collectively, the "Parties") in exhibits at the preliminary injunction hearing, and it was incorporated into the Court's Preliminary Injunction Opinion (ECF 327) (the "Opinion").  SIE previously filed statements in support of sealing these hearing exhibits and requested *in camera* treatment.  *See* ECF 172, 227, 237, 271.

On July 26, 2023, the Court issued an Order re Motions to Seal and Motions for *In Camera* Review Regarding Trial Exhibits (ECF 335) (the "Order"), which terminates the pending motions to seal and for *in camera* treatment and requires the designating parties to submit a joint omnibus motion addressing any remaining requests to seal the trial exhibits that have not yet been addressed by the Court.  *See* Order at 2.  Pursuant to this Order and Civil Local Rule 79-5(c), SIE lists below the remaining requests to seal exhibits containing SIE's confidential information.

The information that SIE seeks to maintain under seal contains competitively sensitive non-public information that would injure SIE if made publicly available.  The table below describes the SIE highly confidential material found in parties' exhibits and the specific bases supporting sealing of the information.  *See* Civ. L.R. 79-5(c).  These sealing requests reflect SIE's good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means.

| Exhibit | Information Requested to Be Maintained Under Seal | Description of Confidential Information Requiring Sealing | Notes to the Court |
|---------|---------------------------------------------------|----------------------------------------------------------|--------------------|
| RX0020 | Redacted version provided to Court | This exhibit contains non-public and highly sensitive information about SIE's approach to contract | Prior sealing request: ECF No. 172 |

| Exhibit | Information Requested to Be Maintained Under Seal | Description of Confidential Information Requiring Sealing | Notes to the Court |
|---|---|---|---|
| | | negotiations with third party partners and discussions of particular contract terms with particular partners | |
| RX0070 | Redacted version provided to Court | This exhibit contains non-public and highly sensitive information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans, SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners, as well as SIE business analysis regarding competitors' and commercial partners' behavior and products | Prior sealing request: ECF No. 237 \n\nSIE understands that the Court previously approved the sealing and redactions of the documents listed in the Parties' June 23 witness and exhibit lists (ECF Nos. 192, 193), including RX0020. *See* June 23, 2023 Hr'g Tr. at 219:4-10. SIE includes RX0020 here out of an abundance of caution and in case it misunderstood the Court's statement. |
| RX0075 | Redacted version provided to Court | This exhibit contains non-public and highly sensitive information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans as well as SIE business analysis regarding competitors' and commercial partners' behavior and products | Prior sealing request: ECF No. 172 |
| RX2069 | Redacted version provided to Court | This exhibit contains non-public and highly sensitive information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans as well as SIE business analysis regarding competitors' and commercial partners' behavior and products | Prior sealing requests: ECF Nos. 172, 271 \n\nSIE understands that the Court previously approved SIE's requested redactions by permitting use of a redacted version of RX2069 at the preliminary injunction hearing. *See* June 27, 2023 Hr'g Tr. at 532:12-15. SIE includes RX2069 here out of an abundance of caution and in case it misunderstood the Court's intent. |
| RX2098 | Redacted | This exhibit contains non- | Prior sealing requests: ECF Nos. |

| Exhibit | Information Requested to Be Maintained Under Seal | Description of Confidential Information Requiring Sealing | Notes to the Court |
|---|---|---|---|
| | version provided to Court | public and highly sensitive information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners as well as SIE business analysis regarding competitors' and commercial partners' behavior and products | 172, 271<br><br>SIE understands that the Court previously approved SIE's requested redactions by permitting use of a redacted version of RX2098 at the preliminary injunction hearing. *See* June 27, 2023 Hr'g Tr. at 602:19-603:15. SIE includes RX2098 out of an abundance of caution and in case it misunderstood the Court's intent. |
| RX2163 | Redacted version provided to Court | This exhibit contains non-public and highly sensitive information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans as well as SIE business analysis regarding competitors' and commercial partners' behavior and products | Prior sealing request: ECF No. 172<br><br>SIE understands that the Court previously approved the sealing and redactions of the documents listed in the Parties' June 23 witness and exhibit lists (ECF Nos. 192, 193), including RX2163. *See* June 23, 2023 Hr'g Tr. at 219:4-10. SIE includes RX2163 here out of an abundance of caution and in case it misunderstood the Court's statement. |
| PX3080 | Entire exhibit | This exhibit contains non-public and highly sensitive information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, or innovation plans as well as SIE business analysis regarding competitors' and commercial partners' behavior and products | Prior sealing request: ECF No. 172 |
| RX5000 | Redacted version provided to Court | This exhibit contains non-public and highly sensitive information about SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential | Prior sealing request: ECF No. 172<br><br>SIE does not believe this document was actually admitted by the Court. *See* June 27, 2023 Hr'g Tr. 496:5-500:1. After a dispute arose as to the nature and admissibility of the document, SIE told Counsel for Microsoft that it |

