1 | Dylan I. Ballard, Cal. Bar No. 253929
dballard@velaw.com
2 | VINSON & ELKINS L.L.P.
555 Mission Street
3 | Suite 2000
San Francisco, California 94105
4 | Tel:   415.979.6900
Fax:   415.651.8786
5 |
6 | Attorneys for Non-Party
GOOGLE LLC
7 |

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION, | Case No. 3:23-cv-02880-JSC |
| Plaintiff, | **NON-PARTY GOOGLE LLC'S** |
| v. | **STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL IN PLAINTIFF'S FINAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

VINSON & ELKINS LLP
ATTORNEYS AT LAW

I.   INTRODUCTION

Non-Party Google LLC ("Google") respectfully renews its request to seal a portion of one sentence in Plaintiff's Final Proposed Findings of Fact and Conclusions of Law ("Plaintiff's Proposed Findings"), *see* Dkt. No. 308 at ¶ 658.

On August 11, 2023, the Court issued an order resolving numerous administrative motions to seal portions of the parties' and non-parties' confidential or highly confidential materials.  Dkt. No. 347.   In that order, the Court denied Plaintiff's motion to seal the Google confidential information contained in paragraph 658 of Plaintiff's Proposed Findings on the grounds that Google "did not file a statement in support of sealing." *Id.* at 10.

However, Google did submit a statement and declaration prior to the preliminary injunction hearing pertaining to this confidential information, *see* Dkt. No. 155 (requesting sealing of ¶2:10-11 of PX8003, the Declaration of Dov Zimring), and Google was informed by the parties that the Court had previously approved that request in a closed-door session on the morning of June 23, 2023, which Google's counsel was not permitted to attend.[1]  Google respectfully requests that the Court grant the Plaintiff's sealing request with respect to Google's confidential information—comprising half of one sentence in Plaintiff's brief—consistent with its earlier conclusion that it was appropriate to treat such information as confidential.

Pursuant to Civil Local Rules 79-5(c) and (f), on June 21, 2023, Google submitted a statement and an accompanying declaration of Scott Gerwin requesting that this Court maintain under seal Google confidential information from ten documents identified by the parties as potential exhibits for the preliminary injunction hearing.  Dkt. No. 155.

Ultimately, the parties did not admit many of these exhibits into evidence during the preliminary injunction hearing, and similarly did not cite many of these exhibits in their brief.  The Court also did not cite many of these exhibits in its preliminary injunction opinion.  To the extent

---

[1] The transcript for this portion of the hearing on June 23, 2023 is sealed, but Defendants provided Google's counsel with a relevant excerpt in which the Court states the following: "So then I think, Ms. Bennet, all the other sealing requests that Sony made are fine.  The same with – I know he's not in here, we kicked him out – Google, all those – because he doesn't need to be – are fine."  Tr. 218:15-19.

VINSON & ELKINS LLP
ATTORNEYS AT LAW

1   that the parties' briefs did cite these materials, such citations primarily contained non-confidential

2   material from those exhibits.  However, Plaintiff cited highly-confidential and commercially-

3   sensitive information from PX8003, a Google document, in paragraph 658 of Plaintiffs Proposed

4   Findings.[2]

5          Similarly, here, Google again requests that this Court maintain under seal Google

6   confidential information, as identified below.  In recognition of the Court's strong desire for public

7   access, this statement supports the sealing of only half of one sentence in Plaintiff's Proposed

8   Findings.  This sealing is critical to protecting Google's legitimate confidentiality interests and

9   competitive standing:

| Filing Containing Confidential Information | Portion of Document Sought to be Sealed (Pages:Lines or Exhibit) | Description of Underlying Exhibit | Reasons for Sealing |
|---|---|---|---|
| Plaintiff's Proposed Findings, at Dkt. No. 309 (sealing request at Dkt. No. 308) | Paragraph 658, page 138, lines 5-6 | PX8003, Declaration of Dov Zimring; Declaration by Google employee regarding creation and operation of Google's Stadia business. | This section of the Declaration contains commercially-sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to Google that could not be avoided through any less restrictive alternative to sealing. |

---

[2] Google also included requests to seal trial exhibits—including the use of confidential information at issue here in the Plaintiffs Proposed Findings—in the Omnibus Motion at Dkt. No. 349, referring the Court to Google's original supporting statement and declaration at Dkt. No. 155.

VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## II. THERE ARE COMPELLING REASONS TO SEAL GOOGLE'S CONFIDENTIAL BUSINESS INFORMATION

Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing Fed. R. Civ. P. 26(c)). The Ninth Circuit recognizes that public "access to judicial records is not absolute" and that litigants can overcome the presumption in favor of public access. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Materials may be sealed if the designating party satisfies the "compelling reasons" standard: there must be "compelling reasons" to for sealing, which "outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79.

The compelling reasons standard is met when the information at issue contains "confidential business information," "internal business strategies," or "financial information" that could cause competitive harm to the designating party. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at * 1 (N.D. Cal. June 1, 2020); *Prescott v. Reckitt Benckiser LLC*, 20-CV-02101-BLF, 2023 WL 2465778, at *2 (N.D. Cal. Mar. 9, 2023). The court may seal confidential materials if disclosure could result in "business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020). Sealing is also appropriate if disclosure could cause "harm [to] the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business." *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Moreover, courts afford greater deference to non-parties, who "did not voluntarily put [its confidential information] at issue" in the litigation, so as to avoid "chill[ing] investigations in the future where third party documents are essential." *United States v. Bazaarvoice,*

GOOGLE LLC'S CIV. L. R. 79-5(F)(3) STATEMENT

VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  *Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at \*1 (N.D. Cal. Jan. 21, 2014) (granting motion

2  to seal third-party trial exhibits).

3  **III.    THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST
          IN THE REDACTED MATERIAL**

4

5         Google's request to seal a portion of the parties' evidence is the result of its good faith effort

6  to seek the sealing only of information that is confidential, commercially or competitively-sensitive,

7  and cannot be protected from public disclosure through less restrictive means.  Any public interest

8  in disclosing the redacted information is outweighed by the prejudice that will result to Google, a

9  non-party that "did not voluntarily put [its information] at issue in this litigation," if no protection

10 is granted.  *Bazaarvoice, Inc.*, 2014 WL 11297188, at \*1 (noting importance of protecting third

11 parties); *see also Ctr. for Auto Safety*, 809 F.3d at 1097.

12 **IV.    CONCLUSION**

13        For the foregoing reasons, Google respectfully requests that the Court grant Plaintiff's

14 sealing request and maintain under seal Google's confidential information listed in the chart above.

15 Google has properly limited its request to narrowly targeted redactions of its confidential strategic

16 business and financial information.

17

18 Dated: August 24, 2023                          VINSON & ELKINS LLP

19

20                                                By: */s/ Dylan I. Ballard*
                                                     Dylan I. Ballard
21

22                                                *Attorney for Non-Party*
                                                  GOOGLE LLC
23

24

25

26

27

28

VINSON & ELKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO