James H. Weingarten, DC Bar No. 985070
Peggy Bayer Femenella, DC Bar No. 472770
James Abell, DC Bar No. 990773
Cem Akleman, FL Bar No. 107666
Meredith R. Levert, DC Bar No. 498245
Jennifer Fleury, NY Bar No. 5053178
James Gossmann, DC Bar No. 1048904
Edmund Saw, NY Bar No. 5680293
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-3570
jweingarten@ftc.gov; pbayer@ftc.gov:
jabell@ftc.gov; cakleman@ftc.gov;
jfleury@ftc.gov; mlevert@ftc.gov;
jgossmann@ftc.gov; esaw@ftc.gov

Erika Wodinsky, Cal. Bar No. 091700
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190
ewodinsky@ftc.gov

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **MICROSOFT CORP.** <br><br> and <br><br> **ACTIVISION BLIZZARD, INC.**, <br><br> Defendants. | Case No. 3:23-cv-2880 <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S BENCH BRIEF REGARDING DEFENDANTS' PROFFERED TESTIMONY REGARDING MICROSOFT'S AGREEMENTS** |

Defendants intend to offer fact and expert witness testimony that certain Microsoft agreements will benefit consumers even though Defendants claimed privilege over evidence of the bases for those witnesses' opinions. The FTC is not requesting a finding of waiver or to pierce the privilege, which may indeed have been properly asserted. Fairness, however, requires precluding Defendants from eliciting testimony now that elaborates on topics over which they previously claimed privilege.

Shortly before the Federal Trade Commission (the "FTC") brought its administrative challenge to Microsoft's proposed acquisition of Activision, Microsoft hastily sought agreements with some of its competitors as part of an eleventh-hour attempt to assuage the concerns of regulators. Microsoft signed side deals with Nintendo, Nvidia, and foreign cloud providers and proposed an agreement to Sony (collectively, the "Agreements"). Although the Agreements' terms and conditions differ, they all purport to bring Activision content to rivals' platforms contingent on the consummation of the Proposed Acquisition. Defendants intend to make the Agreements central to their defense. *See, e.g.*, Defs.' Conclusions of Law at ¶ 76 ("The FTC must account for the 'economic reality' of these existing contracts as part of its burden…."); Defs.' Findings of Fact at ¶ 137 ("Post-transaction (and post-porting), approximately 100 million gamers would be able to play Call of Duty on their existing Nintendo devices for the first time in many years."); Defs.' Mem. Of Law in Opp. to Mot. for Prelim. Inj. (ECF 108) at 22 ("FTC does not even try to make that showing, nor could it— particularly in light of the binding contracts Microsoft has already struck with Nvidia and other cloud providers.").

The Agreements, however, are filled with loopholes[1] and speculative commitments.[2]

---

[1] Paragraph 7.4 of the Nvidia agreement, "Unanticipated and Unforeseeable Future Events," allows Microsoft to renegotiate its agreement with Nvidia if Microsoft *unilaterally* decides that existing terms would be "impracticable, unduly onerous, or uneconomic."

[REDACTED]

(Continued…)

PLAINTIFF'S BENCH BRIEF REGARDING DEFENDANTS' PROFFERED TESTIMONY REGARDING MICROSOFT'S AGREEMENTS
CASE NO. 3:23-CV-2880

1

There are fundamental misunderstandings between the counterparties.[3] Accordingly, the FTC sought discovery into these Agreements and deposed Microsoft executives regarding the business rationale, financial analyses, technical analyses, terms and conditions, and any internal concerns. The FTC sought this testimony to test the basis of Defendants' employees' claims regarding the supposed real-world benefits of the Agreements. Uniformly, Microsoft asserted privilege over the underlying business premises of how they reached the terms of these Agreements:

**Matt Booty Deposition:**

> Q. And have you analyzed the technical issues with bringing the Call of Duty game to Nintendo Switch?
>
> Microsoft Counsel. To the extent if you can answer this question or—can you answer the question without disclosing conversations you had with lawyers or work you've done at the direction of lawyers?
>
> A. I cannot, it was all very directed by the lawyers.[4]

**Sarah Bond Deposition:**

> Q. Did you give the people who were negotiating with Nintendo your opinion as to the terms that should be negotiated for their impact on Microsoft's gaming business?
>
> Microsoft Counsel. Objection. That calls for privilege and I'll instruct not to answer.
>
> Q. Are you going to take your attorney's advice?



---

[4] PX7048 (Matt Booty) Dep. at 174:4-19.

