UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>    Defendants. | Case No.  23-cv-02880-JSC<br><br>**ORDER RE OMNIBUS ADMINISTRATIVE MOTION TO SEAL BRIEFING** |

This Order addresses all outstanding requests to seal the parties' briefing in this matter. On August 11, 2023, the Court resolved some of the parties' sealing requests and ordered the parties to file an omnibus, narrowly tailored, renewed request addressing any outstanding sealing issues. (Dkt. No. 347.) The Court's order directed Microsoft to file a narrowly tailored, renewed administrative motion to seal its own material in the FTC's pre-trial and post-trial findings of fact and conclusions of law, and for Defendants to file the same for their post-trial findings of fact and conclusions of law—these requests of sealing are included in the omnibus. Non-party Google filed a separate renewed request to seal; non-party Amazon included a renewed request to seal in the omnibus. (Dkt. No. 347; Dkt. No. 353.) Having reviewed the parties' requests, the Court rules as set forth in Exhibit A.

Within 7 days of this Order, the moving party shall publicly file redacted versions of any remaining documents as needed pursuant to this Order, Dkt. No. 335, Dkt. No. 347, Dkt. No. 350, and Civil Local Rule 79-5(g).[1]

---

[1] Parties should apply both sets of redactions in this Order and Dkt. No. 347 to the documents except to the extent the parties have revised the scope of the redactions requested, in which case this Order supersedes any prior order regarding the scope of the allowable redactions.

This Order disposes of Docket No. 355.

**IT IS SO ORDERED.**

Dated: September 21, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

**Exhibit A[2]**

| Complaint for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 11-1) | | | |
|---|---|---|---|
| **Designating Party** | **Specified Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 18:13, 28:14-16, 30:13-16 | This portion contains non-public and highly sensitive information including, but not limited to, information reflecting strategic evaluation of forward-looking opportunities, confidential internal business data, assessment of the competitive landscape, business partnerships, internal business strategy, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. | GRANTED only as consistent with the redactions in Dkt. No. 355 |
| Microsoft | 16:17, 16:19, 16:24-27, 23:9-11, 25:24-25, 26:17, 28:8-10, 28:14-26, 28:17-18 | Contains non-public information including, but not limited to, Microsoft's internal business analysis, internal game development strategy, internal growth strategies, internal metrics, internal sales metrics, marketing strategies, and competitive analysis of game production that could be used to injure Microsoft if it were made publicly available. | GRANTED only as consistent with the redactions in Dkt. No. 355. |
| Nvidia | 30:12-16*[3] | Sensitive business information concerning Nvidia's cloud gaming business, including Nvidia's potential business partnerships as well as consumer preferences. Nvidia does not share this information publicly, and disclosure of this information would reveal to Nvidia's relationships | GRANTED. |

---

[2] Page citations in this chart are to the page number appearing at the bottom of the document, not the ECF page number.
[3] Asterisks indicate this Court's correction of designating parties' apparent citation errors.

| | | with business partners and consumer preferences, thereby competitively disadvantaging Nvidia in the marketplace. | |
|---|---|---|---|
| Sony | 29:9-11* | Contains non-public and highly sensitive information about the nature and scope of SIE's technical collaboration with particular publishers. | GRANTED. |

| **FTC's Emergency Motion for Temporary Restraining Order (Dkt. No. 12-3)** | | | |
|---|---|---|---|
| **Designating Party** | **Specified Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 19:19 | Contains non-public and highly sensitive information including, but not limited to, information reflecting confidential internal business data, business partnerships, and terms of existing confidential agreements, which could be used to injure Activision if made publicly available. | GRANTED only as consistent with the redactions in Dkt. No. 355. |
| Microsoft | 20:17-19, 22:21-24[4] | Contains non-public information including, but not limited to, Microsoft's internal game development strategy and internal business strategy that could be used to injure Microsoft if it were made publicly available. | GRANTED only as consistent with the redactions in Dkt. No. 355. |
| Sony | 20:9-12 | Contains non-public and highly sensitive information about SIE data, analysis, and survey results relating to SIE product strategy and platform users' behavior on SIE's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. | GRANTED only as consistent with the redactions in Dkt. No. 355. |

---

[4] Microsoft's request to seal Exhibit C in its entirety (PX5000) was previously granted. (*See* Dkt. No. 357 at 11; Dkt. No. 347.)