| Exhibit | Information Requested to Be Maintained Under Seal | Description of Confidential Information Requiring Sealing | Notes to the Court |
|---|---|---|---|
| | | competitive impacts of Microsoft's proposed acquisition of Activision, SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners, the nature and scope of SIE's technical collaboration with particular publishers, as well as SIE business analysis regarding competitors' and commercial partners' behavior and products | would be prepared to address the document with the Court if Microsoft renewed its request for admission, which Microsoft never did.  (Had Microsoft raised the issue, SIE would have confirmed that its investigation revealed that Microsoft's description of the nature of the document was mistaken.)  Given that the document was never admitted, only "linked" to the designations from a deposition transcript where it was never introduced, Microsoft's inclusion of RX5000 as a Ryan deposition exhibit is inappropriate.  SIE does not believe it is properly before this Court for issues of confidentiality. *See* ECF 335 at 2 (directing that motions to seal unadmitted exhibits are "moot as any such exhibits are not part of the record in this action"). <br><br> SIE has nonetheless included the exhibit in this motion and offered proposed redactions in an abundance of caution. |

## B.   THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).  Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211

(9th Cir. 2002).  Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question.  *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

Non-parties receive special deference when these issues are considered.  *See, e.g.*, *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential").

Here, Non-Party SIE seeks sealing of limited non-public information containing SIE's highly confidential analyses and business strategy information related to its consoles, subscription services, and cloud gaming businesses.  *See* Ex. SIE-1 (Decl. of C. Svensson).[3]  In particular, the information that SIE seeks to protect includes:

- Non-public SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision;

- Non-public information about SIE's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners;

- Non-public information on the nature and scope of SIE's technical collaboration with particular publishers;

- Non-public information about SIE's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans; and

- Non-public SIE business analysis regarding competitors' and commercial partners' behavior

---

[3] The Declaration of Christian Svensson was submitted at ECF 172-1 in conjunction with Non-Party SIE's Administrative Motion for Sealing and In Camera Treatment (ECF 172).  The competitively sensitive issues in today's request are the same as those addressed in the previous Declaration, as explained in the chart above, and Mr. Svensson's Declaration is resubmitted here as Exhibit SIE-1.

and products. *See id.* ¶ 3.

SIE uses this information to operate its business and shape its future strategy. As explained in Mr. Svensson's declaration, if these business secrets were made available to the public, SIE's competitors could use these secrets to inform their own strategies to gain an unfair advantage in competing with SIE. *See id.* ¶¶ 4-8. Business partners could likewise gain an unfair advantage in their relationships with SIE by understanding SIE's strategic objectives, negotiation tactics, and relationships with other business partners. *See id.* These concerns are particularly severe here, as the information is current, which makes it more valuable to others because it is actionable. *See id.* ¶ 8.

In short, the information should be sealed because disclosure would undermine SIE's business and give competitors and business partners an unfair advantage. *See* Ex. SIE-1 (Decl. of C. Svensson); *see also Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citation omitted); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

## C. THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN THE REDACTED MATERIAL

SIE's request for sealing is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. Any public interest in disclosing this information is outweighed by the prejudice that will result to SIE, a non-party, if no protection is granted. *See Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (noting importance of protecting third parties).

## D. CONCLUSION

For the foregoing reasons, SIE respectfully requests that the Court grant SIE's Administrative Motion to File Under Seal Certain Confidential Business Material and maintain under seal SIE's confidential information listed in the chart above.

1

Dated: August 16, 2023

2

By: */s/ Caroline Van Ness*
Caroline Van Ness (SBN 281675)

3

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

4

525 University Avenue
Palo Alto, California 94301

5

Telephone: (650) 470-4500
Facsimile: (213) 621-5430

6

caroline.vanness@skadden.com

7

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)

8

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

9

1440 New York Avenue, N.W.
Washington, DC 20005-2111

10

Telephone: (202) 371-7000
Facsimile: (202) 393-5760

11

steven.sunshine@skadden.com
julia.york@skadden.com

12

13

Michael J. Sheerin (*pro hac vice*)
Evan R. Kreiner (*pro hac vice*)

14

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

15

1 Manhattan West
New York, NY 10001

16

Telephone: (212) 735-3000
Fax: (212) 735-2000

17

michael.sheerin@skadden.com
evan.kreiner@skadden.com

18

*Counsel for Defendant Activision Blizzard, Inc.*

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: */s/ Beth Wilkinson*
Beth Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
James Rosenthal (pro hac vice)
Grace Hill (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Sarah Neuman (pro hac vice)
Alysha Bohanon (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street, N.W., 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
ghill@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

Bambo Obaro (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3083
Facsimile: (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Megan A. Granger (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, NW
Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
michael.moiseyev@weil.com
megan.granger@weil.com

*Counsel for Microsoft Corporation*