PLAINTIFF'S BENCH BRIEF REGARDING DEFENDANTS' PROFFERED TESTIMONY REGARDING MICROSOFT'S AGREEMENTS
CASE NO. 3:23-CV-2880

2

> A. I am.
>
> Plaintiff Counsel. Counsel, can I pause here and just ask for the specific basis of that instruction not to answer, because I'm asking for her input as to the business terms and their impact on Microsoft's gaming business that she gave this witness, Ms. Bond.
>
> Microsoft Counsel. That's not how they have these discussions. They have these discussions with [Microsoft in-house counsel Linda] Norman and they discuss the legal ramifications for legal issues, the business aren't separate from the legal terms. And we reviewed this conversation and it is a privileged conversation. I understand what you're trying to get at as if it was some separate input, but it's not, is it a—was a conversation among the three of them, which included advice and legal discussions.[5]

**Tim Stuart Deposition:**

> Q. Have you or your team done any analysis of the financial implications for Microsoft of executing [the Nvidia Agreement's Windows provision]?
>
> Microsoft Counsel. And I'll instruct you that you can answer to the extent you're not answering about any analysis you conducted pursuant to a lawyer's request.
>
> A. Nothing outside of lawyer's request.[6]

Defense counsel has asserted that no analyses were withheld from the FTC and have cited witness testimony to this effect. Exhibit A (FW: Meet and Confer Email). As the above passages show, however, Defendants omit a critical detail: Microsoft witnesses claimed to be unaware of *non-privileged* analyses.

Attorney-client privilege "may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991). Here, the FTC expects that Microsoft executives will continue to

---

[5] PX7044 (Sarah Bond) Dep. at 104:5-105:13.

[6] PX7040 (Tim Stuart) Dep. at 382:12-21.

PLAINTIFF'S BENCH BRIEF REGARDING DEFENDANTS' PROFFERED TESTIMONY REGARDING MICROSOFT'S AGREEMENTS
CASE NO. 3:23-CV-2880

3

testify about the Agreements' purported benefits despite having wielded the privilege as a shield to withhold information relevant to testing those purported benefits.

Defendants are incorrect that the FTC has been dilatory because it did not move to challenge the privilege claims and compel testimony. Defendants protected this evidence from discovery on grounds of attorney-client privilege, which the FTC assumed was made in good faith and had no reason to contest at the time. *See Vital Pharmaceuticals v PHD Marketing, Inc.*, 2022 WL 2284544 at *3 (C.D. Cal. April 15, 2022) ("Defendants' repeated assertion of the attorney-client privilege over communications concerning this lawsuit…made it reasonable for Plaintiffs to avoid inquiring further into these discussions.").The FTC had no basis to compel protected attorney-client information, but the FTC is entitled to prevent Defendants from selectively waiving that privilege to (1) elicit testimony as to the beneficial effects of the Agreements and/or (2) allow Dr. Carlton, one of their experts, to base his opinions regarding the procompetitive effects of witnesses whose foundation is locked behind privilege.

The same privilege issues taint Microsoft's arguments related to the purported benefits of its international remedies. As counsel for Microsoft explained at the June 21 conference with the Court,[7] Defendants claimed privilege over information related to remedies Microsoft offered to the European Commission. Yet, Microsoft's Pre-Trial Findings of Fact prominently feature these remedies as evidence against the alleged anticompetitive harms.

In any event, neither the Agreements nor the international remedies have a place in this proceeding. The narrow purpose of a §13(b) proceeding does not extend even to the initial question of liability, *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1164 (9th Cir. 1984), let alone to the subsequent question of what remedy might be appropriate if the administrative proceeding ultimately yields a finding of liability. *See FTC v. Food Town Stores, Inc.*, 539 F.2d 1339, 1345 (4th Cir. 1976) (holding FTC was "entitled to preserve the status quo pending

---

[7] Case Management Conference, *FTC v. Microsoft*, 3:23-CV-2880 (N.D. Cal. June 21, 2023)

PLAINTIFF'S BENCH BRIEF REGARDING DEFENDANTS' PROFFERED TESTIMONY REGARDING MICROSOFT'S AGREEMENTS
CASE NO. 3:23-CV-2880

adjudication" regardless of what "ultimate remedy" might eventually be deemed appropriate).

                Respectfully submitted,

                */s/ James H. Weingarten*
                James H. Weingarten
                Peggy Bayer Femenella
                James Abell
                Cem Akleman
                J. Alexander Ansaldo
                Michael T. Blevins
                Amanda L. Butler
                Nicole Callan
                Maria Cirincione
                Kassandra DiPietro
                Jennifer Fleury
                Michael A. Franchak
                James Gossmann
                Ethan Gurwitz
                Meredith R. Levert
                David E. Morris
                Merrick Pastore
                Stephen Santulli

                Federal Trade Commission
                600 Pennsylvania Avenue, NW
                Washington, DC 20580
                Tel: (202) 326-3570

                Erika Wodinsky

                Federal Trade Commission
                90 7th Street, Suite 14-300
                San Francisco, CA 94103

                *Counsel for Plaintiff Federal Trade Commission*

PLAINTIFF'S BENCH BRIEF REGARDING DEFENDANTS' PROFFERED TESTIMONY REGARDING MICROSOFT'S AGREEMENTS
CASE NO. 3:23-CV-2880