| Defendants' Opposition to Motion for Preliminary Injunction (Dkt. No. 106-3) | | | |
|---|---|---|---|
| **Designating Party** | **Specified Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | p. 13 n.10 | Contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business strategy discussions, and revenue figures and projections, which could be used to injure Microsoft and Activision if made publicly available. | GRANTED only as consistent with the redactions in Dkt. No. 355. |
| Microsoft | 7:12, p. 12 n.9, p. 13 n.10, 14:7-9, 15:13-16, p. 19 n.13 | Contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, business strategy discussions, potential business partnerships, and internal revenue figures and projections, which could be used to injure Microsoft if made publicly available. | GRANTED only as consistent with the redactions in Dkt. No. 355. |
| Microsoft | 6:1-2 | Contains non-public and highly sensitive information including, but not limited to, confidential internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, market share analyses, assessment of the competitive landscape, and internal figures and projections, which could be used to injure Microsoft and Activision if made publicly available. | DENIED. Microsoft has not shown that this is its material and Activision does not request to seal this portion. |
| Sony | 6:20-21, 17:21-22, 18:1 | Contain non-public and highly sensitive information about Sony data, analysis, and survey results relating to Sony product strategy and platform users' behavior on Sony's platform, | GRANTED only as consistent with the redactions in Dkt. No. 355. |

5

| | | | |
|---|---|---|---|
| | | including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. | |
| Sony | 6:25, 7:1-3 | Contains non-public and highly sensitive information about Sony's approach to contract negotiations with third party partners and discussions of particular contract terms with particular partners. | GRANTED only as consistent with the redactions in Dkt. No. 355. |
| Sony | 6:5-6, 6:25 & nn. 3-4 | Contains non-public and highly sensitive information about Sony's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans. | GRANTED only as consistent with the redactions in Dkt. No. 355. |

| FTC's Reply to Defendants' Opposition (Dkt. No. 132-2) | | | |
|---|---|---|---|
| **Designating Party** | **Specified Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 11:19-20, 11:22-24 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, business partnerships, terms of existing confidential agreements, and revenue figures and projections, which could be used to injure Activision if made publicly available. | GRANTED. |
| Activision | 11:13-14 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, business partnerships, terms of existing confidential agreements, and revenue figures and projections, which could be used to injure Activision if made publicly available. | DENIED. Information has been publicly discussed in the course of these proceedings. |

| | | | |
|---|---|---|---|
| Amazon | 5:20 | Contains non-public and competitively-sensitive information related to Amazon's views of certain competitors. Disclosure of Amazon's non-public and confidential views would result in significant competitive injury to Amazon, including the loss of significant business advantages. Because this information would injure Amazon if it were made publicly available, legitimate private interests warrant sealing this document. Public disclosure would also result in injury to Amazon that could not be avoided through any less restrictive alternative. | GRANTED. |
| Microsoft | 1:24, 5:22-25, 6:22-27[5], 8:3-4, 8:15-19, 10:6-14 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, strategic evaluation of forward-looking opportunities, investment decisions, market share analyses, assessment of the competitive landscape, business partnerships, terms of existing confidential agreements, and revenue figures and projections, which could be used to injure Microsoft if made publicly available. | GRANTED only as consistent with the redactions in Dkt. No. 355. |
| Nintendo | 13:17-20 | Contains confidential negotiations and interpretation of the confidential Letter of Intent and Side Letter between NOA and Microsoft regarding bringing Call of Duty titles to the Nintendo platform post-acquisition. | GRANTED. |
| Nvidia | 11:16-18 | References information from already-sealed parts of PX8000 (the declaration of an Nvidia executive) that describe sensitive business information concerning Nvidia's cloud gaming business, including negotiations with a potential | GRANTED only as consistent with the redactions proposed in Dkt. No. 355. |

---

[5] Microsoft separate request to seal 6:21-27 is denied in light of its request to seal narrower portions of 6:22-27. (*See* Dkt. No. 355 at 24.)

| | | | |
|---|---|---|---|
| | | business partner.  Nvidia does not share this information publicly, and disclosure of this information would reveal to competitors information about its business relationships and decision-making, thereby competitively disadvantaging Nvidia in the marketplace. | |
| Sony | 7:25-26 | Contains non-public and highly sensitive information about Sony data, analysis, and survey results relating to Sony product strategy and platform users' behavior on Sony's platform, including user engagement, gameplay, spend, likelihood of switching, or potential competitive impacts of Microsoft's proposed acquisition of Activision. | GRANTED. |
| Sony | 10:28-11:3 | Contains non-public and highly sensitive information about the nature and scope of Sony's technical collaboration with particular publishers. | GRANTED. |
| Sony | 4:13-14, 5:19-20, 6:22, 12:1-3 | Contain non-public and highly sensitive information about Sony's business strategies, competitive business plans, future investment plans, console and product development plans, product roadmaps, innovation plans. | GRANTED. |

| Microsoft's Answer (Dkt. No. 287-2) | | | |
|---|---|---|---|
| **Designating Party** | **Specified Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Microsoft | 26:26, 27:1-4, 27:9-12, 39:9-11, 43:21-23, 44:5-6, 45:14, 48:5-7, 48:14-18, 48:20-23 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | GRANTED only as consistent with the redactions proposed in Dkt. No. 355. |
| Sony | 49:24-26 | Contains non-public and highly sensitive information about the nature and scope of Sony's technical collaboration with particular publishers. | GRANTED. |

| FTC'S Final Post-Trial Proposed Findings of Fact and Conclusions of Law (Dkt. No. 308-2) | | | |
|---|---|---|---|
| Designating Party | Specified Portions of Pages and Lines Requested to be Sealed by Designating Party | Reasons Proffered for Sealing | Ruling on Motion |
| Google | 138:5-6 | Confidentiality and competitive interests warrant sealing commercially sensitive details regarding Google's financial investment in its Stadia business which, if disclosed, could reveal Google's forward-looking business strategies, the disclosure of which would cause injury to Google. (Dkt. No. 353.) | GRANTED. |
| Activision | 136:14-17 | Contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. | DENIED for the reasons stated in Dkt. No. 347. |
| Amazon | 75:26-76:4 | Contains information from a non-public strategy and planning document that describes Amazon's goals and business projections for Amazon Luna. The portion divulges non-public and competitively-sensitive topics, including information related to Amazon's views of certain competitors, and forward-looking strategic priorities. Disclosure of Amazon's nonpublic strategies and development priorities would result in significant competitive injury to Amazon, including the loss of significant business advantages. | GRANTED. |
| Amazon | 144:22-24 | Contains highly-sensitive data from a non-public strategy and planning document for Amazon Luna. The portion divulges non-public and competitively-sensitive data related to customer feedback about Amazon's product. Disclosure of this non-public data would result in significant competitive | GRANTED. |

| | | | | |
|---|---|---|---|---|
| | | | injury to Amazon, including the loss of significant business advantages. | |
| | Microsoft | 3:15-18, 3:24, 4:15-20, 5:3-6, 5:12-14, 6:3-9, 8:22-25, 9:15-20, 13:2 (first numeral only), 14:1-3, 14:5-7, 14:10, 20:20-24, 22:4-6, 29:23-25, 30:2-5, 30:7-8, 30:18-20, 31:5, 33:20, 33:26-28, 42:2-4, 42:16-17, 43:7-8, 43:10-15, 43:16-21, 43:27-44:1, 44:5-8, 45:5-6, 45:14-16, 46:9-13, 46:17-20, 46:21-23, 46:24-26, 47:10-14, 49:6-7, 49:11-12, 49:14-16, 50:19-24, 51:5-15, 51:27-52:2, 52:21-24, 53:12-13, 53:22-23, 54:27-55:1, 55:7-8, 59:24-25, 61:1-3, 62:5-7, 64:7, 67:24-26, 68:1-3, 69:17-22, 69:24-26, 70:6-9, 70:11-13, 72:2-4, 72:11-16, 72:17-21, 77:11-13, 77:27, 78:1-2, 79:10-16, 81:21-24, 82:24-25, 85:13-17, 85:20-21, 86:4-5 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | GRANTED only as consistent with the redactions proposed in Dkt. No. 355. |
| | Microsoft | 88:22-23, 89:5-8, 89:10-13, 89:21-24, 89:25-27, 90:1-4, 90:7-8, 90:23-24, 90:27-28, 91:2, 91:5-6, 93:4-7, 93:9-12, 96:15-20, 96:24-27, 97:3, 97:5-6, 97:7-10, 97:14-19, 97:20-24, 97:28-98:6, 98:10-13, 98:14-19, 98:22-25, 100:19-20, 101:17 (numeral only), 101:25-27 (numerals only), 103:9-15, 103:25-27, 104:1-7, 104:17-23, 104:24-26, 105:1-4, 105:24, 106:15, 107:4-8 (starting after "discussions" and ending before "In response," and starting after "wrote" and ending before "we are NOT"), 107:13-20, 108:9-25, 109:3, 109:13-14, 109:28-110:2, 110:7-9, 110:12-15, 113:4-13, 114:1-4, 115:23-26, 116:23-25, 117:1-2, 117:14-15, 117:25-26, 117:28-118:3, 118:22-26, | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | GRANTED only as consistent with the redactions proposed in Dkt. No. 355. |

| | | | |
|---|---|---|---|
| Microsoft | 119:8-10, 119:16-18, 119:23, 119:27-120:2, 120:17-18, 122:5-14, 123:6-7, 123:13-14, 123:20-22, 123:24-26, 124:14-15, 124:18-20, 124:24-27, 125:10-12, 125:16, 126:17-25, 127:6-7, 127:10-12, 127:19-21, 127:25-128:2, 128:16-20, 128:22-28, 131:26-27, 132:1-5, 132:10-11, 132:16-18, 135:22-23, 137:12-14, 137:17-19, 137:25, 142:26, 143:1, 143:26-144:6, 144:26, 145:1, 147:16-19, 147:22-148:2, 150:27, 151:1-2, 151:28-152:1, 155:7, 155:14-17, 155:22, 157:8-9, 157:14-15, 157:17-18, 157:24-26, 158:6-8, 158:10-12, 158:13-14, 158:23-25, 161:5-9 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | GRANTED only as consistent with the redactions proposed in Dkt. No. 355. |
| Microsoft | 30:6-7, 31:10-11, 36:23-24, 36:26, 37:3-5, 43:22-23, 51:3-4, 59:6-9, 107:4-8 (except as granted above), 120:11-13, 120:15-16, 128:12-13, 150:25-26, 155:24-25, 158:1-2, 158:4, 159:1-2, 159:4-6 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | DENIED. Microsoft did not meet its burden to show competitive harm. |
| Microsoft | 12:28-13:4 (excluding first numeral on line 13:2), 101:4-6, 101:17-22 (excluding numeral), 101:25-27 (excluding numerals), 102:1, 104:13-15, 106:23-24, 109:16-17, 112:4-14, 116:26-27, 125:8-9, 158:19-20 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal | DENIED. Information has been publicly discussed in the course of these proceedings. |

United States District Court
Northern District of California

| | | financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | |

| Defendants' Final Post-Trial Proposed Findings of Fact and Conclusions of Law (Dkt. No. 311-2) | | | |
|---|---|---|---|
| **Designating Party** | **Specified Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 15:6-11, 28:4-5, 38:25, 39:11-12, 41:21-24, 42:16-24, 56:7-11, 63:13-25, 63:26-27, 64:2-4, 86:20-22, 107:22, 108:6-9, 122:8 | Contains sensitive information regarding confidential business partnerships and the terms of existing confidential agreements and business negotiations, internal metrics and user data, market share analysis, assessment of the competitive landscape, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, and investment decisions, which could be used to injure Activision if made publicly available. | GRANTED. |
| Microsoft | 1:15-16, 13:11-20, 25:16-17, 26:5-6, 42:12-14, 44:9-10, 45:14-15, 46:15, 52:22, 67:24, 70:12, p. 86 n.15, 87:6-13, 94:13-19, 96:4, 113:1-3, 113:20-22, p. 113 n.23, 116:13, 138:2-3, 141:21 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, investment decisions, strategic evaluation of forward-looking opportunities, internal user data, future business plans/strategy, confidential terms of existing agreements, potential business partnerships, business negotiations, assessment of the competitive landscape, and internal revenue/ financial information and projections, which could be used to injure Defendants if made publicly available. | GRANTED only as consistent with the redactions proposed in Dkt. No. 355. |
| Microsoft | 117:18 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, | DENIED. Information has been publicly discussed in the |

12

| | | future business plans/strategy, market share analysis, and investment decisions, which could be used to injure Defendants if made publicly available. | course of these proceedings. |
|---|---|---|---|

| FTC'S Proposed Pre-Trial Findings of Fact and Conclusions of Law (Dkt. No. 336-2) | | | |
|---|---|---|---|
| **Designating Party** | **Specified Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 79:11-17 | Contains non-public and highly sensitive information including, but not limited to, strategic evaluation of forward-looking opportunities, assessment of the competitive landscape, and business partnerships, which could be used to injure Activision if made publicly available. | DENIED for the reasons stated in Dkt. No. 347. |
| Amazon | 41:27- 42:5 | Contains non-public and competitively-sensitive topics, including information related to Amazon's views of certain competitors, and forward-looking strategic priorities. Disclosure of Amazon's non-public strategies and development priorities would result in significant competitive injury to Amazon, including the loss of significant business advantages. | GRANTED. |
| Amazon | 85:2-4 | Contains non-public and competitively-sensitive data related to customer feedback about Amazon's product. Disclosure of this non-public data would result in significant competitive injury to Amazon, including the loss of significant business advantages. | GRANTED. |
| Microsoft | 12:4-6, 12:9-15, 12:24-25, 13:11, 13:15-16, 14:21, 14:27-28, 20:4-6, 20:13-14, 20:26-27, 21:1-5, 21:6-11, 21:17-19, 21:22-25, 21:27-22:2, 22:15-16, 22:22-23, 23:9-11, 23:12-17, 23:20-26, 24:14-17, 24:21-23, 24:26-27, 25:1-6, 25:25-28, 26:1-3, 26:4-6, 26:7-14, 30:7-10, 30:22-23, 31:17- | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking | GRANTED only as consistent with the redactions proposed in Dkt. No. 355. |

| | | | |
|---|---|---|---|
| | | 20, 32:14-16, 33:26, 36:10-17, 36:20, 37:12-17, 37:19-21, 38:2-4, 39:18-21, 39:24-28, 40:1-5, 43:16-19, 44:6, 44:8-9, 45:18-25, 47:5-6, 48:1-3, 48:4-5, 48:7-8, 49:19-20, 50:3-6, 50:8-11, 50:13-16, 50:17-19, 50:21-28, 51:19-25, 52:18-19, 54:1-9, 54:10-15, 54:22, 55:3-9, 55:13-16, 56:21-24, 57:9-15, 57:25-27, 58:1-7, 58:17-23, 58:24-26, 59:12-16, 59:21-24, 59:28 | opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | |
| Microsoft | 60:5-6, 60:13-17, 60:21-28, 63:12-22, 64:21-26, 65:23-26, 66:2-5, 66:18-21, 67:6-11, 67:16-20, 67:27-28, 68:5-6, 68:8-12, 68:17-20, 68:21-27, 69:27-28, 70:2-3, 70:15-18, 70:20-22, 70:24-25, 70:27-28, 71:11-13, 72:18-26, 73:7-13, 73:19-21, 73:22-28, 74:1-2, 74:9-15, 76:16-22, 77:5-8, 79:1-2, 79:25-27, 80:3-5, 80:7, 83:18-20, 84:12-19, 85:6, 85:8-9, 85:25-26, 88:13-15, 88:22-24, 89:8-9, 89:11-12, 90:16-17, 90:19-20, 90:22-23, 90:25-27, 91:8-9, 91:11-15, 91:20-21, 91:23-25 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | GRANTED only as consistent with the redactions proposed in Dkt. No. 355. |
| Microsoft | 21:12-14, 38:6-8, 54:16-21, 85:24, 88:11-13, 91:1-2, 91:4-6, 92:1-2, 92:4-6 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | DENIED. Microsoft did not meet its burden showing competitive harm. |
| Microsoft | 79:11-17 | Contains non-public and highly sensitive information including, but not limited to, internal | DENIED. Microsoft has not shown that this is |

14

| | | | |
|---|---|---|---|
| | | decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | its material and this Court has denied Activision's request. |
| Microsoft | 89:12-13 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | DENIED. Microsoft has not shown that this is its material and Activision has not requested to seal this portion. |
| Microsoft | 24:1-3, 58:13-15, 62:16-26, 74:16-21 | Contains non-public and highly sensitive information including, but not limited to, internal decision-making processes, internal user data, investment decisions, potential business partnerships, confidential business negotiations, confidential terms of existing agreements, strategic evaluation of forward-looking opportunities, market share analysis, internal financial/revenue information, and assessment of the competitive landscape, which could be used to injure Microsoft if made publicly available. | DENIED. Information has been publicly discussed in the course of these proceedings. |

15

| Defendants' Pre-Trial Proposed Findings of Fact and Conclusions of Law (Dkt. No. 178-2) | | | |
|---|---|---|---|
| **Designating Party** | **Specified Portions of Pages and Lines Requested to be Sealed by Designating Party** | **Reasons Proffered for Sealing** | **Ruling on Motion** |
| Activision | 44:16 | Contains sensitive information regarding confidential business partnerships and the terms of existing confidential agreements, which could be used to injure Activision if made publicly available. | DENIED for the reasons stated in Dkt. No. 347. |